EXHIBIT G

LAW OFFICES

# KARL & TARONE

A PARTNERSHIP CONSISTING OF PROFESSIONAL CORPORATIONS

SUITE 1250

900 SEVENTEENTH STREET, N. W.

WASHINGTON, D.C. 20006

(202) 293-3200

FAX: (202) 429-1851

JOHN F. KARL, JR.°

C. MICHAEL TARONE▲

WILLIAM P. FARLEY▲†

▲ ALSO ADMITTED IN NY
† ALSO ADMITTED IN MD
° ALSO ADMITTED IN FL

March 24, 2006

## VIA U.S. FIRST CLASS MAIL AND FACSIMILE (202) 268-6187

Mr. Anthony Alverno, Esquire
United States Postal Service
Chief Counsel, Customer Protection and Privacy
475 L'enfant Plaza, SW
Room 6138
Washington, D.C. 20260
aalverno@email.usps.gov

### RE: FOIA REQUEST DENIAL -APPEAL TO CHIEF COUNSEL, U.S. POSTAL SERVICE - Certified #7099 3400 0009 5110 2648

Dear Mr. Alverno:

United America Financial, Incorporated, ("UAF") appeals the denial of the documents requested by UAF pursuant to the applicable federal regulations. UAF considered the March 22, 2006 letter from the Post Office as a denial of their request for records. A copy of the denial letter is attached as Exhibit "A."

UAF is also providing copies of the February 1, 2006 FOIA request. A copy is attached here as Exhibit "B."

### Statement of Action or Failure to Act that is Being Appealed

UAF is appealing the Post Office's decision not to provide the requested

Mr. Anthony Alverno, Esquire
United States Postal Service
Chief Counsel, Customer Protection and Privacy
**Certified #7099 3400 0009 5110 2648**
March 24, 2006

Page 2 of 7

documents and the Postal Service's failure to search for documents that are relevant to UAF's February 1, 2006 FOIA request.

The refusal of the Post Office to provide the documents that provided a basis for a statement made on two of the USPS website is inconsistent with the FOIA. The Post Office's failure to conduct a full investigation into this matter and provide the supporting documents for the making the statement on the website about UAF is erroneous in that the documents exist and should be released. *Jarrell v. U.S. Postal Service*, 753 F.2d 1088, 1089 (D.C. Cir. Jan 15, 1985). UAF asks that all documents supporting the Post Offices statement on their website that UAF is composed of Nigerian identity thieves be provided immediately. A copy of the Postal Service's web page is attached here as Exhibit "C."

**The Postal Service's Decision is Erroneous**

The Postal Service has not identified any legal or specific statutory authority for its position to refuse to provide identified documents and failure to conduct a full search. Further, the requested documents, including emails and supporting letters, are required to be released under present law. *See* (5 U.S.C. §552Postal Service must release "(D) copies of all records, regardless of form or format, which have been released to any person under paragraph (3) and which, because of the nature of their subject matter, the agency determines have become or are likely to become the subject of subsequent requests for substantially the same records.")

The Freedom of Information Act establishes a general policy of full disclosure unless the information requested is *clearly* exempted. *Department of Air Force v. Rose*, 425 U.S. 352, 361, 96 S.Ct. 1592, 1599, 48 L.Ed.2d 11 (1976). UAF requests the Postal Service to submit an index with more specific details regarding the nature and approximate content of the withheld documents, pursuant to *Vaughn v. Rosen*, 484 F.2d 820 (D.C. Cir.1973). UAF requests all the redacted information be provided. UAF also requests the Postal Service to conduct a proper investigation and

Mr. Anthony Alverno, Esquire
United States Postal Service
Chief Counsel, Customer Protection and Privacy
**Certified #7099 3400 0009 5110 2648**
March 24, 2006

Page 3 of 7

provide all the documents UAF has requested.

The Postal Service ignores the law which required a response within 20 business days. Instead, more than 50 days after UAF first requested the documents, on March 22, 2006, UAF received a response that "redacted material and documents [were being] withheld in their entirety [because they] contain internal communications." Our reading of the FOIA requires disclosure of these documents and there is no provision for withholding relevant documents because they are "internal communications."

In addition to failing to comply with the time limits of § 552, the Postal Service has failed to provide the names of all the persons responsible for denying UAF's request (§552(a)(6) C) "Any notification of denial of any request for records under this subsection shall set forth the names and titles or positions of each person responsible for the denial of such request.") Please provide all the names and titles of each person responsible for denying UAF's requests.

The Postal Service's withholding of entire documents without making specific findings as to whether each document contained segregable portions that could be released is improper. *See Powell v. United States Bureau of Prisons*, 927 F.2d 1239, 1242 (D.C. Cir.1991). The withheld documents are clearly segregable, that is, if there is even any information that has been validly withheld by the Postal Service.

For the documents that were withheld, the USPS "must provide non-conclusory reasons why disclosure would risk circumvention of the law." (holding that the Securities and Exchange Commission failed to present specific evidence that disclosure of agency records related to the Commission's investigation of plaintiff deal-brokers and their business would result in the circumvention of federal securities laws) *Feshbach v. Secs. and Exch. Comm'n*, 5 F.Supp.2d 774, 788 (N.D.Cal.1997). The reasons provided in the March 22, 2006 letter are merely conclusory. Further, the documents need to be described and no description has been provided.

Mr. Anthony Alverno, Esquire
United States Postal Service
Chief Counsel, Customer Protection and Privacy
**Certified #7099 3400 0009 5110 2648**
March 24, 2006

Page 4 of 7

The FOIA provides, among other things, that: "[E]ach agency, upon any request for records which (I) reasonably describes such records and (ii) is made in accordance with published rules stating the time, place, fees (if any), and procedures to be followed, shall make the records promptly available to any person." 5 U.S.C. § 552(a)(3)(A). UAF provided all that information on February 1, 2006, your letter of March 22, 2006 does not deny that UAF complied with this requirement.

The FOIA creates a judicially-enforceable public right of access to government agency documents. 5 U.S.C. § 552. "The [FOIA] adopts as its most basic premise a policy strongly favoring public disclosure of information in the possession of federal agencies." *Maricopa Audubon Soc'y v. United States Forest Serv.*, 108 F.3d 1082, 1085 (9th Cir.1997). A government agency may only withhold a document, or portions of a document, if the material falls within one of nine statutory exemptions listed in 5 U.S.C. § 552(b)(1)--(9). *See id.* As FOIA is founded upon a policy of broad disclosure of government documents, the statutory exemptions "must be narrowly construed." *Lion Raisins Inc. v. United States Dep't of Agric.*, 354 F.3d 1072, 1079 (9th Cir.2004) (*quoting John Doe Agency v. John Doe Corp.*, 493 U.S. 146, 152, 110 S.Ct. 471, 107 L.Ed.2d 462 (1989)).

UAF understands that disclosure of investigation documents are limited only to the extent that the production of such law enforcement records or information "could reasonably be expected to constitute an unwarranted invasion of personal privacy" or could reasonably be expected to "disclose the identity of a confidential source, including a State, local, or foreign agency or authority or any private institution which furnished information on a confidential basis, and, in the case of a record or information compiled by criminal law enforcement authority in the course of a criminal investigation or by an agency conducting a lawful national security intelligence investigation, information furnished by a confidential source." 5 U.S.C. § 552(b)(7)© & (D); *Wiener v. FBI*, 943 F.2d 972, 983-84 (9th Cir.1991). Before the USPS may invoke these exemptions, the government has the burden of proving "the existence of such a compilation for such a purpose." *John Doe Agency v. John Doe*

Mr. Anthony Alverno, Esquire
United States Postal Service
Chief Counsel, Customer Protection and Privacy
**Certified #7099 3400 0009 5110 2648**
March 24, 2006

Page 5 of 7

*Corp.*, 493 U.S. 146, 152, 110 S.Ct. 471, 107 L.Ed.2d 462 (1989).

The Postal Service can not be sued for defamation. However, the withheld information will confirm or refute whether their has been government misconduct, which is a public interest reason for the requested information to be released to UAF. *See Schiller v. NLRB*, 964 F.2d 1205, 1209 (D.C. Cir.1992); *Lykins v. United States Dep't of Justice*, 725 F.2d 1455, 1463 (D.C. Cir.1984). There is no justification for withholding information about any government employee that has accused UAF from being Nigerian Identity thieves. Their identity is known to the Postal Service. The disclosure that they stated that UAF was composed of Nigerian Identity Thieves cannot embarrass them, for this fact is now known to the entire world. The information they furnished is not derogatory to them. It is simply the type of information that is not protected by FOIA exemptions. In short, disclosure of information cause but a slight, if any, infringement of their privacy. In contrast, the public has an interest in the competence of people the Service employs and in its adherence to regulations governing posting of information about citizens to the world. Disclosure will promote these interests.

In addition, governmental misconduct has been alleged (posting information that destroys a citizens livelihood on a public website), this is justification for disclosure, as the public interest is "substantial" and the information sought "is necessary in order to confirm or refute that evidence." *Davis v. United States Dep't of Justice*, 968 F.2d 1276, 1282 (D.C. Cir.1992).

UAF states that it is withholding documents and information based on FOIA exemptions is clearly an obstruction of the law. On February 1, 2006, UAF submitted a request in accordance with the provisions of the Freedom of Information Act (FOIA), 5 U.S.C. 552, and the Postal Service's regulations implementing the FOIA at 39 CFR 265.1 through 265.9 or the Privacy Act, 5 U.S.C. 552a and the Postal Service's regulations implementing the Privacy Act at 39 CFR 266.1 through 266.9 in order to be provided with certain information pursuant to the above laws.

Mr. Anthony Alverno, Esquire
United States Postal Service
Chief Counsel, Customer Protection and Privacy
Certified #7099 3400 0009 5110 2648
March 24, 2006

Page 6 of 7

UAF understands that the USPS is able to respond to requests within the twenty working days time period set by the FOIA unless a request involves a time consuming search or review or a voluminous amount of records. The present matter did not involve a time consuming search or a voluminous amount of records.

