# EXHIBIT C



UNITED STATES POSTAL INSPECTION SERVICE

OFFICE OF COUNSEL

March 9, 2006

Mr. William P. Farley
Karl & Tarone
900 17th Street, NW, Suite 1250
Washington, DC  20006-2517

RE: FOIA No. 2006-FPIS-00133

Dear Mr. Farley:

This is in reference to your letter dated February 1, 2006, requesting, pursuant to the Freedom of Information/Privacy Acts, access to certain records that may be in the custody of the U.S. Postal Inspection Service regarding the USPS News Link article *"A Dropped PIN."*

In response to your fax of March 6, your initial FOIA request dated February 1, 2006, was received by the Inspection Service's FOIA staff on March 1, 2006.  The FOIA states that, "Until an agency (or the proper component of that agency) receives a FOIA request, it is not obligated to search for responsive records, meet time deadlines, or release any records." On March 3, our office sent you an acknowledgment letter informing you of our delay in processing your request due to the time involved in conducting a search for responsive records of any format (electronic, paper format, etc.).

A search of Postal Inspection Service files disclosed no investigation was conducted concerning this subject.  In addition, I have been advised by Postal Inspector John Soos that he was not involved in the creation of the article and has no records (electronic or paper) pertaining to the creation of the article.

In the event you treat this letter as a denial of your request for records, you have the right to appeal this denial by writing to the *Chief Counsel, Customer Protection and Privacy, U.S. Postal Service, 475 L'Enfant Plaza, SW, Washington, DC 20260*, within 30 days of the date of this letter.  The letter of appeal should include a statement about the action or failure to act being appealed, the reasons why it is believed to be erroneous, and the relief sought, along with copies of your original request, this letter, and any other related correspondence.

Sincerely,


M. R. Baxter
Information Disclosure Technician

Enclosure

1735 N. LYNN STREET, ROOM 4039
ARLINGTON, VA  22209-4039
TELEPHONE:  703-292-4041
FAX:  703-292-4083

FREEDOM OF INFORMATION ACT

APPEAL PROCEDURE  (Title 39, Code of Federal Regulations, Part 265)

If a request to inspect or copy a record is denied, or a request for expedited processing of a request, is denied, in whole or in part; if no determination is made within the period prescribed by this part; or if a request for waiver of fees is not granted; the requester may appeal to the *Chief Counsel, Customer Protection and Privacy, U.S. Postal Service, 475 L'Enfant Plaza, SW, Washington, DC 20260*.

The requester shall submit his appeal in writing within 30 days of the date of the denial or of the other action complained of, or within a reasonable time if the appeal is from a failure of the custodian to act.  The Chief Counsel may, in his discretion, consider late appeals.

In the event of the denial of a request or of other action or failure to act on the part of a custodian from which no appeal is taken, the Chief Counsel may, if he considers that there is doubt as to the correctness of the custodian's action or failure to act, review the action or failure to act as though an appeal pursuant to this section had been taken.

A letter of appeal should include, as applicable:

a.   A copy of the request, of any notification of denial or other action, and of any other related correspondence;

b.   A statement of the action, or failure to act, from which the appeal is taken;

c.   A statement of the reasons why the requester believes the action or failure to act is erroneous; and

d.   A statement of the relief sought.

ACTION ON APPEALS

The decision of the Chief Counsel or his designee constitutes the final decision of the Postal Service on the right of the requester to inspect or copy a record.  The decision will normally be made within twenty working days from the time of the receipt by the Chief Counsel.  The twenty day response period may be extended by the Chief Counsel or his designee for a period not to exceed an additional ten working days when reasonably necessary to permit the proper consideration of an appeal, under one or more of the unusual circumstances set forth in part 265.7.

**EXHIBIT D**

LAW OFFICES

# KARL & TARONE

A PARTNERSHIP CONSISTING OF PROFESSIONAL CORPORATIONS

SUITE 1250

900 SEVENTEENTH STREET, N. W.

WASHINGTON, D.C. 20006

(202) 293-3200

FAX: (202) 429-1851

JOHN F. KARL, JR.°

C. MICHAEL TARONE▴

WILLIAM P. FARLEY▴†

▴ ALSO ADMITTED IN NY
† ALSO ADMITTED IN MD
° ALSO ADMITTED IN FL

March 15, 2006

VIA FACSIMILE (202) 292-4083

M.R. Baxter
Information Disclosure Technician
United States Postal Service
1735 N. Lynn Street, Room 4039
Arlington, Virginia 22209

## RE: UAF FOIA REQUEST OF FEBRUARY 1, 2006

Dear Ms. Baxter:

It was a pleasure speaking with you on the phone today. As I explained, United America Financial, Incorporated, ("UAF") requests reconsideration of the denial to deny documents requested by UAF pursuant to the applicable federal regulations. On February 1, 2006, UAF submitted a request in accordance with the provisions of the Freedom of Information Act (FOIA), 5 U.S.C. 552, and the Postal Service's regulations implementing the FOIA at 39 CFR 265.1 through 265.9 or the Privacy Act, 5 U.S.C. 552a and the Postal Service's regulations implementing the Privacy Act at 39 CFR 266.1 through 266.9 in order to be provided with certain information pursuant to the above laws.

M.R. Baxter
Information Disclosure Technician
United States Postal Service

March 15, 2006

Page 2


More than 20 business days later, on March 6, 2006, UAF received a response that "There will be a delay in responding to your letter as we are in the process of conducting appropriate file searches pertaining to your request."

The FOIA provides, among other things, that: "[E]ach agency, upon any request for records which (i) reasonably describes such records and (ii) is made in accordance with published rules stating the time, place, fees (if any), and procedures to be followed, shall make the records promptly available to any person." 5 U.S.C. § 552(a)(3)(A).

The FOIA creates a judicially-enforceable public right of access to government agency documents. 5 U.S.C. § 552. "The [FOIA] adopts as its most basic premise a policy strongly favoring public disclosure of information in the possession of federal agencies." *Maricopa Audubon Soc'y v. United States Forest Serv.*, 108 F.3d 1082, 1085 (9th Cir.1997). A government agency may only withhold a document, or portions of a document, if the material falls within one of nine statutory exemptions listed in 5 U.S.C. § 552(b)(1)--(9). *See id.* As FOIA is founded upon a policy of broad disclosure of government documents, the statutory exemptions "must be narrowly construed." *Lion Raisins Inc. v. United States Dep't of Agric.*, 354 F.3d 1072, 1079 (9th Cir.2004) (*quoting John Doe Agency v. John Doe Corp.*, 493 U.S. 146, 152, 110 S.Ct. 471, 107 L.Ed.2d 462 (1989)).

On March 9, 2006, the United States Postal Inspection Service ("Postal Service") responded to UAF's February 1, 2006 request and denied any responsive documents existed. Specifically, the Postal Service responded that the Postal Service "has no records (electronic or paper) pertaining to the creation of the article."

UAF requested all information concerning the document they attached to their request (the "Document") to the Postal Service. The Document has been published

M.R. Baxter
Information Disclosure Technician
United States Postal Service

March 15, 2006

Page 3

in various forms at: https://liteblue.usps.gov/news/link/2006jan27.htm and http://www.postalwatch.org/. UAF requests documents that were used to create this web page, were provided to the person creating the web page, and all documents that were considered prior to publishing the web page.

