## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED AMERICA FINANCIAL, INCORPORATED, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Civil Action No.  06-1023 (JDB) |
| POSTMASTER GENERAL JOHN E. POTTER U.S. POSTAL SERVICE, | ) ) ) ) |
| Defendant. | ) ) |
| _____ | ) |

### ANSWER

Defendant, John E. Potter, Postmaster General, through undersigned counsel, hereby answers the allegations in the complaint as follows:

### FIRST DEFENSE

Plaintiff has made a request under the Freedom of Information Act ["FOIA"], 5 U.S.C.§ 552, *et seq.*, for certain records that are not in a system of records maintained by defendant and, there is no requirement of the FOIA to create records in order to response to plaintiff's request.

### SECOND DEFENSE

Plaintiff has failed to establish a claim under the FOIA with regard to other records responsive to plaintiff's request that have been located by defendant, as no records were unlawfully withheld.

### THIRD DEFENSE

Answering the numbered and unnumbered paragraphs of the complaint, defendant responds as follows:

## I.  JURISDICTION AND VENUE

1.  Paragraph 1 is plaintiff's characterization of its complaint in this case to which no response is necessary.  To the extent that a response is deemed necessary, admit that this is an action brought under the FOIA, but deny that records have been unlawfully withheld.

2.  Paragraph 2 is plaintiff's statements concerning jurisdiction and venue to which no response is required.  To the extent that an answer is deemed necessary, denied.

3.  Paragraph 3 is plaintiff's characterization of its FOIA request to which no response is necessary.  To the extent that a response is deemed necessary, admit that plaintiff sought records under the FOIA, but deny that records have been unlawfully withheld.

4.  Admit that defendant agency of the United States and that it maintains a system of records that includes some of the records requested by plaintiff.

## II.  PARTIES

5.  Defendant is without sufficient information to admit or deny the allegations in Paragraph 4.

6.  Admit.

## III.  PLAINTIFF'S FOIA REQUESTS AND DEFENDANT'S FAILURE TO RESPOND

7.  Admit.

8.  Admit.

9.  Admit that the U.S. Postal Inspection Office responded to plaintiff's FOIA request with a "no record" response, but aver that the best evidence of the content of the letter is the letter itself.

10.  Admit that plaintiff requested reconsideration of the no record response referred to in Paragraph 9, but aver that the best evidence of the content of the request is the communication itself.

11.  Admit that the Postal Service identified records responsive to plaintiff's FOIA request and released redacted copies of some of the pages.  Defendant avers that the best evidence of its March 22, 2006, communication is the document itself.

12.  Admit that plaintiff appealed the March 9, 2006, response by the U.S. Postal Inspection Service, but aver that the content of plaintiff's letter is the best evidence of its content.

13.  Admit that plaintiff appealed the March 22, 2006, response by the Postal Service (see paragraph 11), but aver that the content of plaintiff's March 24, 2006, letter is the best evidence of its content.

14.  Admit that the Inspector General's Office identified records responsive to plaintiff's FOIA request, but denied access to them pursuant to Exemption 7(A).  The denial letter is the best evidence of this action.

15.  Admit that plaintiff's appeal of the responses by the Postal Service and the U.S. Postal Inspection Office were denied. The best evidence of this denial is the document itself.

16.  Admit that the U.S. Postal Inspection Service conducted a new search after receiving plaintiff's request for reconsideration wherein he identified the Cleveland Office as the office where responsive records may exist and, as a result, 176 pages of records were reviewed and a release of five pages of redacted information was provided to plaintiff.

17.  Admit that on April 12, 2006, plaintiff appealed the release referred to in paragraph 16.

3

18.    Admit, but aver that the best evidence of the document referred to is the document itself.

19.  This paragraph contains conclusions of law to which no response is necessary.

20.    Admit as to the two FOIA requests that are the subject of this complaint.

21.    Deny.

IV.  RELIEF REQUESTED

A.-D.  These paragraphs are plaintiff's claim for relief to which no response is necessary. To the extent that a response is deemed required, deny.

The remainder of the complaint contains plaintiff's requested relief, to which no response is required.  To the extent a response may be deemed required, defendant denies that plaintiff is entitled to the relief requested or to any relief whatsoever.

Defendant denies each and every statement and allegation in this complaint not specifically admitted above.

WHEREFORE, having fully answered, defendant respectfully requests that judgment be entered in its favor, that this action be dismissed with prejudice, and that defendant be granted such other relief as the Court deems appropriate.

Respectfully submitted,

_____
         /s/
KENNETH L. WAINSTEIN , D.C. Bar # 451058
United States Attorney


_____
         /s/
RUDOLPH CONTRERAS, D.C. Bar # 434122
Assistant United States Attorney

_____/s/_____
CLAIRE WHITAKER, D.C. Bar # 354530
Assistant United States Attorney
United States Attorney's Office
Civil Division
555 4th Street, N.W., Room E-4204
Washington, D.C. 20530
(202) 514-7137

## CERTIFICATE OF SERVICE

I  HEREBY  CERTIFY that on this 9th day of August, 2006, a true and correct copy of the

foregoing Answer was served on Plaintiff's attorney via Electronic Case Filing (ECF) to:

**William P. Farley, Esq.**
**900 17th Street, N.W., Suite 1250**
**Washington, D.C. 20006**


_____
CLAIRE WHITAKER,  D.C. Bar #354530
Assistant United States Attorney
United States Attorney's Office
Civil Division
555 4th Street, N.W. , E-4204
Washington, D.C. 20530
(202) 514-7137