UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED AMERICA FINANCIAL, INCORPORATED<br><br>Plaintiff,<br><br>v.<br><br>POSTMASTER GENERAL JOHN E. POTTER<br>U.S. POSTAL SERVICE,<br><br>Defendants. | Civil No.: 06 CV 1023 (JDB) |

**PLAINTIFF'S STATEMENT OF MATERIAL FACTS AT ISSUE**

Pursuant to Local Civil Rules 7(h) and 56.1, Plaintiff ("UAF") hereby submits their Statement of Undisputed Material Facts in support of his Motion for Summary Judgment. A genuine issue of material fact is one which would change the outcome of the litigation. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 247-48 (1986).

**UNDISPUTED FACTS**

**BACKGROUND**

1.   On January 27, 2006, the United States Postal Service published a web page concerning Employee Services Division, and said, *inter alia*, that were Nigerian identity thieves working within the U.S. Postal Service ("Webpage"). A copy of the Webpage is attached as Exhibit "A."

2.   On February 1, 2006, UAF requested, *inter alia,* all supporting documents to the

document, all investigative documents for the Document. I am requesting all investigative notes for this Document and the date those notes were created. I am requesting that you allow inspection and copying of the public records, including, but not limited to letters, correspondence, tape recordings, notes, data, memoranda, reports, email, computer source and object code, technical manuals, technical specifications, or any other materials, held by the Postal Service." A copy of the request is attached here as Exhibit "B."

    3.    By letters dated February 1, 2006, counsel submitted Freedom of Information Act (hereinafter FOIA) requests on behalf of Plaintiff to the USPS Records Officer and Acting Chief Postal Inspector. (True and complete copies are attached hereto and marked Exhibits B.)

    4.    The Postal Service referred UAF's FOIA requests to Postal Headquarters for processing.

    5.    By letter dated March 9, 2006, the Postal Service, through M.R. Baxter, Information Disclosure Technician, informed UAF that the Postal Inspection Service has no records responsive to UAF's February 1, 2006 letter. (True and complete copies are attached hereto and marked Exhibits C.)

    6.    By letter dated March 15, 2006, UAF informed the Postal Service, through M.R. Baxter, Information Disclosure Technician, requested reconsideration of the Postal Inspection Service's representation that no records responsive to UAF's February 1, 2006 letter existed. (True and complete copies are attached hereto and marked Exhibits D.)

    7.    On March 22, 2006, the Postal Service identified 11 pages of records responsive to UAF's request. The Postal Service released redacted copies of six of those 11 pages. (True and complete copies are attached hereto and marked Exhibits E.)

8. By letter dated March 22, 2006, UAF filed an administrative appeal. (True and complete copies are attached hereto and marked Exhibits F.)

9. By letter dated March 24, 2006, UAF appealed the denial of information to Anthony F. Alverno, Postal Service Chief Counsel, Customer Programs, Corporate Law Section. (True and complete copies are attached hereto and marked Exhibits G.)

10. By letter dated March 27, 2006, the U.S. Postal Service Office of the Inspector General denied UAF's request for information. (True and complete copies are attached hereto and marked Exhibits H.)

11. On April 6, 2006, the Postal Service, through Anthony F. Alverno, Postal Service Chief Counsel, Customer Programs, Corporate Law Section, denied UAF's appeal to have the Records released to them. (True and complete copies are attached hereto and marked Exhibits I.)

12. Defendant refused to provide the information and claimed Exemptions 2, 3, 5, and 6 applied. *Id,* pg. 2.

13. By letter dated April 6, 2006, the Postal Service, through T.A. Warner, Information Disclosure Technician, provided UAF with five pages of redacted records and informed UAF that they were withholding 127 pages of documents. (True and complete copies are attached hereto and marked Exhibits J.)

14. By letter dated April 12, 2006, UAF appealed the denial of their request for the Records to Anthony F. Alverno, Postal Service Chief Counsel, Customer Programs, Corporate Law Section. (True and complete copies are attached hereto and marked Exhibits K.)

15. By letter dated May 2, 2006, Anthony F. Alverno, Postal Service Chief Counsel, Customer Programs, Corporate Law Section, provided UAF the final agency decision of the United

States Postal service which informed UAF of their right to seek judicial review of the Postal Service's final decision. (True and complete copies are attached hereto and marked Exhibits L.)

16. Defendant refused to provide information and claimed Exemptions 2, 5, 7( C), 7(D), 7(E) were applicable to withhold the information. *Id.*

17. The Defendant refused to provide a Vaughn Index. *Id.*, pg. 5.

18. By letter dated May 8, 2006, Ms. Gladis C. Griffith, Freedom of Information Act Appeals Officer, provided UAF the final agency decision of the United States Postal service which informed UAF of their right to seek judicial review of the Postal Service's final decision. (True and complete copies are attached hereto and marked Exhibits M.)

19. Defendant refused to provide information and claimed Exemptions 7(A) was applicable to withhold the information. *Id.*

Respectfully submitted,

/s/ William P. Farley
William P. Farley #466280
Law Office of William P. Farley, P.C.
900 17th Street, NW, Suite 1250
Washington, D.C. 20006
(202) 293-3200
Counsel for Plaintiff