IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED AMERICA FINANCIAL, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Case No. 1:06CV0123 |
| POSTMASTER GENERAL, JOHN E. POTTER | ) |
| | ) |
| Defendant | ) |

## DECLARATION OF JULIE S. MOORE

I, JULIE S. MOORE, declare as follows:

1.    I am currently the Manager, Compensation at the U.S. Postal Service Headquarters in Washington, DC. I have held this position since May 2005. Prior to that, from 2001 to 2005, I held the position of Executive Director of Postal Transformation. I have been employed by the U.S. Postal Service since 1979.

2.    In my current capacity as Manager, Compensation, I manage the Compensation function, and am responsible for establishing procedures and guidelines related to pay, benefits and retirement programs and policies for the entire Postal Service. I am involved with policymaking related to pay, benefits, awards, idea programs, systems administration of various human resources programs. The statements contained in this declaration are based upon my personal knowledge, upon information provided to me in my official capacity, and upon conclusions and determinations reached and made in accordance therewith.

1

3.    Due to the nature of my official capacity, I am aware of the Plaintiff's request under the Freedom of Information Act (FOIA) dated February 1, 2006. I am familiar with the procedures followed by the U.S. Postal Service in responding to FOIA requests from its files pursuant to the provisions of 5 U.S.C. § 552, commonly known as the Freedom of Information Act (FOIA) and 5 U.S.C. § 552a, commonly known as the Privacy Act of 1974. Specifically, I am aware of the treatment which has been afforded the FOIA request of Plaintiff. This declaration provides the Court and plaintiff an explanation for the procedures used in handling and processing of documents responsive to plaintiff's FOIA request, as well as justification for the withholding of certain information from those documents. The Law Department determined what responsive documents were released, redacted and withheld documents.

4.    My responsibilities also include supervising employees who respond to FOIA requests or responding to FOIA request that fall within the jurisdiction of the Compensation department. I have knowledge of U.S. Postal Service's requirement under FOIA in searching the records responsive to FOIA requests.

5.    In accordance with *Vaughn v. Rosen*, 484 F.2d 820 (D.C. Cir. 1973), this declaration provides a justification for records responsive to plaintiff's FOIA request which were withheld from disclosure pursuant to FOIA Exemptions 2, 5, 6, 7(c) and The Privacy Act. This declaration will provide justification for the withholding of certain information from those documents.

2

## CORRESPONDENCE RELATING TO PLAINTIFF'S REQUEST

6.  On February 1, 2006, Plaintiff sent a FOIA request to Robert Faruq, Records Office, U.S. Postal Service and to James Rowan, Jr., Acting Chief Postal Inspector, U.S. Postal Service requesting the names of all people responsible for creating the document entitled, "A dropped PIN – Nigerian identity thieves targeting USPS employees". Plaintiff's FOIA request also requested all supporting documents and all investigative documents pertaining to the document; to include investigative notes and dates they were created. (See Exhibit A).

7.  On February 23, 2006, Plaintiff's FOIA request was forwarded to Anthony J. Vegliante, Chief Human Resources Officer and Executive Vice President, U.S. Postal Service, for processing and response since potential records would be within the jurisdiction of his office. (See Exhibit B). Due to the fact that Plaintiff's FOIA request was also addressed to the U.S. Postal Inspection Service, the Records Office did not formally refer Plaintiff's FOIA request to the U.S. Postal Inspection Service.

8.  On March 3, 2006, M. R. Baxter, Information Disclosure Technician, responded to Plaintiff's FOIA request indicating that his FOIA request was being processed but that there would be a delay in responding due to the fact that they were searching for the appropriate files. (Exhibit C).

9.  On March 6, 2006, and March 15, 2006, Plaintiff requested an immediately release of all documents in response to his February 1, 2006 FOIA request. (Exhibits D and E).

10.  March 9, 2006, M. R. Baxter, Information Disclosure Technician, U.S. Postal Inspection Service, responded to plaintiff directly. (Exhibit F).

3

2006-Oct-30 02:15 PM USPS-Washington. DC (HQ) - HR 202-268-3397

Case 1:06-cv-01023-JDB    Document 15-2    Filed 10/30/2006    Page 4 of 36        5/17

11.    On March 22, 2006, I responded to Plaintiff's FOIA request. I identified 11 pages of records responsive to Plaintiff's FOIA request and released 6 of the 11 pages with some redactions. I further informed Plaintiff that my response is not responsive on behalf of the U.S. Postal Inspection Service. I also advised Plaintiff of his appeal rights (See Exhibit G).

12.    I was not involved with the review, release, redaction or withholding of documents regarding the U.S. Postal Inspection Service's response to Plaintiff's FOIA request. The Law Department at Headquarters as the decision maker regarding documents released, redacted and/or withheld. I was following the advice of the Law Department when I responded to Plaintiff's FOIA request. It is my understanding that the Inspection Service responded directly to Plaintiff. I understand that the Office of the Inspector General also responded directly to Plaintiff.

### SEARCH

13.    A Compensation Specialist, also know as the Insurance Officer, was responsible for the publication of the "Drop PIN" in the Postal Link. Her role began when she was alerted by the Pittsburg, PA field offices initially by telephone, that United America Financial Inc., employees were outside the field offices on Postal Property distributing business cards and making the appearance that they represented FEGLI and asking for personal identification numbers and PIN numbers of the employees.

