IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED AMERICA FINANCIAL, INC.,  )<br>  )<br>  Plaintiff,  )<br>  )<br>  v.  )<br>  )  Case No. 1:06CV0123<br>POSTMASTER GENERAL, JOHN E. POTTER  )<br>  )<br>  Defendant  )<br>_____)  | |

## DECLARATION OF MILDRED R. BAXTER

I, **Mildred R. Baxter**, declare the following to be true and correct. I am aware that this declaration will be submitted in connection with the proceeding captioned above and that it is the legal equivalent of a statement under oath:

1. I am one of three Information Disclosure Technicians in the Office of Counsel for the U.S. Postal Inspection Service, the law enforcement component of the United States Postal Service, in Washington, D.C. I have served in the Office of Counsel at all times relevant to the above-captioned case.

2. The Chief Postal Inspector is the official custodian of all Inspection Service records, including records relating to criminal investigations, maintained by the Postal Inspection Service. One of the delegated functions of my office is the processing of requests for access to Inspection Service records made pursuant to the Freedom of Information Act (FOIA), 5 U.S.C. §552 (1988), and the Privacy Act of 1974 (PA), 5 U.S.C. §552a (1988). I review requests under these Acts which are referred to the

-1-

Postal Inspection Service, conduct searches to locate responsive records and prepare responses of the Postal Inspection Service to the requester(s). It is the responsibility of this office to make the determinations to withhold, redact or to release records of the Postal Inspection Service in accordance with the provisions of both the FOIA and PA, and Postal Service regulations 39 C.F.R. § 265.1 et. seq.

3. I make the statements herein on the basis of personal knowledge, as well as information acquired in the performance of my official duties.

## CHRONOLOGY

4. By letter dated February 1, 2006, and received by this office on March 1, 2006, Mr. William P. Farley, Esquire, on behalf of his client United American Financial, Inc., submitted a FOIA request for copies of all investigative documents, supporting notes and draft documents used in the creation of the internet published USPS News Link article entitled "A Dropped PIN, Nigerian Identity Thieves Targeting USPS Employees." His request specifically asked for the names of the people responsible for creating the article and all supporting documents to the article. Mr. Farley also stated that Postal Inspector John Soos was involved in the creation of the article. (Exhibit A, attached).

5. By letter dated March 3, 2006, receipt of his request was acknowledged and Mr. Farley was informed that his request was assigned FOIA No. 2006-FPIS-00133. He

was also advised that his request would be delayed in order for us to conduct an appropriate file search for responsive Inspection Service records (Exhibit B, attached).

6. By electronic message sent on March 7, 2006, a record search was requested by this office to be conducted by the Special Investigations Division, Postal Inspection Service, and specifically directed Inspector John Soos to search for any and all responsive records relating to the creation of the USPS News Link article, "A Dropped PIN..." (Exhibit C, attached).

7. On March 7, 2006, Mr. Farley faxed the Office of Counsel a typed response to our acknowledgement letter and added a new request for a full report of the investigation done to date. (Exhibit D, attached).

8. By electronic message dated March 9, 2006, I received a response from a law enforcement administrative support person of the Special Investigations Division, who provided an electronic message which indicated Postal Inspector John Soos was not involved in the creation of the article, nor were there any records, notes, or emails pertaining to this subject. (Exhibit E, attached).

9. By letter dated March 9, 2006, I drafted correspondence responding to Mr. Farley's FOIA Number 2006-FPIS-00133. I responded that a search of Inspection

Service files disclosed no investigation was conducted, nor did Inspector John Soos have any involvement with the creation of the article. (Exhibit F, attached).

10. On March 13, 2006, I received an electronic mail message that the Washington Division had received a fax from Mr. Farley dated March 6, 2006. (Exhibit G, attached).

11. On March 13, 2006, I returned Mr. Farley's March 11, 2006, telephone call and explained that based on the information he provided at the time of his initial FOIA request, no records could be located. (Exhibit H, attached).

12. In a fax dated March 15, 2006, Mr. Farley submitted an appeal to the "Postal Service's decision not to search for documents, interview their employees and provide the documentation to UAF as is required under the FOIA." (Exhibit I, attached hereto). On March 15, 2006, Mr. Farley's appeal was forwarded to the USPS, Corporate Law Department for appropriate attention. The USPS Chief Counsel upheld our decision on April 6, 2006. (Exhibit J, attached).

