UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED AMERICA FINANCIAL, INCORPORTATED )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>)<br>JOHN E. POTTER, )<br>POSTMASTER GENERAL )<br>UNITED STATES POSTAL SERVICE, )<br>)<br>Defendant. ) | Civil Action No. 06-0123 (JDG) |

### DECLARATION OF FRANK O'CONNOR

I, Frank O'Connor, make the following declaration in lieu of affidavit pursuant to 28 U.S.C. § 1746. I am aware that this declaration is the legal equivalent of a statement under oath and that it will be filed in the United States District Court for the District of Columbia.

1. From 1989 until 2005, I was employed as a Postal Inspector with the United States Postal Inspection Service. In 2005, I became a Special Agent with the United States Postal Service Office of Inspector General (OIG) located in Philadelphia, PA.

2. On or about December 13, 2005, I began OIG investigation 06UIPA1109CI1CT into a possible fraudulent payroll allotment scheme after receiving complaints from Postal Service employees about suspicious individuals on Postal Service premises. Due to terrorism and anthrax issues, there is great concern regarding unauthorized people entering federal facilities.

1

3. In my investigation, I interviewed numerous people and verified that employees from Employee Services Division (ESD) – United America Financial, Inc. (UAF) gained access to various Postal Service facilities by purporting to be associated with the Office of Federal Employees Group Life Insurance (OFEGLI) program. According to Postal Service regulations, access to workroom and restricted areas is restricted to Postal Service employees and authorized contractors. I found that ESD-UAF is in no way affiliated with OFEGLI, but instead directly competes with OFEGLI in the insurance business. The company was not properly authorized to enter Postal Service facilities.

4. On or about March 2, 2006, ESD-UAF's attorney requested records pursuant to the Freedom of Information Act (FOIA). At this time, I was still investigating this matter and interviewing numerous people. The only records that might have been available at this time are a few memoranda of interview because my investigation was incomplete until two months later.

5. Disclosure of my records would have had a negative impact on my investigation since ESD-UAF did not know it was under investigation. Moreover, this was a matter where ESD-UAF's employees were illegally gaining access to Postal facilities under false pretenses in violation of federal law. There was potential that the findings would result in criminal prosecution or penalty against ESD-UAF. Prosecution is still a possibility.

6. Because the investigation is still open, none of my records were released to UAF or the public. On or about May 9, 2006, the investigation was concluded and a report was finalized.

## DECLARATION

I declare, under penalty of perjury, that the foregoing is true and correct to the best of my knowledge and belief.

Date: 10/17/2006

Frank O'Connor
Special Agent