### UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED AMERICA FINANCIAL, INCORPORATED ) | |
| ) | |
| ) | Civil No.: 06 CV 1023 (JDB) |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| POSTMASTER GENERAL JOHN E. POTTER ) | |
| U.S. POSTAL SERVICE, ) | |
| ) | |
| ) | |
| Defendant. ) | |

## PLAINTIFF'S OPPOSITION MEMORANDUM 0F POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Plaintiff, United America Financial, Incorporated ("UAF"), opposes Defendant's motion for summary judgment and asks the Court to grant Plaintiff's Motion for Summary Judgment and order the Defendant to release the withheld information to further the public interest.

After plaintiff filed this lawsuit, the Defendant released an additional 47 pages of documents. The Defendant has identified 176 pages[1] of documents from their Pittsburgh Division, 11 pages from their compensation headquarters[2] search. Of these 187 pages, it is unclear if they are part of one large document or numerous smaller documents. However, even without that information, it is clear that no exceptions apply in this case and plaintiff is entitled to the documents that they have

---

[1] Defendant's Updated Vaughn Index, page 7.

[2] Id, pg. 5.

requested.

## POINTS AND AUTHORITIES
### I. INTRODUCTION

**A. Factual Background**

Plaintiff challenges the government's refusal to disclose data concerning plaintiff and the statements its employees were "Nigerian Identity Thieves." These statements raise potentially serious implications for constitutionally protected rights for citizens of African descent to do business with the government and, accordingly, there is widespread public concern about the scope and methodology employed by the government in denying those of African descent from being treated similarly to white businesses.

Plaintiff filed this litigation after defendant U.S. Postal Service ("Postal Service") failed to respond expeditiously to a request under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552. The request sought records related to Defendant's methodology and practices in dealing with companies owned and operated by those of African descent. The government's authority to engage in treating those businesses which employ primarily those of African descent differently than that of European descended people living in the United States. The records sought are critical to the public's ability to evaluate the import of the Postal Services powers, to determine whether the government is using their powers appropriately, to determine whether the powers should be modified to stop the destruction of African owned businesses, and to determine whether the public should support further Postal Service efforts to treat African descendants differently than European descendants.

While the Postal Service has now released a number of redacted records in response to

Plaintiffs' request, it has asserted that certain responsive records are exempt from disclosure. Plaintiff moved for summary judgment and then Defendant moved for summary judgment. Plaintiffs now oppose Defendant's motion for summary judgment and cross-move for summary judgment on the ground that Defendant has failed to meet its burden under the FOIA to withhold the disputed records.

UAF continues to seek all government documents concerning the government's policies and procedures in labeling African descendant companies Nigerian identity thieves. The public has the right to know how the government determines who is a Nigerian identity thief and why the insurance salespeople of UAF, the only insurance company owned and operated by those of African descent, came to be labeled Nigerian identity thieves by the government. The public should have this information in order to assess the government's role in the matter to see if the government is improperly labeling Black owned and operated businesses in order to promote white businesses.

None of the "narrowly construed" exemptions to FOIA applies in this matter, thus, FOIA requires full agency disclosure.

**B. FOIA Philosophy**

One of the fundamental philosophies of the American constitutional form of representative government is that government is the servant of the people and not their master. Accordingly, it is the public policy of the state that all persons are entitled to full and complete information regarding the affairs of government and the official acts of those who represent them as public officials and employees. Providing persons with the information is an essential function of a representative government and an integral part of the routine duties of public officials and employees, whose duty

it is to provide the information.

The burden of proof for the non-disclosure of a public record is always on the public agency that would deny access to the peoples' records and not on the person seeking to inspect and copy the record.   To hold that information is exempt from disclosure under (b)(7)(C), the Court must find that the records were compiled solely for law enforcement purposes, that personal privacy interests attach to the withheld information, and that disclosure would constitute an unwarranted invasion of those privacy interests.

