UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED AMERICA FINANCIAL, INCORPORATED, )<br><br>Plaintiff, )<br><br>v. )<br><br>POSTMASTER GENERAL JOHN E. POTTER )<br>U.S. POSTAL SERVICE, )<br><br>Defendant. )<br>_____) | Civil Action No. 06-1023 (JDB) |

**DEFENDANT'S REPLY TO PLAINTIFF'S OPPOSITION
TO DEFNDANT'S MOTION FOR SUMMARY JUDGMENT**

On November 30, 2006, plaintiff filed its memorandum in opposition to defendant's motion for summary judgment in this Freedom of Information Act case. Plaintiff has recast its FOIA request in its opposition as one that "seek[s] all government documents concerning the government's policies and procedures in labeling African descendant companies Nigerian identity thieves." Oppo. at p. 3. Plaintiff further states that it "seeks many of the documents that are held by the defendant created in connection with the business of insurance business practices by private vendors, specifically, plaintiff's practices." Id. at p. 5. Its focus is on the records withheld and exemptions asserted by the Office of Inspection Service. Id. at pp. 8-17.

Preliminarily, defendant notes that a review of the complaint in this case and plaintiff's initial FOIA request shows that plaintiff's new representations made in its opposition were not part of the FOIA request before the agency and that this litigation is exclusively a FOIA matter. However, because a substantial number of records by the Inspection Service were withheld from release to plaintiff in their entirety (78 pages - see Attachment 1, Malone Declaration at ¶ 5),

defendant determined that a reprocessing of those records pursuant to the FOIA would be appropriate. To that end, defendant submits two new declarations and a Vaughn Index and incorporates these filings in its request for summary judgment. See Attachments 1, 2 and 3, hereto.[1] A Revised Statement of Material Facts Not in Dispute is also submitted herewith.

## DISCUSSION

Plaintiff specifically complains in its opposition that Exemptions 2, 5, 6, 7(C), 7(D), and 7(E) have not been properly asserted to withhold the records and specifically focuses its argument on the records withheld in full. Plaintiff's Oppo, pp. 8-17. No specific arguments have addressed the documents provided to plaintiff in redacted form. Therefore, defendant focuses his reply on the documents withheld in full, Documents 1-20.

In order to address plaintiff's representations as thoroughly as possible, defendant reprocessed the documents pursuant to the FOIA and determined that Exemptions 2, 5, 6, 7(C), 7(D) and (E) applied. However, certain revisions to the previously asserted exemptions were made in a new declaration by Ms. Karla Malone, Paralegal Specialist in the USPS Law Department. See Attachment 1, and specifically ¶ 2. When changes were made, Ms. Malone noted those changes in the new Vaughn Index. See Attachment 2. The new declaration together with the new Vaughn Index and a supplemental Declaration by Postal Inspector Terrence Sullivan [Attachment 3] provide a more thorough explanation of the withhold documents and justification for the withholdings. As noted in n. 1, to the extent that a withholding was changed from the original filing, Ms. Malone as noted that change in the Vaughn Index. By this effort, it

---

[1] The redacted pages are addressed in defendant's original declaration. See R. 17, Attachment 2, except to the extent that Exemption 7(A) is being asserted here. To the extent that the new declaration of Ms. Karla Malone found at Attachment 1, hereto, revises the declaration submitted by Ms. Renee Baxter (R.17, Att.2), Ms. Malone explains the agency's new determination in the new Vaughn Index, found at Attachment 2, hereto.

is hoped that plaintiff, and the Court, will have a full and thorough description and rationale for each withholding.

Defendant inadvertently failed to assert Exemption 7(A) in the original declaration and Vaughn Index in support of the withholdings by the Office of Inspection Service, although this exemption was asserted for the records of the Office of Inspector General (OIG). This oversight occurred because the Postal Inspector (Terrence Sullivan) was not consulted. Attachment 1 at ¶ 5e. Accordingly, defendant requests summary judgment in connection with its withholding of documents pursuant to Exemption 7(A) and provides the following new argument. Should plaintiff seek permission to respond to this argument, defendant will not object.

1. Exemption 7(A) Has Been Properly Asserted to Protect the Withheld Records.

    a. Inspection Services Records Fall Under Exemption 7(A).

