UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED AMERICA FINANCIAL, INCORPORATED, | ) ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) Civil Action No. 06-0123 (JDG) ) ) |
| JOHN E. POTTER, POSTMASTER GENERAL UNITED STATES POSTAL SERVICE, | ) ) ) ) ) |
| Defendant. | ) |

### DECLARATION OF KARLA M MALONE

I, **Karla M. Malone**, declare the following to be true and correct. I am aware that this declaration will be submitted in connection with the proceeding captioned above and that it is the legal equivalent of a statement under oath:

1. I am employed by the U. S. Postal Service, an independent establishment of the executive branch of the Government of the United States. I presently serve as a Paralegal Specialist with the Capital Metro Law Department located in Landover, Maryland.

2. I re-evaluated documents 1-20 previously withheld by the U.S. Postal Inspection Service in response to issues raised in *Plaintiff's Opposition Memorandum of Points and Authorities in Opposition to Defendant's Motion for Summary Judgment*. Based upon my re-evaluation, I concur with the withholding of the documents. However, my evaluation of the documents resulted in the revision of previously asserted exemptions. I asserted exemption 5 USC § 552 (B)(7)(A) not previously invoked due to the possible criminal investigation or prosecution of Plaintiff.

I concur with the majority of the previous asserted exemptions. When an exemption was inappropriately applied, I revised the exemption with the appropriate and relevant exemption. I detailed the exemption changes and my reasoning in the attached Vaughn Index.

3. I make the statements herein based on personal knowledge, as well as information acquired in the performance of my official duties.

**DESCRIPTION OF WITHHELD RECORDS AND REASONS FOR WITHHOLDING**

4. The records at issue are covered in the System of Records called the Investigative File System (USPS Handbook AS-353, Section 700.000). The files are located with the U.S. Postal Inspection Service. I incorporate by reference, paragraphs 18, 22 and 29 of Mildred Baxter's Declaration pertaining to documents released in redacted form and documents released in full.

5. <u>Records Withheld in Full</u>. The U.S. Postal Inspection Service originally withheld 127 pages of documents. They re-evaluated the withheld documents and released an additional 47 pages on October 30, 2006; resulting in 78 pages withheld. The U.S. Postal Inspection Service two-page discrepancy was the result of two (2) double-sided pages being copied as one-sided and counted as one-page. A total of 78 pages of U.S. Postal Inspection Service investigative records were withheld pursuant to Exemptions (B)(2), (B)(5), (B)(6), (B)(7)(A), (B)(7)(C), (B)(7)(D) and (B)(7)(E). Although the U.S. Postal Inspection Service is no longer investigating, the withheld documents are being forwarded to the Postal Service Office of Inspector General to inclusion with their investigation and possible prosecution.

A description of the records by category and application of the FOIA exemptions are detailed in the attached Vaughn Index and are described as follows:

    a.    <u>Exemption 2 (low 2)</u> – this provision exempts from mandatory disclosure "records related solely to the internal personnel rules and practices of an agency." Exemption 2 allows for the withholding when the internal matters would have no significance to the public. Because UAF targeted only postal employees and not the public, this information is not of any significant interest to the general public.

Exemption low 2 records were found in Documents 3, 5, 8 and 9 and were properly withheld.

    b.    <u>Exemption 2 (high 2)</u> – this provision exempts from mandatory disclosure documents that are "predominately internal matters the disclosure of which would risk the circumvention of a statute or agency regulation" *Crooker v. ATF*, 670 F2d 1051 (D.C. Cir. 1981). Release of this information would allow UAF to circumvent postal policy if the documents were released; therefore, these documents are properly withheld from disclosure under exemption 2.

Exemption high 2 records were found in documents 1, 2, 11, 13 and 14 and were properly withheld.

    c.    <u>Exemption 5</u> – this provision allows for withholding from disclosure when the documents are inter-agency or intra-agency memorandums or letters that would not be available by law to a party other than an agency in litigation with the U.S. Postal Service. *Department of the Interior v. Klamath Water Users Protection Ass'n*, 532 U.S. 1 (2001).

Because these documents would not be available to the general public, they are protected from disclosure.

The documents were properly withheld under Exemption 5 because they fall under the predecisional and deliberative provision. This privilege protects the consultative functions of government by maintaining the confidentiality of advisory opinions, recommendations and deliberations comprising part of a process by which governmental decisions and policies are formulated. The documents withheld relate to internal correspondence between Postal Service management and U.S. Postal Inspectors and also between U.S. Postal Inspectors and other law enforcement agencies.

Exemption 5 protects the "thoughts and opinions" of agency personnel. They relate to U.S. Postal Inspectors selective recollections and recommendations concerning the investigation. The records reflect the process of determining whether or not further law enforcement activities should be commenced.

Exemption 5 was properly applied to documents 1, 2, 8, 9, 10, 11, 13 and 14.

d.  Exemption 6 – This provision protects personnel, medical files, and similar files when the disclosure of such information "would constitute a clearly unwarranted invasion of personal privacy." Exemption 6 was applied to documents 4, 6, 12, 13, 14, 16, 17, 18, 19 and 20. I weighed the privacy interest of individuals against the public's interest of disclosure and determined the privacy interest outweighed the public interest. I applied this exemption to protect information about third-party individuals whose personal information appears in the records and would constitute an unwarranted invasion of

personal privacy. The withheld documents contained personal information, including employee names, employee social security or identification numbers and employees' PIN numbers. Exemption 6 requires the written authorization of the employees before releasing personal information.

    e.    <u>Exemption 7(A)</u> - This provision protects records from disclosure when the records or information were compiled for law enforcement purposes. These documents were all compiled for law enforcement purposes and are properly withheld under Exemption 7(A). While reprocessing the request, I asserted 7(A) as a new exemption because the documents were compiled for law enforcement purposes. Prior to my re-evaluation of the withheld document, U.S. Postal Inspector Terrence Sullivan was not contacted for purposes of asserting this exemption. I incorporate by reference Frank O'Connor's Declaration and Terrence Sullivan's Declaration. In addition, because U.S. Postal Service Office of Inspector General has an ongoing investigation, these documents were properly withheld because disclosure would interfere with the ingoing investigation.

