**INDEX OF REDACTED/WITHHELD DOCUMENTS WITH FOIA EXEMPTIONS**

| Doc# | Description of Pages | FOIA Exemption | Material Withheld |
|---|---|---|---|
| 1 | Internal Memorandum to File dated January 30, 2006, written by Postal Inspector Sullivan detailing the events of the investigation of a possible identity theft scam by UAF  (2 pages) | 5 USC 552 (B)(2) | Exemption 2<br><br>FOIA disclosure requirements do not apply to matters that are "related solely to the internal personnel rules and practices of an agency." 5 U.S.C. 552(b)(2).<br><br>This document was strictly an internal document not disseminated to the public. This document would be of little interest to the general public since it does not shed light on the operations of the government. *Hale v. Dep't of Justice*, 972 F.2d 894 (10th Cir. 1992).<br><br>This document falls under the high 2 category and is properly withheld because of a risk of circumventing the policies and practices of the Agency. *Crooker v. ATF*, 670 F.2d 1051 (D.C. Cir. 1981). |
| | | 5 USC 552 (B)(5) | Exemption 5<br><br>Exemption 5 protects from disclosure "inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency."<br><br>This document was is an inter-agency memorandum to the file which is not available to the public.<br><br>Exemption 5 protects from disclosure where the documents are deliberate and predecisional.  This document is protected from disclosure as predecisional and deliberate which contain the thoughts and opinions of Agency employees. |

| | | 5 USC 552 (B)(7)(A) | Exemption 7A

Exemption 7(A) was added because the document was compiled in the course of a law enforcement investigation.

Exemption 7A protects from disclosure "records or information compiled for law enforcement purposes; but only to the extent that production of such law enforcement records or information could be reasonably be expected to interfere with enforcement proceedings."

This document was compiled during the course of the investigation for law enforcement purposes and is protected disclosure because release would interfere with enforcement proceedings. |
| | | 5 USC 552 (B)(7)(C) | Exemption 7C

Exemption 7C protects from disclosure "personal information in law enforcement records" and provides disclosure protection for information that "could reasonably be expected to constitute an unwarranted invasion of personal privacy"

This document contains personal information that  information which would be an invasion of the privacy of the persons identified within the document. |
| | | 5 USC 552 (B)(7)(D) | Exemption 7D

Exemption 7D protects from disclosure "records or information compiled for law enforcement purposes which could reasonably be expected to disclosure the identity of confidential sources."

This document contains information that would disclose sources who provided information and that under |

| | | | |
|---|---|---|---|
| | | | the circumstances an assurance of confidentiality was reasonably inferred. *United States Department of Justice v. Landano*, 508 U.S. 165 (1993). |
| 2 | Inspection Service Incident Report dated January 30, 2006, by reporting officer Mauer detailing the events that took place at the postal facility individuals posing as Federal Employees Group Life Insurance employees (2 pages) | 5 USC 552 (B)(2) | **Exemption 2**<br><br>FOIA disclosure requirements do not apply to matters that are "related solely to the internal personnel rules and practices of an agency." 5 U.S.C. 552(b)(2).<br><br>This document was strictly an internal document not disseminated to the public. This document would be of little interest to the general public since it does not shed light on the operations of the government.<br><br>This document falls under the high 2 category and is properly withheld because of a risk of circumventing the policies and practices of the Agency. |
| | | 5 USC 552 (B)(5) | **Exemption 5**<br><br>Exemption 5 protects from disclosure "inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency."<br><br>This document was is an inter-agency memorandum to the file which is not available to the public.<br><br>Exemption 5 protects from disclosure where the documents are deliberate and predecisional. This document is protected from disclosure as predecisional and deliberate which contain the thoughts and opinions of Agency employees. |

| | | 5 USC 552 (B)(7)(A) | Exemption 7A

Exemption 7(A) was added because the document was compiled in the course of a law enforcement investigation.

Exemption 7A protects from disclosure "records or information compiled for law enforcement purposes; but only to the extent that production of such law enforcement records or information could be reasonably be expected to interfere with enforcement proceedings."

This document was compiled during the course of the investigation for law enforcement purposes and is protected disclosure because release would interfere with enforcement proceedings. |
| | | 5 USC 552 (B)(7)(C) | Exemption 7C

Exemption 7C protects from disclosure "personal information in law enforcement records" and provides disclosure protection for information that "could reasonably be expected to constitute an unwarranted invasion of personal privacy"

This document contains personal information that  information which would be an invasion of the privacy of the persons identified within the document. |
| | | 5 USC 552 (B)(7)(E) | Exemption 7E

Exemption 7E protects all law enforcement information that "would disclosure techniques and procedures for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law."
This is an internal document which details the narrative of events that |

| | | | took place at a postal facility on January 27, 2006. This document is protected from disclosure because the document is used in concert with other elements of the investigation and the totality of the investigative goal would impact the investigations. Disclosure of this document would disclose techniques and procedures for law enforcement investigations or prosecutions. |
|---|---|---|---|
| 3 | Internal facsimile cover sheet dated January 30, 2006, from the United States Postal Inspection Service (1 page) | 5 USC 552 (B)(2) | **Exemption 2**<br><br>FOIA disclosure requirements do not apply to matters that are "related solely to the internal personnel rules and practices of an agency." 5 U.S.C. 552(b)(2).<br><br>This document was strictly an internal document not disseminated to the public. This document would be of little interest to the general public since it does not shed light on the operations of the government. Facsimile, telephone numbers and email addressed of Inspection Service employees is not public information and is protected from disclosure. *Hale v. Dep't of Justice*, 973 F.2d 894 (10th Cir. 1992). |
| | | 5 USC 552 (B)(7)(A) | **Exemption 7A**<br><br>Exemption 7(A) was added because the document was compiled in the course of a law enforcement investigation.<br><br>Exemption 7A protects from disclosure "records or information compiled for law enforcement purposes; but only to the extent that production of such law enforcement records or information could be reasonably be expected to interfere with enforcement proceedings."<br><br>This document was compiled during |

