UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED AMERICA FINANCIAL, INCORPORATED ) ) ) Plaintiff, ) ) v. ) ) ) JOHN E. POTTER, ) POSTMASTER GENERAL ) UNITED STATES POSTAL SERVICE, ) ) Defendant. ) | Civil Action No. 06-0123 (JDG) |

### DECLARATION OF TERRENCE C. SULLIVAN

I, Terrence C. Sullivan, make the following declaration in lieu of affidavit pursuant to 28 U.S.C. § 1746. I am aware that this declaration is the legal equivalent of a statement under oath and that it will be filed in the United States District Court for the District of Columbia.

1. I have been employed as a Postal Inspector with the United States Postal Inspection Service since 1993.

2. On or about January 27, 2006, I began an Inspection Service investigation into a possible identity theft ring after receiving complaints from Postal employees about suspicious individuals on Postal premises. Due to terrorism and anthrax issues, there is great concern regarding unauthorized people entering federal facilities.

3. In my investigation I received inquiries from postal employees, and the postal employees told me representatives from Employee Services Division (ESD) – United America Financial, Inc. (UAF) gained access to various Postal

1

Service facilities by purporting to be associated with the Office of Federal Employees Group Life Insurance (OFEGLI) program. According to Postal Service regulations, access to workroom and restricted areas is restricted to Postal employees and authorized contractors. The company was not properly authorized to enter Postal facilities.

4. On or about March 2, 2006, ESD-UAF's attorney requested U.S. Postal Inspection Service records pursuant to the Freedom of Information Act (FOIA).

5. The documents assembled during my investigation were being compiled as part of an official law enforcement investigation with the possibility of a criminal investigation. All documents contained and compiled during my investigation were predecisional and deliberate.

6. Disclosure of my records would have had a negative impact on the investigation since ESD-UAF might not have known it was under investigation. Moreover, this was a matter where ESD-UAF's employees were illegally gaining access to Postal facilities under false pretenses in violation of federal law. There was potential that the findings of my investigation would result in criminal prosecution or penalty against ESD-UAF.

7. In this case, none of my records were released to the public. At this time my investigation is concluded, no criminal charges have been filed as a result of my investigation, and no charges are anticipated by the U.S. Postal Inspection Service based on my investigation.

I declare, under penalty of perjury, that the foregoing is true and correct to the best of my knowledge and belief.

Date: December 11, 2006

Terrence C. Sullivan
Postal Inspector
U.S. Postal Inspector