# Attachment 1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED AMERICA FINANCIAL, INC., ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) Case No. 1:06CV0123 <br> POSTMASTER GENERAL, JOHN E. POTTER ) <br> ) <br> Defendant ) <br> ) | |

### DECLARATION OF JULIE S. MOORE

I, JULIE S. MOORE, declare as follows:

1.  I am the Manager, Compensation at the U.S. Postal Service Headquarters in Washington, DC. I have held this position since May 2005. Prior to that, from 2001 to 2005, I held the position of Executive Director of Postal Transformation. I have been employed by the U.S. Postal Service since 1979.

### SEGREGATION OF FACTUAL MATERIAL UNDER EXEMPTION 2

2.  With respect to the four email documents, the Memorandum Opinion directs the Postal Service to "explain why the purely factual information in the emails cannot be released as reasonably segregable material and, to the extent it continues to rely on Exemption 2, identify more specifically which information that exemption covers." See Memorandum Opinion at 17.

3.  Pursuant to the Court's order, my office reviewed the remaining four email messages to determine whether any nonexempt responsive material reasonably may be segregated from exempt material. My office determined that any attempt to segregate

1

nonexempt information would essentially leave only a meaningless collection of words and phrases.

4.  My office determined that the factual material could not be reasonably segregated from the deliberative material because release of this information would expose the deliberative process and inquire into the mental process of the decision makers. Furthermore, any remaining information would be purely factual, trivial administrative information protected from disclosure under Exemption 2.

5.  Therefore, it is my belief that nonexempt material cannot reasonably be segregated from exempt material in the records at issue.

**EXEMPTION 2**

6.  Exemption 2 protects records that "relate solely to the internal rules and practices of an agency." 5 U.S.C. § 552(b)(2). This exemption has been construed to protect both "low 2" information and "high 2" information. The records withheld pursuant to Exemption 2 consist of four email messages.

7.  A one-page interoffice email dated January 27, 2006, was released in redacted format. This email was sent from a Postal Service Human Relations Generalist in Pittsburgh, Pennsylvania, to an Insurance Officer at Postal Service Headquarters in Washington, DC. The redacted portions of this email describe the actions that Postal Service personnel were undertaking at that time to ensure that all financial transactions in the affected employees' pay records were legitimate and had been approved by each affected employee.

8.  These redacted contents consist of trivial information concerning internal payroll processing matters about which there is no genuine public interest. Further, information

2

about the means and processes that Postal Service managers employ to protect employees' pay records in response to a possible security breach is internal information, disclosure of which could enable potential wrongdoers to devise strategies that would circumvent those security measures. While there may be some public interest in the fact that measures were or would be taken to protect the employees' records, there would appear to be little public interest in which measures were taken or how or when those measures were taken.

9.      A second one-page interoffice email, dated January 30, 2006, was withheld in its entirety. This one-page email was sent by a Postal Inspector investigating Postal Service employee complaints to Postal Service management personnel and Inspection Service investigators. The information in the email describes what actions were taken and would be taken to forewarn and protect Postal Service employees against businesses seeking the employees' Personal Identification Numbers (PIN). The email contains the phone numbers, email address, work location, and name of one Postal Inspector involved in investigating the complaints. The email also contains the names and work locations of Inspection Service personnel and Postal Service managers at Headquarters and field offices who were involved in the investigation.

10.     My office considered there to be little public interest in the identities and/or work locations of Inspection Service and Postal Service personnel who were responding to a particular employee information security risk. In addition, my office considered the public to have little interest in what measures were or would be taken to forewarn and protect the affected employees. At the same time, disclosure of the measures taken could

3

permit a potential wrongdoer to devise methods to circumvent such protections in the future.

11. The third interoffice email is dated February 9, 2006. This one-page email was also withheld in its entirety. The email was sent from a Postal Service Headquarters employee to Inspection Service investigators and Postal Service management personnel. In this email, the author describes what actions were taken and would be taken to assist employees in changing PINs and reviewing their records for unauthorized transactions. Because the information concerns advice to employees about the security of benefits-related employee information for affected employees, my office considered the information to involve solely internal matters of a relatively trivial nature and not matters of any genuine public interest. Furthermore, my office determined that disclosure of information about the Postal Service's response to a potential identity security breach could provide potential wrongdoers with key information to circumvent such protections in the future.

