Attachment 2

## UNITED STATES DISTRICT COURT
## DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED AMERICA FINANCIAL, INCORPORATED | ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) ) | Civil Action No. 06-0123 (JDG) |
| JOHN E. POTTER, POSTMASTER GENERAL UNITED STATES POSTAL SERVICE, | ) ) ) ) | |
| Defendant. | ) ) | |

### <u>DECLARATION OF BETSY CUTHBERTSON</u>

I, Betsy Cuthbertson, make the following declaration in lieu of affidavit pursuant to 28 U.S.C. § 1746. I am aware that this declaration is the legal equivalent of a statement under oath and that it will be filed in the United States District Court for the District of Columbia.

1.    I am the Manager for the Freedom of Information Act (FOIA) Office for the Office of Inspector General for the United States Postal Service. I have held this position since February 2004.

2.    I have reopened Plaintiff's FOIA request based upon the investigation closure and the determination that criminal prosecution is no longer pending. I have determined that the Report of Investigation and the following exhibits attached to the Report of Investigation can be released in their entirety:

- Ten pages (Exhibit 1): ASM 13 (one page); American National Insurance Company Certification and Acknowledgment of Computer Screen Illustration form (one page); Form 4576 - Application Replacing American

1

National Life Insurance (one page); Form 9332 Authorization Form (one page); Form 3696PA Application (one page); Postal allotment B4 (one page); Payroll Deductions Authorization (one page); Statement of understanding (one page); Postal Federal Employees Professional Insurance Company (one page);  Priority Information card for Postal Employees (one page) .

- Four pages (Exhibit 2): message undated (one page); page 2 of message undated (one page); handwritten statement (one page); Notice from Manager Human Resources undated (one page).

- One page (Exhibit 3): page two of Newslink dated January 27, 2006.

- Two pages (Exhibit 6): page two of signed letter dated February 10, 2006 (one page), unfaxed version of Notice of Information Privacy Practices (one page).

- One page (Exhibit 7): March 14, 2006, Benefits Administration Letter, number 06-202.

- Seven pages (Exhibit 32): Newsletter – A day in the World of Employee Benefits Calls for New Answers (one page); Individual Voluntary Benefits Protection, Value, Reliability (two pages); GNW-P0063 (10/04) Individual Voluntary benefits Disability Income Insurance (four pages).

- One page (Exhibit 33) – Business Card E. Leo Ony.

- One page (Exhibit 34) – handwritten name and phone of Stephanie White (one page).

2

- Two pages (Exhibit 35) – Better Business Bureau Report for United America Financial, Inc. (two pages).

3.   **Segregability**. I have determined that all other previously withheld documents as well as associated documents created later (after the filing of the FOIA request) can be released in redacted form. All documents were processed to achieve maximum disclosure consistent with the provisions of FOIA. Every effort was made to provide Plaintiff with all material in the public domain and with all reasonably segregable portions of releasable material.

Copies of the documents contain, on their face, categories of exemptions that detail the nature of the information withheld pursuant to the provisions of the FOIA and Privacy Act. To further describe the information withheld in more detail would identify the material that the United States Postal Service Office of Inspector General is protecting.

The documents are redacted based on exemptions (b)(2), (b)(5), (b)(6), (b)7(C), and (b)7(D). The following rationale, unless otherwise addressed in the document below, were used in applying FOIA Exemptions to information contained in the Report of Investigation and Exhibits.

      a. Names of the original complainant, potential victims who provided testimony or evidence, and representatives of complainants were redacted under FOIA Exemptions (b)(6), (b)(7)(C), and (b)(7)(D). These were people whose personal information under Exemption 6 is at least to be protected from release to safeguard their personal privacy. Because this information is part of files created for law

