Attachment 3

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED AMERICA FINANCIAL, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Case No. 1:06CV0123 |
| POSTMASTER GENERAL, JOHN E. POTTER, | ) |
| | ) |
| Defendant. | ) |
| | ) |

## DECLARATION OF MILDRED R. BAXTER

I, **Mildred R. Baxter**, declare the following to be true and correct. I am aware that this declaration will be submitted in connection with the proceeding captioned above and that it is the legal equivalent of a statement under oath:

1.    I am one of three Information Disclosure Technicians in the Office of Counsel for the U.S. Postal Inspection Service, the law enforcement component of the United States Postal Service, in Washington, D.C. I have served in the Office of Counsel at all times relevant to the above-captioned case.

2.    The Chief Postal Inspector is the official custodian of all Inspection Service records, including records relating to criminal investigations, maintained by the Postal Inspection Service. One of the delegated functions of my office is the processing of requests for access to Inspection Service records made pursuant to the Freedom of Information Act (FOIA), 5 U.S.C. §552 (1988), and the Privacy Act of 1974 (PA), 5 U.S.C. §552a (1988). I review requests under these Acts, which are referred to the Postal Inspection Service, conduct searches to locate responsive records and prepare responses of the Postal Inspection Service to the requester(s). It is the responsibility of

-1-

this office to make the determinations to withhold, redact or to release records of the Postal Inspection Service in accordance with the provisions of both the FOIA and PA, and Postal Service regulations 39 C.F.R. § 265.1 et. seq.

3.     I make the statements herein on the basis of personal knowledge, as well as information acquired in the performance of my official duties.

## CHANGE IN EXEMPTION STATUS

4.     The Agency no longer invokes exemption 7(A) to the withheld documents.

## DOCUMENTS RELEASED IN FULL

5.     Documents 7 and 15 consisted of a one-page photocopy of drivers' licenses of UAF employees and can be released in full.

## DESCRIPTION OF RECORDS AND REASONS FOR WITHHOLDING

6.     The records at issue are covered in the System of Records called the Investigative File System (USPS Handbook AS-353, Section 700.000). The files were located with a postal inspector.

In responding to the plaintiff's initial request, the Inspection Service provided the plaintiff a total of 5 pages of records. Redactions were made on all five pages pursuant to Exemptions (b)(2), (b)(5), (b)(6), (b)(7)(C), (b)(7)(D) and (b)(7)(E). Of the original five pages released to the plaintiff with redactions, this office re-examined the documents and determined that three of the five pages contained portions that are considered segregable from the exemptions and additional information was released. Withholdings were made on these documents pursuant to (b)(2), (b)(7)(C) and (b)(7)(D). These three pages are discussed below in paragraph 7.

On October 30, 2006, plaintiff was also sent an additional 47 pages of redacted

material responsive to his request. Of the original 47 pages released to the plaintiff, this office re-examined the 47 pages in order to provide the plaintiff with greater access to the requested material. As a result, (b)(6) and (b)(7)(C) were the only exemptions applied to the 47 pages. The information impacted consisted of UAF names (which are now being released), postal employee names who were affected employees (which are being withheld under (b)(6) and inspector names (which are being withheld under (b)(7)(C)). The reasons for withholding the employees' names are they were the postal facility employees who were directly approached in the possible scam and/or unlawful activity. Inspector names are withheld because of the fear or harassment. The publicity associated with the release of a postal inspectors' identity in connection with a particular law enforcement investigation could rekindle animosity toward that postal inspector. Accordingly, postal inspectors maintain substantial privacy interests in not having their identities disclosed. The public would not be served by the disclosure of their identities.

As a result of the Court's order of January 22, 2008, the Inspection Service also re-reviewed its withholdings in full and determined that some could be released in redacted form. The rationale for withholding is found in paragraphs 7 and 8 as follows:

7. <u>Records Disclosed with Redactions</u>.

On February 19, 2008, a review was conducted by the Inspection Service of the 118 pages which were originally withheld in their entirety. It was determined that 40 of the original 118 withheld pages were considered duplicates, bringing the actual withheld page total to 78. This office determined an additional 28 pages that were previously withheld in their entirety could be released with exemptions applied. A total of 50 pages are being withheld in their entirety.