UAF requested all information concerning the document they attached to their request (the "Document") to the Postal Service. The Document has been published in various forms at: https://liteblue.usps.gov/news/link/2006jan27.htm and http://www.postalwatch.org/.

UAF requested all supporting documents to the document, all investigative documents for the Document. UAF requested all investigative notes for this Document and the date those notes were created. UAF requested that to be allowed inspection and copying of the public records, including, but not limited to letters, correspondence, tape recordings, notes, data, memoranda, reports, email, computer source and object code, technical manuals, technical specifications, or any other materials, held by the Postal Service.

UAF requested all drafts of documents containing "UAF" and "Nigerian" and "identity thieves" which were created during January 2006.

UAF informed the Postal Service that postal workers/inspectors in Cleveland, Ohio have information concerning the requested information. UAF also informed the Postal Service that postal employees such as Barbara Simone, (724) 327-4462, 3263 Woodhaven Drive, Murrysville, PA 15668 has information concerning the decision to inform people that UAF was composed of "Nigerian Identity Thieves."

UAF also informed the Postal Service that Postal employees TERENCE C. SULLIVAN 3157 Falmouth Road Shaker Heights, Ohio 44122-2844; LARRY JONES 2400 Orange Avenue Cleveland, Ohio 44101-9997; and DEBBI EPPS, 4259 Quarry Road New Albany, Indiana 47150-9237 are each likely have information that

Mr. Anthony Alverno, Esquire
United States Postal Service
Chief Counsel, Customer Protection and Privacy
Certified #7099 3400 0009 5110 2648
March 24, 2006

Page 7 of 7

has been requested by UAF.

      Related correspondence is also attached: The Post Offices March 3, 2006 letter claiming that they would delay in providing documents. A copy is attached as Exhibit D. UAF's March 6, 2006 letter to the Post Office. A copy is attached as Exhibit "E." UAF's March 15, 2006 letter to the Post Office is attached as Exhibit "F."

      UAF appeals the Postal Service's decision not to search for documents, interview their employees and provide the documents to UAF as is required under the FOIA. UAF asks that the information they requested be produced immediately.

      We ask that the requested documents be immediately disclosed. Please provide all documents and email correspondence as they are found, including the correspondence provided to the web master for www.postalwatch.org and www.liteblue.usps.gov. These documents should be readily available in electronic format and easily found.

      Thank you,

                            Sincerely,

                            William P. Farley

cc: United America Financial, Incorporated

EXHIBIT H



Office Of Inspector General

March 27, 2006

Mr. William P. Farley
Karl & Tarone
900 17th Street, NW
Washington, DC  20006

Dear Mr. Farley:

This responds to your Freedom of Information Act request, dated March 2 to the U.S. Postal Service and referred in part to the Office of Inspector General (OIG), for response to your request for investigative records.  You had asked USPS for names of all people responsible for creating an attached document (https://liteblue.usps.gov/news/link/2006jan27.htm); all supporting documents, all investigative documents for the document, all investigative notes and dates those notes were created; all drafts of documents containing UAF and Nigerian and identity thieves which were created during January 2006.

Investigative records which appear to be responsive to your request are part of an on-going investigation.  Accordingly these records are presently exempt from disclosure pursuant to 5 U.S.C. § 552(b)(7)(A).  FOIA Exemption (7)(A) pertains to records or information compiled for law enforcement purposes, the release of which could reasonably be expected to interfere with enforcement proceedings.  Therefore, I must deny you access to this report.

If you choose, you may periodically file *de novo* requests or simply wait until you learn that the investigation has fully concluded.  Please be aware that even when the investigation has been completed, portions of it may still continue to be withheld under the FOIA protections provided under the law.

If you consider my determination to be a denial, you may administratively appeal.  To appeal, write to the attention of Gladis Griffith, Deputy General Counsel, 1735 N. Lynn Street, Suite 10,000, Arlington, VA  22209-2020, within 30 days of the date of this letter.  Include a copy of your initial request and this response, as well as your reasons and arguments supporting disclosure of the information.  Mark both the letter and the envelope "Freedom of Information Act Appeal."

Sincerely

Betsy Cuthbertson
Manager, Freedom of Information Act Office

1735 N Lynn St
Arlington, VA 22209-2020
(703) 248-2100
Fax: (703) 248-4626

# EXHIBIT I


**UNITED STATES
POSTAL SERVICE**

April 6, 2006

Mr. William P. Farley, Esquire
Law Offices of Karl & Tarone
900 17th Street, N.W., Suite 1250
Washington, DC  20006-2517

RE: Freedom of Information Act Appeal: 06-063

Dear Mr. Farley:

This responds to your letters dated March 22, 2006 and March 24, 2006, which were received by our office on March 27, 2006 and March 28, 2006, respectively.  In those letters, you appeal, on behalf of your client, United American Financial, Inc. (UAF), the decisions of M.R. Baxter, Information Disclosure Technician, U.S. Postal Inspection Service (USPIS), and Julie S. Moore, Manager, Compensation, regarding your client's Freedom of Information Act (FOIA) request for documents concerning the publication of an identity theft warning in the Postal Service News Link of January 27, 2006.

In a letter dated February 1, 2006, you requested all documents created in January 2006 that resulted in the publication of a Postal Service News Link article, dated January 27, 2006, entitled "A Dropped PIN."  This letter was addressed to the Chief Inspector of the USPIS and the Postal Service Records Officer.  Because this case involves decisions from two different Postal Service components, we will address your appeals of these two decisions separately in this letter.

U.S. Postal Inspection Service

In response to your letter of February 1, 2006, Ms. Baxter issued an initial decision letter, dated March 9, 2006.  In that letter, Ms. Baxter informed you that there were no records in the custody of the USPIS responsive to your request.  You appealed this decision in your letter dated March 22, 2006, on the grounds that the search for records was inadequate.

As a preliminary matter, please note that this appeal response does not pertain to your letter dated March 15, 2006, in which you reference additional information that you allege may be in the possession of certain Postal Service employees in the Cleveland, Ohio area.  We construe that portion of your letter to be an additional request for documents under the FOIA, and that request is currently pending in the

- 2 -

USPIS Office of Counsel. We expect you will receive an initial response from that office shortly. This appeal decision letter pertains only to your request for USPIS records that relate to the News Link article.

We have conferred with responsible persons and have confirmed that there are no documents in the custody of the USPIS leading to the publication of the News Link article on January 27. Additionally, we are satisfied that the search for responsive documents was adequate. Under the FOIA, agencies are required to conduct searches reasonably calculated to discover responsive documents. See Safecard Services, Inc. v. SEC, 926 F.2d 1197, 1201 (D.C. Cir. 1991). In this case, the USPIS was not directly involved in the publication of the News Link article, and there was no investigation conducted by the USPIS that led to the publication of that article. Thus, no additional search of investigative files could be performed, which we consider reasonable under the circumstances of this case. In addition, we have confirmed that Postal Inspector John Soos was not involved in the publication of the News Link article. Inspector Soos conducted a search of his notes, files, e-mails, and found no responsive records. We are satisfied that this constituted an adequate search for responsive documents by the USPIS. See, e.g., Marks v. United States, 578 F.2d 261, 263 (9th Cir. 1978) (finding an FBI search for records in central investigative files and one field office to be sufficient under the FOIA). Therefore, we are upholding Ms. Baxter's initial decision that no responsive documents exist in the custody of the USPIS.

Compensation Office

In response to your letter of February 1, 2006, Ms. Moore issued an initial decision letter dated March 22, 2006. In that letter, she informed you that eleven pages of documents were found to be responsive to your request. In her decision letter, Ms. Moore informed you of her decision to release six of the responsive pages, with redactions, and withhold the remaining five pages. Ms. Moore informed you that the documents were redacted and withheld pursuant to 5 U.S.C. § 552(b)(2), (b)(3), (b)(5), and (b)(6). You appealed Ms. Moore's decision on behalf of UAF, by letter dated March 24, 2006, on the grounds that the documents were improperly redacted and withheld under the FOIA. We have conferred with responsible persons, reviewed the documents, and are upholding the initial decision for the reasons set forth below.

The FOIA generally requires government agencies to disclose records within their possession. However, the FOIA contains several exemptions that permit agencies to withhold certain records. See 5 U.S.C. § 552(b)(1)-(9). FOIA Exemption 2 permits an agency to withhold records that are "related solely to the internal personnel rules and practices of an agency." 5 U.S.C. § 552(b)(2). This exemption has been construed to permit the nondisclosure of mundane administrative data,

- 3 -

such as file numbers, mail routing stamps, initials, data processing notations, brief references to previous communications, and other similar administrative markings. See Small v. IRS, 820 F. Supp. 163, 168 (D.N.J. 1992). Some of the documents in this case contain mundane administrative markings that were properly redacted and withheld under the FOIA, such as a routing slip form, facsimile transmission information, and other markings.

FOIA Exemption 3, in conjunction with 39 U.S.C. § 410(c)(2), protects "information of a commercial nature, including trade secrets, whether or not obtained from a person outside the Postal Service, which under good business practice would not be publicly disclosed." See Wickwire Gavin, P.C. v. United States Postal Service, 356 F.3d 588 (4th Cir. 2004). FOIA Exemption 3 provides that agencies may withhold records that are exempt from disclosure by another statute which, "(A) requires that the matters be withheld from the public in such a manner as to leave no discretion on the issue, or (B) establishes particular criteria for withholding or refers to particular types of matters to be withheld." 5 U.S.C. § 552(b)(3). We consider that 39 U.S.C. § 410(c)(2) operates both independently and as an exempting statute within the scope of FOIA Exemption 3(B).

The withheld documents in this case contain internal communications regarding a suspected identity theft scam, along with private information about postal employees, including Employee ID and PIN numbers. It would not be good business practice to disclose such information to the public, and in our view, private businesses would not disclose similar information under good business practice. See Wickwire Gavin, 356 F.3d at 594 (stating that good business practice may be determined by reference to the standards of practice adhered to by large corporations). Accordingly, we conclude that the records were properly redacted and withheld pursuant to FOIA Exemption 3, in conjunction with 39 U.S.C. § 410(c)(2).