UAF requested all supporting documents to the document, all investigative documents for the Document. UAF requested all investigative notes for this Document and the date those notes were created. UAF requested that they be allowed inspection and copying of the public records, including, but not limited to letters, correspondence, tape recordings, notes, data, memoranda, reports, email, computer source and object code, technical manuals, technical specifications, or any other materials, held by the Postal Service.

UAF requested all drafts of documents containing "UAF" and "Nigerian" and "identity thieves" which were created during January 2006.

UAF informed the Postal Service that postal workers/inspectors in Cleveland, Ohio have information concerning the requested information. UAF also informed the Postal Service that postal employees such as Barbara Simone, (724) 327-4462, 3263 Woodhaven Drive, Murrysville, PA 15668 has information concerning the decision to inform people that UAF was composed of "Nigerian Identity Thieves."

UAF also informed the Postal Service that Postal employees TERENCE C. SULLIVAN 3157 Falmouth Road Shaker Heights, Ohio 44122-2844; LARRY JONES 2400 Orange Avenue Cleveland, Ohio 44101-9997; and DEBBI EPPS, 4259 Quarry Road New Albany, Indiana 47150-9237 are each likely have information that has been requested by UAF. Specifically, they will have documents from and concerning UAF employees, including Kwame Floyd.

M.R. Baxter
Information Disclosure Technician
United States Postal Service

March 15, 2006

Page 4

UAF appeals the Postal Service's decision not to search for documents, interview their employees and provide the documents to UAF as is required under the FOIA. UAF asks that the information they requested be produced immediately.

UAF understands that disclosure of investigation documents are limited only to the extent that the production of such law enforcement records or information "could reasonably be expected to constitute an unwarranted invasion of personal privacy" or could reasonably be expected to "disclose the identity of a confidential source, including a State, local, or foreign agency or authority or any private institution which furnished information on a confidential basis, and, in the case of a record or information compiled by criminal law enforcement authority in the course of a criminal investigation or by an agency conducting a lawful national security intelligence investigation, information furnished by a confidential source." 5 U.S.C. § 552(b)(7)(C) & (D); *Wiener v. FBI*, 943 F.2d 972, 983-84 (9th Cir.1991). Before the USPS may invoke these exemptions, the government has the burden of proving "the existence of such a compilation for such a purpose." *John Doe Agency v. John Doe Corp.*, 493 U.S. 146, 152, 110 S.Ct. 471, 107 L.Ed.2d 462 (1989).

If any documents are withheld, the USPS "must provide non-conclusory reasons why disclosure would risk circumvention of the law." (holding that the Securities and Exchange Commission failed to present specific evidence that disclosure of agency records related to the Commission's investigation of plaintiff deal-brokers and their business would result in the circumvention of federal securities laws) *Feshbach v. Secs. and Exch. Comm'n*, 5 F.Supp.2d 774, 788 (N.D.Cal.1997).

We ask that the requested documents be immediately disclosed. UAF agreed to pay all reasonable fees for these documents up to $200.

Please provide all documents and email correspondence as they are found,

M.R. Baxter
Information Disclosure Technician
United States Postal Service

March 15, 2006

Page 5

including the correspondence provided to the web master for www.postalwatch.org and www.liteblue.usps.gov. These documents should be readily available in electronic format and easily found.

Thank you.

Sincerely,

/s/

William P. Farley

cc: United America Financial, Incorporated

Page -5-

# EXHIBIT E

MANAGER
COMPENSATION


UNITED STATES
POSTAL SERVICE

March 22, 2006                                        Certified #7099 3400 0009 5110 2648

William P. Farley, Esquire
Law Offices Karl & Tarone
900 Seventeenth Street, N.W., Suite 1250
Washington, D.C. 20006-2517

Dear Mr. Farley:

This responds to your letter of February 1, 2006, addressed to Robert Faruq, the former Records
Officer, in which you request, under the Freedom of Information Act (FOIA), all documents
created during January 2006 that resulted in the publication of an identity theft warning in the on
line U.S.P.S. News Link of January 27. This letter does not respond on behalf of the U.S. Postal
Inspection Service, to which your letter was also addressed.

This office identified eleven pages of records responsive to your request. Six pages are attached.
Portions of one page have been redacted on the basis of FOIA Exemption 2, which protects
information related to the internal practices of an agency that is of a trivial nature of little or no
public interest; Exemption 3 in conjunction with 39 U.S.C. § 410(c)(2), which protects information
of a commercial nature that would not be disclosed under good business practice; Exemption 5,
which protects information that would be privileged in the context of civil litigation; and Exemption
6, which protects information that would constitute a clearly unwarranted invasion of personal
privacy. In addition, five pages have been withheld in their entirety on the basis of those same
Exemptions. The redacted material and documents withheld in their entirety contain internal
communications containing drafts of the Link notice, individuals' names, and recommended
courses of action for employees who may have disclosed personal information outside the Postal
Service.

You have the right to appeal this response by writing to the Chief Counsel, Customer Protection
and Privacy, United States Postal Service, 475 L'Enfant Plaza SW, Room 6138, Washington DC
20260, within 30 days of the date of this letter. The letter of appeal should include a statement
about the action or failure to act being appealed, the reasons why it is believed to be erroneous,
and the relief sought, along with copies of your original request, this letter, and any other related
correspondence.

Sincerely,

Julie S. Moore

Enclosures

cc:  Records Office

475 L'ENFANT PLAZA SW
WASHINGTON DC 20260-4210
(202) 268-2873
FAX: (202) 268-3337



**Wegner, Beverly J - Washington, DC**

| | |
|---|---|
| **From:** | Mcmahon, Jean - Pittsburgh, PA |
| **Sent:** | Friday, January 27, 2006 3:21 PM |
| **To:** | Wegner, Beverly J - Washington, DC |
| **Subject:** | RE: Identity Scam |
| **Importance:** | High |

▮▮▮▮▮▮▮ from employee services contacted me today. I had ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ on the line with me when we spoke. He was very confrontational and feels that the postal service is making fraudulent accusations about his company and that if his company loses any business as a result of our contact with employees regarding their solicitation they may file a law suit.



1-23-06
to all offices

It has been brought to our attention that representatives from Employee Service Division have been soliciting life insurance on postal premises.

These individuals are not representatives of Federal Employees Group Life Insurance, "FEGLI", and are not permitted to solicit or distribute leaflets on postal property.

Please be advised that representatives of Employee Service Division may bear business cards with the "FEGLI" insignia, they may have lists of employee's names and addresses in your installation, and FEGLI forms.

Employees should be cautioned not to provide their employee ID or PIN number to any representative of Employee Service Division.

The Postal Service has a "No Solicitation" policy that prohibits solicitation on postal property. Further, federal regulations prohibit any form of commercial activity on postal property unless the vendor is under contract with the Postal Service or is covered by the provisions of the Randolph-Sheppard Act. Likewise, companies may not leave literature concerning their company or products on postal property. Criminal penalties may be imposed for violation.

If any employee furnished information to this vendor such as their PIN number, advise employee to change their PIN immediately. Employees may contact Human Resources at 412 359-7559 for assistance in changing their PIN.