14.    Subsequently a series of emails transpired, resulting in an internal publication warning employees not to release their PIN numbers.

15.    The publication was not published as an external publication or available to the general public.

4

16.    The U.S. Postal Service has a policy regarding responding to FOIA requests
and is contained in Handbook AS-353. Once the request has been received the custodian
of records is required to review the sufficiency of the records before disclosing any
records, including whether the records exists. The Custodian must seek clarification from
the requester if the information supplied to locate and identify the record is insufficient.
Misdirected requests must be forwarded to the appropriate location with a copy of the
referral to the requester. Custodians must acknowledge requests for records within 10
business days of receipt. Custodians should date stamp the request upon receipt. If
requested records are not immediately available, the custodian must give the requester a
date of availability. If records cannot be found or have been destroyed, the custodian
must inform the requester. Once the records are located, the custodian must provide them
to the requester as soon as practical, unless they should be withheld under section 3-
4.1b(6). The custodian must provide releasable records to the requester in writing or in
person as follows: in writing: send the requester information or copies of records to the
requester via Certified Mail, return receipt service requested as soon as any required fees
or statement of release are received. In person. Notify the requester when and where
records will be available for inspection or copying, and comply wit the requester's
instructions if feasible. When a requester reviews records in person, the custodian or
designee must be present and observe the requester's handling of the records. The
custodian must do the following: 1) verify the requester's identify by checking official
credentials such as a driver's licenses or similar identification; 2) allow the requester to
copy the record manually or with a copying machine; 3) collect the records and any fees
incurred; and 4) have the requester sign a statement that he or she reviewed the records.

5

Exceptions to Release of Information. Information contained in any system of records that is exempt from disclosure as allowed by the Privacy Act.

17.     Because Plaintiff's FOIA request sought information concerning employees who may have complained about employees of United American Financial, Incorporated's (UAF) soliciting access to Postal Service employees' life insurance accounts, Plaintiff's FOIA request was forwarded to the Human Resources Department, specifically the Compensation office, which had posted an internal publication concerning the matter.

18.     As the records sought were in the nature of personal correspondence, specifically telephone conversation with the field offices and internal email message, there was no need to search reading files in the normal course of responding to a FOIA request.

19.     I forwarded the FOIA request to the Insurance Officer in the Compensation office at Headquarters who handled life and health insurance matters, and instructed her to pull all her records and work with the Headquarters Law Department to provide a response to Plaintiff's FOIA request. She conducted a search by using the name UAF or United America Financial, Inc., and also by referencing a file she had specific to this request.

20.     A diligent and exhaustive search resulted in eleven (11) pages of records being found, which consisted of email correspondence, fax cover sheet, copies of business cards, and a routing slip. All the files related to this FOIA request were in a folder in the Insurance Officer's work area and or in her personal email folder.

6

## RECORDS RESPONSIVE TO PLAINTIFF'S FOIA REQUEST

21.    The Insurance Officer of the U.S. Postal Service searched her records responsive to plaintiff's request for materials. As a result of the search, the U.S. Postal Service located 11 pages responsive to plaintiff's request.

## EXPLANATION OF FORMAT USED FOR THE JUSTIFICATION OF DELETED MATERIAL

22.    All documents were processed to achieve maximum disclosure consistent with the provisions of the FOIA. Every effort was made to provide plaintiff with all material in the public domain and with all reasonably segregable portions of releasable material. To further describe the information without identifying the material sought to be protected. The FOIA exemptions asserted by the U.S. Postal Service for nondisclosure of portions of the documents of the Privacy Act and FOIA Exemptions 2, 5, 6 and 7(c).

23.    Copies of the documents contain, on their face, categories of exemptions which detail the nature of the information withheld pursuant to the provisions of the FOIA and Privacy Act. To further describe the information withheld in more detail could identify the very material that the U.S. Postal Service is protecting.

## WITHHOLDINGS

24.    These records were processed under FOIA and five pages of the responsive records were released in full. One page was released in redacted form pursuant to Exemptions 2, 5, 6, 7(c) and Privacy Act. Five pages were withheld in their entirety pursuant to Exemptions 2, 5, 6, 7(c) and Privacy Act. Headquarters Law Department Legal made the determination of what to release, redact or withhold. I did not make the decision of what to release, redact or to withhold.

7

| VAUGHN INDEX | | | |
|---|---|---|---|
| **DATE** | **NO. PAGES** | **DOCUMENT** | **EXEMPTION/Explanation** |
| 1/25/2006 | 1 | Routing Slip* | Exemption 2 – this document was an internal document that had no effect on the general public at large |
| 1/24/2006 | 1 | Facsimile transmission+ | Exemption 2 – this document was an internal document that had no effect on the general public at large |
| 1/30/2006 2/09/2006 2/16/2006 | 1 1 2 | Electronic message^ | Exemption 5 - the withheld documents included thoughts and opinions of agency personnel between the field office employees and my staff advising me on the potential identity theft situation and what should be included in the News Link article. Exemption 5 – the withheld documents are protected by Attorney-client work product and privilege. |
| 1/25/2006 | 1 | Routing Slip* | Exemption 5 - the withheld document included thoughts and opinions of agency personnel between the field office employees and my staff advising me on the potential identity theft situation and what should be included in the News Link article. Exemption 5 – the withheld document are protected by Attorney-client work product and privilege. |
| 1/24/2006 | 1 | Facsimile transmission+ | Exemption 5 - the withheld document included thoughts and opinions of agency personnel between the field office employees and my staff advising me on the potential identity theft situation and what should be included in the News Link article. Exemption 5 – the withheld document are protected by Attorney client work product and privilege. |
| 1/30/2006 2/09/2006 2/16/2006 | 1 1 2 | Electronic message^ | Exemption 6 - Release of the requested information would invade U.S. Postal Service employees' privacy and would threaten the privacy of the U.S. Postal |