13. On March 15, 2006, I retrieved a voicemail message left by Mr. Farley on March 11, 2006, stating he felt that an adequate search was not conducted by our office since he knew records existed at our Cleveland, Ohio, facility which falls under the Inspection Service's Pittsburgh Division. (Exhibit I, attached).

14. On March 15, 2006, Mr. Farley's FOIA request was given a new FOIA log number since his previous request under 2006-FPIS-00133 had been provided attention and closed in our database. A new search for responsive records was initiated under new FOIA log number 2006-FPIS-00148. (Exhibit K, attached).

15. On March 16, 2006, an email was sent to Marsha Peszko, retired Secretary, in Pittsburgh Division, to search the Pittsburgh Division files, including those maintained by two postal inspectors, for any references pertaining to United America Financial, Inc. and/or documents used in the creation of the News Link article published for postal employees only as an internal document and not available for the general public. (Exhibit K, attached). Found in the files of a postal inspector were a total of 176 pages of record material, which consisted of email correspondence, fax cover sheets, copies of business cards, and insurance policy illustrations.

16. By letter of March 21, 2006, receipt of his request was acknowledged by our office and Mr. Farley was informed that his request was assigned FOIA No. 2006-FPIS-00148. He was also advised that his request would be delayed due to the time involved in preparing the material for release. (Exhibit L, attached).

17. Upon receipt of the responsive records, the records were reviewed and disclosed, redacted or withheld in accordance with the provisions of the FOIA. Every effort was made to segregate out information subject to release.

18. By letter dated April 6, 2006, 5 pages of responsive records were sent by Information Disclosure Technician Tammy Warner to Mr. Farley. Ms. Warner was responsible for redacting the documents sent out. Of these records, 5 were released with redactions, and 143 were withheld in full. Mr. Farley appealed this FOIA decision to the USPS Corporate Law Department. The USPS Chief Counsel upheld our decision by letter of May 2, 2006. (Exhibit N, attached).

19. In preparation for this declaration and Vaughn Index, I re-reviewed the withheld documents for releasable information and found 47 pages of records which can be released to Plaintiff.

## EXPLANATION OF POSTAL INSPECTION SERVICE SYSTEM OF RECORDS

20. The Inspection Service conducts criminal, civil, and administrative investigations. The files containing records about inactive closed investigations are physically located in the Criminal Investigations Service Center (CISC) in Chicago, Illinois, or the Security Investigations Service Center (SISC) in Memphis, Tennessee, until they are transferred to a local Federal Records Center. Investigative files may contain investigative reports, notes, memoranda, background data including arrest records, statement of informants and witnesses, laboratory reports of evidence analysis, search warrants, summons and subpoenas, and other information related to the investigation. Personal data in the Investigative File System may contain fingerprints, handwriting samples, reports of confidential informants, physical identifying data, voice prints, polygraph tests,

photographs, and individual personal and payroll information. The Inspection Service Integrated Information System (ISIIS) is an electronic case management database that contains case file and other information in support of investigations. The contents of these files are accessible by name and/or social security number. Records are maintained 1 to 15 years depending on type.

## DESCRIPTION OF RECORDS AND REASONS FOR WITHHOLDING

21. The records at issue are covered in the System of Records called the Investigative File System (USPS Handbook AS-353, Section 700.000). The files were located with a postal inspector.

22. <u>Records Disclosed with Redactions</u>. A total of 5 pages of Inspection Service records were furnished to plaintiff. Redactions were made on all five pages pursuant to Exemptions (b)(2), (b)(5), (b)(6), (b)(7)(C), (b)(7)(D) and (b)(7)(E). See explanation in the attached Vaughn index which is incorporated.

23. <u>Records Withheld in Full</u>. A total of 127 pages of Inspection Service investigative records were withheld in full on the basis of Exemptions (b)(2), (b)(5), (b)(6), (b)(7)(C), (b)(7)(D) and (b)(7)(E). A description of the records by category and the application of the FOIA exemptions are as follows:

<u>Exemption 2 (low 2)</u> –This provision exempts from mandatory disclosure "records

related solely to the internal personnel rules and practices of an agency." Exemption 2 records were found in Documents 1, 2, 3, 5, 8, 9, 11, 13, and 14. Only those records that related to the agencies rules and practices were redacted pursuant to Exemption 2 on these documents as more fully set forth in the attached Vaughn Index.