## II. STANDARD FOR SUMMARY JUDGEMENT

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(C.). The moving party bears the burden of demonstrating the absence of any genuine issues of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  Summary judgment is appropriate if the non-moving party fails to offer "evidence on which the jury could reasonably find for the [non-moving party]." *Peter S. Herrick's Customs and Intern. Trade Newsletter v. U.S. Customs and Border Protection*, 2006 WL 1826185 (D.D.C. 2006) (Bates, J.) *citing Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986); *Holbrook v. Reno*, 196 F.3d 255, 259-60 (D.C.Cir.1999).

## III.  ARGUMENT

Defendants' motion for summary judgment must be denied, and plaintiff's motion for summary judgment must be granted.

With this Freedom of Information Act[3] lawsuit, plaintiff seeks many of the documents that

---

[3]  *See* 5 U.S.C. § 552 *et al.*

are held by the defendant created in connection with the business of insurance business practices by private vendors, specifically, plaintiff's practices. UAF is a minority owned insurance company duly organized under the laws of Maryland and doing business in the District of Columbia and other locals. UAF has requested 176 pages of records and defendant has only released five pages of redacted information to plaintiff. Plaintiff seeks the other documents and non-redacted versions of the documents provided by Defendant.

The Supreme Court has recognized that FOIA's basic purpose is reflected by "a general philosophy of full agency disclosure unless information is exempted under clearly delineated statutory language. . . . To make crystal clear the congressional objective . . . to pierce the veil of administrative secrecy and to open agency action to the light of public scrutiny . . . Congress provided in s 552(C.) that nothing in the Act should be read to authorize withholding of information or limit the availability of records to the public, except as specifically stated . . . . Consistently with that objective, the Act repeatedly states that official information shall be made available to the public, for public inspection." *Department of Air Force v. Rose*, 425 U.S. 352, 360-361 (1976) (citations and quotations omitted).

This Circuit has long recognized " that non-exempt portions of a document must be disclosed unless they are inextricably intertwined with exempt portions." *Mead Data Central, Inc. v. United States Dep't of the Air Force*, 566 F.2d 242, 260 (D.C.Cir.1977). Plaintiff requests all the documents held by Defendant and information retracted from the few documents provided. In their Answer, Defendant offers two defenses[4] to the withholding of the documents and redacted information: (1)

_____

[4] Defendant's Answer to the Complaint; Plaintiff's August 31, 2006 Statement of Material Facts ("PSMF"), ¶¶ 1-19.

Plaintiff has made a request under the Freedom of Information Act ["FOIA"], 5 U.S.C. § 552, et seq., for certain records that are not in a system of records maintained by defendant; and (2) Plaintiff has failed to establish a claim under the FOIA with regard to other records responsive to plaintiff's request that have been located by defendant.  In correspondence Defendant has refused to provide documents based on various FOIA exemptions that are discussed below.  PSMF ¶ 10.

In addition, Defendant failed to provide sufficiently detailed declarations detailed enough to permit a  allow the court to reach a proper determination regarding the sufficiency of the agency's justifications for withholding or redacting documents under FOIA.

### A. FOIA POLICY IS FULL DISCLOSURE

The FOIA began in 1946 as part of the Administrative Procedure Act, but lacked any teeth.[5] "In 1966 Congress amended that section to implement a general philosophy of full agency disclosure."[6]  According to the U.S. Supreme Court: "Unlike the review of other agency action that must be upheld if supported by substantial evidence and not arbitrary or capricious, the FOIA expressly places the burden 'on the agency to sustain its action' and directs the district courts to 'determine the matter *de novo*.'"[7]

### B. THE FOIA'S CENTRAL PURPOSE IS TO KEEP GOVERNMENT HONEST

FOIA ensures an informed citizenry which is critical to our democracy.  *NLRB v. Robbins Tire & Rubber Co.*, 437 U.S. 214, 242 (1978).  Under 5 U.S.C. § 552(a)(4)(B) documents are presumed to be subject to disclosure unless the agency proves that one or more of the nine specific

---

[5]  *See Department of Justice v. Reporters Committee*, 489 U.S. 749, 754 (1989).

[6]  *Id.,* 489 U.S. 749, 754 *(quotations & citations omitted)*.