As explained in Attachment 1, hereto (Declaration of Karla Malone, Paralegal Specialist, USPS Law Dept.), the documents withheld in full were "all complied for law enforcement purposes" Attachment 1 at ¶ 5e. She has incorporated the Declaration of Frank O'Connor, filed in support of the withholdings by the OIG with defendant's motion for summary judgment on October 30, 2006 [R. 15], and a new declaration by Postal Inspector Terrence Sullivan [see Attachment 3, hereto]. As Ms. Malone makes clear in her declaration, "there is an ongoing investigation . . . [and] disclosure would interfere with the ingoing[sic] investigation." Id. As Ms. Malone notes, Exemption 7(A) applies to every one of the documents withheld in their entirety, i.e., Documents 1 through 20. Id. (Att. 1 at ¶ 5h); see also Vaughn Index at Attachment 2.

Exemption 7(A) protects from disclosure records or information compiled for law enforcement purposes; but only to the extent that production of such law enforcement records or information could be reasonably be expected to interfere with any enforcement proceeding. As

the declaration of Postal Inspector Terrence C. Sullivan explains on January 27, 2006, he commenced an investigation for the Inspection Service into a possible identity theft ring after receiving complaints from Postal employees about suspicious individuals on Postal premies. Attachment 3, hereto, at ¶ 2.  The documents were compiled during the course of the investigation for law enforcement purposes and are protected disclosure because release would interfere with enforcement proceedings.   This exemption was added because the documents were complied in the course of a law enforcement investigation.

More specifically, Mr. Sullivan explained that the investigation commenced on or about January 27, 2006, when Postal employees complained about suspicious individuals on Postal premises.  Attachment 3 at ¶ 2. The Postal Service was concerned about such activities due to the terrorism and anthrax issues it has faced. Id.

Mr. Sullivan's investigation suggested that United America Financial, Inc., employees had gained access to various Postal Services facilities by purporting to be associated with the Office of Federal Employees Group Life Insurance program. Id. at ¶ 3.  Mr. Sullivan noted that "According to Postal Service regulations, access to workroom and restricted areas is restricted to Postal employees and authorized contractors.  The company was not properly authorized to enter Postal facilities." Id.

When plaintiff made its FOIA request, the documents maintained in the Office of Inspection Services had been assembled by Mr. Sullivan as part of his investigation and were compiled as part of an official law enforcement investigation with the possibility of a criminal investigation. Attachment 3 at ¶ 5.  As noted by Mr. Sullivan, they were compiled as part of his investigation and were predecisional and deliberate. Id.  As Mr. Sullivan further noted: "Disclssure of my records would have had a negative impact on the investigation since ESD-

UAF might not have known it was under investigation." Id. at ¶ 6. He also noted that "this was a matter where ESD-UAF's employees were illegally gaining access to Postal facilities under false pretenses in violation of federal law." Id. Finally, Mr. Sullivan explained: "There was a potential that the findings of my inestigation would result in criminal prosecution or penalty against ESD-UAF." Id.

None of Mr. Sullivan's records were released to the public. Id. at ¶ 7.

Although the Inspection Service does intend to independently continue its investigation, the documents are being referred to the OIG to be incorporated into its investigation and possible prosecution. Attachment 1 at ¶ 5.

### b. The Records are Protected from Disclosure Pursuant to Exemption 7(A)

The Office of Inspection Service records are properly withheld pursuant to FOIA Exemption 7(A). As noted above, Exemption 7(A) permits agencies to withhold "records or information compiled for law enforcement purposes" to the extent that disclosures of such records or information "could reasonably be expected to interfere with enforcement proceedings." See 5 U.S.C. §552(b)(7)(A). Information provided by witnesses, investigative reports, and other information obtained during the course of an investigation are categories of information that may be withheld pursuant to exemption 7(A). Curran v. Department of Justice, 813 F.2d 473, 476 (1st Cir. 1987). The application of exemption 7(A) does not depend on the imminence of a trial or adjudication; it is sufficient that an enforcement proceeding may result from the investigation. National Public Radio v. Bell, 431 F.Supp. 509, 514-15 (D.D.C. 1977). Enforcement proceedings are still pending in connection with plaintiff's employees' misrepresentation about plaintiff's affiliation with FEGLI in order to gain access to federal employees' personal information. That is sufficient to assert Exemption 7(A) as a basis for

withholding these documents.

    2. <u>Records Were Properly Withheld Pursuant to Exemptions 2, 5, 7 (C), (D) and (E)</u>

As noted in the Malone declaration, the records withheld in their entirely (Documents 1-20 in the Vaughn Index) also fall under FOIA Exemptions 2, 5, 6, 7(C), 7(D) and 7(E).