Exemption 7(A) was applied to the released redacted documents and the withheld documents 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19 and 20. Documents 1-20 were properly withheld.

    f.    <u>Exemption 7(C)</u> – This provision protects records where disclosure could reasonably be expected to constitute an unwarranted invasion of personal privacy. It protects "records or information compiled for law enforcement purposes," i.e., names of Postal employees, PIN numbers, cell numbers, social security numbers and third party individuals. I incorporate by reference Frank O'Connor's Declaration and Terrence

Sullivan's Declaration. The threshold of Exemption 7(C) was met because the files at issue were compiled for law enforcement purposes and they contained the identities and or addresses of individuals who were not the target of the investigation.

I applied exemption 7(C) because the disclosure would reasonably be expected to subject Postal employees and other third parties individuals to unnecessary harassment, intimidation and or physical harm. The Postal employees and third parties protected from disclosure include individuals that provided witness statements, individuals who supplied information or otherwise assisted in the investigation, individuals mentioned in the records as being potential leads, and non-postal law enforcement personnel, whether federal, state or local, who played some official role in the investigation and are identified in the records. I weighed the privacy interest of individuals against the public's interest of disclosure and determined the privacy interest outweighed the public interest.

Exemption 7(C) was applied to Documents 1, 2, 3, 4, 5, 6, 7, 8, 9, 11, 12, 13, 14, 15, 16, 17, 18, 19 and 20 and were properly withheld.

    g.    <u>Exemption 7(D)</u> – This provision exempts information that could reasonably be expected to disclose the identity of a confidential source and confidential information furnished by that source. Exemption 7(D) protects from mandatory disclosure "records or information compiled for law enforcement purposes... compiled by a criminal law enforcement authority in the course of an investigation." I incorporate by reference Frank O'Connor's Declaration and Terrence Sullivan's Declaration. This exemption protects documents from disclosure where an implied confidentiality based on the nature of the crime and the sources relation to the crime was applied. *United States Dep't of Justice v.*

*Lando*, 508 U.S. 165 (1993). I applied this exemption based on the implied confidential threshold. The U.S. Postal Inspection Service was conducting a possible criminal investigation of Plaintiff and the parties providing information can reasonable expect an implied promise of confidentiality. Disclosure of the identities of the confidential sources could reasonably be expected to subject them to unnecessary harassment, intimidation and or physical harm. Disclosure of the confidential sources could jeopardize the ongoing investigation with the possibility of a criminal investigation in this matter and future law enforcement investigations. I incorporate by reference Frank O'Connor's Declaration and Terrence Sullivan's Declaration.

I applied Exemption 7(D) to protect the identities and statements of confidential sources who provided information under an implied promise of confidentiality. The latter portion of Exemption 7(D) protects all information furnished by confidential sources. This portion of the exemption recognizes the reality that the identity of a source may often be determined by analyzing the information provided, a task often easily accomplished by someone familiar with the facts and circumstances of the case. Release of these documents would impair the U.S. Postal Inspection Service's ability to continue to obtain confidential information concerning suspected criminal activity and sources of information vital to its investigative and law enforcement functions. Therefore, the statements of all those who provided information to the U.S. Postal Inspection Service under implied assurances of confidentiality are protected under Exemption 7(D). I applied Exemption 7(D) to Documents 1, 10 and 13 under the implied confidentiality provision.

h.  <u>Exemption 7(E)</u> – This provision exempts from disclosure records where disclosure would reveal techniques and procedures for law enforcement investigations or prosecutions. Exemption 7(E) was properly applied to documents 2, 7, 10, 12, 15, 16, 17, 19 and 20 as they contain the techniques and procedures used by the U.S. Postal Inspection Service when investigating suspects and criminal activity; therefore, the documents are protected from disclosure. I applied Exemption 7(E) to protect the integrity of electronic databases utilized by intra-agency and inter-agency law enforcement personnel.

## PRIVACY ACT EXEMPTION

6.  The Privacy Act, 5 U.S.C. § 552a(b), exempts from disclosure those records which is contained in a system of records by any means of communication to any person, or to another agency, except pursuant to a written request by, or with the prior written consent of, the individual to whom the records pertains." The requested records contained personal information of U.S. Postal Service employees or third parties, which were exempt from disclosure without the written authorization from the employee.

## SEGREGRATION OF DOCUMENTS

7. All documents were processed to achieve maximum disclosure consistent within the provisions of FOIA. Every effort was made to provide Plaintiff with all material in the public domain and with all reasonably segregable portions of releasable material. Further detailed descriptions of the information contained within the documents withheld would identify the material sought to be protected.

8. Copies of the documents contain categories of exemptions that detail the nature of the information withheld pursuant to the provisions of FOIA and the Privacy Act. To further describe the information withheld in more detail could identify the very material that is protecting from disclosure under 5 U.S.C. § 552 and 5 U.S.C. § 552a. I incorporate by reference, paragraphs 18, 22 and 29 of Mildred Baxter's Declaration regarding documents released in redacted form, documents released in full and the segregation of documents.

9. The information contained in this declaration constitutes a complete and accurate description of all the documents I reviewed from the U. S. Postal Inspection Service.

I declare under penalty of perjury that the foregoing is true and correct. Executed on December 22, 2006.

*Karla M Malone*

Karla M Malone
Paralegal Specialist