| | | | the course of the investigation for law enforcement purposes and is protected disclosure because release would interfere with enforcement proceedings. |
|---|---|---|---|
| | | 5 USC 552 (B)(7)(C) | **Exemption 7C**<br><br>Exemption 7C protects from disclosure "personal information in law enforcement records" and provides disclosure protection for information that "could reasonably be expected to constitute an unwarranted invasion of personal privacy"<br><br>This document contains personal information that  information which would be an invasion of the privacy of the persons identified within the document.<br><br>This document is an internal document that would be of little or interest to the general public since it does not shed light on the operations of the government.<br><br>It is Inspection Service policy to redact the names of law enforcement personnel and third party individuals. |
| 4 | Handwritten name and phone number of postal employee (undated) (1 page) | 5 USC 552 (B)(6) | **Exemption 6**<br><br>Exemption 6 protects disclosure of documents and information about individuals when the disclosure of such information would constitute a clearly unwarranted invasion of personal privacy"<br><br>This document is protected from disclosure because it contains personal and identifiable information of U.S. Postal Service and release of would constitute and unwarranted |

| | | | |
|---|---|---|---|
| | | | invasion of the privacy of U.S. Postal Service employees and their families. *Lakin Law Firm P.C. v. FTC*, 352 F.3d 1122 (7th Cir. 2003). |
| | | 5 USC 552 (B)(7)(A) | Exemption 7A<br><br>Exemption 7(A) was added because the document was compiled in the course of a law enforcement investigation.<br><br>Exemption 7A protects from disclosure "records or information compiled for law enforcement purposes; but only to the extent that production of such law enforcement records or information could be reasonably be expected to interfere with enforcement proceedings."<br><br>This document was compiled during the course of the investigation for law enforcement purposes and is protected disclosure because release would interfere with enforcement proceedings. |
| | | 5 USC 552 (B)(7)(C) | Exemption 7C<br><br>Exemption 7C protects from disclosure "personal information in law enforcement records" and provides disclosure protection for information that "could reasonably be expected to constitute an unwarranted invasion of personal privacy"<br><br>This document is protected from disclosure because it contains personal and identifiable information of U.S. Postal Service employees and release of this document would constitute an unwarranted invasion of the privacy of U.S. Postal Service employees and their families. *Lakin Law Firm P.C. v. FTC*, 352 F.3d 1122 (7th Cir. 2003). |

| 5 | Internal email dated January 27, 2006, from OH postal facility to all Northern OH postal email users regarding LiteBlue (2 pages) | 5 USC 552 (B)(2) | Exemption 2<br><br>FOIA disclosure requirements do not apply to matters that are "related solely to the internal personnel rules and practices of an agency." 5 U.S.C. 552(b)(2).<br><br>This document was strictly an internal document not disseminated to the public. This document would be of little interest to the general public since it does not shed light on the operations of the government. |
| | | 5 USC 552 (B)(7)(A) | Exemption 7A<br><br>Exemption 7(A) was added because the document was compiled in the course of a law enforcement investigation.<br><br>Exemption 7A protects from disclosure "records or information compiled for law enforcement purposes; but only to the extent that production of such law enforcement records or information could be reasonably be expected to interfere with enforcement proceedings."<br><br>This document was compiled during the course of the investigation for law enforcement purposes and is protected disclosure because release would interfere with enforcement proceedings. |
| | | 5 USC 552 (B)(7)(C) | Exemption 7C<br><br>Exemption 7C protects from disclosure "personal information in law enforcement records" and provides disclosure protection for information that "could reasonably be expected to constitute an unwarranted invasion of personal privacy"<br><br>This document is protected from disclosure because it is a law enforcement record which contains |

| | | | |
|---|---|---|---|
| | | | personal and identifiable information of U.S. Postal Service employees and release of this document would constitute an unwarranted invasion of the privacy of U.S. Postal Service employees and their families. *Lakin Law Firm P.C. v. FTC*, 352 F.3d 1122 (7th Cir. 2003).<br><br>It is Inspection Service policy to redact the names of law enforcement personnel and third party individuals. |
| 6 | Handwritten note containing name and cell phone number of a postal employee (undated) (1 page) | 5 USC 552 (B)(6) | Exemption 6<br><br>Exemption 6 protects disclosure of documents and information about individuals when the disclosure of such information would constitute a clearly unwarranted invasion of personal privacy"<br><br>This document is protected from disclosure because it contains personal and identifiable information of U.S. Postal Service and release of would constitute and unwarranted invasion of the privacy of U.S. Postal Service employees and their families. *Lakin Law Firm P.C. v. FTC*, 352 F.3d 1122 (7th Cir. 2003). |
| | | 5 USC 552 (B)(7)(A) | Exemption 7A<br><br>Exemption 7(A) was added because the document was compiled in the course of a law enforcement investigation.<br><br>Exemption 7A protects from disclosure "records or information compiled for law enforcement purposes; but only to the extent that production of such law enforcement records or information could be reasonably be expected to interfere with enforcement proceedings."<br><br>This document was compiled during the course of the investigation for law enforcement purposes and is |

|   |   |   | protected disclosure because release would interfere with enforcement proceedings. |
|---|---|---|---|
|   |   | 5 USC 552 (B)(7)(C) | Exemption 7C