12. The fourth email, dated February 16, 2006, was withheld in its entirety and consists of two pages. This email was sent from Office of Compensation employees to Postal Service management personnel and Inspection Service investigators. The email describes an experience at a Postal facility location, the affected employees, and previous and prospective actions to assist employees in changing their PINs and reviewing their records for unauthorized transactions.

13. Because the emails concern the security of benefits-related employee information for affected employees, the information was considered to involve solely internal matters of a relatively trivial nature and not of any genuine public interest. My office determined

4

that there would be little interest outside of the Postal Service in the fact that the Inspection Service and Postal Service managers allowed certain postal employees to review their records and change their PINs in response to a possible security breach. Nor would there be any significant public interest in the details of such action. Furthermore, my office determined that disclosure of information about the Postal Service's response to a potential identity security breach could provide future wrongdoers with key information to circumvent such protections in the future.

**EXEMPTION 6**

14. This declaration responds to the court's direction, with regard to the emails, to "explain the privacy interests at stake" under FOIA Exemption 6. Memorandum Opinion at 22. My office applied Exemption 6 because the protection of private information of the employees contained in the emails outweighs any public interest in the internal workings of the Postal Service relating to protecting its employees' financial information.

15. The one-page interoffice email dated January 27, 2006 (released in redacted format) identifies the work location of the affected employees, the author of the email, and the individuals responsible for protecting postal employees' identities and changing their PINs. The email also identifies the Inspectors involved in the investigation of complaints from postal employees who had given Plaintiff their personal identifiable information.

16. Although the names and work locations of postal employees may generally be public information, identification of employees in the context of this matter would reveal their incidental involvement in a contested matter between plaintiff and the Postal

5

Service. My office took particular note of the fact that this matter concerned the security of employees' personal information. Moreover, my office considered the risk that the employees might face retaliation from Plaintiff if the fact of their involvement in this matter were disclosed. For these reasons, my office considered the employees to have a strong privacy interest in any identifying information and concluded that disclosure of such information to Plaintiff would result in an unwarranted invasion of their privacy. Disclosure of the information contained in this email does not serve the public interest, but rather the information is strictly internal and solely for the purposes of protecting Postal Service employees. My office withheld the employee names and their work locations because while the Postal Inspectors were investigating employee complaints, Plaintiff demonstrated hostility and animosity towards Postal Service employees involved in the investigation and employees who were involved in it commitment to protect employees' personal and financial information. Release of the names and work locations would subject the employees to harassment and/or intimidation from Plaintiff. The privacy interests of the employees identified in the email outweigh the public interest therefore; Exemption 6 was properly applied.

17. The one-page interoffice email dated January 30, 2006, withheld in its entirety, identifies the names, work locations, and/or phone numbers, its author, a Postal Inspector, and other individuals responsible for protecting postal employee's identities. The email also includes the name of a Postal Inspector involved in coordinating the investigation of complaints from Postal Employees who had given Plaintiff their personal identifiable information.

6

18.     Although the names and work locations of postal employees may generally be public information, identification of employees in the context with this matter would reveal their involvement in a sensitive, personal and private matter. My office took particular note of the fact that this matter concerned the security of employees' personal information. Moreover, my office considered the risk that the employees might face retaliation from Plaintiff if the fact of their involvement in this matter were disclosed. For these reasons, my office considered the employees to have a strong privacy interest in any identifying information and concluded that disclosure of such information to Plaintiff would result in an unwarranted invasion of their privacy.

19.     The one-page interoffice email dated February 9, 2006, withheld in its entirety, identifies the names and work locations of its author and recipients, who were involved in resolving the matter in question and the security response. In addition, the body of the email includes the names of a Postal Inspector and a Postal Service management employee involved in coordinating the investigation and security response.

20.     Although the names and work locations of postal employees referenced in paragraph 19 may generally be public information, identification of employees in the context of this matter would reveal their involvement in a sensitive matter. My office took particular note of the fact that this matter concerned the security of employees' personal information. Moreover, my office considered the risk that the employees might face retaliation from Plaintiff if the fact of their involvement in the matter were disclosed. For these reasons, my office considered the employees to have a strong privacy interest in any identifying information and concluded that disclosure of such information to Plaintiff would result in an unwarranted invasion of their privacy. Disclosure of the information

contained in this email does not serve the public interest, but rather the information is solely for the purposes of protecting Postal Service employees. My office withheld employees' names and their work locations because during the investigation by the Postal Inspectors, Plaintiff demonstrated hostility and animosity towards Postal Service employees involved in the investigation and the employees involved in protecting employees' personal and financial information. Release of the names and work locations would subject the employees to harassment and/or intimidation from Plaintiff. The privacy interests of the employees identified in the email outweigh the public interest; therefore, Exemption 6 was properly applied.