3

enforcement purposes, it is also protected under (b)(7)(C), where release could reasonably be expected to constitute an unwarranted invasion of personal privacy. I asserted Exemption 7(D) where release of these names could reasonably be expected to disclose the identity of a source that provided information to the OIG on a confidential basis. Section 7 of the Inspector General Act of 1978, as amended, directs that after the OIG receives a complaint or information from a Postal Service employee, the OIG will only reveal information if it is unavoidable during the course of the investigation.   As FOIA requests fall outside of the investigative work of the agency, I have disclosed only that information that I believe is sufficiently generic to shed light on the investigation.   I have attempted to avoid any disclosure which could result in retaliation; moreover, I sought to protect such information to avoid any negative affect a disclosure might have on this investigative agency's ability to encourage cooperation of witnesses, sources, and complainants in future investigatory work. Protection of the names in this case furthermore is not based on theoretical senses that sources' privacy might have been invaded. As the released text demonstrates, many of the sources state that they feared identity theft; others stated that they received persistent, unwelcome, and high-pressure phone calls at their homes from the insurance sales

4

force; others, having provided personal information, found their allotments had been altered without their knowing consent.

b. Personal financial and employment-related information supplied to the OIG investigator by the Postal Service or sources was redacted because such references can point back to the name of the complainant or source. For example, the dollar value of allotments was redacted because each was linked to specific age, policy value, and on other factors pertaining to the specific insured. Giving that allotment amount would tend to identify these sources to the plaintiff or their agents. Social Security numbers, locations of insurance presentations, portions of a postmark, and duty stations were similarly redacted throughout.

c. Events, such as was described in a witness statement that an insurance sales representative persistently tried to contact a postal employee outside of work for non-professional reasons were redacted. We do not believe release of such personal information shines a light on the operations of the government generally nor were they germane to the case. The release would identify to plaintiff's agents (sales force) the identity of a source.

d. Pronouns referring to complainant, representatives, and sources were routinely redacted because they can tend to assist plaintiff's agents in determining the identity of sources in the context of released documents.

5

e.  Names of postal officials who were not potential victims but who did provide evidence or testimony to OIG agents were redacted under (b)(6) and (b)(7)(C), as they have privacy interests that can be protected by redacting their names.  The OIG has an interest in preserving their privacy to encourage continuing cooperation with investigations.  Pronouns referring to these officials were not redacted.

f.  Names of Inspector General Special Agent and Inspection Service Inspectors.  These names of low-ranking agents are redacted under Exemption 7(C).  Absent a demonstration of significant misconduct on the part of law enforcement personnel, they retain a substantial privacy interest.

g.  Names of low-level agency personnel and employees of companies related to plaintiff and mentioned in the documents were redacted under Exemption 7(C), which protects from release identities and activities of such personnel where to do so would shed no light on government operations.  I have used my discretion to release that information on certain activities where it appears to shed light on the matters under investigation, without compromising personal information.  I have alternatively asserted Exemption 6, which pertains to personal information, the release of which could reasonably be expected to constitute an unwarranted invasion of personal privacy, to the identities of low-level personnel.

h.  Speculative statements were redacted under Exemption 5.  There were two or more statements volunteered but clearly noted as speculative by the Special Agent.  This privilege is intended to preserve information containing staff opinion leading to decision-making.  Disclosure of such material would inhibit free and candid expression of such views in the future.

i.  Information Outside of Scope, as in portions of newsletter articles unrelated to the article on identity theft, was redacted if it contained information either considered internal, under Exemption 2, or because it contained personally identifiable information about individuals who maintain privacy rights, as noted at g., above.

I have redacted the Report of Investigation and Exhibits as follows:

- The Report of Investigation, consisting of 20 pages. The report summarizes all investigative work and documentation.  I redacted names of and pronouns referring to the original complainant, potential victims who provided testimony or evidence, and representatives of complainants under FOIA Exemptions 6, 7(C), and 7(D) where they appeared on pages 1, 2, 5, 6, 7, 8, 9, 11, 12, 13, 14, 15, 16, 17, 18, and 20.