-3-

A description of the <u>records disclosed with redactions</u> by category and the application of the FOIA exemptions are as follows:

<u>Exemption 2 (low 2)</u> –  which concerns records related solely to the internal personnel rules and practices of an agency.  This exemption protects routine internal administrative matters and functions of the Inspection Service which have no effect on the public at large. Exemption (b)(2) was applied to:

- Document 2 is a 2-page internal Inspection Report dated January 30, 2006. The information redacted relates to a internal identification number and is an internal administrative matter and function of the Inspection Service protected from disclosure.

<u>Exemption 5</u> –  Exemption (b)(5) protects inter-agency or intra-agency memorandums or letters made in the deliberative process.  Exemption (b)(5) was applied to:

- Document 1 is a 2-page internal Memorandum to File dated January 30, 2006, written by a postal inspector to the file.  The information redacted relates to speculative statements made in the deliberative process regarding proceeding with the investigation.  There was one statement volunteered but clearly noted as speculative by the postal inspector.  This privilege is intended to preserve information containing staff opinion leading to decision-making.  Disclosure of such material would inhibit free and candid expression of such views in the future. To disclose this information would reveal pre-decisional communications among government personnel, which would jeopardize the candid and comprehensive considerations essential for efficient and effective decision-making.

- Document 11 is a 2-page internal email dated February 9, 2006, between two postal inspectors which contains two separate statements redacted under Exemption 5. The information redacted relates to speculative statements made in the deliberative process regarding proceeding with the investigation. This privilege is intended to preserve information containing staff opinion leading to decision-making. Disclosure of such material would inhibit free and candid expression of such views in the future. To disclose this information would reveal pre-decisional communications among government personnel, which would jeopardize the candid and comprehensive considerations essential for efficient and effective decision-making.

Exemption 6 – applies where release of personnel and similar files would constitute a clearly unwarranted invasion of personal privacy. Exemption (b)(6) was applied to:

- Document 6 is a one-page handwritten cell phone number and name of an unknown individual. The name and cell phone are protected from disclosure because release would be an unwarranted invasion of privacy for the individual.

- Document 14 is a 2-page internal email dated January 30, 2006, between postal inspectors discussing detailed aspects of the investigation. The information redacted consists of personal phone numbers of postal inspectors.

In the above documents, Exemption 6 was only applied to withhold a person's name and telephone number and a postal inspector's telephone number. The public has no interest in personal telephone numbers.

Exemption 7(C) – where disclosure could reasonably be expected to constitute an unwarranted invasion of personal privacy. Exemption (b)(7)(C) has been asserted to

protect the names of and/or identifying data of Inspection Service postal inspectors who were responsible for conducting, supervising, and/or maintaining the investigative activities reported in the files concerning plaintiff. Assignments of postal inspectors to any particular investigation are not by choice. Publicity (adverse or otherwise) regarding any particular investigation they have been assigned to may seriously prejudice their effectiveness in conducting other investigations. The privacy consideration is also to protect postal inspectors, as individuals, from unnecessary, unofficial questioning as to the conduct of this or other investigations, whether or not they are currently employed by the Postal Inspection Service. Postal inspectors conduct official inquiries into various criminal and national security cases. They come into contact with all strata of society. They conduct searches and make arrests, both of which constitute reasonable, but nonetheless serious intrusions into peoples' lives. Many of these people carry grudges which last for years and they may seek any excuse to harass the postal inspector they deem responsible for these intrusions. The publicity associated with the release of a postal inspectors' identity in connection with a particular law enforcement investigation could rekindle animosity toward that postal inspector. Accordingly, postal inspectors maintain substantial privacy interests in not having their identities disclosed. The public would not be served by the disclosure of their identities. Thus, any such disclosure would constitute an unwarranted invasion of their personal privacy. Exemption (b)(7)(C) was applied to:

- Document 1 is a 2-page internal memorandum dated January 30, 2006, containing investigation notes of interviews and complaints from postal employees and also contains the names of postal inspectors in Ohio and postal

police employees.