FOIA Exemption 5 permits agencies to withhold "inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency." 5 U.S.C. § 552(b)(5). One privilege recognized under Exemption 5 is the deliberative process privilege, which protects internal agency documents that are both "predecisional" and "deliberative." See NLRB v. Sears Roebuck & Co., 421 U.S. 132, 150-52 (1975). A "predecisional" document is "[a document] prepared in order to assist an agency decision-maker in arriving at his or her decision, and may include recommendations, draft documents, proposals, and other subjective documents which reflect the personal opinions of the writer rather than the policy of the agency." Moye, O'Brien, O'Rourke, Hogan, & Pickert v. Nat'l R.R. Passenger Corp., 376 F.3d 1270, 1277 (11th Cir. 2004). In addition, internal documents which contain the opinions, suggestions, or recommendations of government employees contain "deliberative" information within

- 4 -

the meaning of Exemption 5. See Coastal States Gas Corp. v. Department of Energy, 617 F.2d 854, 866 (D.C. Cir. 1980). The deliberative process privilege under FOIA Exemption 5 is generally inapplicable to purely factual matters. See EPA v. Mink, 410 U.S. 73, 91 (1973). However, records created through the selection of specific facts out of a larger group of facts by the author have been deemed "deliberative" for the purposes of Exemption 5. See Montrose Chemical Corp. v. Train, 491 F.2d 63, 71 (D.C. Cir. 1974) (holding that the very act of distilling the testimony, of separating the significant facts from the insignificant facts, constitutes an exercise of judgment by agency personnel).

In this case, the documents are not final reports or recommendations, and are in fact antecedent to any agency final decision. The documents include thoughts and opinions of agency personnel advising agency policymakers on the potential identity theft situation and what should be included in the News Link article. Therefore, the documents are "intra-agency" records that are both "predecisional" and "deliberative" for the purposes of the FOIA. Though some documents contain factual information, the selection of what factual material to include is itself part of the deliberative process. Thus, the requested information in certain responsive documents, considered during the decision-making process, was properly redacted and withheld under the deliberative process privilege within Exemption 5.

One additional page responsive to your request has been located. This document is a draft of the January 27 News Link article. The draft reflects a postal employee's opinion on what information should be contained in the final draft of the News Link article. Therefore, we consider this draft document to be both "predecisional" and "deliberative," and thus exempt from disclosure under the deliberative process privilege within Exemption 5.

FOIA Exemption 6 exempts from mandatory disclosure "personnel and medical files and similar files, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy." 5 U.S.C. § 552(b)(6). Any records that contain information pertaining to a particular individual may qualify for protection under Exemption 6. See Dep't of State v. Washington Post Co., 456 U.S. 595, 602 (1982). Once this threshold has been satisfied, the agency must determine whether disclosure of the records would "constitute a clearly unwarranted invasion of personal privacy," which requires a balancing of the privacy interest and the public interest involved. Dep't of the Air Force v. Rose, 425 U.S. 352, 372 (1976). In assessing the public interest served by a requested disclosure of information under the FOIA, an agency must consider the nature of the requested document and its relationship to the public interest that the FOIA was enacted to serve, and not the particular interest of the requester. See New England Apple Council v. Donovan, 725 F.2d 1139 (1st Cir. 1984). The FOIA requires that we balance the individuals' privacy interests against the "core purpose" of the FOIA: to shed light on the

- 5 -

conduct of government agencies.  See Dep't of Justice v. Reporters Committee for Freedom of the Press, 489 U.S. 749, 771-73 (1989).

In this case, the disclosure of the identity of certain individuals will not advance the core purpose of the FOIA in shedding light on the Postal Service's performance of its statutory duties because such information will not directly reveal the operations and activities of the agency.  See id. at 775.  In addition, there is a strong privacy interest at stake in this case.  Several of the named individuals in these documents may have been contacted as part of an alleged identity theft scam.  Some of the documents contain personal information, including Employee ID and PIN numbers, for these individuals.  These individuals have a strong privacy interest in not having their identities and other personal information revealed, which clearly outweighs the minimal public interest in the redacted personal information.  Thus, disclosure of these records would constitute a clearly unwarranted invasion of personal privacy.  Therefore, we conclude that the documents were properly redacted and withheld under Exemption 6.

This is the final decision of the Postal Service on your request for records pursuant to the FOIA.  You may seek judicial review of this decision by bringing suit for that purpose in the United States District Court for the district in which you reside or have your principle place of business, the district in which the records are located, or in the District of Columbia.

For the General Counsel,

Anthony F. Alverno
Chief Counsel
Customer Programs
Corporate Law Section

cc:    Ms. Baxter
       Ms. Moore

EXHIBIT J



UNITED STATES POSTAL INSPECTION SERVICE

OFFICE OF COUNSEL

April 6, 2006

Mr. William P. Farley
Karl & Tarone
900 17th Street, NW, Suite 1250
Washington, DC  20006-2517

RE: FOIA No. 2006-FPIS-00148

Dear Mr. Farley:

This is in further reference to your letter dated March 15, 2006, requesting, pursuant to the Freedom of Information/Privacy Acts, access to certain records that may be in the custody of the U.S. Postal Inspection Service.

Enclosed are five pages of record material that can be released to you.  Certain deletions have been made to this material pursuant to title 5, United States Code, section 552(b)(2), which concerns records related solely to the internal personnel rules and practices of an agency; section 552(b)(5), which exempts inter-agency or intra-agency memorandums or letters that would not be available by law to a party other than an agency in litigation with the U.S. Postal Service; section 552(b)(6), where release of personnel and similar files would constitute a clearly unwarranted invasion of personal privacy; section 552(b)(7)(C), where disclosure could reasonably be expected to constitute an unwarranted invasion of personal privacy; section 552(b)(7)(D), which exempts information that could reasonably be expected to disclose the identity of a confidential source and confidential information furnished by that source; and section 552(b)(7)(E), where disclosure would reveal techniques and procedures for law enforcement investigations or prosecutions.

In addition to these enclosures, there are 127 pages which are exempt from disclosure in their entirety in accordance with title 5, United States Code, section 552(b)(2), section 552(b)(5), section 552(b)(6), section 552(b)(7)(C), and section 552(b)(7)(D) and section 552(b)(7)(E).

In response to your request for records on postal workers and/or UAF employees, I must respectfully advise you that any reports and/or documents which may be found in the records of the Postal Inspection Service with respect to any U.S. Postal

1735 N. LYNN STREET, ROOM 4039
ARLINGTON, VA  22209-4039
TELEPHONE: 703-292-3955
FAX:  703-292-4083

Service employees and/or UAF employees would be exempt from disclosure pursuant to title 5, United States Code, section 552(b)(6), where release of personnel and similar files would constitute a clearly unwarranted invasion of personal privacy; and section 552(b)(7)(C), where disclosure could reasonably be expected to constitute an unwarranted invasion of personal privacy. Also, the Privacy Act of 1974, title 5, United States Code, section 552a(b), requires that an agency obtain the written consent of the person(s) to whom a record pertains prior to the disclosure of that record to a third party (5 U.S.C 552a(b)).

In response to your request for documents that were used to create the web page http://www.postalwatch.org, or documents that were provided to the person creating the web page, please be advised that this not a U.S. Postal Service web page/site, nor is it affiliated with the U.S. Postal Service. If you are interested in obtaining documents from the Postal Watch organization, you should contact them directly at Postal Watch, Incorporated, 3631 Virginia Beach Blvd., #100, Virginia Beach, VA 23452.

As provided in title 39, Code of Federal Regulations, part 265, you have a right to appeal this decision. A copy of the appeal procedure is enclosed.

Sincerely,

T. A. Warner
Information Disclosure Technician

Enclosures

FREEDOM OF INFORMATION ACT

APPEAL PROCEDURE (Title 39, Code of Federal Regulations, Part 265)

If a request to inspect or copy a record is denied, or a request for expedited processing of a request, is denied, in whole or in part; if no determination is made within the period prescribed by this part; or if a request for waiver of fees is not granted; the requester may appeal to the **Chief Counsel, Customer Protection and Privacy, U.S. Postal Service, 475 L'Enfant Plaza, SW, Washington, DC 20260**.

The requester shall submit his appeal in writing within 30 days of the date of the denial or of the other action complained of, or within a reasonable time if the appeal is from a failure of the custodian to act.  The Chief Counsel may, in his discretion, consider late appeals.

In the event of the denial of a request or of other action or failure to act on the part of a custodian from which no appeal is taken, the Chief Counsel may, if he considers that there is doubt as to the correctness of the custodian's action or failure to act, review the action or failure to act as though an appeal pursuant to this section had been taken.

A letter of appeal should include, as applicable:

a.    A copy of the request, of any notification of denial or other action, and of any other related correspondence;

b.    A statement of the action, or failure to act, from which the appeal is taken;

c.    A statement of the reasons why the requester believes the action or failure to act is erroneous; and

d.    A statement of the relief sought.

ACTION ON APPEALS

The decision of the Chief Counsel or his designee constitutes the final decision of the Postal Service on the right of the requester to inspect or copy a record.  The decision will normally be made within twenty working days from the time of the receipt by the Chief Counsel.  The twenty day response period may be extended by the Chief Counsel or his designee for a period not to exceed an additional ten working days when reasonably necessary to permit the proper consideration of an appeal, under one or more of the unusual circumstances set forth in part 265.7.