HUMAN **RESOURCES**
Pittsburgh District
1001 California Avenue Room 2337
Pittsburgh PA 15290-9421

 UNITED STATES
POSTAL SERVICE

FACSIMILE COVER LETTER

PLEASE DELIVER THE FOLLOWING PAGES

To: Ben Wegner                    FROM: Jean McMahon

FAX: 202·268·3337                 FAX: 412-359-7535

DATE: 1-26-06

NUMBER OF PAGES (INCLUDING COVER): 4

COMMENTS:

Business cards for "Employee Svc Division"

* After I talked to you a representative from
Employee Svc contacted one of our stations &
demanded a copy of the memo I sent out
advising that this group was not affiliated
w/FECLI. The mgr instructed the indiv to contact
me. The representative became argumentative so
the mgr hung up on him.
Emp svc have contacted some of our employees
at home for their pins since the could not
remember them & have offered to reset

EMPLOYEE RESOURCE MANAGEMENT
HUMAN RESOURCES


UNITED STATES
POSTAL SERVICE

FACSIMILE COVER LETTER

PLEASE DELIVER THE FOLLOWING PAGES

TO  CHRIS MEUCHNER
    OPM

FAX: 202-606-2023

FROM  BEV WEGNER
      475 L'Enfant Plaza SW
      Washington DC  20260-4210
      TEL: 202-268-4217
      FAX: (202) 268-3337

DATE:  01-25-06
NUMBER OF PAGES (INCLUDING COVER):  2

COMMENTS:  Here are copies of business cards per our tellcon

                                        Bev

EMPLOYEE SERVICE DIVISION
UAF INCORPORATED
FEGLI – SGLI – VGLI
DISABILITY AND PERMANENT SUPPLEMENT SERVICES
512 J. E. RANDOPH RD
SILVER SPRINGS MD 20904

CINDY ONYEKWERE

301-879-7942
888-213-5522



**Employee Services Division**
UAF

Kwame Floyd
Representative
20- 855-3401(cm)
512-J E. Randolph Rd.
Silver Spring, MD 20904
Office: (301) 879-7942
Fax (301) 879-7940
Toll Free 1-888-913-5522

FEGLI, SGLI, VGLI
Disability & Permanent
Supplement Services

412 359 7535   P.02

**Employee Services Division**
UAF

Stacie Johnson
Representative
(301) 518-8406
512-J E. Randolph Rd
Silver Spring, MD 20904
Office: (301) 879-7942
Fax (301) 879-7940
Toll Free. 1-888-213-5522

FEGLI, SGLI, VGLI
Disability & Permanent
Supplement Services

US POSTAL SERVICE

JAN-25-2006   14:21



**Employee Services Division**
UAF
(240) 432-1053
Kevin Ihegbe
Representative

FEGLI, SGLI, VGLI
Disability & Permanent
Supplement Services

512-J E. Randolph Rd.
Silver Spring, MD
Phone: 1-888-213-5522
Fax: 301-879-7940

EMPLOYEE SERVICE DIVISION
UAF INCORPORATED
FEGLI – SGLI – VGLI
DISABILITY AND PERMANENT SUPPLEMENT SERVICES
512 J. E. RANDOPH RD
SILVER SPRINGS MD 20904


CINDY ONYEKWERE

301-879-7942
888-213-5522

# EXHIBIT F

LAW OFFICES

# KARL & TARONE

A PARTNERSHIP CONSISTING OF PROFESSIONAL CORPORATIONS

SUITE 1250

JOHN F. KARL, JR.°
C. MICHAEL TARONE▲
WILLIAM P. FARLEY▲†

▲ ALSO ADMITTED IN NY
† ALSO ADMITTED IN MD
° ALSO ADMITTED IN FL

900 SEVENTEENTH STREET, N. W.
WASHINGTON, D.C. 20006
(202) 293-3200
FAX: (202) 429-1851

March 22, 2006

VIA U.S. FIRST CLASS MAIL AND FACSIMILE (202) 268-6187

Mr. Anthony Alverno, Esquire
United States Postal Service
Chief Counsel, Customer Protection and Privacy
475 L'enfant Plaza, SW
Washington, D.C. 20260
aalverno@email.usps.gov

RE: FOIA REQUES DENIAL -APPEAL TO CHIEF COUNSEL,
U.S. POSTAL SERVICE,

Dear Mr. Alverno:

United America Financial, Incorporated, ("UAF") appeals the denial of the documents requested by UAF pursuant to the applicable federal regulations. UAF considered the March 9, 2006 letter from the Post Office as a denial of their request for records. A copy of the denial letter is attached as Exhibit "A."

UAF states that the refusal of the Post Office to provide any documents which support a statement made on two of their websites is inconsistent with the FOIA. The Post Office's failure to conduct any investigation into this matter and provide the

Mr. Anthony Alverno, Esquire
United States Postal Service
Chief Counsel, Customer Protection and Privacy
March 22, 2006

Page 2 of 5

supporting documents for the making the statement on the websites about UAF is errroneous in that the documents exist and should be released. UAF asks that all documents supporting the Post Offices statement on their website that UAF is composed of identity thieves be provided immediately. A copy of the web page is attached here as Exhibit "B."

UAF is also providing copies of the February 1, 2006 FOIA request. A copy is attached here as Exhibit "C." The Post Offices March 3, 2006 letter claiming that they would delay in providing documents. A copy is attached as Exhibit D. UAF's March 6, 2006 letter to the Post Office. A copy is attached as Exhibit "E." UAF's March 15, 2006 letter to the Post Office is attached as Exhibit "F."

UAF is appealing the Post Office's decision not to provide the requested documents because the documents obviously exist, including emails and supporting letters.

On February 1, 2006, UAF submitted a request in accordance with the provisions of the Freedom of Information Act (FOIA), 5 U.S.C. 552, and the Postal Service's regulations implementing the FOIA at 39 CFR 265.1 through 265.9 or the Privacy Act, 5 U.S.C. 552a and the Postal Service's regulations implementing the Privacy Act at 39 CFR 266.1 through 266.9 in order to be provided with certain information pursuant to the above laws.

More than 20 business days later, on March 6, 2006, UAF received a response that "There will be a delay in responding to your letter as we are in the process of conducting appropriate file searches pertaining to your request."

UAF understands that the USPS is able to respond to requests within the twenty working days time period set by the FOIA unless a request involves a time consuming search or review or a voluminous amount of records. The present matter does not involve a time consuming search or a voluminous amount of records.

Mr. Anthony Alverno, Esquire
United States Postal Service
Chief Counsel, Customer Protection and Privacy
March 13, 2006

Page 3

The FOIA provides, among other things, that: "[E]ach agency, upon any request for records which (i) reasonably describes such records and (ii) is made in accordance with published rules stating the time, place, fees (if any), and procedures to be followed, shall make the records promptly available to any person." 5 U.S.C. § 552(a)(3)(A).  UAF provided all that information on February 1, 2006, your letter of March 3, 2006 does not deny that UAF complied with this requirement.

The FOIA creates a judicially-enforceable public right of access to government agency documents. 5 U.S.C. § 552.  "The [FOIA] adopts as its most basic premise a policy strongly favoring public disclosure of information in the possession of federal agencies." *Maricopa Audubon Soc'y v. United States Forest Serv.*, 108 F.3d 1082, 1085 (9th Cir.1997). A government agency may only withhold a document, or portions of a document, if the material falls within one of nine statutory exemptions listed in 5 U.S.C. § 552(b)(1)--(9).  *See id.*  As FOIA is founded upon a policy of broad disclosure of government documents, the statutory exemptions "must be narrowly construed." *Lion Raisins Inc. v. United States Dep't of Agric.*, 354 F.3d 1072, 1079 (9th Cir.2004) (*quoting John Doe Agency v. John Doe Corp.*, 493 U.S. 146, 152, 110 S.Ct. 471, 107 L.Ed.2d 462 (1989)).