8

| | | | |
|---|---|---|---|
| | | | Service employees. |
| 1/25/2006 | 1 | Routing Slip* | Exemption 6 - Release of the requested information would invade U.S. Postal Service employees' privacy and would threaten the privacy of the U.S. Postal Service employees. |
| 1/24/2006 | 1 | Facsimile transmission+ | Exemption 6 - Release of the requested information would invade U.S. Postal Service employees' privacy and would threaten the privacy of the U.S. Postal Service employees. |
| 1/25/2006 | 1 | Routing Slip* | Exemption 7(c)  Release of the requested information would have disclosed the identities of Postal Employees who were making complaints and would have subjected them to unnecessary harassment, intimidation or physical harm. |
| 1/30/2006 2/09/2006 2/16/2006 | 1 1 2 | Electronic Message^ | Exemption 7 (c) - Release of the requested information would have disclosed the identities of Postal Employees who were making complaints and would have subjected them to unnecessary harassment, intimidation or physical harm. |
| 1/24/2006 | 1 | Facsimile transmission+ | Exemption 7(c) - Release of the requested information would have disclosed the identities of Postal Employees who were making complaints and would have subjected them to unnecessary harassment, intimidation or physical harm. |
| 1/25/2006 | 1 | Routing Slip* | Privacy Act – Invasion of personal privacy without the written consent of employee |
| 1/30/2006 2/09/2006 2/16/2006 | 1 1 2 | Electronic messages^ | Privacy Act - Invasion of personal privacy without the written consent of employee |
| 1/24/2006 | 1 | Facsimile transmission+ | Privacy Act - Invasion of personal privacy without the written consent of employee |

\* same document
+ same documents
^ same document

9

25.  The records withheld pursuant to Exemption 2 consisted of three e-mail messages, a routing slip form and a facsimile cover sheet. Exemption 2 protects records that are internal in nature and would not have any effect on the general public. The records withheld under Exemption 2 were predecisional and deliberate. One email was interoffice from the Pittsburg, PA Field office to a Postal Service Headquarters' employee and contains information about identity scam. A second interagency email was from Postal Service Headquarters to the Cleveland, OH field office advising to assist employees who had released their PIN number to UAF. A third email from Inspection Service to Postal Service Headquarters alerting them of an insurance scam targeting Postal employees. A handwritten facsimile cover sheet is between a Postal Service employee and Postal Service Headquarters employee regarding his request for new PIN. The Routing slip contains the handwritten opinions and thoughts from a field office to a Headquarters employee. All of the documents were interagency or intraagency and not available to the general public and had no effect on the general public.

26.  The records withheld pursuant to Exemption 5 consisted of three e-mail messages, a routing slip form and a facsimile cover sheet. The records withheld under Exemption 5 were predecisional and deliberate. Exemption 5 protects records that would be contained the thoughts and opinions of agency personnel between the field office employees advising my office on the potential identity theft situation and what should be included in the News Link article. Exemption 5 also protects the "confidential communications between an attorney and the client relating to a legal matter for which the client has sought professional advice." I instructed the Insurance Officer to work with the Law Department in determining what documents were responsive to plaintiff's

10

FOIA request and the Law Department advised me on which documents to release, redact or withhold. One email was interoffice from the Pittsburg, PA Field office to a Postal Service Headquarters' employee and contains information about identity scam. A second interagency email from Postal Service Headquarters to the Cleveland, OH field office advising to assist employees who had released their PIN number to UAF. A third email from Inspection Service to Postal Service Headquarters alerting them of an insurance scam targeting Postal employees. A handwritten facsimile cover sheet is between a Postal Service employee and Postal Service Headquarters employee regarding his request for new PIN. The Routing slip from a field office to a Postal Service Headquarters employee of agency personnel between the field office employees and my staff advising me on the potential identity theft situation and what should be included in the News Link article.

27. The Law Department determined that relevant records were withheld pursuant to Exemption 6 which consisted of three e-mail messages, a routing slip, and a facsimile transmission, would be a clear unwarranted invasion of personal privacy of U.S. Postal Service employees. The records withheld under Exemption 6 were predecisional and deliberate. The email messages contained information between the field offices, Inspection Service and Postal Service Headquarters and contained information that if released would be an invasion of the Postal Service's privacy. The facsimile cover sheet contained information between staff members contained information that if released would be an invasion of the Postal Service's privacy. The Routing slip contained information that if released would be a clear invasion of privacy as it identified employees approached by Plaintiff.