Exemption 5 – Document 1 withheld pursuant to Exemption 5 consisted of a two-page internal Memorandum to File dated January 30, 2006, from Inspector Sullivan, detailing the events of the investigation of a possible identity theft scam. Document 2, withheld pursuant to Exemption 5 consisted of an internal "Incident Report" dated January 27, 2006, which details the narrative of events that took place at the postal facility. Document 8, withheld pursuant to Exemption 5 consisted of a three-page internal email dated February 16, 2006, from USPS Headquarters to the Inspection Service concerning UAF asking for USPS employee PINs. Document 9, withheld pursuant to Exemption 5 consisted of a three-page internal email dated February 21, 2006, from USPS management, Cleveland office to Cleveland Inspection Service field office, concerning UAF asking for USPS employees' personal information. Document 11, withheld pursuant to Exemption 5 consisted of a two-page internal email dated February 9, 2006, within the Cleveland Inspection Service field office concerning background information provided by a third party. Document 14, withheld pursuant to Exemption 5 consisted of a two-page internal email dated January 30, 2006, within the Cleveland Inspection Service field office concerning Inspection Service personnel discussing possible investigative leads. The records withheld under Exemption 5 were

predecisional and deliberative. Exemption 5 protects inter-agency or intra-agency memorandums or letters that would not be available by law to a party other than an agency in litigation with the U.S. Postal Service. They relate to internal correspondence between postal service management and Postal Inspectors. Exemption 5 also protects the "thoughts and opinions" of agency personnel. They relate to Postal Inspectors selective recollections and recommendations concerning the investigation. The records reflect the process of determining whether or not further law enforcement activities should be commenced.

Exemption 6 – Document 4 withheld pursuant to Exemption 6 consisted of a one-page handwritten name and phone number of a postal employee by Inspector Sullivan. Document 6 withheld pursuant to Exemption 6 consisted of a one-page handwritten cell phone number. Document 7 withheld pursuant to Exemption 6 consisted of a one-page photocopy of drivers' licenses of UAF employees. Document 12 withheld pursuant to Exemption 6 consisted of a one-page report from a law enforcement database regarding a third party dated January 27, 2006. Document 15 withheld pursuant to Exemption 6 consisted of a two-page photocopy of drivers' licenses of UAF employees. Document 16 withheld pursuant to Exemption 6 consisted of a seventeen-page report from a law enforcement database regarding a third party dated January 29, 2006. Document 17 withheld pursuant to Exemption 6 consisted of a five-page report from a law enforcement database regarding a third party dated January 27, 2006. Document 18 withheld pursuant to Exemption 6 consisting of handwritten names and phone

numbers of USPS and law enforcement employees. Document 19 withheld pursuant to Exemption 6 consisted of a ten-page report from a law enforcement database regarding a third party dated January 29, 2006. Document 20 withheld pursuant to Exemption 6 consisting of a fifteen-page report from a law enforcement database regarding a third party dated January 29, 2006. The Postal Inspection Service weighed the privacy interest of individuals against the public's interest of disclosure and determined the privacy interest outweighed the public interest.

This provision protects personnel and medical files and similar files when the disclosure of such information "would constitute a clearly unwarranted invasion of personal privacy." This exemption was applied to protect information about third-party individuals whose personal information appears in the records on Documents 4, 6, 7, 12, 15, 16, 17, 18, 19 and 20. The withheld documents contained personal information, including Employee Social Security or ID numbers and employees' PIN numbers. Exemption 6 requires the written authorization of the employees before releasing personal information.