[7]   *Id.,* 489 U.S. 749, 755  *(quoting* 5 U.S.C. § 552(a)(4)(B)).

statutory exemptions in § 552(b) applies. To ensure maximum disclosure, those nine exemptions should be narrowly construed. *Dep't of the Air Force v. Rose*, 425 U.S. 352, 360-1 (1976). *See, e.g., Church of Scientology v. United States Dep't of Justice*, 612 F.2d 417, 426 (9th Cir. 1979) (general purpose of the FOIA justifies narrow construction of the exemptions).

The central purpose of the FOIA is to give ordinary citizens the power to keep the government honest in order to preserve our constitutional democracy.  It is established that "the FOIA's central purpose is to ensure that the Government's activities be opened to the sharp eye of public scrutiny…."[8] According to the U.S. Supreme Court: "The generation that made the nation thought secrecy in government one of the instruments of Old World tyranny and committed itself to the principle that a democracy cannot function unless the people are permitted to know what their government is up to."[9]  Congress expressed "the core purpose of the FOIA as 'contribut[ing] significantly to public understanding of the operations or activities of the government.'"[10]  This is "the public interest that the FOIA was enacted to serve."[11]

What is clear is that the names of the federal officials acting in their official capacity should ***not*** have been redacted and any documents with those names on them should be provided immediately.

---

[8]  *Id.*, *Department of Justice v. Reporters Committee*, 489 U.S. 749, 774.

[9]  *Id.*, 489 U.S. 749, 772-773 (*quoting* Henry Steele Commager).

[10]  *Id.*, 489 U.S. 749, 775  (*quoting* 5 U.S.C. § 552(a)(4)(A)(iii))

[11]  *Id.*, 489 U.S. 749, 775

### C. THERE ARE NO FOIA EXEMPTIONS APPLICABLE IN THIS MATTER[12]

#### 1. The Documents Do Not Fall Under Exemption 2

Exemption 2 protects from disclosure, documents "related solely to the internal personnel rules and practices of an agency." This section does not apply to matters that are related solely to the internal personnel rules and practices of an agency. Exemption 2 also does not generally apply to matters, such as the matters involved, in which there is a genuine and important public interest.

Exemption 2 protects materials that are "related solely to the internal personnel rules and practices of an agency." 5 U.S.C. § 552(b)(2). It applies to information "used for predominantly internal purposes." *Crooker v. Bureau of Alcohol, Tobacco & Firearms*, 670 F.2d 1051, 1073 (D.C.Cir.1981) (en banc). "The exemption exhibits a congressional judgment that material lacking external impact is unlikely to engage legitimate public interest, the touchstone of the policies underlying the Freedom of Information Act." *Cox v. United States Dep't of Justice*, 601 F.2d 1, 5 (D.C.Cir.1979).

Defendant claims Exemption 2 is applicable by the Records Office to withhold markings on the routing slip and the facsimile transmission. Defendant claims Exemption 2 for Documents 1, 2, 3, 5, 8, 9, 11, 13 and 14. However, Defendant fails to provide information that would permit identification of those documents and what information was related solely to the Postal Service. For instance, facsimile numbers are not internal, they are external information and they were sent, or received, by someone. Thus, they are not internal information and they must be released.

Defendant has not provided any evidence that the documents are covered by Exemption 2.

---

[12] PSMF ¶¶ 12, 16 and 19. Defendant refused to provide information and claimed Exemptions 2, 3, 5, 6, 7( C), 7(D), 7(E) were applicable to withhold the information.

Thus, Plaintiff asks that all documents being withheld under Exemption 2, Documents 1, 2, 3, 5, 8, 9, 11, 13 and 14, be immediately provided to plaintiff.