Attachment 2 is a revised and updated Vaughn Index which addresses each of the 20 documents withheld in its entirety. In the descriptions, defendant has addressed plaintiff's concerns as to lack of specificity. The documents have been identified by subject, format and page length. Moreover, the reasoning behind each withholding has been explained and supporting citation provided. Defendant submits that it has provided sufficient justification in its revised Vaughn Index to justify summary judgment in its behalf.

    3. <u>Segregability</u>

In order to demonstrate that all reasonably segregable material has been released, the agency must provide a "detailed justification" rather than "conclusory statements". <u>Mead Data Cent., Inc. v. United States Dept. of the Air Force</u>, 566 F.2d 242, 261 (D.C. Cir. 1977). The agency is not, however, required "to provide such a detailed justification" that the exempt material would effectively be disclosed. <u>Id</u>. All that is required is that the government show "with 'reasonable specificity'" why a document cannot be further segregated. <u>Armstrong v. Executive Office of the President</u>, 97 F.3d 575, 578-79 (D.C. Cir. 1996); <u>see</u> <u>also</u> <u>Mead Data</u>, 566 F.2d at 261, n.55. Accordingly, the Postal Service has expressly considered the segregability issue and concluded that no additional information could be released to the plaintiff. Attachment 1 at ¶ 7.

## IV.  CONCLUSION

For the reasons set forth herein, it defendant's motion for summary judgment and the supporting documents, it is respectfully requested that motion for summary judgment be granted in defendant's behalf and the case dismissed with prejudice.  A proposed order is attached.

Respectfully submitted,

/s/
JEFFREY A. TAYLOR, D.C. Bar # 498610
United States Attorney

/s/
RUDOLPH CONTRERAS, D.C. Bar # 434122
Assistant United States Attorney

/s/
CLAIRE WHITAKER, D.C. Bar # 354530
Assistant United States Attorney
United States Attorneys Office
Civil Division
555 4th Street, N.W., Room E-4204
Washington, D.C. 20530
(202) 514-7137

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| UNITED AMERICA FINANCIAL, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 06-1023 (JDB) |
| | ) | |
| POSTMASTER GENERAL, JOHN E. POTTER, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## DEFENDANT'S STATEMENT OF MATERIAL FACTS NOT IN DISPUTE

1. By letter dated February 1, 2006, addressed to the Postal Service Records Office and to James Rowan, Jr., Acting Chief Postal Inspector, plaintiff requested the names of all people responsible for creating a document titled, "A dropped PIN - Nigerian identity thieves targeting USPS employees." This article was generated after postal employee(s) complained that plaintiff's employees were representing themselves as representatives of the Office of Federal Employee's Life Insurance ("FEGLI") and were asking the employee(s) for PIN and other personal information. R. 15, Attachment 1 (Moore Decl.) at ¶¶ 6 and 13.

2. Plaintiff also requested information concerning Postal Inspector John Soos's involvement in the creation of the article. Complaint; R. 15, Att. 1 at ¶ 6; see also %. 17, Att. 2 (Baxter Decl.) at ¶ 4 and Exhibit A, thereto. In its request, Plaintiff wanted all supporting documents and all investigative documents pertaining to the above-identified document. Id. and R. 15, Att. 1 at ¶ 6.

3. Plaintiff's request was referred to Anthony J. Vegliante, Chief Human Resources Officer and Executive Vice President, the U.S. Postal Inspection Service. Id. at ¶ 7.

4.  It was also referred to the Inspection Service and the Office of Inspector General ("OIG"). R. 17, Attachment 2 (Baxter Decl.) and R. 15, Attachment 3 (Cuthbertson Decl.) at ¶ 2.

5.  Searches were conducted by Human Resources, the OIG and the Inspection Service and documents were processed and withholdings asserted under FOIA Exemptions 2, 3, 5, 7(A), (C), (D) and (E). See R. 15, R. 17 and Attachments 1, 2 and 3, hereto.

6.  Human Resources and the Inspection Service segregated and released all reasonably segregable records. R. 15, Att. 1 at ¶ 22; R. 17., Att. at ¶ 23, and Attachment 1, hereto, at ¶ 7.

        Respectfully submitted,

        _____/s/_____
        JEFFREY A. TAYLOR , Bar # 498610
        United States Attorney

        _____/s/_____
        RUDOLPH CONTRERAS, D.C. Bar # 434122
        Assistant United States Attorney

        _____/s/_____
        CLAIRE WHITAKER, D.C. BAR # 354530
        Assistant U.S. Attorney