Exemption 7C protects from disclosure "personal information in law enforcement records" and provides disclosure protection for information that "could reasonably be expected to constitute an unwarranted invasion of personal privacy"

This document is protected from disclosure because it is a law enforcement record which contains personal and identifiable information of U.S. Postal Service employees and release of this document would constitute an unwarranted invasion of the privacy of U.S. Postal Service employees and their families. *Lakin Law Firm P.C. v. FTC*, 352 F.3d 1122 (7th Cir. 2003). |
| 7 | Drivers' licenses of UAF employees who are the subject of the US Postal Inspection Service's investigation (1 page)

Exemption 6 was improperly applied to document 7 as pertaining to employees of U.S. Postal Service. Because the drivers' licenses were from UAF employees, exemption 6 was not applicable and was replaced by exemption 7(A). | 5 USC 552 (B)(7)(A) | Exemption 7A

Exemption 7(A) was added because the document was compiled in the course of a law enforcement investigation.

Exemption 7A protects from disclosure "records or information compiled for law enforcement purposes; but only to the extent that production of such law enforcement records or information could be reasonably be expected to interfere with enforcement proceedings."

This document was compiled during the course of the investigation for law enforcement purposes and is protected disclosure because release would interfere with enforcement proceedings. |

| | | 5 USC 552 (B)(7)(C) | Exemption 7C

Exemption 7C protects from disclosure "personal information in law enforcement records" and provides disclosure protection for information that "could reasonably be expected to constitute an unwarranted invasion of personal privacy"

This document is protected from disclosure because it is a law enforcement record which contains personal and identifiable information and release of this document would constitute an unwarranted invasion of the privacy of the UAF employees and their families. *Lakin Law Firm P.C. v. FTC*, 352 F.3d 1122 (7th Cir. 2003). |
| | | 5 USC 552 (B)(7)(E) | Exemption 7E

Exemption 7E protects all law enforcement information that "would disclose techniques and procedures for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law."

This document is part of an internal investigation of events that took place at a postal facility by UAF employees.  This document is protected from disclosure because the document is used in concert with other elements of the investigation and the totality of the investigative goal would impact the investigations. Disclosure of this document would disclose techniques and procedures for law enforcement investigations or prosecutions. |
| 8 | Internal email dated February 16, 2006 from OH postal facility to Inspection Service regarding UAF soliciting on | 5 USC 552 (B)(2) | Exemption 2

FOIA disclosure requirements do not apply to matters that are |

| | | |
|---|---|---|
| postal property requesting Postal employees' PIN numbers (3 pages) | | "related solely to the internal personnel rules and practices of an agency." 5 U.S.C. 552(b)(2).<br><br>This document was strictly an internal document not disseminated to the public. This document would be of little interest to the general public since it does not shed light on the operations of the government. This document is protected from disclosure because it is an internal email concerning UAF asking for employee PIN. *Nix v. United States*, 964 F.2d 1208 (4th Cir. 1992). |
| | 5 USC 552 (B)(5) | Exemption 5<br><br>Exemption 5 protects from disclosure "inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency."  This document was is an inter-agency memorandum to the file which is not available to the public.<br><br>Exemption 5 protects from disclosure where the documents are deliberate and predecisional.  This document is protected from disclosure as predecisional and deliberate which contain the thoughts and opinions of Agency employees. |
| | 5 USC 552 (B)(7)(A) | Exemption 7A<br><br>Exemption 7(A) was added because the document was compiled in the course of a law enforcement investigation.<br><br>Exemption 7A protects from disclosure "records or information compiled for law enforcement purposes; but only to the extent that production of such law enforcement records or information could be reasonably be expected to interfere with enforcement proceedings." |

| | | | |
|---|---|---|---|
| | | 5 USC 552 (B)(7)(C) | This document was compiled during the course of the investigation for law enforcement purposes and is protected disclosure because release would interfere with enforcement proceedings.<br><br>Exemption 7C<br><br>Exemption 7C protects from disclosure "personal information in law enforcement records" and provides disclosure protection for information that "could reasonably be expected to constitute an unwarranted invasion of personal privacy"<br><br>This document is protected from disclosure because it is a law enforcement record which contains personal and identifiable information of U.S. Postal Service employees and release of this document would constitute an unwarranted invasion of the privacy of U.S. Postal Service employees and their families. *Lakin Law Firm P.C. v. FTC*, 352 F.3d 1122 (7th Cir. 2003). |
| 9 | Internal email dated February 21, 2006 from OH postal facility to U.S. Postal Inspection Service regarding safeguarding of U.S. Postal Service employees' personal information (3 pages) | 5 USC 552 (B)(2) | Exemption 2<br><br>FOIA disclosure requirements do not apply to matters that are "related solely to the internal personnel rules and practices of an agency." 5 U.S.C. 552(b)(2).<br><br>This document was strictly an internal document not disseminated to the public. This document would be of little interest to the general public since it does not shed light on the operations of the government. This document is an internal document that would be of little or interest to the general public since it does not shed light on the operations of the government. This is an internal email concerning UAF asking for employee PIN. |