21.     The two-page email dated February 16, 2006, withheld in its entirety, identifies the names and work location of its author and various recipients of it and related emails, as well as the phone numbers of the author and one recipient. All of these individuals were Postal Service management employees or Inspection Service personnel involved in this matter and security response. In addition, the body of the email specifically identifies Postal Inspectors and Postal Service management employees involved in coordinating this matter and security response.

22.     Although the names and work locations of postal employees referenced in paragraph 21 may generally be public information, identification of employees in the context with this matter would reveal their involvement in a sensitive matter. My office took particular note of the fact that the matter concerned the security of employees' personal information. Moreover, my office considered the risk that the employees might face retaliation from Plaintiff if the fact of their involvement in the matter were disclosed. For these reasons, my office considered the employees to have a strong privacy interest in

any identifying information and concluded that disclosure of such information to Plaintiff would result in an unwarranted invasion of their privacy. Disclosure of the information contained in this email does not serve the public interest, but rather the information is solely for the purposes of protecting Postal Service employees. The privacy interests of the named employees and their work locations was properly withheld because during investigation by the Postal Inspectors, Plaintiff demonstrated hostility and animosity towards Postal Service employees involved in the investigation and the protection of its employees. Release of the names and work locations would subject the employees to harassment and/or intimidation from Plaintiff. The privacy interests of the employees identified in the email outweigh the public interest; therefore, Exemption 6 was properly applied.

**EXEMPTION 7(C)**

23.     This declaration responds to the court's direction, with regard to the emails, to "complied for law enforcement purposes" under exemption 7. See Memorandum Opinion, January 22, 2008, p. 18.

24.     Exemption 7(C) is applicable where the information was compiled for law enforcement purposes.

25.     The one page interoffice email dated January 27, 2006, released in redacted format, is from a Postal Employee in Pennsylvania to my office. This email identifies a Postal Inspector, and law enforcement personnel for the Postal Service, responsible for investigating the complaints from Postal employees approached by Plaintiff. This information within the email details a method used in the investigation of the possibility of an insurance scam and provides details of the investigation conducted by the Postal

9

Inspector. The information gathered during the Postal Inspector's investigation and details of portions of the investigation were properly withheld in their entirety under Exemption 7(C).

26. The one-page interoffice email dated January 30, 2006, withheld in its entirety, from a Postal Inspector in Washington DC to my office and distributed to Postal Inspectors in Washington DC, Virginia and Pennsylvania. The email contains information gathered during the law enforcement proceedings by the Postal Inspection Service, a law enforcement entity for the Postal Service. This email includes names, email addresses and phone numbers of the Postal Inspectors involved in coordinating the investigation of complaints from Postal employees and contains details of the investigation of Plaintiff's solicitation of postal employees on Postal property and obtaining Postal employee's personal information. The Postal Inspectors were investigating the possibility of identify fraud, and an insurance scam, and this information is protected from disclosure under Exemption 7(C).

27. The one-page interoffice email dated February 9, 2006, withheld in its entirety, was authored by an employee from my office to a postal facility in Pennsylvania and was distributed to Postal Inspectors in Washington DC and other postal employees in Ohio, Pennsylvania and Washington, DC. This email message contains information gathered during the law enforcement proceedings by the Postal Inspectors. This email includes names of Postal Inspectors involved in coordinating the investigation of complaints from Postal Employees and details of the investigation of Plaintiff's activities soliciting on Postal Property. The Postal Inspectors were investigating the possibility of identify fraud and this information is protected from disclosure under Exemption 7.

10

28.     The two-page interoffice email dated February 16, 2006, withheld in its entirety, is from my office to a Postal Facility in Ohio and was distributed to Postal Inspectors in Washington, DC, and Ohio and other Postal Employees in Washington, DC. This email contains information gathered during the law enforcement proceedings by the Postal Inspectors. This email includes names of the Postal Inspectors in Ohio and Washington DC who were involved in investigating complaints from Postal employees and details of the investigation. The Postal Inspectors were investigating the possibility of identify fraud and this information is protected from disclosure under Exemption 7(C).

I declare the foregoing to be true and correct.

Executed this 24th day of March 2008.

*[signature]*
Julie S. Moore
Manager, Compensation
U.S. Postal Service
Washington, DC 20260