  I redacted personal financial and employment-related information was redacted under FOIA Exemptions 6, 7(C), and 7(D) on pages 2, 5, 6, 7 , 9, 11, 12, 13, 15, 16, 18, and 20.

  I redacted events under FOIA Exemptions 6, 7(C), and 7(D) on pages 10, 14, and 15.

I redacted names of, or pronouns referring to, postal officials who were not potential victims but who did provide evidence or testimony to OIG agents under Exemptions 7(C) and 7(D) and 6 on pages 6, 7, 8, 9, 11, 12, 14, 15, and 20.

I redacted names of Inspector General Special Agent and Inspection Service Inspectors under Exemption 7(C) on pages 5, 6, 7, 8, 9, 11, 12, 13, 14, 15, 16, 17, and 18.

I redacted names of low-level agency and non-governmental personnel under Exemption 7(C) and 6 as mentioned on pages 5, 6, 8, 17, and 19.

I redacted speculative statements under Exemption 5 on page 14.

Exhibits attached to the Report of Investigation consist of 117 pages, and I redacted information on 88 pages, as follows:

- Exhibit 1 - Personnel Application Sheet (one page); Direct Deposit Sign Up Form (one page); and Business Reply Mail cover of a two-page mailer bearing address to low-level agency personnel (one page); I redacted names of low-level governmental and non-governmental personnel under Exemptions 7(C) and 6.

- Exhibit 2 – containing multiple documents. Interoffice Memorandum dated March 15, 2006 (one page); I redacted names of, or pronouns referring to, postal officials who were not potential victims but who did provide evidence or testimony to OIG agents, under Exemptions 7(C) and 7(D) and 6.

8

Human Resources' chronological listing of district involvement with Employee Service Division (ESD), undated (four pages); I redacted names of the original complainant, potential victims who provided testimony or evidence, and representatives of complainants under Exemptions 6, 7(C), and 7(D), personal financial and employment-related information under Exemptions 6, 7(C), and 7(D), and names of postal officials who were not potential victims but who did provide evidence or testimony to OIG agents under Exemptions 7(C) and 7(D) and 6. In addition, names of Inspector General Special Agent and/or Inspection Service Inspectors were redacted under Exemption 7(C) and names of low-level agency or non-governmental personnel mentioned in the documents were redacted under Exemptions 7(C) and 6.

Internal email dated January 23, 2006 (two pages) concerning discovery of non-FEGLI representatives gaining access to postal facilities for purposes of solicitation; I redacted names of postal officials who were not potential victims but who did provide evidence or testimony to OIG agents under Exemptions 7(C) and 7(D) and 6 as well as other agency personnel mentioned in the document, under Exemptions 7(C) and 6.

Internal email dated January 27, 2006 (one page); I redacted names of agency personnel mentioned in the document under Exemptions 7(C) and 6.

Internal email dated February 9, 2006, (two pages, one page unredacted); I redacted names of postal officials, who were not potential

9

victims but who did provide evidence or testimony to OIG agents, under Exemptions 7(C) and 7(D) and 6. Names of Inspector General Special Agent and/or Inspection Service Inspectors were redacted under Exemption 7(C) and names of low-level agency or non-governmental personnel mentioned in the documents were redacted under Exemptions 7(C) and 6.

Internal email dated January 27, 2006 (one page); I redacted names of postal officials who were not potential victims but who did provide evidence or testimony to OIG agents under Exemptions 7(C) and 7(D) and 6. Names of Inspector General Special Agent and/or Inspection Service Inspectors were redacted under Exemption 7(C) and names of low-level agency or non-governmental personnel mentioned in the documents were redacted under Exemptions 7(C) and 6.

Internal email dated January 24, 2006 (one page); I redacted names of postal officials who were not potential victims but who did provide evidence or testimony to OIG agents under Exemptions 7(C) and 7(D) and 6. Names of Inspector General Special Agent and/or Inspection Service Inspectors were redacted under Exemption 7(C) and names of low-level agency or non-governmental personnel mentioned in the documents were redacted under Exemptions 7(C) and 6.