- Document 2 is a 2-page incident report dated January 30, 2006, of complaints taken from postal employees of a possible scam and contains the names of postal police, postal inspectors and postal employees involved in the investigation and providing information of the possible scam.

- Document 3 is a 1-page facsimile cover sheet dated January 30, 2006, which contains the names, addresses, phone numbers and fax numbers of postal inspectors.

- Document 4 is a 1-page handwritten name and phone number of a postal employee who provided information to the postal inspectors.

- Document 5 is a 2-page internal email dated January 27, 2006, forwarding the light blue to postal employees and contains the names and phone numbers of victims.

- Document 8 is a 3-page internal email dated February 16, 2006, from a facility in Ohio to the Inspection Service providing details about assisting victim employees in changing their PIN numbers.

- Document 9 is a 3-page internal email dated February 21, 2006, from a facility employee in Ohio to a postal inspector about advising the employees of the Direct Link.

- Document 11 is a 2-page dated February 9, 2006, is an internal email between postal inspectors and contains details of the investigation of a possible insurance scam.

- Document 12 is a 1-page internal email dated January 27, 2006, between postal

-7-

inspectors.

- Document 13 is a 6-page facsimile dated February 1, 2006, to a postal inspector from an affected employee in Ohio which contains police incidents listing of complaints from victims, the names, phone number, addresses and social security numbers of victims. Release of the law enforcement postal inspectors' names and work locations would subject them to harassment and/or intimidation from Plaintiff. One page was released in its entirety; three pages were redacted under (b)(7)(C) and (b)(7)(D). The information redacted under (b)(7)(C) was applied to the names of law enforcement personnel only. The information redacted under (b)(7)(D) was applied to the name of a state law enforcement source. Two pages were withheld in their entirety. One of the two pages was withheld under (b)(7)(D). The information withheld under (b)(7)(D) was applied to a state law enforcement incident listing. The other page was withheld under (b)(6) and (b)(7)(D). The information withheld consists of a listing of affected employees, their social security numbers, home phone numbers and home address. There is no reasonably segregable portion to these two pages.

- Document 14 is a 2-page internal email dated January 30, 2006, to a Postal Inspector and contains information gathered in the investigation and contains the names, social security numbers and dates of birth of employees affected by the insurance scam.

- Document 18 is a one-page handwritten name and telephone number of postal employees and law enforcement employees.

The information redacted under this exemption applied to names of law enforcement

personnel only.  Law enforcement names are routinely withheld pursuant to Exemption

(b)(7)(C).   Exemption (b)(7)(C) was also applied to some pages of Document 13.

8.   **Records Withheld in Full**

A description of the records <u>withheld in full</u> by category and the application of the FOIA

exemptions are as follows:

<u>Exemption 7(D)</u> –  which exempts information that could reasonably be expected to

disclose the identity of a confidential source and confidential information furnished by

that source.   Exemption (b)(7)(D) was applied to:

- Document 10 is a 1-page Supplemental Report from a law enforcement agency

  dated January 30, 2006. This Document is a supplemental incident report from a

  state law enforcement agency. This document is from a detective in law

  enforcement involved in investigating complaints from victims in Ohio.

- Document 13 is a 6-page internal facsimile dated February 1, 2006, from an Ohio

  postal employee to a postal inspector.  The document contains the name, fax

  number and telephone number of the postal inspector.  The facsimile contains

  the names, phone numbers and addresses of the victims of the possible

  insurance fraud who made complaints to the Postal Inspection Service. One

  page was released in its entirety; three pages were redacted under (b)(7)(C) and

  (b)(7)(D).  The information redacted under (b)(7)(C) was applied to the names of

  law enforcement personnel only.  The information redacted under (b)(7)(D) was

  applied to the name of a state law enforcement source.  Two pages were

  withheld in their entirety. One of the two pages was withheld under (b)(7)(D).