10/17/2005

called Lime
Steelo
Akron
Canton
News field

67C

spoke to

① Escort to APO office
②
③
④
⑤ in Plant earlier in week
⑥ Invited ees to ask
   for the app back
⑦ advise ee pin #
   ask Search    said No
⑧ asked to leave USPS
   prop- car in E lot

b2/
b7E

1⁰⁵ am

<u>DUTY RESPONSE WORKSHEET</u>

**DATE/TIME OF CALL:** 1/27/06        **INSPECTOR:** ████████  b7c

**NAME OF CALLER:** SGT ████ b7c ENSP ████ b7c

**ADDRESS OF CALLER:** CLEVELAND

**TELEPHONE:** ████████ b6

**SUMMARY OF INFORMATION:** INDIVIDUALS POS-WG AS FBGL b5
AT CLEVELAND P+DO collecting INFO. ████████
████████ ████ WANTED ADD'L INFO
b7c

**ACTION TAKEN:** CONTACT T/L ████ b7c

**RECOMMENDATION:** NONE

**DUTY INSPECTOR'S SIGNATURE:** ████ b7c

**Distribution:**

___ Immediate AIC Attention (fax or email)

___ AIC (original)

☒ Team Leader (copy) ████ b7c

☒ Inspector ████ (copy)

U.S. Postal Inspection Service Security Force

## INCIDENT REPORT



| Location | | | Report No. | | Category |
|---|---|---|---|---|---|
| Cleveland GMF, 2400 Orange Ave., Cleveland, OH | | | 06-0216 | | 1P |

| Date | Time | Reporting Officer | Badge No. |
|---|---|---|---|
| 1/27/06 | 2200hrs | b7C | b2 |

| Assisting Officer | Badge No. | Assisting Officer | Badge No. |
|---|---|---|---|
| 3 Tour 1 PPO's | | 4 Tour 3 PPO's | |

### Person Involved (#1)

| Last Name | First Name | MI | Social Security No. | Driver's License No. | State | Emp.P/Loc | Witness Code |
|---|---|---|---|---|---|---|---|
| | | | – – | – | | | |

| Street Address | | | City | State | ZIP Code |
|---|---|---|---|---|---|
| | | | | | |

| Date of Birth | Sex ☐ M ☐ F | Race | Height | Weight | Eyes | Hair | Res. Phone ( ) – | Work Phone ( ) – |
|---|---|---|---|---|---|---|---|---|
| | | | | | | | | |

### Person Involved (#2)

| Last Name | First Name | MI | Social Security No. | Driver's License No. | State | Emp.P/Loc | Witness Code |
|---|---|---|---|---|---|---|---|
| | | | – – | – | | | |

| Street Address | | | City | State | ZIP Code |
|---|---|---|---|---|---|
| | | | | | |

| Date of Birth | Sex ☐ M ☐ F | Race | Height | Weight | Eyes | Hair | Res. Phone ( ) – | Work Phone ( ) – |
|---|---|---|---|---|---|---|---|---|
| | | | | | | | | |

### Property Involved

| Description |
|---|
| |

| Disposition | Property Type | Form 550 Issued? ☐ Yes ☐ No | Type of Property ☐ P.O. ☐ Private | Value $ |
|---|---|---|---|---|
| | | | | |

### Incident

**Incident Type**
Suspicious persons, �altered b5

**Facts (Narrative)**                                                              b7C
b5  On 1/27/06 at 2200hrs, when reporting for duty, ████████████████
████████ informed me that 3 individuals where in the Cleveland P&DC cafeteria that
████████████████████████████████████████████ also stated that an inspector
and the ████████████████████ where en route.
b2  ████████████████████████████████ b7C ████████████████████████████████████

b7C  Inspector ████████ arrived at approximately 2215hrs to help assess the situation,
but at 2230hrs, he was called away. His relief would be Inspector ████████
████████ who arrived at approximately 2240hrs. ████████████ also arrived around
that time.                                              b7C

(Continued on Page 2)

| Distribution | Approved By | Date | Attachments |
|---|---|---|---|
| ☑ Postal Police Officer-in-Charge | | | |
| ☐ Inspector-in-Charge | | | |
| ☑ Inspector ████████ b7C | Approved By b7C | Date | |
| ☑ Plant Manager/Postmaster b7C | ████████ | 1/30/06 | |
| ☑ Other File | | | |

IS Form 5309, November 2002
Report #06-0216, 1/27/06

*b7C*

Pittsburgh DHO Inspectors ~~_____~~ were contacted ~~_____~~

*S*

The three individuals represented themselves as FEGLI salesmen.  Their business
cards and a copy of their driver licenses are attached.  They were asking postal
employees to buy insurance and provide Social Security, Employee Identification,
and PIN numbers on the insurance applications, attached. ~~_____~~

*b5*

They claim to have had permission to conduct business on postal premises from
~~_____~~.  So at approximately
*b7C*
*b7D* 2300hrs the ~~_____~~ escorted from the cafeteria to our office by PPO's and Ins.

Ins. Sullivan conducted a brief interview and asked them for identification.  They
presented their drivers licenses and business cards for this. ~~_____~~

*b2 / b7t*

A public address announcement was broadcast on the work floor informing employees
of the possible scam and to report to our office if they may have been victimized.
There, the employees were advised to request their applications back from the
salesmen, to change their PIN's, and to report this to the major credit bureaus.

The salesmen were escorted off the premises at approximately 2340hrs.  Their
personal information is listed below.



*b6/b7C*



*b6/b7C*

dec



## U.S. Postal Inspection Service Security Force
# INCIDENT REPORT



| Location<br>GMF CLEVELAND, OH 44101 | | | Report No.<br>06-0275 | Category<br>1A |
|---|---|---|---|---|
| Date<br>02/07/2006 | Time<br>1:05 AM | Reporting Officer _b7C_ | | Badge No. _b2_ |
| Assisting Officer | Badge No. | Assisting Officer | | Badge No. |

### Person Involved (#1)

| Last Name | First Name | MI | Social Security No. - - | Driver's License No. | State | Emp.P/Loc | Witness Code |
|---|---|---|---|---|---|---|---|
| Street Address _b7C_ | | | | City | | State | ZIP Code - |
| Date of Birth | Sex ☐ M ☐ F | Race | Height | Weight | Eyes | Hair | Res. Phone ( ) - | Work Phone ( ) - |

### Person Involved (#2)

| Last Name | First Name | MI | Social Security No. - - | Driver's License No. | State | Emp.P/Loc | Witness Code |
|---|---|---|---|---|---|---|---|
| Street Address | | | | City | | State | ZIP Code - |
| Date of Birth | Sex ☐ M ☐ F | Race | Height | Weight | Eyes | Hair | Res. Phone ( ) - | Work Phone ( ) - |

### Property Involved

| Description | | | | |
|---|---|---|---|---|
| Disposition | Property Type | Form 550 Issued?<br>☐ Yes ☐ No | Type of Property<br>☐ P.O. ☐ Private | Value<br>$ |

### Incident

Incident Type
RECORD OF CALL                _b7C_                                    _b7C_

Facts *(Narrative)*
ON 2-7-06 AT 0050HRS, ▮▮▮▮▮▮▮▮▮▮▮▮ CALLED TO REPORT THAT ▮▮▮▮▮▮▮
RECEIVED A PACKET FROM THE OFFICE OF FEDERAL EMPLOYEE GROUP LIFE INSURANCE(OFEGLI) AND WANTED TO
KNOW IF IT WAS FROM THEIR OFFICE.

AKRON MAIN OFFICE
675 WOLF LEDGES PARKWAY
AKRON, OH 44309
▮▮▮▮▮▮▮▮▮▮▮▮ _b6_

*(Continued on Page 2)*

| Distribution | Approved By | Date | Attachments |
|---|---|---|---|
| ☑ Postal Police Officer-in-Charge _b7C_ | | | |
| ☐ Inspector-in-Charge | | | |
| ☑ Inspector ▮▮▮▮▮▮▮▮ | Approved By ▮▮▮▮▮▮▮ | Date 2/7/06 | |
| ☐ Plant Manager/Postmaster | | | |
| ☑ Other File | | | |

IS Form 5309, July 1998 ▮▮▮▮▮▮▮                    _b7C_                    Page 1 of 2

EXHIBIT K

LAW OFFICES

# KARL & TARONE

A PARTNERSHIP CONSISTING OF PROFESSIONAL CORPORATIONS

SUITE 1250

900 SEVENTEENTH STREET, N. W.

WASHINGTON, D.C. 20006

(202) 293-3200

FAX: (202) 429-1851

JOHN F. KARL, JR.°
C. MICHAEL TARONE▲
WILLIAM P. FARLEY▲†

▲ ALSO ADMITTED IN NY
† ALSO ADMITTED IN MD
° ALSO ADMITTED IN FL

April 12, 2006

VIA U.S. FIRST CLASS MAIL AND FACSIMILE (202) 268-6187

Mr. Anthony Alverno, Esquire
United States Postal Service
Chief Counsel, Customer Protection and Privacy
475 L'enfant Plaza, SW
Room 6138
Washington, D.C. 20260
aalverno@email.usps.gov

## RE: FOIA REQUEST DENIAL -APPEAL TO CHIEF COUNSEL, U.S. POSTAL SERVICE - FOIA NUMBER 2006-FPIS-00148

Dear Mr. Alverno:

United America Financial, Incorporated, ("UAF") appeals the denial of the documents requested by UAF pursuant to the applicable federal regulations. UAF considered the April 6, 2006 letter from the Post Office as a denial of their request for records. A copy of the denial letter is attached as Exhibit "A."

UAF is also providing copies of the February 1, 2006 FOIA request. A copy is attached here as Exhibit "B."

**Statement of Action or Failure to Act that is Being Appealed**

UAF is appealing the Post Office's decision not to provide the requested

documents and the Postal Service's failure to search for documents that are relevant to UAF's February 1, 2006 FOIA request. The Post Office reliance upon internal personnel rules and practices is misplaced. *Allen v. CIA*, 636 F.2d 1287, 1290 (D.C. Cir. 1980) (exemption covers nothing more than trivial administrative personnel rules); *Founding Church of Scientology v. Smith*, 721 F.2d 828 (D.C. Cir. 1983); *Schiller v. NLRB*, 964 F.2d 1205, 1207 (D.C. Cir. 1992).