UAF requested all information concerning the document they attached to their request (the "Document") to the Postal Service.  The Document has been published in various forms at: https://liteblue.usps.gov/news/link/2006jan27.htm and http://www.postalwatch.org/.

On March 9, 2006, the United States Postal Inspection Service ("Postal Service") responded to UAF's February 1, 2006 request and denied any responsive documents existed.  Specifically, the Postal Service responded that the Postal Service "has no records (electronic or paper) pertaining to the creation of the article."

UAF requested all supporting documents to the document, all investigative documents for the Document.  UAF requested all investigative notes for this

Mr. Anthony Alverno, Esquire
United States Postal Service
Chief Counsel, Customer Protection and Privacy
March 13, 2006

Page 4

Document and the date those notes were created. UAF requested that to be allowed inspection and copying of the public records, including, but not limited to letters, correspondence, tape recordings, notes, data, memoranda, reports, email, computer source and object code, technical manuals, technical specifications, or any other materials, held by the Postal Service.

UAF requested all drafts of documents containing "UAF" and "Nigerian" and "identity thieves" which were created during January 2006.

UAF informed the Postal Service, through M.R. Baxter, that postal workers/inspectors in Cleveland, Ohio have information concerning the requested information. UAF also informed the Postal Service that postal employees such as Barbara Simone, (724) 327-4462, 3263 Woodhaven Drive, Murrysville, PA 15668 has information concerning the decision to inform people that UAF was composed of "Nigerian Identity Thieves."

UAF also informed the Postal Service that Postal employees TERENCE C. SULLIVAN 3157 Falmouth Road Shaker Heights, Ohio 44122-2844; LARRY JONES 2400 Orange Avenue Cleveland, Ohio 44101-9997; and DEBBI EPPS, 4259 Quarry Road New Albany, Indiana 47150-9237 are each likely have information that has been requested by UAF.

UAF appeals the Postal Service's decision not to search for documents, interview their employees and provide the documents to UAF as is required under the FOIA. UAF asks that the information they requested be produced immediately.

UAF understands that disclosure of investigation documents are limited only to the extent that the production of such law enforcement records or information "could reasonably be expected to constitute an unwarranted invasion of personal privacy" or could reasonably be expected to "disclose the identity of a confidential source, including a State, local, or foreign agency or authority or any private

Page -4-

Mr. Anthony Alverno, Esquire
United States Postal Service
Chief Counsel, Customer Protection and Privacy
March 13, 2006

Page 5

institution which furnished information on a confidential basis, and, in the case of a record or information compiled by criminal law enforcement authority in the course of a criminal investigation or by an agency conducting a lawful national security intelligence investigation, information furnished by a confidential source." 5 U.S.C. § 552(b)(7)(C) & (D); *Wiener v. FBI*, 943 F.2d 972, 983-84 (9th Cir.1991). Before the USPS may invoke these exemptions, the government has the burden of proving "the existence of such a compilation for such a purpose." *John Doe Agency v. John Doe Corp.*, 493 U.S. 146, 152, 110 S.Ct. 471, 107 L.Ed.2d 462 (1989).

If any documents are withheld, the USPS "must provide non-conclusory reasons why disclosure would risk circumvention of the law." (holding that the Securities and Exchange Commission failed to present specific evidence that disclosure of agency records related to the Commission's investigation of plaintiff deal-brokers and their business would result in the circumvention of federal securities laws) *Feshbach v. Secs. and Exch. Comm'n*, 5 F.Supp.2d 774, 788 (N.D.Cal.1997).

We ask that the requested documents be immediately disclosed. Please provide all documents and email correspondence as they are found, including the correspondence provided to the web master for www.postalwatch.org and www.liteblue.usps.gov. These documents should be readily available in electronic format and easily found.

Thank you.

Sincerely,

William P. Farley

cc: United America Financial, Incorporated

# EXHIBIT A



UNITED STATES POSTAL INSPECTION SERVICE

OFFICE OF COUNSEL

March 9, 2006

Mr. William P. Farley
Karl & Tarone
900 17th Street, NW, Suite 1250
Washington, DC  20006-2517

RE: FOIA No. 2006-FPIS-00133

Dear Mr. Farley:

This is in reference to your letter dated February 1, 2006, requesting, pursuant to the Freedom of Information/Privacy Acts, access to certain records that may be in the custody of the U.S. Postal Inspection Service regarding the USPS News Link article *A Dropped PIN.*

In response to your fax of March 6, your initial FOIA request dated February 1, 2006, was received by the Inspection Service's FOIA staff on March 1, 2006.  The FOIA states that, "Until an agency (or the proper component of that agency) receives a FOIA request, it is not obligated to search for responsive records, meet time deadlines, or release any records." On March 3, our office sent you an acknowledgment letter informing you of our delay in processing your request due to the time involved in conducting a search for responsive records of any format (electronic, paper format, etc.).

A search of Postal Inspection Service files disclosed no investigation was conducted concerning this subject.  In addition, I have been advised by Postal Inspector John Soos that he was not involved in the creation of the article and has no records (electronic or paper) pertaining to the creation of the article.

In the event you treat this letter as a denial of your request for records, you have the right to appeal this denial by writing to the *Chief Counsel, Customer Protection and Privacy, U.S. Postal Service, 475 L'Enfant Plaza, SW, Washington, DC 20260,* within 30 days of the date of this letter.  The letter of appeal should include a statement about the action or failure to act being appealed, the reasons why it is believed to be erroneous, and the relief sought, along with copies of your original request, this letter, and any other related correspondence.

Sincerely,

M. R. Baxter
Information Disclosure Technician

Enclosure

1735 N. LYNN STREET, ROOM 4039
ARLINGTON, VA  22209-4039
TELEPHONE:  703-292-4041
FAX:  703-292-4083

FREEDOM OF INFORMATION ACT

APPEAL PROCEDURE  (Title 39, Code of Federal Regulations, Part 265)

If a request to inspect or copy a record is denied, or a request for expedited processing of a request, is denied, in whole or in part; if no determination is made within the period prescribed by this part; or if a request for waiver of fees is not granted; the requester may appeal to the *Chief Counsel, Customer Protection and Privacy, U.S. Postal Service, 475 L'Enfant Plaza, SW, Washington, DC 20260*.

The requester shall submit his appeal in writing within 30 days of the date of the denial or of the other action complained of, or within a reasonable time if the appeal is from a failure of the custodian to act.  The Chief Counsel may, in his discretion, consider late appeals.

In the event of the denial of a request or of other action or failure to act on the part of a custodian from which no appeal is taken, the Chief Counsel may, if he considers that there is doubt as to the correctness of the custodian's action or failure to act, review the action or failure to act as though an appeal pursuant to this section had been taken.

A letter of appeal should include, as applicable:

a.    A copy of the request, of any notification of denial or other action, and of any other related correspondence;

b.    A statement of the action, or failure to act, from which the appeal is taken;

c.    A statement of the reasons why the requester believes the action or failure to act is erroneous; and

d.    A statement of the relief sought.

ACTION ON APPEALS

The decision of the Chief Counsel or his designee constitutes the final decision of the Postal Service on the right of the requester to inspect or copy a record.  The decision will normally be made within twenty working days from the time of the receipt by the Chief Counsel.  The twenty day response period may be extended by the Chief Counsel or his designee for a period not to exceed an additional ten working days when reasonably necessary to permit the proper consideration of an appeal, under one or more of the unusual circumstances set forth in part 265.7.