11

28.  The records withheld pursuant to Exemption 7(c) consisted of three e-mail messages, a routing slip and a facsimile cover. The records withheld under Exemption 7(c) were predecisional and deliberate. The Law Department determined that relevant records were withheld pursuant to Exemption 7(c) which consisted of three e-mail messages, a routing slip, and a facsimile transmission, because of an investigation being conducted on United America Financial, Inc., and the disclosure of the requested information would have disclosed the identities of Postal Employees who were making complaints and would have subjected them to unnecessary harassment, intimidation or physical harm. Exemption 7(c) protects records that would have disclosed the identities of Postal Employees who were making complaints and would have subjected them to unnecessary harassment, intimidation or physical harm. The emails contained information about an identity scam. The facsimile cover sheet would have disclosed the identities of Postal Employees who were making complaints and would have subjected them to unnecessary harassment, intimidation or physical harm. Release of the Routing slip containing the handwritten information would have disclosed the identities of Postal employees who were making complaints and would have subjected them to unnecessary harassment, intimidation or physical harm.

29.  Every effort was made to review the documents and divide records that could be released to Plaintiff responsive to his FOIA request.

30.  Plaintiff was informed of the withholdings and his rights to appeal.

## JUSTIFICATION FOR REDACTIONS

31.  The Law Department determined that redaction of released documents was necessary to protect the unwarranted invasion of privacy of U.S. Postal Service employees

12

which would have identified their names, employee identification numbers and PIN numbers.

## PRIVACY ACT EXEMPTION

32.    5 U.S.C. § 552a (b) exempts from disclosure those records which is contained in a system of records by any means of communication to any person, or to another agency, except pursuant to a written request by, or with the prior written consent of, the individual to whom the record pertains." The requested records contained personal information of U.S. Postal Service employees which were exempt from disclosure without the written authorization from the employee.

## APPLICATION OF FOIA EXEMPTION (b)2

33.    Exemption 2 allows exempts from disclosure of information "related solely to the internal personnel rules and practices of an agency." This exemption protects routine internal administrative matters and functions of the U.S. Postal Service which have no effect on the public at large. Disclosure of this information could impede the effectiveness of the U.S. Postal Service. Two email messages were interoffice from the Pittsburg, PA Field office and the Cleveland, OH Field office to a Postal Service Headquarters employee and contained information about an identity scam. A third email message was interagency from the Inspection Service to Postal Service Headquarters and contained information about an identity scam. All three email messages contained the thoughts and opinions of staff members. An interagency facsimile cover between the Pittsburg, PA field office and a Postal Service Headquarters employee containing the thoughts and opinions of staff members. A handwritten facsimile cover sheet is between a Postal Service employee and a Postal Service Headquarters employee regarding his request for new PIN and contains the

13

thoughts and opinions of Postal Employees. The Routing slip contains the handwritten opinions and thoughts from a field office to a Headquarters employee.

34. I reviewed the documents and determined that some of the documents contained mundane administrative markings that were properly redacted and withheld under FOIA, such as the routing slip form, facsimile transmission information, and other markings that were considered internal administrative matters and had no effect on the public at large.

## APPLICATION OF FOIA EXEMPTION (b)2

Exemption 2 protects from disclosure "internal matters of a relatively trivial nature (low 2)" and "more substantial internal matters, the disclosure of which would risk circumvention of a legal requirement (high 2)".

## APPLICATION OF FOIA EXEMPTION (b)5

35. Exemption 5 protects from disclosure interagency or intraagency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency.

36. Because the FOIA requested document that fell under my department, I signed the letter that was prepared for my signature by the Law Department. The Law Department determined what was withheld, redacted or released under Exemption 5 and determined that the withheld documents included thoughts and opinions of agency personnel between the field office employees and my staff advising me on the potential identity theft situation and what should be included in the News Link article. I did not make the final decision of what was released, redacted or withheld; I relied upon the advice and opinion of the Postal Service Law Department at Headquarters.

14

## APPLICATION OF FOIA EXEMPTION (b)6

37.    Exemption 6 protects information from disclosure information about individuals in "personnel and medical files and similar files" when the disclosure of such information would constitute a clearly unwarranted invasion of personal privacy. The requested documents contained personal information, including Employee's social security or ID numbers and employees' PIN numbers. Release of the requested information would invade U.S. Postal Service employees' privacy and would threaten the privacy of the U.S. Postal Service employees. Exemption 6 requires the written authorization of the employees before releasing personal information.

## APPLICATION OF FOIA EXEMPTION (b)7(c)

38.    Exemption 7(c) protects information from disclosure when "records or information complied for law enforcement purposes." This Exemption allows for the withholding of information in order to protect records that would disclose the identities of Postal Employees who were making complaints and would have subjected them to unnecessary harassment, intimidation or physical harm.

39.    My contact with the Inspection Service revealed that there was an ongoing investigation of United America Financial, Inc., therefore, the requested documents are protected from disclosure by Exemption 7(c) because the documents contain the identities of Postal Employees making complaints against United America Financial, Inc., and the disclosure of the Postal Employees could be reasonably expected to result in subjecting them to unnecessary harassment, intimidation and or physical harm. The Postal Employees are protected from disclosure because they provided information or otherwise assisted in supplying information and are identified in the records.