Exemption 7(C) – This provision protects records where disclosure could reasonably be expected to constitute an unwarranted invasion of personal privacy. It protects "records or information compiled for law enforcement purposes, i.e., the names of third-party individuals on Documents 1, 2, 3, 4, 5, 6, 7, 8, 9, 12, 13, 15, 16,17, 18, 19, and 20. The threshold of Exemption 7(C) was met because the files at issue were compiled for law enforcement purposes and they contained the identities and or addresses of individuals who were not the target of the investigation. The exemption was applied because the disclosure of the identities of these third parties could reasonably be expected to result in subjecting them to unnecessary harassment, intimidation and or physical harm. The third parties protected from disclosure in this way include individuals that provided witness statements, individuals who supplied information or otherwise assisted in the investigation, individuals mentioned in the records as being potential leads, and non-postal law enforcement personnel, whether federal, state or local, who played some official role in the investigation and are identified in the records. The Postal Inspection Service weighed the privacy interest of individuals against the public's interest of disclosure and determined the privacy interest outweighed the public interest.

Exemption 7(D) – This provision exempts information that could reasonably be expected to disclose the identity of a confidential source and confidential information furnished by that source. It protects from mandatory disclosure "records or information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information. . . could reasonably be expected to

disclose the identify of a confidential source, including a state, local, or foreign agency or authority or any private institution which furnished information on a confidential basis, and, in the case of a record or information compiled by a criminal law enforcement authority in the course of an investigation. The threshold for Exemption 7(D) was met because the redacted and withheld information consists of the identities of confidential sources and the information they provided in the course of the investigation of United America Financial, Inc. Revelation of these confidential sources could jeopardize future law enforcement cases and disclosure of the identities of these sources could reasonably be expected to result in subjecting them to unnecessary harassment, intimidation and or physical harm. Exemption 7(D) has been used in this case to protect the identities and statements of sources who provided information under an implied promise of confidentiality. The latter portion of Exemption 7(D) protects all information furnished by confidential sources. This portion of the exemption recognizes the reality that the identity of a source may often be determined by analyzing the information provided, a task often easily accomplished by someone familiar with the facts and circumstances of the case. Should this occur, the Inspection Service's ability to continue to obtain confidential information concerning suspected criminal activity would be impaired, and sources of information vital to its investigative and law enforcement functions would be imperiled. Therefore, the statements of all those who provided information to the Inspection Service under implied assurances of confidentiality are protected under 7(D). Withholdings pursuant to Exemption 7(D) were

made on Documents 1, 10, and 13. The Postal Inspection Service assured sources their names and information provided would be kept confidential.

Exemption 7(E) – This provision exempts from disclosure records where disclosure would reveal techniques and procedures for law enforcement investigations or prosecutions. The techniques and procedures were in the nature procedures used by the Postal Inspectors when investigating suspects and were redacted from Documents 2, 16, 17, 19 and 20. Exemption 7(E) was invoked to protect the integrity of electronic databases utilized by law enforcement personnel.

## PRIVACY ACT EXEMPTION

24. 5 U.S.C. § 552a(b) exempts from disclosure those records which is contained in a system of records by any means of communication to any person, or to another agency, except pursuant to a written request by, or with the prior written consent of, the individual to whom the records pertains." The requested records contained personal information of U.S. Postal Service employees which were exempt from disclosure without the written authorization from the employee.

## SEGREGABILITY

25. All documents were processed to achieve maximum disclosure consistent with the provisions of the FOIA. Every effort was made to provide Plaintiff with all material in the public domain and with all reasonably segregable portions of releaseable material. To

further describe the information would identify the material sought to be protected. The FOIA exemptions asserted by the U.S. Postal Inspection Service for nondisclosure of portions of the documents of the Privacy Act and FOIA Exemptions 2, 5, 6, 7(C), 7(D), and 7(E).

26. Copies of the documents contain, on their face, categories of exemptions which detail the nature of the information withheld pursuant to the provisions of the FOIA and Privacy Act. To further describe the information withheld in more detail could identify the very material that the U.S. Postal Inspection Service is protecting.

27. The information contained in this declaration constitutes a complete and accurate description of all the documents in the custody or possession of the United States Postal Service that are responsive to the Plaintiff's request.

28. All the responsive records are located at the Postal Inspection Service in Arlington, Virginia, at the present time.

29. The Inspection Service re-reviewed this information and determined an additional 47 pages can be released to the Plaintiff. Nineteen (26) of these pages can be released in full. Twenty-one (21) can be released with redactions in accordance with Exemption 6, where release of personnel and similar files would constitute a clearly

unwarranted invasion of personal privacy and Exemption 7(C), where disclosure would reasonably be expected to constitute an unwarranted invasion of personal privacy.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on October 30, 2006.