### 2. The Documents Do Not Fall Under Exemption 5

Exemption 5 of the FOIA exempts from mandatory disclosure documents that are "inter-agency or intra-agency" memoranda or letters which would not be available by law to a party other than an agency in litigation with the agency." 5 U.S.C. § 552(b)(5); 10 C.F.R. § 1004.10(b)(5). Exemption 5 permits withholding of responsive material that reflects advisory opinions, recommendations, and deliberations comprising part of the process by which government decisions and policies are formulated, under the deliberative process privilege. *NLRB v. Sears, Roebuck & Co.*, 421 U.S. 132, 149 (1975). In order to be shielded by this privilege, a record must be both pre-decisional, *i.e.* generated before the adoption of agency policy, and deliberative, *i.e.* reflecting the give-and-take of the consultative process. *Coastal States Gas Corp. v. Department of Energy*, 617 F.2d 854, 856 (D.C. Cir. 1980).

However, this privilege does not generally protect records containing purely factual matters. Predecisional materials are not exempt merely because they are prepared prior to a final agency action, policy, or interpretation. These materials must be a part of the agency's deliberative process by which decisions are made. *Vaughn v. Rosen*, 523 F.2d 1136, 1144 (D.C. Cir. 1975). The deliberative process privilege is intended to promote frank and independent discussion among those responsible for making governmental decisions. *EPA v. Mink*, 410 U.S. 73, 87 (1973); *Kaiser Aluminum & Chemical Corp. v. United States*, 157 F. Supp. 939 (Ct. Cl. 1958).

In this matter, factual matters have been indicated. In addition, Defendant has not identified the documents that permits a determination of what is being withheld and why that information

concerning our government is being kept from the taxpayers.

The Defendant has not shown how all parts of these documents relate to (1) Postal Inspectors' selective recollections and recommendations concerning the investigation, and (2) internal correspondence between Postal Service management and Postal Inspectors.  Thus, Exemption 5 does not apply and the government should publicize the documents at issue – Documents 1, 2, 8, 9, 11 and 14.

### 4. The Documents Do Not Fall Under Exemption 6

Exemption 6 shields from disclosure "[p]ersonnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy." 5 U.S.C. § 552(b)(6); 10 C.F.R. § 1004.10(b)(6). The purpose of Exemption 6 is to "protect individuals from the injury and embarrassment that can result from the unnecessary disclosure of personal information." *Department of State v. Washington Post Co.*, 456 U.S. 595, 599 (1982).

Defendant has not provided sufficient evidence to show that Exemption 6 applied to protect Documents 4, 6, 7, 15, 16, 17, 18, 19, and 20.  They type of information, where the information was, who gathered the information, was it in a public phone book, was not revealed.

First, there are not a significant privacy interest would be compromised by the disclosure of the record. Because there is no privacy interest identified, the record may not be withheld pursuant to this exemption. *See Ripskis v. Department of Hous. and Urban Dev.*, 746 F.2d 1, 3 (D.C. Cir. 1984).  Further, the release of the document would further the public interest by shedding light on the operations and activities of the Government. *See Reporters Committee for Freedom of the Press v. Department of Justice*, 489 U.S. 749 (Reporters Committee).  There has been no validly identified privacy issue for any person asserted.

Even if a privacy order was identified, which it hasn't been, it is in the public interest for the disclosure of the information. Information falls within the public interest if it contributes significantly to the public's understanding of the operations or activities of the government. *See Reporters Committee*, 489 U.S. at 775.  In the instant matter, the public would learn something directly about the workings of government from the release of documents.  Disclosure is mandated because the inner working of the government is the concern of all citizens - especially an governmental entity such as the post office which all Americans see on a daily basis.

Thus, Documents 4, 6, 7, 15, 16, 17, 18, 19, and 20 must be released in their entirety.

**5. The Documents Do Not Fall Under Exemption 7( C), 7 (D), Nor 7(E)**

Exemption 7 protects six different classes of law enforcement information. § 552(b)(7)(A)-(F).  Exemption 7 protects from disclosure "records or information compiled for law enforcement purposes," but only to the extent that disclosure of such records would cause an enumerated harm. 5 U.S.C. § 552(b)(7); *see Fed. Bureau of Investigation v. Abramson*, 456 U.S. 615, 622 (1982).  "The pivotal inquiry is whether there is a nexus between the agency's law enforcement duties and the information withheld." *Peter S. Herrick's Customs and Intern. Trade Newsletter v. U.S. Customs and Border Protection*, 2006 WL 1826185, *3 (D.D.C. 2006) (Bates, J.) *citing  Keys v. United States Dep't of Justice*, 830 F.2d 337, 340 (D.C.Cir.1987).