| | | | | This is an internal email concerning UAF asking for USPS employees' personal information. This document is an internal document that would be of little or interest to the general public since it does not shed light on the operations of the government. |
|---|---|---|---|---|
| | | | 5 USC 552 (B)(5) | Exemption 5 Exemption 5 protects from disclosure "inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency." This document was is an inter-agency memorandum to the file which is not available to the public. Exemption 5 protects from disclosure where the documents are deliberate and predecisional. This document is protected from disclosure as predecisional and deliberate which contain the thoughts and opinions of Agency employees. |
| | | | 5 USC 552 (B)(7)(A) | Exemption 7A Exemption 7(A) was added because the document was compiled in the course of a law enforcement investigation. Exemption 7A protects from disclosure "records or information compiled for law enforcement purposes; but only to the extent that production of such law enforcement records or information could be reasonably be expected to interfere with enforcement proceedings." This document was compiled during the course of the investigation for law enforcement purposes and is protected disclosure because release would interfere with |

| | | | |
|---|---|---|---|
| | | | enforcement proceedings. |
| | | 5 USC 552 (B)(7)(C) | **Exemption 7C**<br><br>Exemption 7C protects from disclosure "personal information in law enforcement records" and provides disclosure protection for information that "could reasonably be expected to constitute an unwarranted invasion of personal privacy"<br><br>This document is protected from disclosure because it is a law enforcement record which contains personal and identifiable information of U.S. Postal Service employees and release of this document would constitute an unwarranted invasion of the privacy of U.S. Postal Service employees and their families. *Lakin Law Firm P.C. v. FTC*, 352 F.3d 1122 (7th Cir. 2003). |
| 10 | Supplemental Report from a law enforcement agency dated January 30, 2006 (1 page) | 5 USC 552 (B)(5) | **Exemption 5**<br><br>Exemption 5 was added because the document is an intra-agency or inter-agency document and was not previously asserted.<br><br>Exemption 5 protects from disclosure "inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency."  This document is protected from disclosure because it is an intra-agency memorandum which is not available to the public.<br><br>Exemption 5 protects from disclosure where the documents are deliberate and predecisional.  This document is protected from disclosure as predecisional and deliberate which contain the thoughts and opinions of Agency employees. |

| | | 5 USC 552 (B)(7)(A) | Exemption 7A<br><br>Exemption 7(A) was added because the document was compiled in the course of a law enforcement investigation.<br><br>Exemption 7A protects from disclosure "records or information compiled for law enforcement purposes; but only to the extent that production of such law enforcement records or information could be reasonably be expected to interfere with enforcement proceedings."<br><br>This document was compiled during the course of the investigation for law enforcement purposes and is protected disclosure because release would interfere with enforcement proceedings. |
| | | 5 USC 552 (B)(7)(D) | Exemption 7D<br><br>Exemption 7D provides protection for "records or information compiled for law enforcement purposes (which) could reasonably be expected to disclosure the identity or authority of a confidential source including state, local or foreign agency… which furnished ..in the case of a record or information compiled by a criminal law enforcement authority in the course of a criminal investigation….<br><br>This document is protected from disclosure because it contains confidential information assembled in the course of a lawful investigation |
| | | 5 USC 552 (B)(7)(E) | Exemption 7E<br><br>Exemption 7E was added because it would disclose techniques and procedures for law enforcement investigations or prosecutions if such disclosure could reasonably be |

| | | | expected to risk circumvention of the law." |
|---|---|---|---|
| | | | Exemption 7E protects all law enforcement information that "would disclose techniques and procedures for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law." |
| | | | This document is part of an investigation of events that took place at a postal facility by UAF employees.  This document is protected from disclosure because the document is used in concert with other elements of the investigation and the totality of the investigative goal would impact the investigations. Disclosure of this document would disclose techniques and procedures for law enforcement investigations or prosecutions |
| 11 | Internal email dated February 9, 2006 within the Inspection Service, regarding the relationship between UAF and FEGLI (2 pages) | 5 USC 552 (B)(2) | Exemption 2

FOIA disclosure requirements do not apply to matters that are "related solely to the internal personnel rules and practices of an agency." 5 U.S.C. 552(b)(2).

This document was strictly an internal document not disseminated to the public. This document would be of little interest to the general public since it does not shed light on the operations of the government. This document is an internal document that would be of little or interest to the general public since it does not shed light on the operations of the government. This is an internal email concerning the relationship between UAF and FEGLI.

This is an internal email concerning UAF asking for USPS employees' |

| | | | | |
|---|---|---|---|---|
| | | | | personal information.  This document is an internal document that would be of little or interest to the general public since it does not shed light on the operations of the government. |
| | | | | This document is an internal document that would be of little or interest to the general public since it does not shed light on the operations of the government. |
| | | | | This document falls within the high 2 category and is properly withheld because of a risk of circumventing the policies and practices of the Agency. |
| | | | 5 USC 552 (B)(5) | **Exemption 5** |
| | | | | Exemption 5 protects from disclosure "inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency."  This document is protected from disclosure because it is an inter-agency memorandum which is not available to the public. |
| | | | | Exemption 5 protects from disclosure where the documents are deliberate and predecisional.  This document is protected from disclosure as predecisional and deliberate which contain the thoughts and opinions of Agency employees. |
| | | | 5 USC 552 (B)(7)(A) | **Exemption 7A** |
| | | | | Exemption 7(A) was added because the document was compiled in the course of a law enforcement investigation. |
| | | | | Exemption 7A protects from disclosure "records or information compiled for law enforcement purposes; but only to the extent that |

| | | | |
|---|---|---|---|
| | | | production of such law enforcement records or information could be reasonably be expected to interfere with enforcement proceedings."