Three signed employee accounts of solicitation, (one page); I redacted names of the potential victims who provided testimony or evidence, and representatives of complainants under Exemptions 6, 7(C),

and 7(D), personal financial and employment-related information under Exemptions 6, 7(C), and 7(D), and names of postal officials who were not potential victims but who did provide evidence or testimony to OIG agents under Exemptions 7(C) and 7(D) and 6.

Handwritten note date stamped January 30, 2006, requesting a copy of a form (possibly to confirm whether an improper allotment had been submitted) (one page); I redacted names of the potential victim who provided testimony or evidence, and representatives of complainants under FOIA Exemptions 6, 7(C), and 7(D),

Internal email dated February 13, 2006 (one page) concerning solicitation on postal property in violation of postal regulations; I redacted names of postal officials who were not potential victims but who did provide evidence or testimony to OIG agents under Exemptions 7(C) and 7(D) and 6. Names of Inspector General Special Agent and/or Inspection Service Inspectors were redacted under Exemption 7(C) and names of low-level agency or non-governmental personnel mentioned in the documents were redacted under Exemptions 7(C) and 6. I also redacted a speculative statement under Exemption 5.

Internal email dated March 24, 2006 (two pages) concerning the Link article on the non-FEGLI solicitations. I redacted names of postal officials who were not potential victims but who did provide evidence or testimony to OIG agents under Exemptions 7(C) and 7(D) and 6. Names of Inspector General Special Agent and/or Inspection Service Inspectors

11

were redacted under Exemption 7(C) and names of low-level agency or non-governmental personnel mentioned in the documents were redacted under Exemptions 7(C) and 6. I also redacted a draft of newsletter language as a pre-decisional inter-agency communication under Exemption 5.

- Exhibit 3 - internal email dated January 27, 2006 (three pages), which embedded a USPS News Link edition from that date. The edition contained one article on potential identity theft and seven unrelated articles. I redacted names of postal officials who were not potential victims but who did provide evidence or testimony to OIG agents under Exemptions 7(C) and 7(D) and 6. Names of Inspector General Special Agent and/or Inspection Service Inspectors were redacted under Exemption 7(C) and names of low-level agency or non-governmental personnel mentioned in the documents were redacted under Exemptions 7(C) and 6. I also redacted names of postal employees from articles falling outside the scope of the FOIA request and part of a discussion of internal postal matters of a trivial nature under Exemptions 2 and 6.

- Exhibit 4 - Newslink dated January 30, 2006 (one page), as republished in an Office of Inspector General electronic newsletter. I redacted the name of an OIG employee under Exemption 6.

- Exhibit 5 - OIGNewslink February 6, 2006 (one page). I redacted names of postal employees under Exemption 6 and some content from articles

12

falling outside the scope of the FOIA request and part of a discussion of internal agency matters of a trivial nature under Exemptions 2.

- Exhibit 6 - Letter dated February 10, 2006, from Rosario Holmes, unsigned (two pages) 2 copies; UAF Notice of Information Privacy Practices (one page) 2 copies; Letter dated February 10, 2006 from Rosario Holmes, signed (one page redacted). I redacted the names in the salutations as well as the facsimile numbers and identifiers under FOIA Exemptions 6, 7(C), and 7(D); these identifiers referred to employees or workstations, which, if revealed, could lead to the identities of potential victims who provided testimony or evidence.

- Exhibit 7 - message dated March 14, 2006 (one page), Postal Service letter to potential victims. Name of postal official who was not a potential victim but who did provide evidence or testimony to OIG agents was redacted under Exemptions 7(C) and 7(D) and 6.

- Exhibit 8 - Account Change Confirmation dated December 7, 2005 (one page) and account audit history (one page), each of which contained sensitive personal information including Social Security Number, bank account numbers and related financial information concerning one specific employee. I redacted personal financial and employment-related information under Exemptions (b)(6), (b)(7)(C), and (b)(7)(D).