  The information withheld under (b)(7)(D) was applied to a state law enforcement

incident listing. The other page was withheld under (b)(6) and (b)(7)(D). The information withheld consists of a listing of affected employees, their social security numbers, home phone numbers and home address. There is no reasonably segregable portion to these two pages. 7(D) applies because of implied confidentiality between the agencies. Exemption 7(D) where release of these names could reasonably be expected to disclose the identity of a source that provided information to the Inspection Service on a confidential basis.

- Document 16 is a 17-page confidential federal law enforcement report dated January 29, 2006, from a federal law enforcement database on a UAF employee.

- Document 17 is a 5-page confidential federal law enforcement report dated January 27, 2006, from a federal law enforcement database on a UAF employee.

- Document 19 is a 10-page confidential law enforcement report dated January 29, 2006, from a federal law enforcement database on a UAF employee; and,

- Document 20 is a 15-page confidential law enforcement report dated January 29, 2006, from a federal law enforcement database on a UAF employee.

These documents are protected from disclosure because they contain confidential information assembled in the course of a lawful investigation. It protects from mandatory disclosure "records or information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information. . . could reasonably be expected to disclose the identity of a confidential source, including a state, local, or foreign agency or authority or any private institution which furnished information on a confidential basis, and, in the case of a record or information compiled by a criminal law enforcement authority in the course of an

-10-

investigation. The threshold for Exemption 7(D) was met because the redacted and withheld documents consisting of the identities of confidential law enforcement resources utilized by the Postal Inspection Service and the information they provided in the course of the investigation of United America Financial, Inc. In addition, when the identity of one source is revealed, that revelation has a chilling effect on law enforcement investigations.

Exemption 7(E) – where disclosure would reveal techniques and procedures for law enforcement investigations or prosecutions. Information gathered during the law enforcement proceedings by the Postal Inspection Service, a law enforcement entity for the Postal Service. These law enforcement reports identifies the name of a postal inspector involved in coordinating the investigation of complaints from postal employees and contains details of the investigation of Plaintiff's solicitation of postal employees on postal property and obtaining postal employee's personal information. Disclosure of this information could enable potential wrongdoers to devise strategies that would circumvent those security measures. Documents 16, 17, 19 and 20 consist of a combined total of 47 pages of federal law enforcement computerized data reports on UAF employees. Exemption 7(E) was invoked to protect the integrity of electronic databases utilized by law enforcement personnel. Exemption (b)(7)(E) was applied to:

- Document 16 is a 17-page confidential law enforcement report dated January 29, 2006, from a federal law enforcement database on a UAF employee. This document was gathered as part of the investigation of complaints from postal employees of possible insurance fraud.

- Document 17 is a 5-page confidential federal law enforcement report from a law

-11-

enforcement database dated January 27, 2006, on a UAF employee. This document was gathered as part of the investigation of complaints from postal employees of possible insurance fraud.

- Document 19 is a 10-page confidential law enforcement report dated January 29, 2006, from a federal law enforcement database on a UAF employee. This document was gathered as part of the investigation of complaints from postal employees of possible insurance fraud.

- Document 20 is a 15-page confidential law enforcement report dated January 29, 2006, from a federal law enforcement database on a UAF employee. This document was gathered as part of the investigation of complaints from postal employees of possible insurance fraud.

## **SEGREGABILITY**

9.  All documents were processed to achieve maximum disclosure consistent with the provisions of the FOIA.  Every effort was made to provide Plaintiff with all material in the public domain and with all reasonably segregable portions of releasable material.  To further describe the information would identify the material sought to be protected.

10.  Copies of the documents contain, on their face, categories of exemptions which detail the nature of the information withheld pursuant to the provisions of the FOIA. To further describe the information withheld in more detail could identify the very material that the U.S. Postal Inspection Service is protecting.

11.  The information contained in this declaration constitutes a complete and accurate description of all the documents in the custody or possession of the United States Postal Service that are responsive to the Plaintiff's request.

-12-

12.  All the responsive records are located at the Postal Inspection Service in Arlington,

Virginia, at the present time.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on March 27, 2008.

Mildred R. Baxter
Information Disclosure Technician
Office of the Chief Inspector
U. S. Postal Inspection Service