The disclosure of the information would shed light on the Postal Services performance of its duties and let citizens know what the government is up to. *Bibles v. Or. Natural Desert Ass'n*, 519 U.S. 355, 355-56, 117 S.Ct. 795, 136 L.Ed.2d 825 (1997) ("the extent to which disclosure of the information sought would she [d] light on an agency's performance of its statutory duties or otherwise let citizens know what their government is up to.")  The denial letter makes clear that the information requested is not covered by any exemption and it is in the public interest to disclose the documents because it is likely to contribute significantly to public understanding of the operations or activities of the government and is not primarily in the commercial interest of the requester. Thus, the information should be released.

The refusal of the Post Office to provide the documents that provided a basis for a statement made on two of the USPS website is inconsistent with the FOIA. The Post Office's failure to conduct a full investigation into this matter and provide the supporting documents for the making the statement on the website about UAF is erroneous in that the documents exist and should be released. *Jarrell v. U.S. Postal Service*, 753 F.2d 1088, 1089 (D.C. Cir. Jan 15, 1985). UAF asks that all documents supporting the Post Offices statement on their website that UAF is composed of Nigerian identity thieves be provided immediately.  A copy of the Postal Service's web page is attached here as Exhibit "C."

**The Postal Service's Decision is Erroneous**

The Postal Service has not identified any legal or specific statutory authority for its position to refuse to provide identified documents and failure to conduct a full search. Further, the requested documents, including emails and supporting letters, are required to be released under present law. *See* (5 U.S.C. §552Postal Service must

Mr. Anthony Alverno, Esquire
United States Postal Service
Chief Counsel, Customer Protection and Privacy
**Certified #7099 3400 0009 5110 2648**
April 12, 2006

Page 3 of 7

release "(D) copies of all records, regardless of form or format, which have been released to any person under paragraph (3) and which, because of the nature of their subject matter, the agency determines have become or are likely to become the subject of subsequent requests for substantially the same records.")

The Freedom of Information Act establishes a general policy of full disclosure unless the information requested is _clearly_ exempted. *Department of Air Force v. Rose,* 425 U.S. 352, 361, 96 S.Ct. 1592, 1599, 48 L.Ed.2d 11 (1976). UAF requests the Postal Service to submit an index with more specific details regarding the nature and approximate content of the withheld documents, pursuant to *Vaughn v. Rosen,* 484 F.2d 820 (D.C. Cir.1973). UAF requests all the redacted information be provided. UAF also requests the Postal Service to conduct a proper investigation and provide all the documents UAF has requested.

The Postal Service has failed to provide the names of all the persons responsible for denying UAF's request (§552(a)(6) C) "Any notification of denial of any request for records under this subsection shall set forth the names and titles or positions of each person responsible for the denial of such request.") Please provide all the names and titles of each person responsible for denying UAF's requests.

The Postal Service's withholding of entire documents without making specific findings as to whether each document contained segregable portions that could be released is improper. *See Powell v. United States Bureau of Prisons,* 927 F.2d 1239, 1242 (D.C. Cir.1991). The withheld documents are clearly segregable, that is, if there is even any information that has been validly withheld by the Postal Service.

For the documents that were withheld, the USPS "must provide non-conclusory reasons why disclosure would risk circumvention of the law." (holding that the Securities and Exchange Commission failed to present specific evidence that disclosure of agency records related to the Commission's investigation of plaintiff deal-brokers and their business would result in the circumvention of federal securities

Mr. Anthony Alverno, Esquire
United States Postal Service
Chief Counsel, Customer Protection and Privacy
**Certified #7099 3400 0009 5110 2648**
April 12, 2006

Page 4 of 7

laws) *Feshbach v. Secs. and Exch. Comm'n*, 5 F.Supp.2d 774, 788 (N.D.Cal.1997). The reasons provided in the March 22, 2006 letter are merely conclusory. Further, the documents need to be described and no description has been provided.

The FOIA provides, among other things, that: "[E]ach agency, upon any request for records which (I) reasonably describes such records and (ii) is made in accordance with published rules stating the time, place, fees (if any), and procedures to be followed, shall make the records promptly available to any person." 5 U.S.C. § 552(a)(3)(A). UAF provided all that information on February 1, 2006, your letter of March 22, 2006 does not deny that UAF complied with this requirement.

The FOIA creates a judicially-enforceable public right of access to government agency documents. 5 U.S.C. § 552. "The [FOIA] adopts as its most basic premise a policy strongly favoring public disclosure of information in the possession of federal agencies." *Maricopa Audubon Soc'y v. United States Forest Serv.*, 108 F.3d 1082, 1085 (9th Cir.1997). A government agency may only withhold a document, or portions of a document, if the material falls within one of nine statutory exemptions listed in 5 U.S.C. § 552(b)(1)--(9). *See id.* As FOIA is founded upon a policy of broad disclosure of government documents, the statutory exemptions "must be narrowly construed." *Lion Raisins Inc. v. United States Dep't of Agric.*, 354 F.3d 1072, 1079 (9th Cir.2004) (*quoting John Doe Agency v. John Doe Corp.*, 493 U.S. 146, 152, 110 S.Ct. 471, 107 L.Ed.2d 462 (1989)).

UAF understands that disclosure of investigation documents are limited only to the extent that the production of such law enforcement records or information "could reasonably be expected to constitute an unwarranted invasion of personal privacy" or could reasonably be expected to "disclose the identity of a confidential source, including a State, local, or foreign agency or authority or any private institution which furnished information on a confidential basis, and, in the case of a record or information compiled by criminal law enforcement authority in the course of a criminal investigation or by an agency conducting a lawful national security

Mr. Anthony Alverno, Esquire
United States Postal Service
Chief Counsel, Customer Protection and Privacy
**Certified #7099 3400 0009 5110 2648**
April 12, 2006

Page 5 of 7

intelligence investigation, information furnished by a confidential source." 5 U.S.C. § 552(b)(7)© & (D); *Wiener v. FBI*, 943 F.2d 972, 983-84 (9th Cir.1991). Before the USPS may invoke these exemptions, the government has the burden of proving "the existence of such a compilation for such a purpose." *John Doe Agency v. John Doe Corp.*, 493 U.S. 146, 152, 110 S.Ct. 471, 107 L.Ed.2d 462 (1989).

In addition, governmental misconduct has been alleged (posting information that destroys a citizens livelihood on a public **website**), this is justification for disclosure, as the public interest is "substantial" and the information sought "is necessary in order to confirm or refute that evidence." *Davis v. United States Dep't of Justice*, 968 F.2d 1276, 1282 (D.C. Cir.1992).

UAF states that it is withholding documents and information based on FOIA exemptions is clearly an obstruction of the law. On February 1, 2006, UAF submitted a request in accordance with the provisions of the Freedom of Information Act (FOIA), 5 U.S.C. 552, and the Postal Service's regulations implementing the FOIA at 39 CFR 265.1 through 265.9 or the Privacy Act, 5 U.S.C. 552a and the Postal Service's regulations implementing the Privacy Act at 39 CFR 266.1 through 266.9 in order to be provided with certain information pursuant to the above laws.

UAF understands that the USPS is able to respond to requests within the twenty working days time period set by the FOIA unless a request involves a time consuming search or review or a voluminous amount of records. The present matter did not involve a time consuming search or a voluminous amount of records.

UAF requested all information concerning the document they attached to their request (the "Document") to the Postal Service. The Document has been published in various forms at: https://liteblue.usps.gov/news/link/2006jan27.htm and http://www.postalwatch.org/.

UAF requested all supporting documents to the document, all investigative

Mr. Anthony Alverno, Esquire
United States Postal Service
Chief Counsel, Customer Protection and Privacy
**Certified #7099 3400 0009 5110 2648**
April 12, 2006

Page 6 of 7

documents for the Document. UAF requested all investigative notes for this
Document and the date those notes were created. UAF requested that to be allowed
inspection and copying of the public records, including, but not limited to letters,
correspondence, tape recordings, notes, data, memoranda, reports, email, computer
source and object code, technical manuals, technical specifications, or any other
materials, held by the Postal Service.

UAF requested all drafts of documents containing "UAF" and "Nigerian" and
"identity thieves" which were created during January 2006.

UAF informed the Postal Service that postal workers/inspectors in Cleveland,
Ohio have information concerning the requested information. UAF also informed the
Postal Service that postal employees such as Barbara Simone, (724) 327-4462, 3263
Woodhaven Drive, Murrysville, PA 15668 has information concerning the decision
to inform people that UAF was composed of "Nigerian Identity Thieves."

UAF also informed the Postal Service that Postal employees TERENCE C.
SULLIVAN 3157 Falmouth Road, Shaker Heights, Ohio 44122-2844; LARRY
JONES 2400 Orange Avenue Cleveland, Ohio 44101-9997; and DEBBI EPPS, 4259
Quarry Road New Albany, Indiana 47150-9237 are each likely have information that
has been requested by UAF.

Related correspondence is also attached: The Post Offices March 3, 2006 letter
claiming that they would delay in providing documents. A copy is attached as
Exhibit D. UAF's March 6, 2006 letter to the Post Office. A copy is attached as
Exhibit "E." UAF's March 15, 2006 letter to the Post Office is attached as Exhibit
"F."

UAF appeals the Postal Service's decision not to search for documents,
interview their employees and provide the documents to UAF as is required under the
FOIA. UAF asks that the information they requested be produced immediately.

Mr. Anthony Alverno, Esquire
United States Postal Service
Chief Counsel, Customer Protection and Privacy
**Certified #7099 3400 0009 5110 2648**
April 12, 2006

Page 7 of 7

   We ask that the requested documents be immediately disclosed.  Please provide all documents and email correspondence as they are found, including the correspondence provided to the web master for www.postalwatch.org and www.liteblue.usps.gov.  These documents should be readily available in electronic format and easily found.

   Thank you.