# EXHIBIT B

LAW OFFICES

# KARL & TARONE

A PARTNERSHIP CONSISTING OF PROFESSIONAL CORPORATIONS

SUITE 1250

900 SEVENTEENTH STREET, N. W.

WASHINGTON, D.C. 20006

(202) 293-3200

FAX: (202) 429-1851

JOHN F. KARL, JR.*
C. MICHAEL TARONE*
WILLIAM P. FARLEY*†

* ALSO ADMITTED IN NY
† ALSO ADMITTED IN MD
* ALSO ADMITTED IN FL

February 1, 2006

## VIA U.S. FIRST CLASS MAIL

Robert J. Faruq, Sr.
Records Officer
United States Postal Service
475 L'Enfant Plaza SW, Room 5846
Washington, DC 20260-5846

James Rowan, Jr.
Acting Chief Postal Inspector
United States Postal Service
475 L'Enfant Plaza SW, Room 3100
Washington, DC 20260-2100

## RE: FOIA REQUEST

Dear Sirs:

I am requesting the names of all people responsible for creating the attached document (the "Document"). The Document has been published in various forms at: https://liteblue.usps.gov/news/link/2006jan27.htm and http://www.postalwatch.org/.

I am requesting all supporting documents to the document, all investigative documents for the Document. I am requesting all investigative notes for this Document and the date those notes were created. I am requesting that you allow inspection and copying of the public records, including, but not limited to letters, correspondence, tape recordings, notes, data, memoranda, reports, email, computer source and object code, technical manuals, technical specifications, or any other materials, held by the Postal Service.

We have been informed a Mr. Soos was involved in creating this Document and his phone number is (202) 268-4473.  We would like all drafts of documents containing "UAF" and "Nigerian" and "identity thieves" which were created during January, 2006.

I agree to pay all reasonable fees for these documents up to $200.

Please provide all documents and email correspondence sent to any person publishing the below Document.

Thank you.

Sincerely,

William P. Farley

**Page -2-**

A dropped PIN
Nigerian identity thieves targeting USPS employees

There's a new identity theft scam on the rise — and this one directly targets USPS employees.

Nigerians posing as representatives of the Office of Federal Employees Group Life Insurance (OFEGLI) have been asking employees for their Social Security numbers, Employee IDs and USPS PINs. This group surfaced in Pittsburgh under the name Employee Services Division, UAF, and is distributing business cards claiming to represent FEGLI and are based in Silver Springs, MD. If anyone matching this description contacts you, call your local Inspection Service office immediately.

Anyone claiming to represent OFEGLI and asking for access to a USPS facility should not be allowed on the premises — OFEGLI doesn't solicit employees! Never divulge your USPS PIN to anyone and only provide your Social Security number and Employee ID when you're using it for an official purpose, such as on PostalEASE or filing a health benefits claim.

If you believe your USPS PIN has been compromised, you can establish a new one by calling the employee service line at 877-477-3273 (877-4PS-EASE) and pressing 3. You'll be prompted for your Social Security number, your current USPS PIN and then prompted to select a new 4-digit USPS PIN.

LAW OFFICES

# KARL & TARONE

A PARTNERSHIP CONSISTING OF PROFESSIONAL CORPORATIONS

SUITE 1280

900 SEVENTEENTH STREET, N. W.

WASHINGTON, D.C. ~~~~~

(202) 293-3200

FAX: (202) 429-1851

JOHN F. KARL, JR.*

C. MICHAEL TARONE♦

WILLIAM P. FARLEY♦†

♦ ALSO ADMITTED IN NY
† ALSO ADMITTED IN MD
* ALSO ADMITTED IN FL

February 1, 2006

## VIA U.S. FIRST CLASS MAIL

Robert J. Faruq, Sr.
Records Officer
United States Postal Service
475 L'Enfant Plaza SW, Room 5846
Washington, DC 20260-5846

James Rowan, Jr.
Acting Chief Postal Inspector
United States Postal Service
475 L'Enfant Plaza SW, Room 3100
Washington, DC 20260-2100

## RE: FOIA REQUEST

Dear Sirs:

I am requesting the names of all people responsible for creating the attached document (the "Document"). The Document has been published in various forms at: https://liteblue.usps.gov/news/link/2006jan27.htm and http://www.postalwatch.org/.

I am requesting all supporting documents to the document, all investigative documents for the Document. I am requesting all investigative notes for this Document and the date those notes were created. I am requesting that you allow inspection and copying of the public records, including, but not limited to letters, correspondence, tape recordings, notes, data, memoranda, reports, email, computer source and object code, technical manuals, technical specifications, or any other materials, held by the Postal Service.

We have been informed a Mr. Soos was involved in creating this Document and his phone number is (202) 268-4473. We would like all drafts of documents containing "UAF" and "Nigerian" and "identity thieves" which were created during January, 2006.

I agree to pay all reasonable fees for these documents up to $200.

Please provide all documents and email correspondence sent to any person publishing the below Document.

Thank you.

Sincerely,

William P. Farley

A dropped PIN

Nigerian identity thieves targeting USPS employees

There's a new identity theft scam on the rise — and this one directly targets USPS employees.

Nigerians posing as representatives of the Office of Federal Employees Group Life Insurance (OFEGLI) have been asking employees for their Social Security numbers, Employee IDs and USPS PINs. This group surfaced in Pittsburgh under the name Employee Services Division, UAF, and is distributing business cards claiming to represent FEGLI and are based in Silver Springs, MD. If anyone matching this description contacts you, call your local Inspection Service office immediately.

Anyone claiming to represent OFEGLI and asking for access to a USPS facility should not be allowed on the premises — OFEGLI doesn't solicit employees! Never divulge your USPS PIN to anyone and only provide your Social Security number and Employee ID when you're using it for an official purpose, such as on PostalEASE or filing a health benefits claim.

If you believe your USPS PIN has been compromised, you can establish a new one by calling the employee service line at 877-477-3273 (877-4PS-EASE) and pressing 3. You'll be prompted for your Social Security number, your current USPS PIN and then prompted to select a new 4-digit USPS PIN.

EXHIBIT C



< Blue   < LiteBlue



# USPS NEWSLINK

The Online News Source For Postal Employees.

Browse News Archive »

Browse "Did You Know?" Archive »

Search [GO]

## ⊞ Links
- News & Stamp Releases on *usps.com*
- Setting the Record Straight
- Employee Deals
- USPSNEWS HardCopy
- *Postal Bulletin*

Get USPSNEWS *Link* in your mailbox.
Ask for it at **uspslink@usps.gov**

---

**In This Issue...**

# January 27, 2006

- **My Desktop Post Office**
  An online shortcut to *USPS.com*

- **A dropped PIN**
  Nigerian identity thieves targeting USPS employees

- **Delivery delivers!**
  Fishers, IN, Post Office and Fredericksburg, VA, branch win "Best of the Best"

- **IT Tip**
  Waste management

- **Did You Know?**

- **Quotable Quotes**
  Directly to where they want to be

- **Postscripts**
  Field Updates with Pat Donahoe • The art of the stamp

- **Mailbag**
  APCs show forward-thinking Postal Service

- **Newsstand**
  Hattie McDaniel honored on stamp

⊞ **News Archives »**

. . . . . . . . . . . . . . . . . . . . . . . . . . . . .

# My Desktop Post Office
## An online shortcut to *USPS.com*

Introducing — My Desktop Post Office, an online shortcut to the USPS.com features used most by small businesses.