15

I declare the foregoing to be true and correct, and that Exhibits A through G attached hereto are true and correct copies.

Executed this __30__ day of October, 2006.

Julie S. Moore
Manager, Compensation
U.S. Postal Service
Washington, DC 20260

16

# EXHIBIT A

LAW OFFICES

# KARL & TARONE

A PARTNERSHIP CONSISTING OF PROFESSIONAL CORPORATIONS

SUITE 1250

800 SEVENTEENTH STREET, N.W.

WASHINGTON, D.C. 20006

(202) 293-3200

FAX: (202) 429-1851

JOHN F. KARL, JR.*

C. MICHAEL TARONE▲

WILLIAM P. FARLEY*†

* ALSO ADMITTED IN NY
† ALSO ADMITTED IN MD
▲ ALSO ADMITTED IN FL

February 1, 2006

### VIA U.S. FIRST CLASS MAIL

Robert J. Faruq, Sr.
Records Officer
United States Postal Service
475 L'Enfant Plaza SW, Room 5846
Washington, DC 20260-5846

James Rowan, Jr.
Acting Chief Postal Inspector
United States Postal Service
475 L'Enfant Plaza SW, Room 3100
Washington, DC 20260-2100

### RE: FOIA REQUEST

Dear Sirs:

I am requesting the names of all people responsible for creating the attached document (the "Document"). The Document has been published in various forms at: https://liteblue.usps.gov/news/link/2006jan27.htm and http://www.postalwatch.org/.

I am requesting all supporting documents to the document, all investigative documents for the Document. I am requesting all investigative notes for this Document and the date those notes were created. I am requesting that you allow inspection and copying of the public records, including, but not limited to letters, correspondence, tape recordings, notes, data, memoranda, reports, email, computer source and object code, technical manuals, technical specifications, or any other materials, held by the Postal Service.

We have been informed a Mr. Soos was involved in creating this Document and his phone number is (202) 268-4473. We would like all drafts of documents containing "UAF" and "Nigerian" and "identity thieves" which were created during January, 2006.

I agree to pay all reasonable fees for these documents up to $200.

Please provide all documents and email correspondence sent to any person publishing the below Document.

Thank you.

Sincerely,

William P. Farley

Page -2-

# EXHIBIT B

 *UNITED STATES POSTAL SERVICE*

February 23, 2006

ANTHONY J. VEGLIANTE
CHIEF HUMAN RESOURCES OFFICERS
 AND EXECUTIVE VICE PRESIDENT

SUBJECT: Release of Information – William P. Farley

This office has received the attached Freedom of Information Act (FOIA) request dated February 1 from William P. Farley for disclosure of records that are potentially within the jurisdiction of your office. As records custodian you are responsible for complying with the Act and Postal Service implementing regulations located in the *Guide to Privacy and the Freedom of Information Act*, Handbook AS-353, Chapter 4.

To ensure compliance with the law, you must:

- Process the request in accordance with postal regulations and within twenty working days (March 24) of your receipt of this memorandum. Attached is a processing checklist to assist you.
- Complete the "Freedom of Information Act and Privacy Act Request Report" and return it to this office (Room 5821 HQS).
- Send us a copy of your response to Mr. Farley.
- The Inspection Service will respond directly to the requester regarding records under its jurisdiction.

As information, the FOIA is a "documents and records statute" that does not require government agencies to disclose the identity of a particular individual(s). Furthermore, disclosures of this nature would be contrary to our regulations for protecting the privacy rights of individuals.

This office is responsible for administering policy at AS 353. Rubenia Carter is available at (202) 268-4872 to assist.

*Jane G. Eyre*

Jane G. Eyre
Manager, Records Office

Attachments

cc: Inspection Service

RECEIVED
FEB '06
EXECUTIVE VICE PRESIDENT
CHIEF HUMAN RESOURCES OFFICER

# EXHIBIT C



UNITED STATES POSTAL INSPECTION SERVICE

OFFICE OF COUNSEL

March 3, 2006

Mr. William P. Farley
Karl & Tarone
900 17th Street, NW, Suite 1250
Washington, DC  20006-2517

RE: FOIA No. 2006-FPIS-00133

Dear Mr. Farley:

This will acknowledge receipt of your letter dated February 1, 2006, requesting, pursuant to the Freedom of Information/Privacy Acts, access to certain records that may be in the custody of the U.S. Postal Inspection Service pertaining to the article.

There will be a delay in responding to your letter as we are in the process of conducting appropriate file searches pertaining to your request.

As information, it is our policy to process requests for access to Postal Inspection Service records on a first-in, first-out basis.  We will be in contact with you as soon as possible concerning this matter.