*Mildred R. Baxter*
Mildred R. Baxter
Information Disclosure Technician
Office of the Chief Inspector
U. S. Postal Inspection Service

## INDEX OF REDACTED/WITHHELD DOCUMENTS WITH FOIA EXEMPTIONS

| Document | Description of Pages | FOIA Exemption | Material Withheld |
|---|---|---|---|
| 1 | Two-page internal "Memorandum to File," dated January 30, 2006, detailing the events of the investigation of a possible identity theft scam | B2 | This document was an internal document that would be of little or interest to the general public since it does not shed light on the operations of the government. |
| | | B5 | Selected thoughts by a postal inspector with regard to the incident at issue. |
| | | B7C | Names of law enforcement personnel and third party individuals who appear in law enforcement files are protected. |
| | | B7D | Names of confidential sources and information supplied by those sources. |
| 2 | Two-page Inspection Service "Incident Report," dated January 27, 2006 | B2 | This document is an internal document that would be of little or interest to the general public since it does not shed light on the operations of the government. |
| | | B5 | Prepared by a Postal Police Officer and reflect selected thoughts and opinions as to the incident. |
| | | B7C | Names of law enforcement personnel and third party individuals who appear in law enforcement files are protected. |
| | | B7E | Techniques and procedures to compile information for law enforcement investigations. |
| 3 | One-page internal facsimile cover sheet, dated January 30, 2006 | B2 | This document is an internal document that would be of little or interest to the general public since it does not shed light on the operations of the government. |
| | | B7C | Names of law enforcement personnel and third party individuals. |
| 4 | One-page handwritten name and phone number of postal employee | B6 | This information appears in law enforcement files and relates to victim of possible scam. Release of the requested information would invade U.S. Postal Service employees' privacy and would |

| | | | |
|---|---|---|---|
| | | | threaten the privacy of the U.S. Postal Service employees. |
| | | B7C | Name of third party appearing in investigative file. |
| 5 | Two-page internal email regarding "LiteBlue," dated January 27, 2006 | B2 | This document is an internal document that would be of little or interest to the general public since it does not shed light on the operations of the government. |
| | | B7C | Names of law enforcement personnel and third party individuals. |
| 6 | One-page handwritten cell phone number | B6 | A cell phone number of possible victim of scam appearing in law enforcement file. Release of the requested information would invade U.S. Postal Service employees' privacy and would threaten the privacy of the U.S. Postal Service employees. |
| | | B7C | Telephone number of third party individual. |
| 7 | One-page copy of drivers' licenses of UAF employees | B6 | Privacy information appearing on drivers' licenses. Release of the requested information would invade third party privacy. |
| | | B7C | Name, address and other personal identifiers of third party individuals. |
| 8 | Three-page internal email regarding UAF soliciting on postal property, dated February 16, 2006 | B2 | This document is an internal document that would be of little or interest to the general public since it does not shed light on the operations of the government. |
| | | B5 | Internal email from Cleveland postal manager to postal inspector concerning UAF asking for employee PIN. |
| | | B7C | Names of law enforcement personnel and third party individuals. |
| 9 | Three-page internal email regarding the safeguarding of USPS employees' personal information, dated February 21, 2006 | B2 | This document is an internal document that would be of little or interest to the general public since it does not shed light on the operations of the government. |