In order to withhold materials under Exemption 7, an agency has the burden of establishing that the records at issue were compiled for law enforcement purposes, and that the material satisfies the requirements of one of the subparts of Exemption 7. *See Pratt v. Webster*, 673 F.2d 408, 413 (D.C.Cir.1982).

In assessing whether records are compiled for law enforcement purposes, the analysis

required is how and under what circumstances the requested files were compiled,  and "whether the files sought relate to anything that can fairly be characterized as an enforcement proceeding." *Tax Analysts v. I.R.S.*, 294 F.3d 71, 78 (D.C.Cir. 2002) *citing In Rural Housing Alliance v. Dep't of Agriculture*, 498 F.2d 73 (D.C.Cir.1974).  There are two types of investigatory files that government agencies compile: (1) files in connection with government oversight of the performance of duties by its employees, and (2) files in connection with investigations that focus directly on specific alleged illegal acts which could result in civil or criminal sanctions.  *In Rural Housing Alliance v. Dep't of Agriculture*, 498 F.2d at 81.  Thus, if the investigation is for a possible violation of law, then the inquiry is for law enforcement purposes, as distinct from customary surveillance of the performance of duties by government employees.  *Id.* at 82.

### Exemption 7(C.)

Exemption 7(C.) to the FOIA only permits an agency to withhold information if the information is "compiled for law enforcement purposes" to the extent that such information "could reasonably be expected to constitute an unwarranted invasion of personal privacy." 5 U.S.C. § 552(b)(7)(C.). It does not exempt from disclosure, "[i]nternal agency investigations ⋯ in which an agency, acting as the employer, simply supervises its own employees." *Stern v. F.B.I.*, 737 F.2d 84, 89 (1984).

An agency may not withhold an entire file pursuant to Exemption 7(C.) unless the Government proves that disclosure of any part of the file "could reasonably be expected to constitute an unwarranted invasion of personal privacy." *Kimberlin v. Department of Justice*, 139 F.3d 944, 950 (D.C. Cir.1998) Moreover, the Government must make that showing in its Vaughn index and in such affidavits as it may submit therewith. *See generally Vaughn v. Rosen*, 484 F.2d 820, 827-28

(D.C.Cir.1973) (outlining requirements agency must meet in indexing documents for which it claims exemption from disclosure under FOIA).

The threshold test for withholding information under Exemption 7(C.) is whether such information is compiled as part of or in connection with an agency law enforcement proceeding. *FBI v. Abramson*, 456 U.S. 615, 622 (1982). The scope of Exemption 7 encompasses enforcement of both civil and criminal statutes. *Rural Housing Alliance v. Department of Agriculture*, 498 F.2d 73, 81 & n.46 (D.C. Cir. 1974). In the present case, there is no evidence that any of the documents were created during an investigation of any alleged misconduct.

Thus, without any identified investigation and no evidence 7( C) is applicable, there can be no documents legally withheld and plaintiff asks the Court to order the records at issue be provided to plaintiff.

As to the Postal agents' names.  Government employee do not completely lose their personal privacy with respect to the discharge of his official duties. *Nix v. United States*, 572 F.2d 998, 1005-06 (4th Cir. 1978). However, the Post Office has not identified the job descriptions of their employees for the Court to make a reasoned decision of whether all the employees that called Plaintiff's employees Nigerian Identity Thieves did that pursuant to their official duties.

Balanced against the privacy interests is the public interest in the investigation and disclosure of possible violations of federal statutes. With complete disclosure, plaintiff would be able to determine whether the Postal Service's investigation of the labeling insurance salespeople "Nigerian Identity Thieves" was complete and adequate. Moreover, although the Act was not designed to benefit private litigants, *NLRB v. Sears, Roebuck & Co.*, 421 U.S. 132, 143 n.10 (1975), the public interest in preventing and discovering illegal actions by federal employees may be vindicated in

some cases only by a private litigant's resort to a civil action under 18 U.S.C. s 2520. Just as the vindication of constitutional rights by private litigants in s 1983 actions serves the public interest, the vindication of important rights to a person's reputation and name also serve the public interest. Thus if plaintiff needs the names of Postal employees to maintain a law suit, then the release of the names would benefit a public interest. The public interest in such an investigation coincides with plaintiff's own interest.