This document was compiled during the course of the investigation for law enforcement purposes and is protected disclosure because release would interfere with enforcement proceedings. |
| | | 5 USC 552 (B)(7)(C) | Exemption 7C

Exemption 7C protects from disclosure "personal information in law enforcement records" and provides disclosure protection for information that "could reasonably be expected to constitute an unwarranted invasion of personal privacy"

This document is protected from disclosure because it is a law enforcement record which contains personal and identifiable information of U.S. Postal Service employees and release of this document would constitute an unwarranted invasion of the privacy of U.S. Postal Service employees and their families. *Lakin Law Firm P.C. v. FTC*, 352 F.3d 1122 (7th Cir. 2003). |
| 12 | Internal email, dated January 27, 2006, between Postal Inspectors regarding the report from a law enforcement database (1 page) | 5 USC 552 (B)(6) | Exemption 6

Exemption 6 protects disclosure of documents and information about individuals when the disclosure of such information would constitute a clearly unwarranted invasion of personal privacy"

This document is protected from disclosure because it contains personal and identifiable information of U.S. Postal Service and release of would constitute and unwarranted invasion of the privacy of U.S. Postal Service employees and their |

| | | | |
|---|---|---|---|
| | | | families. *Lakin Law Firm P.C. v. FTC*, 352 F.3d 1122 (7th Cir. 2003). Release of the requested information would invade the personal privacy of third party individuals. |
| | | 5 USC 552 (B)(7)(A) | <u>Exemption 7A</u><br><br>Exemption 7(A) was added because the document was compiled in the course of a law enforcement investigation.<br><br>Exemption 7A protects from disclosure "records or information compiled for law enforcement purposes; but only to the extent that production of such law enforcement records or information could be reasonably be expected to interfere with enforcement proceedings."<br><br>This document was compiled during the course of the investigation for law enforcement purposes and is protected disclosure because release would interfere with enforcement proceedings. |
| | | 5 USC 552 (B)(7)(C) | <u>Exemption 7C</u><br><br>Exemption 7C protects from disclosure "personal information in law enforcement records" and provides disclosure protection for information that "could reasonably be expected to constitute an unwarranted invasion of personal privacy"<br><br>This document is protected from disclosure because it is a law enforcement record which contains personal and identifiable information of U.S. Postal Service employees and release of this document would constitute an unwarranted invasion of the privacy of U.S. Postal Service employees and their families. *Lakin Law Firm P.C. v. FTC*, 352 F.3d 1122 (7th Cir. 2003). |

| | | 5 USC 552 (B)(7)(E) | **Exemption 7E**<br><br>Exemption 7E protects all law enforcement information that "would disclose techniques and procedures for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law."<br><br>This document is part of an investigation of events that took place at a postal facility by UAF employees.  This document is protected from disclosure because the document is used in concert with other elements of the investigation and the totality of the investigative goal would impact the investigations. Disclosure of this document would disclose techniques and procedures for law enforcement investigations or prosecutions.<br><br>This document is protected from disclosure because it was compiled for law enforcement purposes which would disclose techniques and procedures for law enforcement investigations or prosecutions. |
|---|---|---|---|
| 13 | Internal facsimile transmission dated February 1, 2006, between OH Postal facility and Inspection Service of a law enforcement report, list of postal employees' names, SSN, and addresses (6 pages) | 5 USC 552 (B)(2) | **Exemption 2**<br><br>FOIA disclosure requirements do not apply to matters that are "related solely to the internal personnel rules and practices of an agency." 5 U.S.C. 552(b)(2).<br><br>This document was strictly an internal document not disseminated to the public. This document would be of little interest to the general public since it does not shed light on the operations of the government. This document is an internal document that would be of little or interest to the general public since it does not shed light on the operations of the government. This is an internal email concerning UAF |

| | | | | asking for USPS employees' personal information provided by third parties. |
|---|---|---|---|---|
| | | | | This document falls within the high 2 category and is properly withheld because of a risk of circumventing the policies and practices of the Agency. *Crooker v. ATF*, 670 F.2d 1051 (D.C. Cir. 1981). |
| | | | 5 USC 552 (B)(6) | **Exemption 6**

Exemption 6 protects disclosure of documents and information about individuals when the disclosure of such information would constitute a clearly unwarranted invasion of personal privacy"

This document is protected from disclosure because it contains personal and identifiable information of U.S. Postal Service and release of would constitute and unwarranted invasion of the privacy of U.S. Postal Service employees and their families. *Lakin Law Firm P.C. v. FTC*, 352 F.3d 1122 (7th Cir. 2003). |
| | | | 5 USC 552 (B)(7)(A) | **Exemption 7A**

Exemption 7(A) was added because the document was compiled in the course of a law enforcement investigation.

Exemption 7A protects from disclosure "records or information compiled for law enforcement purposes; but only to the extent that production of such law enforcement records or information could be reasonably be expected to interfere with enforcement proceedings."