- Exhibit 9 - Office of Inspector General Memorandum of Interview of victim (two pages). I redacted names of the original complainant, potential victims who provided testimony or evidence, and/or representatives of

13

complainants under Exemptions 6, 7(C), and 7(D).  Personal financial and employment-related information was redacted under Exemptions 6, 7(C), and 7(D).  Names of postal officials who were not potential victims but who did provide evidence or testimony to OIG agents were redacted under Exemptions 7(C) and 7(D) and 6.  Names of Inspector General Special Agent and Inspection Service Inspectors were redacted under Exemption 7(C).  Names of low-level agency personnel mentioned in the documents were redacted under Exemptions 7(C) and 6.

- Exhibit 10 - Office of Inspector General Memorandum of Interview of victim (two pages).  I redacted names of the original complainant, potential victims who provided testimony or evidence, and/or representatives of complainants under Exemptions 6, 7(C), and 7(D).  Personal financial and employment-related information was redacted under Exemptions 6, 7(C), and 7(D).  Names of postal officials who were not potential victims but who did provide evidence or testimony to OIG agents were redacted under Exemptions 7(C) and 7(D) and 6.  Names of Inspector General Special Agent and Inspection Service Inspectors were redacted under Exemption 7(C).  Names of low-level agency personnel mentioned in the documents were redacted under Exemptions 7(C) and 6.

- Exhibit 11 - Direct Deposit Sign up Forms 1199A (eight pages), each of which contained sensitive personal information including Social Security Number fragments, bank account numbers and related financial information.  Names of the potential victims who provided testimony or

14

evidence and their personal financial and employment-related information were redacted under Exemptions 6, 7(C), and 7(D). The name and signature of a direct deposit representative was redacted under Exemption 6.

- Exhibit 12 – Refund and cancellation request letter dated December 21, 2005, from victim (one page). Name of the potential victim who provided testimony or evidence was redacted under Exemptions 6, 7(C), and 7(D). Personal financial and employment-related information was redacted under Exemptions 6, 7(C), and 7(D). Names of postal officials who were not potential victims but who did provide evidence or testimony to OIG agents were redacted under Exemptions 7(C) and 7(D) and 6.

- Exhibit 13 – Questionnaire/letter dated December 20, 2005, from Office of Inspector General to victim (one page). Name of the potential victim who provided testimony or evidence was redacted under Exemptions 6, 7(C), and 7(D). Personal financial and employment-related information was redacted under Exemptions 6, 7(C), and 7(D). Name of Inspector General Special Agent was redacted under Exemption 7(C).

- Exhibit 14 - Office of Inspector General Memorandum of Interview of victim (two pages). I redacted names of the original complainant, potential victims who provided testimony or evidence, and/or representatives of complainants under Exemptions 6, 7(C), and 7(D). Personal financial and employment-related information was redacted under Exemptions 6, 7(C), and 7(D). Names of Inspector General Special Agent and Inspection

Service Inspectors were redacted under Exemption 7(C). Name of low-level agency personnel mentioned in the documents was redacted under Exemptions 7(C) and 6.

- Exhibit 15 - Business card of an insurance salesperson Xeroxed on a sheet with handwritten note (one page). Name of postal official who was a potential victim and provided evidence or testimony to OIG agents was redacted under Exemptions 7(C) and 7(D) and 6.

- Exhibit 16 - Office of Inspector General Memorandum of Interview of employee of company that processes direct deposit forms for Employee Services Division/United America Financial (two pages). I redacted names of the original complainant who provided testimony or evidence, under Exemptions 6, 7(C), and 7(D). Name of source who provided evidence or testimony to OIG agents was redacted under Exemptions 7(C) and 7(D) and 6. Name of Inspector General Special Agent was redacted under Exemption 7(C).