Sincerely,

William P. Farley

cc: United America Financial, Incorporated

EXHIBIT A



UNITED STATES POSTAL INSPECTION SERVICE

OFFICE OF COUNSEL

April 6, 2006

Mr. William P. Farley
Karl & Tarone
900 17th Street, NW, Suite 1250
Washington, DC  20006-2517

RE: FOIA No. 2006-FPIS-00148

Dear Mr. Farley:

This is in further reference to your letter dated March 15, 2006, requesting, pursuant to the Freedom of Information/Privacy Acts, access to certain records that may be in the custody of the U.S. Postal Inspection Service.

Enclosed are five pages of record material that can be released to you.  Certain deletions have been made to this material pursuant to title 5, United States Code, section 552(b)(2), which concerns records related solely to the internal personnel rules and practices of an agency; section 552(b)(5), which exempts inter-agency or intra-agency memorandums or letters that would not be available by law to a party other than an agency in litigation with the U.S. Postal Service; section 552(b)(6), where release of personnel and similar files would constitute a clearly unwarranted invasion of personal privacy; section 552(b)(7)(C), where disclosure could reasonably be expected to constitute an unwarranted invasion of personal privacy; section 552(b)(7)(D), which exempts information that could reasonably be expected to disclose the identity of a confidential source and confidential information furnished by that source; and section 552(b)(7)(E), where disclosure would reveal techniques and procedures for law enforcement investigations or prosecutions.

In addition to these enclosures, there are 127 pages which are exempt from disclosure in their entirety in accordance with title 5, United States Code, section 552(b)(2), section 552(b)(5), section 552(b)(6), section 552(b)(7)(C), and section 552(b)(7)(D) and section 552(b)(7)(E).

In response to your request for records on postal workers and/or UAF employees, I must respectfully advise you that any reports and/or documents which may be found in the records of the Postal Inspection Service with respect to any U.S. Postal

1735 N. LYNN STREET, ROOM 4039
ARLINGTON, VA  22209-4039
TELEPHONE:  703-292-3955
FAX:  703-292-4083

Service employees and/or UAF employees would be exempt from disclosure pursuant to title 5, United States Code, section 552(b)(6), where release of personnel and similar files would constitute a clearly unwarranted invasion of personal privacy; and section 552(b)(7)(C), where disclosure could reasonably be expected to constitute an unwarranted invasion of personal privacy. Also, the Privacy Act of 1974, title 5, United States Code, section 552a(b), requires that an agency obtain the written consent of the person(s) to whom a record pertains prior to the disclosure of that record to a third party (5 U.S.C 552a(b)).

In response to your request for documents that were used to create the web page http://www.postalwatch.org, or documents that were provided to the person creating the web page, please be advised that this not a U.S. Postal Service web page/site, nor is it affiliated with the U.S. Postal Service. If you are interested in obtaining documents from the Postal Watch organization, you should contact them directly at Postal Watch, Incorporated, 3631 Virginia Beach Blvd., #100, Virginia Beach, VA 23452.

As provided in title 39, Code of Federal Regulations, part 265, you have a right to appeal this decision. A copy of the appeal procedure is enclosed.

Sincerely,

T. A. Warner
Information Disclosure Technician

Enclosures

FREEDOM OF INFORMATION ACT

APPEAL PROCEDURE (Title 39, Code of Federal Regulations, Part 265)

If a request to inspect or copy a record is denied, or a request for expedited processing of a request, is denied, in whole or in part; if no determination is made within the period prescribed by this part; or if a request for waiver of fees is not granted; the requester may appeal to the *Chief Counsel, Customer Protection and Privacy, U.S. Postal Service, 475 L'Enfant Plaza, SW, Washington, DC 20260*.

The requester shall submit his appeal in writing within 30 days of the date of the denial or of the other action complained of, or within a reasonable time if the appeal is from a failure of the custodian to act.  The Chief Counsel may, in his discretion, consider late appeals.

In the event of the denial of a request or of other action or failure to act on the part of a custodian from which no appeal is taken, the Chief Counsel may, if he considers that there is doubt as to the correctness of the custodian's action or failure to act, review the action or failure to act as though an appeal pursuant to this section had been taken.

A letter of appeal should include, as applicable:

a.    A copy of the request, of any notification of denial or other action, and of any other related correspondence;

b.    A statement of the action, or failure to act, from which the appeal is taken;

c.    A statement of the reasons why the requester believes the action or failure to act is erroneous; and

d.    A statement of the relief sought.

ACTION ON APPEALS

The decision of the Chief Counsel or his designee constitutes the final decision of the Postal Service on the right of the requester to inspect or copy a record.  The decision will normally be made within twenty working days from the time of the receipt by the Chief Counsel.  The twenty day response period may be extended by the Chief Counsel or his designee for a period not to exceed an additional ten working days when reasonably necessary to permit the proper consideration of an appeal, under one or more of the unusual circumstances set forth in part 265.7.

10/17/2005

called Lima
Yleeto
Akron
Canton
Mansfield

**67C**

spoke
to

① escort to PPO office
②
③
④
⑤ in plant earlier in week
⑥ Invited ees to ask
for the app back
⑦ advise ee pin #
ask Search · said No
⑧ asked to leave USPS
prop · car or E lot

**b2/**
**b7E**

1⁰⁵ am

**DUTY RESPONSE WORKSHEET**

DATE/TIME OF CALL: 4/27/06        INSPECTOR: ████████  b7C

NAME OF CALLER:   SGT ████ / INSP ████  b7C

ADDRESS OF CALLER:   CLEVELAND

_____

b6

TELEPHONE:   ████████

SUMMARY OF INFORMATION: INDIV. DUM/S POS-NG AS FBI:
AT CLEVELAND P+DO COLLECTING INFO ! ████  b5
████ ████   WANTED ADD'L INFO
b7C

ACTION TAKEN:   CONTACT T/L ████  b7C

RECOMMENDATION:   NONE

DUTY INSPECTOR'S SIGNATURE: ████  b7C

Distribution:

___ Immediate AIC Attention (fax or email)

___ AIC (original)

_X_ Team Leader (copy) ████

_X_ Inspector ████ (copy)  b7C



U.S. Postal Inspection Service Security Force

## INCIDENT REPORT



| Location | | | | Report No. | | Category |
|---|---|---|---|---|---|---|
| Cleveland GMF, 2400 Orange Ave., Cleveland, OH | | | | 06-0216 | | 1F |

| Date | Time | Reporting Officer | | Badge No. |
|---|---|---|---|---|
| 1/27/06 | 2200hrs | ~~b7C~~ | | ~~62~~ |

| Assisting Officer | Badge No. | Assisting Officer | Badge No. |
|---|---|---|---|
| 3 Tour 1 PPO's | | 4 Tour 3 PPO's | |

### Person Involved (#1)

| Last Name | First Name | MI | Social Security No. | Driver's License No. | State | Emp.P/Loc | Witness Code |
|---|---|---|---|---|---|---|---|
| | | | — — | | | | |

| Street Address | | City | | State | ZIP Code |
|---|---|---|---|---|---|
| | | | | | |

| Date of Birth | Sex ☐ M ☐ F | Race | Height | Weight | Eyes | Hair | Res. Phone ( ) – | Work Phone ( ) – |
|---|---|---|---|---|---|---|---|---|
| | | | | | | | | |

### Person Involved (#2)

| Last Name | First Name | MI | Social Security No. | Driver's License No. | State | Emp.P/Loc | Witness Code |
|---|---|---|---|---|---|---|---|
| | | | | | | | |

| Street Address | | City | | State | ZIP Code |
|---|---|---|---|---|---|
| | | | | | |

| Date of Birth | Sex ☐ M ☐ F | Race | Height | Weight | Eyes | Hair | Res. Phone ( ) – | Work Phone ( ) – |
|---|---|---|---|---|---|---|---|---|
| | | | | | | | | |

### Property Involved

| Description |
|---|
| |

| Disposition | Property Type | Form 550 Issued? ☐ Yes ☐ No | Type of Property ☐ P.O. ☐ Private | Value $ |
|---|---|---|---|---|
| | | | | |

### Incident

Incident Type
Suspicious persons, ~~b5~~

Facts *(Narrative)*

On 1/27/06 at 2200hrs, when reporting for duty, ~~b7C~~ ~~informed me that 3 individuals where in the Cleveland P&DC cafeteria that~~ ~~also stated that an inspector and the~~ ~~where en route.~~

~~b7C~~

Inspector ~~b7C~~ arrived at approximately 2215hrs to help assess the situation, but at 2230hrs, he was called away.  His relief would be Inspector ~~who arrived at approximately 2240hrs.~~ ~~also arrived around that time.~~ ~~b7C~~

(Continued on Page 2)

| Distribution | Approved By | Date | Attachments |
|---|---|---|---|
| ☑ Postal Police Officer-in-Charge | | | |
| ☐ Inspector-in-Charge | | | |
| ☑ Inspector ~~b7C~~ | Approved By ~~b7C~~ | Date | |
| ☑ Plant Manager/Postmaster | | 1/30/06 | |
| ☑ Other File | | | |

IS Form 5309, September 2002
Report #06-0216, 1/27/06

b7C

Pittsburgh DHO Inspectors ~~~~~~~~~~~~~ were contacted

The three individuals represented themselves as FEGLI salesmen.  Their **business**
cards and a copy of their driver licenses are attached.  They were asking postal
employees to buy insurance and provide Social Security, Employee Identification,
and PIN numbers on the insurance applications, attached.

b5

They claim to       d permission to conduct business on postal premises from

b7C
b7D
2300hrs, they were **escorted from the** cafeteria to our **office by** PPO's and Ins.

b7C                                                                        So at approximately

**Ins.** Sullivan conducted a **brief** interview **and** asked them for identification.   They
present**ed their** drivers licenses and business cards for this.

b2/
b7

A public address announcement was broadcast on the work floor informing employees
of the possible scam and to report to our office if they may have been victimized.
There, the employees were advised to request their applications back from the
salesmen, to change their PIN's, and to report this to the major credit bureaus.