My Desktop Post Office gives customers one-click access to print shipping labels, request a carrier pickup — even create Direct Mail. And, because it's customizable, customers can add or remove features to suit their needs.

My Desktop Post Office can be downloaded at: *usps.com/smartbusiness* on USPS.com. CDs were sent by Direct Mail to 600,000 small business customers, and My Desktop Post Office is being promoted in a variety of print, broadcast, electronic and online ads — and in a test of coffee cup sleeve and pizza box ads. My Desktop Post Office messages will appear at selected independent coffee shops in Boston, San Francisco and Washington, DC, and on pizza boxes in Chicago, Detroit and New York.

To see print and digital ad samples, go to: *blue.usps.gov/advertising* and scroll down to "Advertising Reference."



Ads featuring My Desktop Post Office will appear in publications

Back To Top
. . . . . . . . . . . . . . . . . . . . . . . . . .

*like Fortune Small Business, Fast Company and Wired magazines.*

# A dropped PIN
## Nigerian identity thieves targeting USPS employees

There's a new identity theft scam on the rise — and this one directly targets USPS employees.

Nigerians posing as representatives of the Office of Federal Employees Group Life Insurance (OFEGLI) have been asking employees for their Social Security numbers, Employee IDs and USPS PINs. This group surfaced in Pittsburgh under the name **Employee Services Division, UAF,** and is distributing business cards claiming to represent FEGLI and are based in Silver Springs, MD. If anyone matching this description contacts you, call your local Inspection Service office immediately.

Anyone claiming to represent OFEGLI and asking for access to a USPS facility should not be allowed on the premises — OFEGLI doesn't solicit employees! Never divulge your USPS PIN to anyone and only provide your Social Security number and Employee ID when you're using it for an official purpose, such as on PostalEASE or filing a health benefits claim.

If you believe your USPS PIN has been compromised, you can establish a new one by calling the employee service line at 877-477-3273 (877-4PS-EASE) and pressing 3. You'll be prompted for your Social Security number, your current USPS PIN and then prompted to select a new 4-digit USPS PIN.

Back To Top
. . . . . . . . . . . . . . . . . . . . . . . . . .

# Delivery delivers!
## Fishers, IN, Post Office and Fredericksburg, VA, branch win "Best of the Best"

We have two new winners for this week's "Best of the Best" awards. Great Lakes Area reeled in a winner by nominating the Fishers, IN, Post Office for the EAS 22 and above category. A fast-growing community with a potential delivery growth rate of 6.4% compared to same period last year, Fishers has an 87.5% DPS percentage and great office and street productivity.

Capital Metro is on a streak, capturing back-to-back wins in the EAS 21 and below category. This week's winner, the Falmouth Branch office, comes from the historic city of Fredericksburg, VA. Falmouth Branch demonstrated outstanding office and street productivity and achieved an 81.3% DPS percentage.

Congratulations to all employees in the Fishers and the Falmouth offices. Click here to see a complete list of nominees.

Back To Top
. . . . . . . . . . . . . . . . . . . . . . . . . .

# IT Tip
## Waste management

Ready to delete a block of outdated or unwanted e-mails? Hold down the shift key and click on the last message in the group of e-mails you want to delete. This will highlight the whole bunch. Press the Delete key and they're all gone. If you want to just get rid of a select few, click the first message you want to dispose of and then hold down the Ctrl key. Click the next message and so on. Once you have highlighted the selected messages, press Delete and say goodbye.

Say goodbye to unwanted e-mails and hello to IT tips at: *it-tips.usps.gov*.

Back To Top
. . . . . . . . . . . . . . . . . . . . . . . . . .

## Did You Know?



DID YOU KNOW?

The U.S. Postal Service delivers 47% of the world's total annual mail volume.

Source: Universal Postal Union, 2004.

Back To Top
. . . . . . . . . . . . . . . . . . . . . . . . . . . .

## Quotable Quotes

"*My Desktop Post Office gives customers an online shortcut directly to where they want to be on USPS.com. It's another demonstration of our commitment to make doing business with the Postal Service as fast and easy as possible.*"
— Chief Marketing Officer Anita Bizzotto.

Back To Top
. . . . . . . . . . . . . . . . . . . . . . . . . . . .

## Postscripts

**FIELD UPDATES WITH PAT DONAHOE.** Deputy Postmaster General and Chief Operating Officer Pat Donahoe addresses service and budget issues in the latest broadcast of *Field Updates* airing Wednesday, Feb. 1 at 2 p.m. ET on *PSTN 17* and *USPS-TV On Demand*. During the 25-minute show, Donahoe discusses the importance of managing the 24-hour clock — and gives solutions and timelines on how to do it successfully. Managers are encouraged to watch the program and share the information with all employees. PEDCs are asked to record the program for distribution to offices not able to receive the broadcast. To see if your site is able to receive *USPS-TV On Demand* at the desktop, click *blue.usps.gov/pac/uspstv/* and select "Is Your Site Able to View *USPS-TV On Demand*?"





"**THE ART OF THE STAMP.**" The Midwestern Museum of American Art in Elkhart, IN, is hosting an exhibit through Feb. 26 featuring behind-the-scenes looks at some high-profile stamps. The exhibit also displays rarely seen original artwork by such notable artists as Norman Rockwell, whose City Mail Delivery is a timeless tribute to the Postal Service. For more information on the exhibit, visit *http://midwestmuseum.us*. Click on "Current Events," then "The Art of the Stamp."

Back To Top
. . . . . . . . . . . . . . . . . . . . . . . . . . . .

## Mailbag

**George Ensinger, Queens P&DC, Flushing, NY:** I recently had two occasions to use the APC at my local Post Office. The instructions are clear and easy to follow. It showed me the label it was going to print and asked if it would fit on the package. This is the kind of "thinking through" that makes a self-serve system work. It's a great service!

*Have a question? A comment? Write to us at **uspslink@usps.gov**.*
*Be sure to include your topic in the subject line.*

Back To Top
· · · · · · · · · · · · · · · · · · · · · · · · · · · · · ·

## Newsstand

**HATTIE MCDANIEL HONORED ON STAMP.** *Associated Press, Los Angeles Times, USA Today* and other media outlets report that the Hattie McDaniel stamp — the 29th in the Black Heritage series — was dedicated Wednesday by USPS Board of Governors Chairman James Miller in Beverly Hills, CA. McDaniel was the first African American to win an Academy Award for her role in "Gone With the Wind." "The Postal Service is proud to salute the life and extraordinary legacy of Hattie McDaniel," said Miller, who was joined by McDaniel's nephew, Edgar Goff, and other family members.

Back To Top
· · · · · · · · · · · · · · · · · · · · · · · · · · · · · ·

**Link *Online* Archive**
© 2003-2006 United States Postal Service

EXHIBIT D



UNITED STATES POSTAL INSPECTION SERVICE

OFFICE OF COUNSEL

March 3, 2006

Mr. William P. Farley
Karl & Tarone
900 17th Street, NW, Suite 1250
Washington, DC  20006-2517

RE: FOIA No. 2006-FPIS-00133

Dear Mr. Farley:

This will acknowledge receipt of your letter dated February 1, 2006, requesting, pursuant to the Freedom of Information/Privacy Acts, access to certain records that may be in the custody of the U.S. Postal Inspection Service pertaining to the article.

There will be a delay in responding to your letter as we are in the process of conducting appropriate file searches pertaining to your request.