Sincerely,

M. R. Baxter

M. R. Baxter
Information Disclosure Technician

# EXHIBIT D

LAW OFFICES

# KARL & TARONE

A PARTNERSHIP CONSISTING OF PROFESSIONAL CORPORATIONS

SUITE 1280

JOHN F. KARL, JR.*

C. MICHAEL TARONE*

WILLIAM P. FARLEY*†

* ALSO ADMITTED IN NY
† ALSO ADMITTED IN MD
* ALSO ADMITTED IN FL

900 SEVENTEENTH STREET, N. W.

WASHINGTON, D.C. 20006

(202) 293-3200

FAX: (202) 429-1851

March 6, 2006

**VIA FACSIMILE (703) 292-4083**
M.R. Baxter
Information Disclosure Technician
United States Postal Service
1735 N. Lynn Street, Room 4039
Arlington, Virginia 22209

## RE: FOIA REQUEST - 2006-FPIS-00133

Dear M.R. Baxter:

On February 1, 2006, UAF filed a Freedom of Information Act Request seeking the names of all people responsible for creating the attached document (the "Document"). The Document has been published in various forms at: https://liteblue.usps.gov/news/link/2006jan27.htm and http://www.postalwatch.org/. More than 20 business days later, on March 6, 2006, we received a response that "There will be a delay in responding to your letter as we are in the process of conducting appropriate file searches pertaining to your request." As most of the information is available in electronic format, we do not understand the USPS's response.

UAF understands that the USPS is able to respond to requests within the twenty working days time period set by the FOIA unless a request involves a time consuming search or review or a voluminous amount of records. This present matter does not involve a time consuming search or a voluminous amount of records. Please provide us the USPS searches to date.

The FOIA provides, among other things, that: "[E]ach agency, upon any request for records which (i) reasonably describes such records and (ii) is made in accordance with published rules stating the time, place, fees (if any), and procedures to be followed, shall make the records promptly available to any person." 5 U.S.C. § 552(a)(3)(A). UAF provided all that information on February 1, 2006, your letter of March 3, 2006 does not deny that UAF complied with this requirement.

The FOIA creates a judicially-enforceable public right of access to government agency documents. 5 U.S.C. § 552. "The [FOIA] adopts as its most basic premise a policy strongly favoring public disclosure of information in the possession of federal agencies." *Maricopa Audubon Soc'y v. United States Forest Serv.*, 108 F.3d 1082, 1085 (9th Cir.1997). A government agency may only

withhold a document, or portions of a document, if the material falls within one of nine statutory exemptions listed in 5 U.S.C. § 552(b)(1)--(9). *See id.* As FOIA is founded upon a policy of broad disclosure of government documents, the statutory exemptions "must be narrowly construed." *Lion Raisins Inc. v. United States Dep't of Agric.*, 354 F.3d 1072, 1079 (9th Cir.2004) (*quoting John Doe Agency v. John Doe Corp.*, 493 U.S. 146, 152, 110 S.Ct. 471, 107 L.Ed.2d 462 (1989)).

Pursuant to 39 CFR Parts 262 and 265, we understood a response would be forthcoming in within 20 business days. If we have misunderstood the statute and the time requirements, please let us know. We also ask for a full report of the investigation done to date.

We also understand that disclosure of investigation documents are limited only to the extent that the production of such law enforcement records or information "could reasonably be expected to constitute an unwarranted invasion of personal privacy" or could reasonably be expected to "disclose the identity of a confidential source, including a State, local, or foreign agency or authority or any private institution which furnished information on a confidential basis, and, in the case of a record or information compiled by criminal law enforcement authority in the course of a criminal investigation or by an agency conducting a lawful national security intelligence investigation, information furnished by a confidential source." 5 U.S.C. § 552(b)(7)(C) & (D); *Wiener v. FBI*, 943 F.2d 972, 983-84 (9th Cir.1991). Before the USPS may invoke these exemptions, the government has the burden of proving "the existence of such a compilation for such a purpose." *John Doe Agency v. John Doe Corp.*, 493 U.S. 146, 152, 110 S.Ct. 471, 107 L.Ed.2d 462 (1989).

If any documents are withheld, the USPS "must provide non-conclusory reasons why disclosure would risk circumvention of the law." (holding that the Securities and Exchange Commission failed to present specific evidence that disclosure of agency records related to the Commission's investigation of plaintiff deal-brokers and their business would result in the circumvention of federal securities laws) *Feshbach v. Secs. and Exch. Comm'n*, 5 F.Supp.2d 774, 788 (N.D.Cal.1997).

We ask that the requested documents be immediately disclosed. Please provide all documents and email correspondence as they are found, including the correspondence provided to the web master for www.postalwatch.org and www.liteblue.usps.gov. These documents should be readily available in electronic format and easily found.

Thank you.

Sincerely,

UNITED AMERICA FINANCIAL,
**INCORPORATED** by
William P. Farley

Robert J. Faruq, Sr. 202-268-4860
James Rowan, Jr. - 202-268-4860

Page -2-

# EXHIBIT E

LAW OFFICES

# KARL & TARONE

A PARTNERSHIP CONSISTING OF PROFESSIONAL CORPORATIONS

SUITE 1250

800 SEVENTEENTH STREET, N. W.

WASHINGTON, D.C. 20006

(202) 293-3200

FAX: (202) 429-1851

JOHN F. KARL, JR*

C. MICHAEL TARONE^

WILLIAM M. FARLEY*†

* ALSO ADMITTED IN NY
† ALSO ADMITTED IN MD
^ ALSO ADMITTED IN FL

March 15, 2006

<u>**VIA FACSIMILE (202) 292-4083**</u>

M.R. Baxter
Information Disclosure Technician
United States Postal Service
1735 N. Lynn Street, Room 4039
Arlington, Virginia 22209