|    |                                                                                                                                                                                 |     |                                                                                                                                                                                                 |
|----|---------------------------------------------------------------------------------------------------------------------------------------------------------------------------------|-----|-------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------|
|    |                                                                                                                                                                                 | B5  | An internal email from Cleveland postal manager to postal inspector concerning UAF asking for USPS employees' personal information.                                                             |
|    |                                                                                                                                                                                 | B7C | Names of law enforcement personnel and third party individuals.                                                                                                                                 |
| 10 | One-page "Supplementary Report" from a law enforcement agency, dated January 30, 2006                                                                                           | B7D | Protects information furnished by confidential sources, including a state or local agency or authority or any private institution that furnished material on a confidential basis.             |
| 11 | Two-page internal email regarding the relationship between UAF and FEGLI, dated February 9, 2006                                                                                | B2  | This document is an internal document that would be of little or interest to the general public since it does not shed light on the operations of the government.                               |
|    |                                                                                                                                                                                 | B5  | An internal email prepared by postal inspector regarding background information provided by a third party, questioning the relationship between UAF and FEGLI.                                  |
|    |                                                                                                                                                                                 | B7C | Names of law enforcement personnel and third party individuals.                                                                                                                                 |
| 12 | One-page report from a law enforcement database regarding a third party, dated January 27, 2006                                                                                 | B6  | Third party information appearing in the law enforcement file. Release of the requested information would invade the personal privacy of a third party individual.                              |
|    |                                                                                                                                                                                 | B7C | Names of law enforcement personnel and third party individuals.                                                                                                                                 |
|    |                                                                                                                                                                                 | B7E | Techniques and procedures to compile information for law enforcement investigations.                                                                                                            |
| 13 | Six-pages consisting of an internal facsimile transmission of a law enforcement report from a local agency, list of postal employees' names, SSN, and addresses, dated February 1, 2006 | B2  | This document was an internal document that would be of little or interest to the general public since it does not shed light on the operations of the government.                             |
|    |                                                                                                                                                                                 | B6  | Release of the requested information would invade U.S. Postal Service                                                                                                                           |

|    |                                                                                                   |     | employees' privacy and would threaten the privacy of the U.S. Postal Service employees. |
|----|---------------------------------------------------------------------------------------------------|-----|-----------------------------------------------------------------------------------------|
|    |                                                                                                   | B7C | Names of law enforcement personnel and third party individuals. |
|    |                                                                                                   | B7D | Protects information furnished by confidential sources, including a state or local agency or authority or any private institution that furnished material on a confidential basis. |
| 14 | Two-page internal email regarding identity thieves targeting USPS employees, dated January 30, 2006 | B2  | This document is an internal document that would be of little or interest to the general public since it does not shed light on the operations of the government. |
|    |                                                                                                   | B5  | An internal document between Inspection Service personnel discussing possible investigative leads. |
|    |                                                                                                   | B7C | Names of law enforcement personnel and third party individuals. |
| 15 | Two-page copy of drivers' licenses of UAF employees                                               | B6  | Privacy information appearing on drivers' licenses. Release of the requested information would invade third party privacy. |
|    |                                                                                                   | B7C | Name, address and other personal identifiers of third party individuals. |
| 16 | Seventeen-page report from a law enforcement database regarding a third party dated January 29, 2006 | B6  | Third party information appearing in the law enforcement file. Release of the requested information would invade the personal privacy of a third party individual. |
|    |                                                                                                   | B7C | Name, address and other personal identifiers of third party individuals. |
|    |                                                                                                   | B7E | Techniques and procedures to compile information for law enforcement investigations. |
| 17 | Five-page report from a law enforcement database regarding a third party dated January 27, 2006  | B6  | Third party information appearing in the law enforcement file. Release of the requested information would invade the |

| | | | |
|---|---|---|---|
| | | B7C | personal privacy of a third party individual. |
| | | | Name, address and other personal identifiers of third party individuals. |
| | | B7E | Techniques and procedures compiled for law enforcement investigations or prosecutions. |
| 18 | One-page consisting of handwritten names and phone numbers of USPS and law enforcement employees | B6 | Release of the requested information would invade U.S. Postal Service employees' privacy and would threaten the privacy of the U.S. Postal Service employees. |
| | | B7C | Names and telephone numbers of third party individuals. |
| 19 | Ten-page report from a law enforcement database regarding a third party dated January 29, 2006 | B6 | Third party information appearing in the law enforcement file. Release of the requested information would invade the personal privacy of a third party individual. |
| | | B7C | Name, address and other personal identifiers of third party individuals. |
| | | B7E | Techniques and procedures to compile information for law enforcement investigations. |
| 20 | Fifteen-page report from a law enforcement database regarding a third party dated January 29, 2006 | B6 | Third party information appearing in the law enforcement file. Release of the requested information would invade the personal privacy of a third party individual. |
| | | B7C | Name, address and other personal identifiers of third party individuals. |
| | | B7E | Techniques and procedures to compile information for law enforcement investigations. |