There is also no evidence that the professional insurance agents at issue in this matter have ever "harassed" anyone, let alone a Postal employee. In balancing the privacy interests of the Postal agents with the public interest in disclosure. This is not a case in which the plaintiff seeking disclosure of names of agents has been investigated for possible criminal violations. Accordingly, there is no possible danger to the postal employees resulting from disclosure of their names to plaintiff, nor have defendants hypothesized any such danger.

The Defendant's arguments are just articulate an abstract potential for harassment and annoyance and the possibility that future undercover investigations could be jeopardized as justifications for the deletion of the agents' names. These potential invasions of privacy would exist in every case involving disclosure of agents' names, and the government has not indicated any reason for speculating that the potential is greater in this case.

The exemptions to disclosure are to be narrowly construed. *See Charlotte-Mecklenburg Hospital Authority v. Perry*, 571 F.2d 195 (4th Cir. 1978). Because there is a public interest in disclosure, and the government has not pointed to any circumstance peculiar to this case which indicates greater potential for harassment, annoyance, or the compromising of undercover assignments than would be present in every case, the balancing test favors disclosure. In weighing

Page 14 of  23

the public interest in disclosure against the privacy interests, the government has not satisfied its burden and that disclosure here will not constitute an "unwarranted" invasion of personal privacy. Defendants must release the names of the postal employees withheld from the documents 1, 2, 3, 4, 5, 6, 7, 8, 9, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20 and 21.

### 7. The Documents Do Not Fall Under Exemption 7(D)

Exemption 7(D) protects from disclosure only that information compiled for law enforcement purposes that: could reasonably be expected to disclose the identity of a confidential source, including a State, local or foreign agency or authority or any private institution which furnished information on a confidential basis, and, in the case of a record or information compiled by a criminal law enforcement authority in the course of a criminal investigation, information furnished by a confidential source.  5 U.S.C. § 552(b)(7)(D).  The government may not assume that a source is confidential for purposes of Exemption 7(D) simply because the source provided information to a law enforcement agency in the course of a criminal investigation. *See United States Dep't of Justice v. Landano*, 508 U.S. 165, 181 (1993). "A source is confidential within the meaning of 7(D) if the source provided information under an express assurance of confidentiality or in circumstances from which such an assurance could reasonably be inferred." *Williams v. Fed. Bureau of Investigation*, 69 F.3d 1155, 1159 (D.C.Cir.1995) (citations omitted) The question is "whether the particular source spoke with an understanding that the communication would remain confidential." *United States Dep't of Justice v. Landano*, 508 U.S. at 172 (emphasis in original).

Similarly, with respect to the names of those persons interviewed by the Post Office in connection with the investigation of the alleged "Nigerian Identity Thieves," in balancing the public interest in disclosure, which is identical to the interest in release of the employees' names, against

the privacy interests of the individual interviewees, that release will not constitute an unwarranted invasion of personal privacy.

Defendants have also relied on exemption (b)(7)(D) to withhold names of those interviewed by the Postal employees. Exemption (b)(7)(D) exempts material compiled for law enforcement purposes to the extent that production would "disclose the identity of a confidential source and, in the case of a record compiled by a criminal law enforcement authority in the course of a criminal investigation, . . . confidential information furnished only by the confidential source." Exemption (b)(7)(D) is unavailable to an agency unless the source of information was given an express assurance of confidentiality or could reasonably infer an assurance from the circumstances. See House Rep. No. 93-876, 1974 U.S.Code Cong. & Admin.News, pp. 6267, 6291.