This document was compiled during the course of the investigation for law enforcement purposes and is protected disclosure because release would interfere with enforcement proceedings. |

| | | 5 USC 552 (B)(7)(C) | **Exemption 7C**<br><br>Exemption 7C protects from disclosure "personal information in law enforcement records" and provides disclosure protection for information that "could reasonably be expected to constitute an unwarranted invasion of personal privacy"<br><br>This document is protected from disclosure because it is a law enforcement record which contains personal and identifiable information of U.S. Postal Service employees and release of this document would constitute an unwarranted invasion of the privacy of U.S. Postal Service employees and their families. *Lakin Law Firm P.C. v. FTC*, 352 F.3d 1122 (7th Cir. 2003). |
| | | 5 USC 552 (B)(7)(D) | **Exemption 7D**<br><br>Exemption 7D provides protection for "records or information compiled for law enforcement purposes (which) could reasonably be expected to disclosure the identity or authority of a confidential source including state, local or foreign agency… which furnished ..in the case of a record or information compiled by a criminal law enforcement authority in the course of a criminal investigation…<br><br>This document is protected from disclosure because it contains confidential information assembled in the course of a lawful investigation |
| 14 | Internal email, dated January 30, 2006, between Postal Inspectors regarding identity thieves targeting USPS employees (2 pages) | 5 USC 552 (B)(2) | **Exemption 2**<br><br>FOIA disclosure requirements do not apply to matters that are "related solely to the internal personnel rules and practices of an agency." 5 U.S.C. 552(b)(2). |

| | | | | |
|---|---|---|---|---|
| | | | | This document was strictly an internal document not disseminated to the public. This document would be of little interest to the general public since it does not shed light on the operations of the government. This document is an internal document that would be of little or interest to the general public since it does not shed light on the operations of the government. This is an internal document between Inspection Service personnel discussing possible investigative leads.

This document falls within the high 2 category and is properly withheld because of a risk of circumventing the policies and practices of the Agency. |
| | | | 5 USC 552 (B)(5) | <u>Exemption 5</u>

Exemption 5 protects from disclosure "inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency."  This document is protected from disclosure because it is an inter-agency memorandum which is not available to the public.

Exemption 5 protects from disclosure where the documents are deliberate and predecisional.  This document is protected from disclosure as predecisional and deliberate which contain the thoughts and opinions of Agency employees. |
| | | | 5 USC 552 (B)(6) | <u>Exemption 6</u>

Exemption 6 was newly asserted because disclosure would be an unwarranted invasion of personal privacy. |

| | | | | |
|---|---|---|---|---|
| | | | | Exemption 6 protects disclosure of documents and information about individuals when the disclosure of such information would constitute a clearly unwarranted invasion of personal privacy" |
| | | | | This document is protected from disclosure because it contains personal and identifiable information of U.S. Postal Service and release of would constitute and unwarranted invasion of the privacy of U.S. Postal Service employees and their families. *Lakin Law Firm P.C. v. FTC*, 352 F.3d 1122 (7th Cir. 2003). |
| | | | 5 USC 552 (B)(7)(A) | <u>Exemption 7A</u><br><br>Exemption 7(A) was added because the document was compiled in the course of a law enforcement investigation.<br><br>Exemption 7A protects from disclosure "records or information compiled for law enforcement purposes; but only to the extent that production of such law enforcement records or information could be reasonably be expected to interfere with enforcement proceedings."<br><br>This document was compiled during the course of the investigation for law enforcement purposes and is protected disclosure because release would interfere with enforcement proceedings. |
| | | | 5 USC 552 (B)(7)(C) | <u>Exemption 7C</u><br><br>Exemption 7C protects from disclosure "personal information in law enforcement records" and provides disclosure protection for information that "could reasonably be expected to constitute an unwarranted invasion of personal privacy"<br><br>This document is protected from |

| | | | |
|---|---|---|---|
| | | | disclosure because it is a law enforcement record which contains personal and identifiable information of U.S. Postal Service employees and release of this document would constitute an unwarranted invasion of the privacy of U.S. Postal Service employees and their families. *Lakin Law Firm P.C. v. FTC*, 352 F.3d 1122 (7th Cir. 2003). |
| 15 | Drivers' licenses of UAF employees who are the subject of the US Postal Inspection Service's investigation(2 pages)<br><br>Exemption 6 was improperly applied to document 15 as pertaining to employees of the U.S. Postal Service. Because the drivers' licenses were from UAF employees, exemption 6 was not applicable and was replaced by exemption 7(A). | 5 USC 552 (B)(7)(A) | Exemption 7A<br><br>Exemption 7(A) was added because the document was compiled in the course of a law enforcement investigation.<br><br>Exemption 7A protects from disclosure "records or information compiled for law enforcement purposes; but only to the extent that production of such law enforcement records or information could be reasonably be expected to interfere with enforcement proceedings."<br><br>This document was compiled during the course of the investigation for law enforcement purposes and is protected disclosure because release would interfere with enforcement proceedings. |
| | | 5 USC 552 (B)(7)(C) | Exemption 7C<br><br>Exemption 7C protects from disclosure "personal information in law enforcement records" and provides disclosure protection for information that "could reasonably be expected to constitute an unwarranted invasion of personal privacy"<br><br>This document is protected from disclosure because it is a law enforcement record which contains personal and identifiable information and release of this document would constitute an unwarranted invasion of the privacy of the UAF employees |