- Exhibit 17 – E-mail dated January 11, 2006, from Office of Inspector General Special Agent verifying processing of allotments to representative of direct deposit administrator for Employee Services Division/UTS, containing multiple victim names and Social Security Numbers (one page). Name of source who provided evidence or testimony to OIG agents was redacted under Exemptions 7(C) and 7(D) and 6. Name of Inspector General Special Agent was redacted under Exemption 7(C). I redacted names of the original complainant and potential victims who provided

testimony or evidence under Exemptions 6, 7(C), and 7(D).    Personal financial information was redacted under Exemptions 6, 7(C), and 7(D).

- Exhibit 18 – E-mail dated January 12, 2006, to Office of Inspector General Special Agent investigating complaints from direct deposit administrator for Employee Services Division/UTS confirming status of allotments and containing banking information and Social Security Numbers for multiple victims/complainants (two pages).    Name of source who provided evidence or testimony to OIG agents was redacted under Exemptions 7(C) and 7(D) and 6.    Name of Inspector General Special Agent was redacted under Exemption 7(C).    I redacted names of the original complainant and potential victims who provided testimony or evidence under Exemptions 6, 7(C), and 7(D).    Personal financial information was redacted under Exemptions 6, 7(C), and 7(D).

- Exhibit 19 - Office of Inspector General Memorandum of Interview of victim (two pages).    I redacted names of the original complainant and a potential victim who provided testimony or evidence, under Exemptions 6, 7(C), and 7(D).    Personal financial and employment-related information as well as the account of a specific event not germane to the identity theft issue under investigation was redacted under Exemptions 6, 7(C), and 7(D) because release of that information might tend to reveal the identity of this source to plaintiff's agents.    Name of Inspector General Special Agent was redacted under Exemption 7(C).

- Exhibit 20 - Questionnaire/letter dated December 20, 2005, from Office of Inspector General to victim (one page). Name of the potential victim who provided testimony or evidence was redacted under Exemptions 6, 7(C), and 7(D). Personal financial and employment-related information was redacted under Exemptions 6, 7(C), and 7(D). Name of Inspector General Special Agent was redacted under Exemption 7(C).

- Exhibit 21 - Office of Inspector General Memorandum of Interview of potential victim (two pages: one redacted, one page blank). I redacted names of the original complainant and a potential victim who provided testimony or evidence under Exemptions 6, 7(C), and 7(D). Personal financial and employment-related information was redacted under Exemptions 6, 7(C), and 7(D). Name of Inspector General Special Agent was redacted under Exemption 7(C).

- Exhibit 22 - Office of Inspector General Memorandum of Interview of victim (two pages). I redacted names of the original complainant and a potential victim who provided testimony or evidence under Exemptions 6, 7(C), and 7(D). Personal financial and employment-related information was redacted under Exemptions 6, 7(C), and 7(D). Name of Inspector General Special Agent was redacted under Exemption 7(C).

- Exhibit 23 - internal E-mail dated January 20, 2006, from Office of Inspector General Special Agent investigating complaints from USPS Employees regarding Plaintiffs (one page). Names of postal officials who were not potential victims but who did provide evidence or testimony to

OIG agents were redacted under Exemptions 7(C) and 7(D) and 6. Name of Inspector General Special Agent was redacted under Exemption 7(C).

- Exhibit 24 - Office of Inspector General Memorandum of Interview of victim (two pages). I redacted names of the original complainant and a potential victim who provided testimony or evidence under Exemptions 6, 7(C), and 7(D). Personal financial and employment-related information was redacted under Exemptions 6, 7(C), and 7(D). Name of low-level agency personnel mentioned in the documents was redacted under Exemptions 7(C) and 6. Name of Inspector General Special Agent was redacted under Exemption 7(C).

- Exhibit 25 - Office of Inspector General Memorandum of Interview of victim (two pages). I redacted names of the original complainant and a potential victim who provided testimony or evidence under Exemptions 6, 7(C), and 7(D). Personal financial and employment-related information including but not limited to an allotment amount was redacted under Exemptions 6, 7(C), and 7(D). Name of Inspector General Special Agent was redacted under Exemption 7(C).