The salesmen were escorted off the premises at approximately 2340hrs.   Their
personal information is listed below.



b6/b7C



b6/b7C

dec

 

U.S. Postal Inspection Service Security Force

# INCIDENT REPORT

| Location | | | | Report No. | Category |
|---|---|---|---|---|---|
| GMF CLEVELAND, OH 44101 | | | | 06-0275 | 1A |

| Date | Time | Reporting Officer | | Badge No. |
|---|---|---|---|---|
| 02/07/2006 | 1:05 AM | *b7C* | | *b2* |

| Assisting Officer | Badge No. | Assisting Officer | Badge No. |
|---|---|---|---|
| | | | |

## Person Involved (#1)

| Last Name | First Name | MI | Social Security No. - - | Driver's License No. | State | Emp.P/Loc | Witness Code |
|---|---|---|---|---|---|---|---|

| Street Address *b7C* | | City | State | ZIP Code - |
|---|---|---|---|---|

| Date of Birth | Sex ☐ M ☐ F | Race | Height | Weight | Eyes | Hair | Res. Phone ( ) - | Work Phone ( ) - |
|---|---|---|---|---|---|---|---|---|

## Person Involved (#2)

| Last Name | First Name | MI | Social Security No. - - | Driver's License No. | State | Emp.P/Loc | Witness Code |
|---|---|---|---|---|---|---|---|

| Street Address | | City | State | ZIP Code - |
|---|---|---|---|---|

| Date of Birth | Sex ☐ M ☐ F | Race | Height | Weight | Eyes | Hair | Res. Phone ( ) - | Work Phone ( ) - |
|---|---|---|---|---|---|---|---|---|

## Property Involved

Description

| Disposition | Property Type | Form 550 Issued? ☐ Yes ☐ No | Type of Property ☐ P.O. ☐ Private | Value $ |
|---|---|---|---|---|

## Incident

| Incident Type |
|---|
| RECORD OF CALL    *b7C*    *b7C* |

**Facts (Narrative)**
ON 2-7-06 AT 0050HRS, ~~███████████~~ CALLED TO REPORT THAT ~~█████~~
RECEIVED A PACKET FROM THE OFFICE OF FEDERAL EMPLOYEE GROUP LIFE INSURANCE (OFEGLI) AND WANTED TO
KNOW IF IT WAS FROM THEIR OFFICE.

AKRON MAIN OFFICE
675 WOLF LEDGES PARKWAY
AKRON, OH 44309    *b6*
~~█████████~~

(Continued on Page 2)

| Distribution | Approved By | Date | Attachments |
|---|---|---|---|
| ☑ Postal Police Officer-in-Charge *b7C* | | | |
| ☐ Inspector-in-Charge | | | |
| ☑ Inspector ~~████~~ | Approved By ~~████~~ | Date 2/7/06 | |
| ☐ Plant Manager/Postmaster | | | |
| ☑ Other File | | | |

IS Form **5309**, July 1998 (20260-3110)    *b7C*    Page 1 of 2

EXHIBIT L


**UNITED STATES**
**POSTAL SERVICE**

May 2, 2006

Mr. William P. Farley, Esquire
Law Offices of Karl & Tarone
900 17th Street, N.W., Suite 1250
Washington, DC  20006-2517

RE: Freedom of Information Act Appeal: 06-085

Dear Mr. Farley:

This responds to your letter dated April 12, 2006, which was received in our office by
facsimile transmission on April 13, 2006.  In that letter, you appeal, on behalf of your
client, United American Financial, Inc. (UAF), the decision of T.A. Warner,
Information Disclosure Technician, regarding your client's Freedom of Information
Act (FOIA) request for documents that may be in the custody of the U.S. Postal
Inspection Service (USPIS).

In a letter dated March 15, 2006, you made reference to investigative documents
that may be in the custody of the USPIS that pertain to specified UAF employees,
arising out of an incident in which those employees entered a Postal Service facility
in Cleveland, Ohio.  The USPIS construed this to be an additional FOIA request for
these documents.  In response to your letter of March 15, 2006, Ms. Warner issued
an initial decision letter, dated April 6, 2006.  In that letter, Ms. Warner informed you
that 132 pages of documents were found to be responsive to your request.  In
addition, Ms. Warner informed you of her decision to release five of the responsive
pages, with redactions, and withhold the remaining 127 pages.  Ms. Warner
informed you that the documents were redacted and withheld pursuant to 5 U.S.C. §
552(b)(2), (b)(5), (b)(6), (b)(7)(C), (b)(7)(D), and (b)(7)(E).  You appealed the initial
decision on the grounds that the documents were improperly redacted and withheld
under the FOIA, and that the search for responsive documents was inadequate.
We have conferred with responsible persons, reviewed the documents, and are
upholding the initial decision for the reasons set forth below.

As a preliminary matter, please note that the FOIA is a documents and records
statute.  The FOIA does not require agencies to create records or answer questions
in response to requests.  See Kissinger v. Reporters Committee for Freedom of the
Press, 445 U.S. 136, 152 (1980); Zemansky v. EPA, 767 F.2d 569, 574 (9th Cir.
1985).  Therefore, to the extent your correspondence asks for names of all
individuals involved in publishing the NewsLink article, and asks the Postal Service

475 L'ENFANT PLAZA SW
WASHINGTON, DC  20260-1135
www.usps.com

- 2 -

to interview postal employees, we have determined that the Postal Service need not respond to that request under the FOIA.

The FOIA generally requires government agencies to disclose records within their possession. However, the FOIA contains several exemptions that permit agencies to withhold certain records. See 5 U.S.C. § 552(b)(1)-(9). FOIA Exemption 2 permits an agency to withhold records that are "related solely to the internal personnel rules and practices of an agency." 5 U.S.C. § 552(b)(2). This exemption has been construed to permit the nondisclosure of mundane administrative data, such as file numbers, mail routing stamps, initials, data processing notations, brief references to previous communications, and other similar administrative markings. See Small v. IRS, 820 F. Supp. 163, 168 (D.N.J. 1992). FOIA Exemption 2 has also been held to justify the withholding of more extensive and substantive portions of administrative records, and documents in their entirety. See Schiller v. NLRB, 964 F.2d 1205, 1208 (D.C. Cir. 1992). Some of the withheld documents, such as facsimile cover sheets, were properly withheld in their entirety pursuant to Exemption 2. In addition, many of the responsive documents contain certain administrative markings that were properly redacted and withheld under FOIA Exemption 2.

FOIA Exemption 5 permits agencies to withhold "inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency." 5 U.S.C. § 552(b)(5). One privilege recognized under Exemption 5 is the deliberative process privilege, which protects internal agency documents that are both "predecisional" and "deliberative." See NLRB v. Sears Roebuck & Co., 421 U.S. 132, 150-52 (1975). A "predecisional" document is "[a document] prepared in order to assist an agency decision-maker in arriving at his or her decision, and may include recommendations, draft documents, proposals, and other subjective documents which reflect the personal opinions of the writer rather than the policy of the agency." Moye, O'Brien, O'Rourke, Hogan, & Pickert v. Nat'l R.R. Passenger Corp., 376 F.3d 1270, 1277 (11th Cir. 2004). In addition, internal documents which contain the opinions, suggestions, or recommendations of government employees contain "deliberative" information within the meaning of Exemption 5. See Coastal States Gas Corp. v. Department of Energy, 617 F.2d 854, 866 (D.C. Cir. 1980).

The deliberative process privilege under FOIA Exemption 5 is generally inapplicable to purely factual matters. See EPA v. Mink, 410 U.S. 73, 91 (1973). However, records created through the selection of specific facts out of a larger group of facts by the author have been deemed "deliberative" for the purposes of Exemption 5. See Montrose Chemical Corp. v. Train, 491 F.2d 63, 71 (D.C. Cir. 1974) (holding that the very act of distilling the testimony, of separating the significant facts from the insignificant facts, constitutes an exercise of judgment by agency personnel).

- 3 -

In this case, the documents withheld under Exemption 5 are not final reports or recommendations, and are in fact antecedent to any agency final decision. The documents include thoughts and opinions of agency personnel advising agency policymakers on an incident involving UAF employees on postal property. Therefore, the documents are "intra-agency" records that are both "predecisional" and "deliberative" for the purposes of the FOIA. The withheld documents in this case include e-mails between postal employees, handwritten notes, and investigative memoranda. Though some documents contain factual information, the selection of what factual material to include was itself part of the deliberative process. Thus, the requested information in certain responsive documents, considered during the decision-making process, was properly withheld under the deliberative process privilege within Exemption 5.

The initial decision letter also relied upon FOIA Exemptions 6 and 7(C), both of which allow agencies to withhold documents that may invade an individual's personal privacy. Exemption 7(C) is broader than Exemption 6, such that anything withheld under Exemption 6 would also be withheld under Exemption 7(C). Therefore, we will limit our discussion to Exemption 7(C). FOIA Exemption 7(C) permits agencies to withhold "records or information compiled for law enforcement purposes" to the extent that disclosure of such records or information "could reasonably be expected to constitute an unwarranted invasion of personal privacy." 5 U.S.C. § 552(b)(7)(C). The records withheld in this case, in whole or in part, were part of an investigation conducted by the USPIS into the activities of UAF employees on postal property. Many of the withheld pages contain names and contact information of Postal Inspectors, confidential sources, and postal employees. All of this information implicates the privacy interests of the investigators, confidential sources, and other individuals mentioned in the course of the investigation. See SafeCard Services v. SEC, 926 F.2d 1197, 1206 (D.C. Cir. 1991) (protecting names of third parties); Neely v. FBI, 208 F.3d 461, 464-66 (4th Cir. 2000) (finding that FBI Special Agents and third-party suspects have "substantial interest[s] in nondisclosure of their identities and their connection[s] to particular investigations"); Shafizadeh v. ATF, No. 99-5727, 2000 WL 1175586, at *2 (6th Cir. Aug. 10, 2000) (protecting names of, and identifying information about, private individuals). Because the information here pertains to specific individuals, and can reasonably be expected to invade their privacy if disclosed, these investigative records are categorically protected under Exemption 7(C). See Judicial Watch, Inc. v. United States, 84 Fed. Appx. 335, 337-339 (4th Cir. 2004), cert. denied sub nom., Judicial Watch, Inc. v. IRS, 125 S. Ct. 32 (2004) (ruling that IRS employees have a privacy interest in not having their names connected with IRS audit files); Fitzgibbon v. CIA, 911 F.2d 755, 767 (D.C. Cir. 1990) (recognizing that "the mention of an individual's name in a law enforcement file will engender comment and speculation and carries a stigmatizing connotation"). You assert in

- 4 -

your letter that the public interest in these documents outweighs any privacy interest, because of some alleged misconduct on the part of the USPIS. However, mere allegations of wrongdoing are insufficient to satisfy the public interest standard under the FOIA. See Nat'l Archives & Records Admin. v. Favish, 541 U.S. 157, 174 (2004). Accordingly, we have concluded that the requested documents were properly withheld and redacted under Exemption 7(C).