As information, it is our policy to process requests for access to Postal Inspection Service records on a first-in, first-out basis.  We will be in contact with you as soon as possible concerning this matter.

Sincerely,

*M. R. Baxter*

M. R. Baxter
Information Disclosure Technician

EXHIBIT E

LAW OFFICES

# KARL & TARONE

A PARTNERSHIP CONSISTING OF PROFESSIONAL CORPORATIONS

SUITE 1250

900 SEVENTEENTH STREET, N. W.

WASHINGTON, D.C. 20006

(202) 293-3200

FAX: (202) 429-1851

JOHN F. KARL, JR.°

C. MICHAEL TARONE▲

WILLIAM P. FARLEY▲†

▲ ALSO ADMITTED IN NY
† ALSO ADMITTED IN MD
° ALSO ADMITTED IN FL

March 6, 2006

**VIA FACSIMILE (703) 292-4083**
M.R. Baxter
Information Disclosure Technician
United States Postal Service
1735 N. Lynn Street, Room 4039
Arlington, Virginia 22209

### RE: FOIA REQUEST - 2006-FPIS-0013·

Dear M.R. Baxter:

On February 1, 2006, UAF filed a Freedom of Information Act Request seeking the names of all people responsible for creating the attached document (the "Document"). The Document has been published in various forms at: https://liteblue.usps.gov/news/link/2006jan27.htm and http://www.postalwatch.org/. More than 20 business days later, on March 6, 2006, we received a response that "There will be a delay in responding to your letter as we are in the process of conducting appropriate file searches pertaining to your request." As most of the information is available in electronic format, we do not understand the USPS's response.

UAF understands that the USPS is able to respond to requests within the twenty working days time period set by the FOIA unless a request involves a time consuming search or review or a voluminous amount of records. This present matter does not involve a time consuming search or a voluminous amount of records. Please provide us the USPS searches to date.

The FOIA provides, among other things, that: "[E]ach agency, upon any request for records which (i) reasonably describes such records and (ii) is made in accordance with published rules stating the time, place, fees (if any), and procedures to be followed, shall make the records promptly available to any person." 5 U.S.C. § 552(a)(3)(A). UAF provided all that information on February 1, 2006, your letter of March 3, 2006 does not deny that UAF complied with this requirement.

The FOIA creates a judicially-enforceable public right of access to government agency documents. 5 U.S.C. § 552. "The [FOIA] adopts as its most basic premise a policy strongly favoring public disclosure of information in the possession of federal agencies." *Maricopa Audubon Soc'y v. United States Forest Serv.*, 108 F.3d 1082, 1085 (9th Cir.1997). A government agency may only

withhold a document, or portions of a document, if the material falls within one of nine statutory exemptions listed in 5 U.S.C. § 552(b)(1)--(9). *See id.* As FOIA is founded upon a policy of broad disclosure of government documents, the statutory exemptions "must be narrowly construed." *Lion Raisins Inc. v. United States Dep't of Agric.*, 354 F.3d 1072, 1079 (9th Cir.2004) (*quoting John Doe Agency v. John Doe Corp.*, 493 U.S. 146, 152, 110 S.Ct. 471, 107 L.Ed.2d 462 (1989)).

Pursuant to 39 CFR Parts 262 and 265, we understood a response would be forthcoming in within 20 business days. If we have misunderstood the statute and the time requirements, please let us know. We also ask for a full report of the investigation done to date.

We also understand that disclosure of investigation documents are limited only to the extent that the production of such law enforcement records or information "could reasonably be expected to constitute an unwarranted invasion of personal privacy" or could reasonably be expected to "disclose the identity of a confidential source, including a State, local, or foreign agency or authority or any private institution which furnished information on a confidential basis, and, in the case of a record or information compiled by criminal law enforcement authority in the course of a criminal investigation or by an agency conducting a lawful national security intelligence investigation, information furnished by a confidential source." 5 U.S.C. § 552(b)(7)(C) & (D); *Wiener v. FBI*, 943 F.2d 972, 983-84 (9th Cir.1991). Before the USPS may invoke these exemptions, the government has the burden of proving "the existence of such a compilation for such a purpose." *John Doe Agency v. John Doe Corp.*, 493 U.S. 146, 152, 110 S.Ct. 471, 107 L.Ed.2d 462 (1989).

If any documents are withheld, the USPS "must provide non-conclusory reasons why disclosure would risk circumvention of the law." (holding that the Securities and Exchange Commission failed to present specific evidence that disclosure of agency records related to the Commission's investigation of plaintiff deal-brokers and their business would result in the circumvention of federal securities laws) *Feshbach v. Secs. and Exch. Comm'n*, 5 F.Supp.2d 774, 788 (N.D.Cal.1997).

We ask that the requested documents be immediately disclosed. Please provide all documents and email correspondence as they are found, including the correspondence provided to the web master for www.postalwatch.org and www.liteblue.usps.gov. These documents should be readily available in electronic format and easily found.

Thank you.

Sincerely,

UNITED AMERICA FINANCIAL,
INCORPORATED by
William P. Farley

**Robert J. Faruq, Sr.** 202-268-4860
**James Rowan, Jr. -** 202-268-4860

Page -2-

A dropped PIN
Nigerian identity thieves targeting USPS employees

There's a new identity theft scam on the rise — and this one directly targets USPS employees.

Nigerians posing as representatives of the Office of Federal Employees Group Life Insurance (OFEGLI) have been asking employees for their Social Security numbers, Employee IDs and USPS PINs. This group surfaced in Pittsburgh under the name Employee Services Division, UAF, and is distributing business cards claiming to represent FEGLI and are based in Silver Springs, MD. If anyone matching this description contacts you, call your local Inspection Service office immediately.

Anyone claiming to represent OFEGLI and asking for access to a USPS facility should not be allowed on the premises — OFEGLI doesn't solicit employees! Never divulge your USPS PIN to anyone and only provide your Social Security number and Employee ID when you're using it for an official purpose, such as on PostalEASE or filing a health benefits claim.

If you believe your USPS PIN has been compromised, you can establish a new one by calling the employee service line at 877-477-3273 (877-4PS-EASE) and pressing 3. You'll be prompted for your Social Security number, your current USPS PIN and then prompted to select a new 4-digit USPS PIN.

LAW OFFICES
## KARL & TARONE
900 SEVENTEENTH STREET, N.W.
SUITE 1250
WASHINGTON, D.C. 20006
(202) 293-3200
(202) 429-1851 (fax)

**John F. Karl, Jr.**
**C. Michael Tarone\***
**William P. Farley\*+**

**\* also admitted in New York**
**+ also admitted in Maryland**

## FAX COVER SHEET

TO:     M.R. BAXTER                    DATE:  3/6/2006
        **Robert J. Faruq, Sr.** - 202-268-4860
        Records Officer
        **James Rowan, Jr.** - 202-268-4860
        Acting Chief Postal Inspector

COMPANY:     UNITED STATES POSTAL SERVICE

FAX NUMBER:   (703) 292-40̶8̶3̶ 99

FROM:     WILLIAM P. FARLEY

FAX NUMBER:     (202) 429-1851

PAGES:     5
(INCLUDING THIS COVER SHEET)

MESSAGE:     PLEASE SEE ATTACHED.