## RE: UAF FOIA REQUEST OF FEBRUARY 1, 2006

Dear Ms. Baxter: F (702) 292-4083

It was a pleasure speaking with you on the phone today. As I explained, United America Financial, Incorporated, ("UAF") requests reconsideration of the denial to deny documents requested by UAF pursuant to the applicable federal regulations. On February 1, 2006, UAF submitted a request in accordance with the provisions of the Freedom of Information Act (FOIA), 5 U.S.C. 552, and the Postal Service's regulations implementing the FOIA at 39 CFR 265.1 through 265.9 or the Privacy Act, 5 U.S.C. 552a and the Postal Service's regulations implementing the Privacy Act at 39 CFR 266.1 through 266.9 in order to be provided with certain information pursuant to the above laws.

M.R. Baxter
Information Disclosure Technician
United States Postal Service

March 15, 2006

Page 2

More than 20 business days later, on March 6, 2006, UAF received a response that "There will be a delay in responding to your letter as we are in the process of conducting appropriate file searches pertaining to your request."

The FOIA provides, among other things, that: "[E]ach agency, upon any request for records which (i) reasonably describes such records and (ii) is made in accordance with published rules stating the time, place, fees (if any), and procedures to be followed, shall make the records promptly available to any person." 5 U.S.C. § 552(a)(3)(A).

The FOIA creates a judicially-enforceable public right of access to government agency documents. 5 U.S.C. § 552. "The [FOIA] adopts as its most basic premise a policy strongly favoring public disclosure of information in the possession of federal agencies." *Maricopa Audubon Soc'y v. United States Forest Serv.*, 108 F.3d 1082, 1085 (9th Cir.1997). A government agency may only withhold a document, or portions of a document, if the material falls within one of nine statutory exemptions listed in 5 U.S.C. § 552(b)(1)--(9). *See id.* As FOIA is founded upon a policy of broad disclosure of government documents, the statutory exemptions "must be narrowly construed." *Lion Raisins Inc. v. United States Dep't of Agric.*, 354 F.3d 1072, 1079 (9th Cir.2004) (*quoting John Doe Agency v. John Doe Corp.*, 493 U.S. 146, 152, 110 S.Ct. 471, 107 L.Ed.2d 462 (1989)).

On March 9, 2006, the United States Postal Inspection Service ("Postal Service") responded to UAF's February 1, 2006 request and denied any responsive documents existed. Specifically, the Postal Service responded that the Postal Service "has no records (electronic or paper) pertaining to the creation of the article."

UAF requested all information concerning the document they attached to their request (the "Document") to the Postal Service. The Document has been published

M.R. Baxter
Information Disclosure Technician
United States Postal Service

March 15, 2006

Page 3

in various forms at: https://liteblue.usps.gov/news/link/2006jan27.htm and http://www.postalwatch.org/. UAF requests documents that were used to create this web page, were provided to the person creating the web page, and all documents that were considered prior to publishing the web page.

UAF requested all supporting documents to the document, all investigative documents for the Document. UAF requested all investigative notes for this Document and the date those notes were created. UAF requested that they be allowed inspection and copying of the public records, including, but not limited to letters, correspondence, tape recordings, notes, data, memoranda, reports, email, computer source and object code, technical manuals, technical specifications, or any other materials, held by the Postal Service.

UAF requested all drafts of documents containing "UAF" and "Nigerian" and "identity thieves" which were created during January 2006.

UAF informed the Postal Service that postal workers/inspectors in Cleveland, Ohio have information concerning the requested information. UAF also informed the Postal Service that postal employees such as Barbara Simone, (724) 327-4462, 3263 Woodhaven Drive, Murrysville, PA 15668 has information concerning the decision to inform people that UAF was composed of "Nigerian Identity Thieves."

UAF also informed the Postal Service that Postal employees TERENCE C. SULLIVAN 3157 Falmouth Road Shaker Heights, Ohio 44122-2844; LARRY JONES 2400 Orange Avenue Cleveland, Ohio 44101-9997; and DEBBI EPPS, 4259 Quarry Road New Albany, Indiana 47150-9237 are each likely have information that has been requested by UAF. Specifically, they will have documents from and concerning UAF employees, including Kwame Floyd.

M.R. Baxter
Information Disclosure Technician
United States Postal Service

March 15, 2006

Page 4

UAF appeals the Postal Service's decision not to search for documents, interview their employees and provide the documents to UAF as is required under the FOIA. UAF asks that the information they requested be produced immediately.

UAF understands that disclosure of investigation documents are limited only to the extent that the production of such law enforcement records or information "could reasonably be expected to constitute an unwarranted invasion of personal privacy" or could reasonably be expected to "disclose the identity of a confidential source, including a State, local, or foreign agency or authority or any private institution which furnished information on a confidential basis, and, in the case of a record or information compiled by criminal law enforcement authority in the course of a criminal investigation or by an agency conducting a lawful national security intelligence investigation, information furnished by a confidential source." 5 U.S.C. § 552(b)(7)(C) & (D); *Wiener v. FBI*, 943 F.2d 972, 983-84 (9th Cir.1991). Before the USPS may invoke these exemptions, the government has the burden of proving "the existence of such a compilation for such a purpose." *John Doe Agency v. John Doe Corp.*, 493 U.S. 146, 152, 110 S.Ct. 471, 107 L.Ed.2d 462 (1989).