Defendants do not claim that the Postal Service made an express promise of confidentiality. They do claim that persons interviewed "often assume" that their identities will not be disclosed. Thus defendants admit, and we agree, that not all persons interviewed by Postal agents assume that their names will be kept confidential. Defendants have not shown that the interviewees in the circumstances of this case could have reasonably assumed or did assume confidentiality. On the contrary, there is no evidence that the Postal agent made any representations of confidentiality nor Moreover, defendants have not shown that this is a case in which the interviewee might have a reason for desiring confidentiality. *See, e. g., Wellman Indus. Inc. v. NLRB*, 490 F.2d 427, 431 (4th Cir. 1973); cert. denied 419 U.S. 834 (1974). Defendants have not satisfied their burden of proof with respect to (b)(7)(D), and the Defendant must release the names excised pursuant to (b)(7)(D) from documents 1, 10, and 13.

As there are no confidential sources that have been identified, plaintiff requests that all the

documents withheld pursuant to Exemption 7(D) be provided as soon as possible.

### 8. The Documents Do Not Fall Under Exemption 7(E)

Exemption 7(E) protects two kinds of information: (1) that which "would disclose techniques and procedures for law enforcement investigations or prosecutions;" and (2) that which "would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law." *Peter S. Herrick's Customs and Intern. Trade Newsletter v. U.S. Customs and Border Protection*, 2006 WL 1826185 at *7 *citing* 5 U.S.C. § 552(b)(7)(E). "Both portions of Exemption 7(E) require that the information withheld relate to law enforcement investigations or prosecutions." *Id.*

Defendant claims Exemption 7(E) protects from mandatory disclosure Documents 1, 2, 16, 17, 19 and 20. However, other than conclusory statements, Defendant has not provided any evidence that Exemption 7(E) would apply in the present situation. Thus, plaintiff seeks an order that all documents be provided.

### IV. DEFENDANT VAUGHN INDEX IS INADEQUATE

Defendant have not provided a proper Vaughn Index. PSMF ¶ 17. In order to determine if the documents being withheld are privileged, defendant is required to provide a proper Vaughn Index. A Vaughn Index requires "is a list which describes each document withheld by an agency *with sufficiently detailed information to enable a district court to rule whether it falls within an exemption provided by FOIA*." *Ethyl Corp. v. U.S. EPA*, 25 F.3d 1241, n. 1 (4th Cir.1994).

"The purpose of the Vaughn index is to provide fertile ground upon which to germinate the seeds of adversarial challenge by providing an adequate synopsis of the withheld information and the reasons for the exemption claim." *Peter S. Herrick's Customs and Intern. Trade Newsletter v.*

*U.S. Customs and Border Protection*, 2006 WL 1826185 at *3 (D.D.C. 2006).

Defendant's Vaughn index does not provide a clear explanation of why each document or portion of a document was withheld and exempt from disclosure. *See Jones v. FBI*, 41 F.3d 238, 242 (6th Cir.1994) (a *Vaughn* index is adequate only if it "enables the court to make a reasoned independent assessment of the claim[s] of exemption." *(quotations and citations omitted)*.

Defendant's Vaughn Index should have described the document type, the date of the document, the purposes for which the document was created, who created the document, what material was deleted from the document, what exemption was to be used to withhold the information, a general description of the information withheld, and why that information fell under the exemption claimed.

## CONCLUSION

Accordingly, Plaintiff requests the Court to grant Plaintiff's Motion for Summary Judgment and Deny Defendant's Motion for Summary Judgment.  A draft order is attached.

Respectfully submitted,


  /s/ William P. Farley     
William P. Farley #466280
Law Office of William P. Farley, P.C.
900 17th Street, N.W.
Suite 1250
Washington, D.C.  20006
(202) 293-3200
Counsel for Plaintiff

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**
_____

**UNITED AMERICA FINANCIAL, INCORPORATED** )
                                        )
                                        )**Civil No.: 06 CV 1023 (JDB)**
              **Plaintiff,**             )
    **v.**                               )
                                        )
**POSTMASTER GENERAL JOHN E. POTTER**    )
**U.S. POSTAL SERVICE,**                 )
              **Defendants.**            )
_____)

**ORDER**

Upon consideration of Plaintiff's Motion for Summary Judgment and Defendant's Motion

for Summary Judgment, the oppositions, respective replies, and the record herein, it is the ___ day

of _____, 2006 hereby:

     **ORDERED** that the Plaintiff's motion for Summary Judgment be and hereby is **GRANTED;**

and it is

     **FURTHER ORDERED** that Defendant's motion for Summary Judgment be, and hereby

is **DENIED**; and it is

     **FURTHER ORDERED** that Defendant shall provide plaintiff with a copy of each document

withheld within 15 days**;** and it is

     **FURTHER ORDERED** that Defendant shall pay Plaintiff  reasonable fees and costs.



                       _____

                       The Honorable John D. Bates

                       United States District Court Judge

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing Plaintiff's Opposition to Defendant's Motion for Summary Judgment was served on all parties pursuant to the court's rules via electronic transmission, on this 30th day of November 2006 to:

CLAIRE WHITAKER, D.C. Bar # 354530
Assistant United States Attorney
United States Attorneys Office
Civil Division
555 4th Street, N.W., Room E-4204
Washington, D.C. 20530
(202) 514-7137
Counsel for Defendant


_____/s/___William P. Farley_____
William P. Farley 466280
Law Office of William P. Farley P.C.
900 17th Street, N.W.
Suite1250
Washington, D.C. 20006
(202) 293-3200
Counsel for Plaintiff

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| UNITED AMERICA FINANCIAL, INCORPORATED | ) |
| | ) |
| | )Civil No.: 06 CV 1023 (JDB) |
| Plaintiff, | ) |
| v. | ) |
| | ) |
| POSTMASTER GENERAL JOHN E. POTTER | ) |
| U.S. POSTAL SERVICE, | ) |
| Defendants. | ) |
| | ) |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S STATEMENT OF MATERIAL FACTS**
**NOT IN DISPUTE**

1.    **Plaintiff does not dispute that:** By letter dated February 1, 2006, addressed to the Postal Service Records Office and to James Rowan, Jr., Acting Chief Postal Inspector, plaintiff requested the names of all people responsible for creating a document titled, "A dropped PIN - Nigerian identity thieves targeting USPS employees."

    **Plaintiff disputes:** This article was generated after postal employee(s) complained that plaintiff's employees were representing themselves as representatives of the Office of Federal Employee's Life Insurance ("FEGLI") and were asking the employee(s) for PIN and other personal information. Attachment 1 (Moore Decl.) at ¶¶ 6 and 13.

2.    **Plaintiff does not dispute that:** Plaintiff also requested information concerning Postal Inspector John Soos's involvement in the creation of the article. Complaint; Moore Decl. at ¶ 6; see also Attachment 2 (Baxter Decl.) at ¶ 4 and Exhibit A, thereto.  In its request, Plaintiff wanted all supporting documents and all investigative documents pertaining to the above-identified document. Id. and Moore Decl. at ¶ 6 and Exhibit A, thereto.

3.    **As they lack information, Plaintiff disputes that:** Plaintiff's request was referred to Anthony J. Vegliante, Chief Human Resources Officer and Executive Vice President, the U.S. Postal Inspection Service. Id. at ¶ 7.

4.    **As they lack information, Plaintiff disputes that:** It was also referred to the Inspection Service and the Office of Inspector General ("OIG"). Attachment 2 (Baxter Decl.) and Attachment 3 (Cuthbertson Decl.) at ¶ 2.

5.    **As they lack information, Plaintiff disputes that:** Searches were conducted by Human Resources, the OIG and the Inspection Service and documents were processed and withholdings asserted under FOIA Exemptions 2, 3, 5, 7(C.), (D) and (E). See Attachments 1-5.

6.    **Plaintiff disputes that:** Efforts were made by Human Resources and the Inspection Service to segregate and release all reasonably segregable records. Attachment 1 at ¶ 22; Attachment 2 at ¶ 23.

Respectfully submitted,


 /s/ William P. Farley
William P. Farley #466280
Law Office of William P. Farley, P.C.
1350 Connecticut Avenue, NW
Suite 200
Washington, D.C. 20036
(202) 775-1550
Counsel for Plaintiff