| | | | |
|---|---|---|---|
| | | | and their families. *Lakin Law Firm P.C. v. FTC*, 352 F.3d 1122 (7th Cir. 2003). |
| | | 5 USC 552 (B)(7)(E) | Exemption 7E |
| | | | Exemption 7(E) was newly asserted because release would disclose techniques and procedures used by the Inspection Service in the investigation. |
| | | | Exemption 7E protects all law enforcement information that "would disclose techniques and procedures for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law." |
| | | | This document is part of an internal investigation of events that took place at a postal facility by UAF employees.  This document is protected from disclosure because the document is used in concert with other elements of the investigation and the totality of the investigative goal would impact the investigations. Disclosure of this document would disclose techniques and procedures for law enforcement investigations or prosecutions. |
| 16 | Law Enforcement Report dated January 29, 2006, from a law enforcement database (17 pages) | 5 USC 552 (B)(6) | Exemption 6 |
| | | | Exemption 6 protects disclosure of documents and information about individuals when the disclosure of such information would constitute a clearly unwarranted invasion of personal privacy" |
| | | | This document is protected from disclosure because it contains personal and identifiable information of UAF employees and release of would constitute and unwarranted invasion of the privacy of UAF. employees and their families. *Lakin Law Firm P.C. v. FTC*, 352 F.3d |

| | | | |
|---|---|---|---|
| | | | 1122 (7th Cir. 2003). |
| | | 5 USC 552 (B)(7)(A) | <u>Exemption 7A</u><br><br>Exemption 7(A) was added because the document was compiled in the course of a law enforcement investigation.<br><br>Exemption 7A protects from disclosure "records or information compiled for law enforcement purposes; but only to the extent that production of such law enforcement records or information could be reasonably be expected to interfere with enforcement proceedings."<br><br>This document was compiled during the course of the investigation for law enforcement purposes and is protected disclosure because release would interfere with enforcement proceedings. |
| | | 5 USC 552 (B)(7)(C) | <u>Exemption 7C</u><br><br>Exemption 7C protects from disclosure "personal information in law enforcement records" and provides disclosure protection for information that "could reasonably be expected to constitute an unwarranted invasion of personal privacy"<br><br>This document is protected from disclosure because it is a law enforcement record which contains personal and identifiable information and release of this document would constitute an unwarranted invasion of the privacy of the UAF employees and their families. *Lakin Law Firm P.C. v. FTC*, 352 F.3d 1122 (7th Cir. 2003). |
| | | 5 USC 552 (B)(7)(E) | <u>Exemption 7E</u><br><br>Exemption 7E protects all law enforcement information that "would disclose techniques and procedures |

| | | | |
|---|---|---|---|
| | | | for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law." This document is part of an internal investigation of events that took place at a postal facility by UAF employees.  This document is protected from disclosure because the document is used in concert with other elements of the investigation and the totality of the investigative goal would impact the investigations. Disclosure of this document would disclose techniques and procedures for law enforcement investigations or prosecutions. |
| 17 | Confidential Report dated January 27, 2006,  from a law enforcement database (5 pages) | 5 USC 552 (B)(6) | Exemption 6 Exemption 6 protects disclosure of documents and information about individuals when the disclosure of such information would constitute a clearly unwarranted invasion of personal privacy" This document is protected from disclosure because it contains personal and identifiable information of UAF employees and release of would constitute and unwarranted invasion of the privacy of UAF. employees and their families. *Lakin Law Firm P.C. v. FTC*, 352 F.3d 1122 (7th Cir. 2003). Release of the requested information would invade the personal privacy of a third party individual. |
| | | 5 USC 552 (B)(7)(A) | Exemption 7A Exemption 7(A) was added because the document was compiled in the course of a law enforcement investigation. |

| | | | | |
|---|---|---|---|---|
| | | | | Exemption 7A protects from disclosure "records or information compiled for law enforcement purposes; but only to the extent that production of such law enforcement records or information could be reasonably be expected to interfere with enforcement proceedings." This document was compiled during the course of the investigation for law enforcement purposes and is protected disclosure because release would interfere with enforcement proceedings. |
| | | 5 USC 552 (B)(7)(C) | | <u>Exemption 7C</u><br><br>Exemption 7C protects from disclosure "personal information in law enforcement records" and provides disclosure protection for information that "could reasonably be expected to constitute an unwarranted invasion of personal privacy"<br><br>This document is protected from disclosure because it is a law enforcement record which contains personal and identifiable information and release of this document would constitute an unwarranted invasion of the privacy of the UAF employees and their families. *Lakin Law Firm P.C. v. FTC*, 352 F.3d 1122 (7th Cir. 2003). |
| | | 5 USC 552 (B)(7)(E) | | <u>Exemption 7E</u><br><br>Exemption 7E protects all law enforcement information that "would disclose techniques and procedures for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law."<br><br>This document is part of an internal investigation of events that took place at a postal facility by UAF employees.  This document is protected from disclosure because |

| | | | the document is used in concert with other elements of the investigation and the totality of the investigative goal would impact the investigations. Disclosure of this document would disclose techniques and procedures for law enforcement investigations or prosecutions. |
|---|---|---|---|
| 18 | Handwritten names and phone numbers of USPS and law enforcement employees (undated) (1 page) | 5 USC 552 (B)(6) | Exemption 6

Exemption 6 protects disclosure of documents and information about individuals when the disclosure of such information would constitute a clearly unwarranted invasion of personal privacy"

This document is protected from disclosure because it contains personal and identifiable information of UAF employees and release of would constitute and unwarranted invasion of the privacy of UAF. employees and their families. *Lakin Law Firm P.C. v. FTC*, 352 F.3d 1122 (7th Cir. 2003).