- Exhibit 26 - Questionnaire/letter dated December 20, 2005, from Office of Inspector General to a victim (one page). Name of the potential victim who provided testimony or evidence was redacted under Exemptions 6, 7(C), and 7(D). Personal financial and employment-related information was redacted under Exemptions 6, 7(C), and 7(D). Name of Inspector General Special Agent was redacted under Exemption 7(C).

- Exhibit 27 - Office of Inspector General Memorandum of Interview of victim (two pages). I redacted names of the original complainant and a potential victim who provided testimony or evidence under Exemptions 6, 7(C), and 7(D).   Personal financial and employment-related information such as an allotment amount was redacted under Exemptions 6, 7(C), and 7(D).   Name of Inspector General Special Agent was redacted under Exemption 7(C).

- Exhibit 28 - Office of Inspector General Memorandum of Interview of witness (two pages, one page redacted).  Names of postal officials who were not potential victims but who did provide evidence or testimony to OIG agents were redacted under Exemptions 7(C) and 7(D) and 6.  Name of Inspector General Special Agent was redacted under Exemption 7(C).

- Exhibit 29 - Office of Inspector General Memorandum of Interview of potential victim (two pages). I redacted names of the original complainant and a potential victim who provided testimony or evidence under Exemptions 6, 7(C), and 7(D). Personal financial and employment-related information was redacted under Exemptions 6, 7(C), and 7(D).  Name of Inspector General Special Agent was redacted under Exemption 7(C).

- Exhibit 30 - Office of Inspector General Memorandum of Interview of potential victim (two pages). I redacted names of the original complainant and a potential victim who provided testimony or evidence under Exemptions 6, 7(C), and 7(D). Personal financial and employment-related

information was redacted under Exemptions 6, 7(C), and 7(D). Name of Inspector General Special Agent was redacted under Exemption 7(C).

- Exhibit 31 - Office of Inspector General Memorandum of Interview of potential victim (two pages). I redacted names of the original complainant and a potential victim who provided testimony or evidence under Exemptions 6, 7(C), and 7(D). Personal financial and employment-related information was redacted under Exemptions 6, 7(C), and 7(D). Name of Inspector General Special Agent was redacted under Exemption 7(C).

- Exhibit 32 – Eight-page solicitation package and letter dated December 8, 2006, from UAF/Connie Choi to Postal Service employee (one page redacted page). I redacted the name of a potential victim under Exemptions 6, 7(C), and 7(D). Personal financial and employment-related information was redacted under Exemptions 6, 7(C), and 7(D).

- Exhibit 36 - Office of Inspector General Memorandum of Interview of potential victim (two pages). I redacted names of the original complainant and a potential victim who provided testimony or evidence under Exemptions 6, 7(C), and 7(D). Personal financial and employment-related information was redacted under Exemptions 6, 7(C), and 7(D). Name of Inspector General Special Agent was redacted under Exemption 7(C).

- Exhibit 37 - Office of Inspector General Memorandum of Interview of postal employee as to role in processing of allotments (one page). Names of postal officials who were not potential victims but who did provide evidence or testimony to OIG agents were redacted under Exemptions

21

7(C) and 7(D) and 6.  Name of Inspector General Special Agent was redacted under Exemption 7(C).

- Exhibit 38 - internal email dated March 9, 2006, forwarding victim statement (one page).    I redacted the name of a potential victim who provided testimony or evidence under Exemptions 6, 7(C), and 7(D). Personal financial and employment-related information was redacted under Exemptions 6, 7(C), and 7(D).  Name of low-level agency personnel were redacted under Exemption 7(C).  Name of Inspector General Special Agent was redacted under Exemption 7(C).

I declare, under penalty of perjury, that the foregoing is true and correct to the best of my knowledge and belief.

Date: March 25, 2008

Betsy Cuthbertson
Manager, FOIA Office

23