FOIA Exemption 7(D) provides protection for "records or information compiled for law enforcement purposes [which] could reasonably be expected to disclose the identity of a confidential source, including a State, local, or foreign agency or authority or any private institution which furnished information on a confidential basis." 5 U.S.C. § 552(b)(7)(D). When information is supplied to law enforcement agencies for investigative purposes, there is a presumption that the information was supplied confidentially. See Schmerler v. FBI, 900 F.2d 333, 337-39 (D.C. Cir. 1990); Keys v. Department of Justice, 830 F.2d 337, 344-45 (D.C. Cir. 1987). In this case, the documents contained information compiled in the course of an investigation conducted by the USPIS. This information includes the names and contact information of confidential sources, as well as information furnished to investigators by those sources. Releasing the information contained in those documents could disclose the identity of confidential sources and confidential information furnished by those sources. Thus, the documents were properly withheld and redacted pursuant to Exemption 7(D).

FOIA Exemption 7(E) permits agencies to withhold "records or information compiled for law enforcement purposes" to the extent that such records or information: "(1) would disclose techniques and procedures for law enforcement investigations or prosecutions, or (2) would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law." 5 U.S.C. § 552(b)(7)(E). The exemption generally applies to investigative techniques or guidelines that are not well known to the public, when the disclosure of which would be likely to impair the effectiveness of investigations. See O'Connor v. IRS, 698 F. Supp. 204, 206-07 (D. Nev. 1988). However, even commonly-known procedures have been protected from disclosure when "the circumstances of their usefulness . . . may not be widely known," or when the procedures are used in concert with other elements of an investigation in such a way that constitutes a separate technique that merits protection. See Wickline v. FBI, No. 92-1189, 1994 WL 549756, at *5 (D.D.C. Sept. 30, 1994) (quoting Parker v. United States Dep't of Justice, No. 88-0760, slip op. at 8 (D.D.C. Feb. 28, 1990), aff'd in pertinent part, No. 90-5070 (D.C. Cir. June 28, 1990)); PHE, Inc. v. United States Dep't of Justice, No. 90-1461, slip op. at 7 (D.D.C. Jan. 31, 1991), aff'd in pertinent part, rev'd in part & remanded, 983 F.2d 248 (D.C. Cir. 1993). Moreover, courts have justified withholding a wide variety of commonly-known procedures on the basis that disclosure of their details could reduce or nullify their effectiveness.

- 5 -

See, e.g., Burke v. DEA, No. 96-1739, slip op. at 9 (D.D.C. Mar. 30, 1998). Many of the documents in this case would disclose techniques, procedures, and guidelines that could hamper the effectiveness of future investigations conducted by the USPIS. The documents demonstrate how USPIS employees responded to an incident in Cleveland, Ohio and the steps they subsequently took to investigate the individuals involved. Disclosure of these documents would reveal how the USPIS generally conducts its investigations and what information the agency gathers as part of any investigation. Thus, the information pertaining to law enforcement techniques and procedures in this case was properly withheld and redacted under Exemption 7(E).

We conclude that each of these exemptions, alone or in conjunction with one or more other exemptions, was appropriately applied to the 127 pages of records withheld in the initial determination, and to the five released pages that were redacted. However, we can inform you that six of the withheld pages contain information already in your possession, including the January 27, 2006 NewsLink article and photocopies of your client's employees' identification cards.

In addition, we are satisfied that the search for responsive documents was adequate. Under the FOIA, agencies are required to conduct searches reasonably calculated to identify responsive documents. See Safecard Services, Inc. v. SEC, 926 F.2d 1197, 1201 (D.C. Cir. 1991). In this case, the USPIS performed an extensive search for records by searching its central investigative database and obtaining e-mails, notes, and various other documents from the field. Therefore, we are upholding the adequacy of the search performed by the USPIS. See, e.g., Marks v. United States, 578 F.2d 261, 263 (9th Cir. 1978) (finding an FBI search for records in central investigative files and one field office to be sufficient under the FOIA).

Finally, in your letter dated April 12, 2006, you request a Vaughn Index. The purpose of a Vaughn Index is to assist a court in determining whether certain records are properly withheld under the FOIA. See Vaughn v. Rosen, 484 F.2d 820 (D.C. Cir. 1973). They are created upon order of the court during the course of litigation and not in the course of an agency appeal. See Judicial Watch, Inc. v. Clinton, 880 F. Supp. 1, 11 (D.D.C. 1995) ("Agencies need not provide a Vaughn Index until ordered by a court after the plaintiff has exhausted the administrative process."). Therefore, we decline to create a Vaughn Index, though we have provided you with a description of the withheld records and an explanation of which FOIA exemptions have been applied.

This is the final decision of the Postal Service on your request for records pursuant to the FOIA. You may seek judicial review of this decision by bringing suit for that purpose in the United States District Court for the district in which you reside or have

- 6 -

your principle place of business, the district in which the records are located, or in the District of Columbia.


For the General Counsel,


Anthony F. Alverno
Chief Counsel
Customer Programs
Corporate Law Section

cc:    Ms. Warner

# EXHIBIT M



Office of Inspector General

**MAY - 8** 2006

William P. Farley, Esq.
Karl & Tarone
900 17th Street, N.W.
Suite 1250
Washington, D.C. 20006-2517

RE: Freedom of Information Act Appeal 06-012, Your Client
     United America Financial, Incorporated

Dear Mr. Farley:

This responds to your letter dated April 25, 2006 in which you appeal the denial of
your request for information pursuant to the Freedom of Information Act (FOIA), 5
U.S.C. § 552.  It appears from your letter that you intend to appeal the responses you
received from the U.S. Postal Service, the U.S. Postal Inspection Service, and the
U.S. Postal Service Office of Inspector General.  Please note that these are three
separate entities with separate and distinct Freedom of Information Act processes.  To
appeal responses from each entity, you should address your appeal to the following
contacts:

U.S. Postal Inspection Service
Office of Counsel, Room 4039
1735 North Lynn Street
Arlington, VA  22209-4039

Manager, Records Office
U.S. Postal Service
475 L'Enfant Plaza SW Room 5821
Washington DC 20260-2200

In a letter dated March 2, 2006, you requested records within the possession of the
United States Postal Service with regard to any investigation relating to a document
created in January 2006 and appearing on an internal Postal Service intranet site at
https://liteblue.usps.gov/newslink/20006/an27.htm.  A part of that request was referred
to the Office of Inspector General to respond regarding any OIG records.  On March

27, 2006, Betsy Cuthbertson, Manager, Freedom of Information Act Office, denied your request because this investigation is still on-going. For the reasons stated below we are upholding Ms. Cuthbertson's decision.

The FOIA imposes a general duty upon federal government agencies to disclose records within their possession. The Act contains several exemptions, however, that permit agencies to withhold certain information from disclosure. 5 U.S.C. § 552(b)(1)(9). In this case, the records are exempt from disclosure under exemption 7(A). Exemption 7(A) permits agencies to withhold "records or information compiled for law enforcement purposes" to the extent that disclosure of such records or information "could reasonably be expected to interfere with enforcement proceedings." 5 U.S.C. §552(b)(7)(A). Information provided by witnesses, investigative reports, and other information obtained during the course of an investigation are categories of information that may be withheld pursuant to exemption 7(A). Curran v. Department of Justice, 813 F.2d 473, 476 (1st Cir. 1987). The application of exemption 7(A) does not depend upon the imminence of a trial or adjudication; it is sufficient that an enforcement proceeding may result from the investigation. National Public Radio v. Bell, 431 F. Supp. 509, 514-15 (D.D.C. 1977).

In this case, the requested records consist of materials compiled in the course of an ongoing investigation and disclosure of these records at this time could reasonably be expected to interfere with enforcement proceedings. Accordingly, the records are exempt from disclosure pursuant to FOIA exemption 7(A), and were properly withheld. We are not required to make a detailed showing at this time that release of the records is likely to interfere with the law enforcement proceedings; it is sufficient for the agency to make a generalized showing that release of these particular kinds of documents would generally interfere with enforcement proceedings. See, e.g., Lynch v. Dep't of the Treasury, No. 99-1697, 2000 WL 123236, at *2 (9th Cir. Jan. 28, 2000) (explaining that "government need not 'make a specific factual showing with respect to each withheld document.")

Exemption 7(A) may cease to apply to the requested records when release will not be likely to interfere with enforcement proceedings. Thus, this decision is made without prejudice to a future request for records when exemption 7(A) no longer applies to them. Please be advised, however, that the application of other FOIA exemptions does not depend upon the likelihood of interference with enforcement proceedings, and some records may continue to be exempt from disclosure under other exemptions.

2

This is the final agency decision of the United States Postal Service, Office of Inspector General on your right of access to these records pursuant to the Freedom of Information Act.  You may seek judicial review of a final decision by bringing suit for that purpose in the United States District Court for the district in which you reside or have your principal place of business, the district in which the records are located, or in the District of Columbia.

Sincerely,

GLADIS C. GRIFFITH
Freedom of Information Act Appeals Officer

cc: Betsy Cuthbertson, Manager, Freedom of Information Act Office

3