CONFIDENTIALITY NOTICE: THIS FACSIMILE TRANSMISSION CONTAINS CONFIDENTIAL INFORMATION THAT BELONGS TO THE SENDER, MAY BE LEGALLY PRIVILEGED, AND IS INTENDED ONLY FOR THE USE OF THE RECIPIENT NAMED ABOVE. IF YOU ARE NOT THE INTENDED RECIPIENT, DO NOT READ, COPY, DISTRIBUTE, OR RELY ON THIS INFORMATION. IF YOU HAVE RECEIVED THIS FACSIMILE IN ERROR, PLEASE IMMEDIATELY NOTIFY US BY TELEPHONE AT (202) 293-3200 TO ARRANGE FOR ITS RETURN TO US.

EXHIBIT F

LAW OFFICES

# KARL & TARONE

A PARTNERSHIP CONSISTING OF PROFESSIONAL CORPORATIONS

SUITE 1250

900 SEVENTEENTH STREET, N. W.

WASHINGTON, D.C. 20006

(202) 293-3200

FAX: (202) 429-1851

JOHN F. KARL, JR.°

C. MICHAEL TARONE▲

WILLIAM P. FARLEY▲†

▲ ALSO ADMITTED IN NY
† ALSO ADMITTED IN MD
° ALSO ADMITTED IN FL

March 15, 2006

VIA FACSIMILE (202) 292-4083

M.R. Baxter
Information Disclosure Technician
United States Postal Service
1735 N. Lynn Street, Room 4039
Arlington, Virginia 22209

## RE: UAF FOIA REQUEST OF FEBRUARY 1, 2006

Dear Ms. Baxter:

It was a pleasure speaking with you on the phone today. As I explained, United America Financial, Incorporated, ("UAF") requests reconsideration of the denial to deny documents requested by UAF pursuant to the applicable federal regulations. On February 1, 2006, UAF submitted a request in accordance with the provisions of the Freedom of Information Act (FOIA), 5 U.S.C. 552, and the Postal Service's regulations implementing the FOIA at 39 CFR 265.1 through 265.9 or the Privacy Act, 5 U.S.C. 552a and the Postal Service's regulations implementing the Privacy Act at 39 CFR 266.1 through 266.9 in order to be provided with certain information pursuant to the above laws.

M.R. Baxter
Information Disclosure Technician
United States Postal Service

March 15, 2006

Page 2

More than 20 business days later, on March 6, 2006, UAF received a response that "There will be a delay in responding to your letter as we are in the process of conducting appropriate file searches pertaining to your request."

The FOIA provides, among other things, that: "[E]ach agency, upon any request for records which (i) reasonably describes such records and (ii) is made in accordance with published rules stating the time, place, fees (if any), and procedures to be followed, shall make the records promptly available to any person." 5 U.S.C. § 552(a)(3)(A).

The FOIA creates a judicially-enforceable public right of access to government agency documents. 5 U.S.C. § 552. "The [FOIA] adopts as its most basic premise a policy strongly favoring public disclosure of information in the possession of federal agencies." *Maricopa Audubon Soc'y v. United States Forest Serv.*, 108 F.3d 1082, 1085 (9th Cir.1997). A government agency may only withhold a document, or portions of a document, if the material falls within one of nine statutory exemptions listed in 5 U.S.C. § 552(b)(1)--(9). *See id.* As FOIA is founded upon a policy of broad disclosure of government documents, the statutory exemptions "must be narrowly construed." *Lion Raisins Inc. v. United States Dep't of Agric.*, 354 F.3d 1072, 1079 (9th Cir.2004) (*quoting John Doe Agency v. John Doe Corp.*, 493 U.S. 146, 152, 110 S.Ct. 471, 107 L.Ed.2d 462 (1989)).

On March 9, 2006, the United States Postal Inspection Service ("Postal Service") responded to UAF's February 1, 2006 request and denied any responsive documents existed. Specifically, the Postal Service responded that the Postal Service "has no records (electronic or paper) pertaining to the creation of the article."

UAF requested all information concerning the document they attached to their request (the "Document") to the Postal Service. The Document has been published

M.R. Baxter
Information Disclosure Technician
United States Postal Service

March 15, 2006

Page 3

in various forms at: https://liteblue.usps.gov/news/link/2006jan27.htm and http://www.postalwatch.org/. UAF requests documents that were used to create this web page, were provided to the person creating the web page, and all documents that were considered prior to publishing the web page.

UAF requested all supporting documents to the document, all investigative documents for the Document. UAF requested all investigative notes for this Document and the date those notes were created. UAF requested that they be allowed inspection and copying of the public records, including, but not limited to letters, correspondence, tape recordings, notes, data, memoranda, reports, email, computer source and object code, technical manuals, technical specifications, or any other materials, held by the Postal Service.

UAF requested all drafts of documents containing "UAF" and "Nigerian" and "identity thieves" which were created during January 2006.

UAF informed the Postal Service that postal workers/inspectors in Cleveland, Ohio have information concerning the requested information. UAF also informed the Postal Service that postal employees such as Barbara Simone, (724) 327-4462, 3263 Woodhaven Drive, Murrysville, PA 15668 has information concerning the decision to inform people that UAF was composed of "Nigerian Identity Thieves."

UAF also informed the Postal Service that Postal employees TERENCE C. SULLIVAN 3157 Falmouth Road Shaker Heights, Ohio 44122-2844; LARRY JONES 2400 Orange Avenue Cleveland, Ohio 44101-9997; and DEBBI EPPS, 4259 Quarry Road New Albany, Indiana 47150-9237 are each likely have information that has been requested by UAF. Specifically, they will have documents from and concerning UAF employees, including Kwame Floyd.

M.R. Baxter
Information Disclosure Technician
United States Postal Service

March 15, 2006

Page 4

UAF appeals the Postal Service's decision not to search for documents, interview their employees and provide the documents to UAF as is required under the FOIA. UAF asks that the information they requested be produced immediately.

UAF understands that disclosure of investigation documents are limited only to the extent that the production of such law enforcement records or information "could reasonably be expected to constitute an unwarranted invasion of personal privacy" or could reasonably be expected to "disclose the identity of a confidential source, including a State, local, or foreign agency or authority or any private institution which furnished information on a confidential basis, and, in the case of a record or information compiled by criminal law enforcement authority in the course of a criminal investigation or by an agency conducting a lawful national security intelligence investigation, information furnished by a confidential source." 5 U.S.C. § 552(b)(7)(C) & (D); *Wiener v. FBI*, 943 F.2d 972, 983-84 (9th Cir.1991). Before the USPS may invoke these exemptions, the government has the burden of proving "the existence of such a compilation for such a purpose." *John Doe Agency v. John Doe Corp.*, 493 U.S. 146, 152, 110 S.Ct. 471, 107 L.Ed.2d 462 (1989).

If any documents are withheld, the USPS "must provide non-conclusory reasons why disclosure would risk circumvention of the law." (holding that the Securities and Exchange Commission failed to present specific evidence that disclosure of agency records related to the Commission's investigation of plaintiff deal-brokers and their business would result in the circumvention of federal securities laws) *Feshbach v. Secs. and Exch. Comm'n*, 5 F.Supp.2d 774, 788 (N.D.Cal.1997).

We ask that the requested documents be immediately disclosed. UAF agreed to pay all reasonable fees for these documents up to $200.

Please provide all documents and email correspondence as they are found,

Page -4-

M.R. Baxter
Information Disclosure Technician
United States Postal Service

March 15, 2006

Page 5

including the correspondence provided to the web master for www.postalwatch.org and www.liteblue.usps.gov. These documents should be readily available in electronic format and easily found.

Thank you.

Sincerely,

/s/

William P. Farley

cc: United America Financial, Incorporated