If any documents are withheld, the USPS "must provide non-conclusory reasons why disclosure would risk circumvention of the law." (holding that the Securities and Exchange Commission failed to present specific evidence that disclosure of agency records related to the Commission's investigation of plaintiff deal-brokers and their business would result in the circumvention of federal securities laws) *Feshbach v. Secs. and Exch. Comm'n*, 5 F.Supp.2d 774, 788 (N.D.Cal.1997).

We ask that the requested documents be immediately disclosed. UAF agreed to pay all reasonable fees for these documents up to $200.

Please provide all documents and email correspondence as they are found,

M.R. Baxter
Information Disclosure Technician
United States Postal Service

March 15, 2006

Page 5


including the correspondence provided to the web master for www.postalwatch.org
and www.liteblue.usps.gov.  These documents should be readily available in
electronic format and easily found.

Thank you.


Sincerely,

/s/

William P. Farley




cc: United America Financial, Incorporated

# EXHIBIT F



UNITED STATES POSTAL INSPECTION SERVICE

OFFICE OF COUNSEL

March 9, 2006

Mr. William P. Farley
Karl & Tarone
900 17th Street, NW, Suite 1250
Washington, DC 20006-2517

RE: FOIA No. 2006-FPIS-00133

Dear Mr. Farley:

This is in reference to your letter dated February 1, 2006, requesting, pursuant to the Freedom of Information/Privacy Acts, access to certain records that may be in the custody of the U.S. Postal Inspection Service regarding the USPS News Link article *"A Dropped PIN."*

In response to your fax of March 6, your initial FOIA request dated February 1, 2006, was received by the Inspection Service's FOIA staff on March 1, 2006. The FOIA states that, "Until an agency (or the proper component of that agency) receives a FOIA request, it is not obligated to search for responsive records, meet time deadlines, or release any records." On March 3, our office sent you an acknowledgment letter informing you of our delay in processing your request due to the time involved in conducting a search for responsive records of any format (electronic, paper format, etc.).

A search of Postal Inspection Service files disclosed no investigation was conducted concerning this subject. In addition, I have been advised by Postal Inspector John Soos that he was not involved in the creation of the article and has no records (electronic or paper) pertaining to the creation of the article.

In the event you treat this letter as a denial of your request for records, you have the right to appeal this denial by writing to the *Chief Counsel, Customer Protection and Privacy, U.S. Postal Service, 475 L'Enfant Plaza, SW, Washington, DC 20260*, within 30 days of the date of this letter. The letter of appeal should include a statement about the action or failure to act being appealed, the reasons why it is believed to be erroneous, and the relief sought, along with copies of your original request, this letter, and any other related correspondence.

Sincerely,

M. R. Baxter
Information Disclosure Technician

Enclosure

1735 N. LYNN STREET, ROOM 4039
ARLINGTON, VA  22209-4039
TELEPHONE: 703-292-4041
FAX: 703-292-4065

# EXHIBIT G

MANAGER
COMPENSATION

 **UNITED STATES**
**POSTAL SERVICE**

March 22, 2006                                        Certified #7099 3400 0009 5110 2648

William P. Farley, Esquire
Law Offices Karl & Tarone
900 Seventeenth Street, N.W., Suite 1250
Washington, D.C. 20006-2517

Dear Mr. Farley:

This responds to your letter of February 1, 2006, addressed to Robert Faruq, the former Records Officer, in which you request, under the Freedom of Information Act (FOIA), all documents created during January 2006 that resulted in the publication of an identity theft warning in the on line U.S.P.S. News Link of January 27. This letter does not respond on behalf of the U.S. Postal Inspection Service, to which your letter was also addressed.

This office identified eleven pages of records responsive to your request. Six pages are attached. Portions of one page have been redacted on the basis of FOIA Exemption 2, which protects information related to the internal practices of an agency that is of a trivial nature of little or no public interest; Exemption 3 in conjunction with 39 U.S.C. § 410(c)(2), which protects information of a commercial nature that would not be disclosed under good business practice; Exemption 5, which protects information that would be privileged in the context of civil litigation; and Exemption 6, which protects information that would constitute a clearly unwarranted invasion of personal privacy. In addition, five pages have been withheld in their entirety on the basis of those same Exemptions. The redacted material and documents withheld in their entirety contain internal communications containing drafts of the Link notice, individuals' names, and recommended courses of action for employees who may have disclosed personal information outside the Postal Service.

You have the right to appeal this response by writing to the Chief Counsel, Customer Protection and Privacy, United States Postal Service, 475 L'Enfant Plaza SW, Room 6138, Washington DC 20260, within 30 days of the date of this letter. The letter of appeal should include a statement about the action or failure to act being appealed, the reasons why it is believed to be erroneous, and the relief sought, along with copies of your original request, this letter, and any other related correspondence.

Sincerely,

*Julie S. Moore*
Julie S. Moore

Enclosures

cc: Records Office

475 L'ENFANT PLAZA SW
WASHINGTON DC 20260-4210
(202) 268-2873
FAX (202) 268-3337