This document is protected from disclosure because it contains personal information about third party individuals and release would invade the personal privacy of a third party individual. |
| | | 5 USC 552 (B)(7)(A) | Exemption 7A

Exemption 7(A) was added because the document was compiled in the course of a law enforcement investigation.
Exemption 7A protects from disclosure "records or information compiled for law enforcement purposes; but only to the extent that production of such law enforcement records or information could be reasonably be expected to interfere with enforcement proceedings." |

| | | | |
|---|---|---|---|
| | | | This document was compiled during the course of the investigation for law enforcement purposes and is protected disclosure because release would interfere with enforcement proceedings. |
| | | 5 USC 552 (B)(7)(C) | Exemption 7C |
| | | | Exemption 7C protects from disclosure "personal information in law enforcement records" and provides disclosure protection for information that "could reasonably be expected to constitute an unwarranted invasion of personal privacy" |
| | | | This document is protected from disclosure because it is a law enforcement record which contains personal and identifiable information and release of this document would constitute an unwarranted invasion of the privacy of the UAF employees and their families. *Lakin Law Firm P.C. v. FTC*, 352 F.3d 1122 (7th Cir. 2003). |
| 19 | Law Enforcement Report, dated January 29, 2006, from a law enforcement database (10 pages) | 5 USC 552 (B)(6) | Exemption 6 |
| | | | Exemption 6 protects disclosure of documents and information about individuals when the disclosure of such information would constitute a clearly unwarranted invasion of personal privacy" |
| | | | This document is protected from disclosure because it contains personal and identifiable information of UAF employees and release of would constitute and unwarranted invasion of the privacy of UAF employees and their families. *Lakin Law Firm P.C. v. FTC*, 352 F.3d 1122 (7th Cir. 2003). |

| | | 5 USC 552 (B)(7)(A) | Exemption 7A

Exemption 7(A) was added because the document was compiled in the course of a law enforcement investigation.

Exemption 7A protects from disclosure "records or information compiled for law enforcement purposes; but only to the extent that production of such law enforcement records or information could be reasonably be expected to interfere with enforcement proceedings."

This document was compiled during the course of the investigation for law enforcement purposes and is protected disclosure because release would interfere with enforcement proceedings. |
| | | 5 USC 552 (B)(7)(C) | Exemption 7C

Exemption 7C protects from disclosure "personal information in law enforcement records" and provides disclosure protection for information that "could reasonably be expected to constitute an unwarranted invasion of personal privacy"

This document is protected from disclosure because it is a law enforcement record which contains personal and identifiable information and release of this document would constitute an unwarranted invasion of the privacy of the UAF employees and their families. *Lakin Law Firm P.C. v. FTC*, 352 F.3d 1122 (7th Cir. 2003). |
| | | 5 USC 552 (B)(7)(E) | Exemption 7E

Exemption 7E protects all law enforcement information that "would disclose techniques and procedures for law enforcement investigations or prosecutions if such disclosure |

| | | | |
|---|---|---|---|
| | | | could reasonably be expected to risk circumvention of the law."<br><br>This document is part of an internal investigation of events that took place at a postal facility by UAF employees.  This document is protected from disclosure because the document is used in concert with other elements of the investigation and the totality of the investigative goal would impact the investigations. Disclosure of this document would disclose techniques and procedures for law enforcement investigations or prosecutions. |
| 20 | Law Enforcement Report dated January 29, 2006, from a law enforcement database (15 pages) | 5 USC 552 (B)(6) | Exemption 6<br><br>Exemption 6 protects disclosure of documents and information about individuals when the disclosure of such information would constitute a clearly unwarranted invasion of personal privacy"<br><br>This document is protected from disclosure because it contains personal and identifiable information of UAF employees and release of would constitute and unwarranted invasion of the privacy of UAF. employees and their families. *Lakin Law Firm P.C. v. FTC*, 352 F.3d 1122 (7th Cir. 2003).<br><br>Release of the requested information would invade the personal privacy of a third party individual. |
| | | 5 USC 552 (B)(7)(A) | Exemption 7A<br><br>Exemption 7(A) was added because the document was compiled in the course of a law enforcement investigation.<br><br>Exemption 7A protects from disclosure "records or information |

| | | | |
|---|---|---|---|
| | | | compiled for law enforcement purposes; but only to the extent that production of such law enforcement records or information could be reasonably be expected to interfere with enforcement proceedings." |
| | | | This document was compiled during the course of the investigation for law enforcement purposes and is protected disclosure because release would interfere with enforcement proceedings. |
| | | 5 USC 552 (B)(7)(C) | <u>Exemption 7C</u> |
| | | | Exemption 7C protects from disclosure "personal information in law enforcement records" and provides disclosure protection for information that "could reasonably be expected to constitute an unwarranted invasion of personal privacy" |
| | | | This document is protected from disclosure because it is a law enforcement record which contains personal and identifiable information and release of this document would constitute an unwarranted invasion of the privacy of the UAF employees and their families. *Lakin Law Firm P.C. v. FTC*, 352 F.3d 1122 (7th Cir. 2003). |
| | | 5 USC 552 (B)(7)(E) | <u>Exemption 7E</u> |
| | | | Exemption 7E protects all law enforcement information that "would disclose techniques and procedures for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law." |
| | | | This document is part of an internal investigation of events that took place at a postal facility by UAF employees.  This document is protected from disclosure because the document is used in concert |

| | | | with other elements of the investigation and the totality of the investigative goal would impact the investigations. Disclosure of this document would disclose techniques and procedures for law enforcement investigations or prosecutions. Release of the requested information would invade the personal privacy of a third party individual. |
|---|---|---|---|