# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED AMERICA FINANCIAL, INCORPORATED | ) |
| | ) |
| | ) Civil No.: 06 CV 1023 (JDB) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| POSTMASTER GENERAL JOHN E. POTTER | ) |
| U.S. POSTAL SERVICE, | ) |
| | ) |
| | ) |
| Defendant. | ) |
| | ) |

_____

**PLAINTIFF'S SECOND MOTION FOR SUMMARY JUDGMENT**

_____

William P. Farley, Esquire
D.C. Bar No. 466280
Law Office of William P. Farley, P.C.
1350 Connecticut Avenue, NW
Suite 200
Washington, D.C. 20036
(202) 775-1550

Counsel for Plaintiff

## TABLE OF CONTENTS

**PROCEDURAL BACKGROUND** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **2**

**I. INTRODUCTION** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **4**

**II. STANDARD FOR SUMMARY JUDGEMENT** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **5**

**III. ARGUMENT** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **6**

    **A. FOIA POLICY IS FULL DISCLOSURE** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **7**

    **B. THE FOIA'S CENTRAL PURPOSE IS TO KEEP GOVERNMENT HONEST  7**

    **C. THERE ARE NO FOIA EXEMPTIONS APPLICABLE IN THIS MATTER  . . 8**

        **1. The Documents Do Not Fall Under Exemption 2** . . . . . . . . . . . . . . . . . . . . **8**
        **2. The Documents Do Not Fall Under Exemption 3** . . . . . . . . . . . . . . . . . . . . **9**
        **3. The Documents Do Not Fall Under Exemption 5** . . . . . . . . . . . . . . . . . . . **10**
        **4. The Documents Do Not Fall Under Exemption 6** . . . . . . . . . . . . . . . . . . . **11**
        **5. The Documents Do Not Fall Under Exemption 7(A)** . . . . . . . . . . . . . . . . **12**
        **6. The Documents Do Not Fall Under Exemption 7©)** . . . . . . . . . . . . . . . . . **14**
        **7. The Documents Do Not Fall Under Exemption 7(D)** . . . . . . . . . . . . . . . . **15**
        **8. The Documents Do Not Fall Under Exemption 7(E)** . . . . . . . . . . . . . . . . **16**

**IV. DEFENDANT MUST PROVIDE A VAUGHN INDEX** . . . . . . . . . . . . . . . . . . . . . . **16**

**CONCLUSION** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **18**

## TABLE OF AUTHORITIES

### CASES

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Celotex Corp. v. Catrett*, 477 U.S. 317 (1986) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Coastal States Gas Corp. v. Department of Energy*, 617 F.2d 854 (D.C. Cir. 1980) . . . . . . . . 10

*Cox v. United States Dep't of Justice*, 601 F.2d 1 (D.C.Cir.1979) . . . . . . . . . . . . . . . . . . . . . 9

*Crooker v. Bureau of Alcohol, Tobacco & Firearms*, 670 F.2d 1051 (D.C.Cir.1981) . . . . . 8

*Department of Air Force v. Rose*, 425 U.S. 352 (1976) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Department of Justice v. Reporters Committee*, 489 U.S. 749 (1989) . . . . . . . . . . . . . . . . . . . 7

*Dept. of State v. Washington Post Co.*, 456 U.S. 595 (1982) . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*Disabled Officers Ass'n v. Rumsfield*, 428 F.Supp. 454 (D.D.C.1977) . . . . . . . . . . . . . . . . . . 4

*EPA v. Mink*, 410 U.S. 73 (1973) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*Ethyl Corp. v. U.S. EPA*, 25 F.3d 1241 (4th Cir.1994) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

*FBI v. Abramson*, 456 U.S. 615 (1982) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

*Holbrook v. Reno*, 196 F.3d 255 (D.C.Cir.1999) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Isley v. Executive Office for United States Attorneys*, 1999 WL 1021934 (D.C.Cir. 1999) . . 17

*Jones v. FBI*, 41 F.3d 238 (6th Cir.1994) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

*Kaiser Aluminum v. United States*, 157 F. Supp. 939 (Ct. Cl. 1958) . . . . . . . . . . . . . . . . . . . 11

*Kimberlin v. Department of Justice*, 139 F.3d 944 (D.C. Cir.1998) . . . . . . . . . . . . . . . . . . . . . 14

*Loeffler v. Frank*, 486 U.S. 549 (1988) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Mapother v. Dep't of Justice*, 3 F.3d 1533 (D.C. Cir. 1993) . . . . . . . . . . . . . . . . . . . . . . . . . . 14

*Martin v City of Struthers*, 319 US 141 (1943) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

ii

*Mead Data Central, Inc. v. U.S.A.F.*, 566 F.2d 242 (D.C.Cir.1977) . . . . . . . . . . . . . . . . . . . . 6

*NLRB v. Sears, Roebuck & Co.*, 421 U.S. 132 (1975) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*Nat'l Sec. Archive v. FBI*, 759 F. Supp. 872 (D.D.C. 1991) . . . . . . . . . . . . . . . . . . . . . . . . . . 14

*National Western Life Ins. Co. v. U.S.*, 512 F.Supp. 454 (D.C. Tex. 1980) . . . . . . . . . . . . . . 9

*Neill v. Dep't of Justice,* No. 93-5292, 1994 WL 88219 (D.C. Cir. 1994) . . . . . . . . . . . . . . . 13

*Peter S. Herrick's v. U.S. Customs*, 2006 WL 1826185 (D.D.C. 2006) . . . . . . . . . . . 5, 16, 17

*Reporters Cmt for Freedom of the Press v. DOJ*, 489 U.S. 749 (1989) . . . . . . . . . . . . . . . . . 11

*Ripskis v. Department of Hous. and Urban Dev.*, 746 F.2d 1 (D.C. Cir. 1984) . . . . . . . . . . . 11

*Rural Housing Alliance v. Dep't of Ag.*, 498 F.2d 73 (D.C.Cir.1974) . . . . . . . . . . . . . . . . 12, 15

*Steinberg v. United States Dep't of Justice*, 23 F.3d 548 (D.C.Cir.1994) . . . . . . . . . . . . . . . . 6

*Stern v. F.B.I.*, 737 F.2d 84 (1984) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

*Tax Analysts v. I.R.S.*, 294 F.3d 71 (D.C.Cir. 2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*United States Dep't of Justice v. Landano*, 508 U.S. 165 (1993). . . . . . . . . . . . . . . . . . . . 15, 16

*Vaughn v. Rosen*, 484 F.2d 820 (D.C.Cir.1973) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

*Vaughn v. Rosen*, 523 F.2d 1136 (D.C. Cir. 1975) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*Weisberg v. U.S. DOJ*, 745 F.2d 1476 (D.C. Cir.1984) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Williams v. Fed. Bureau of Investigation*, 69 F.3d 1155 (D.C.Cir.1995) . . . . . . . . . . . . . . . . 15


## STATUTES

39 U.S.C. § 410( c)(2) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

Administrative Procedure Act . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

Freedom of Information Act, 5 U.S.C. § 552 *et. seq.* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 6

**Freedom of Information Act - Exemption 2** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **8**

**Freedom of Information Act - Exemption 3** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **9**

**Freedom of Information Act - Exemption 5** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **10**

**Freedom of Information Act - Exemption 6** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **11**

**Freedom of Information Act - Exemption 7** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **12**

**Freedom of Information Act - Exemption 7(A)** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **13**

**Freedom of Information Act - Exemption 7©)** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **14**

**Freedom of Information Act - Exemption 7(D)** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **15**

**Freedom of Information Act - Exemption 7(E)** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **16**

**Rule 56 of the Federal Rules of Civil Procedure** . . . . . . . . . . . . . . . . . . . . . . . . . . . **3, 5, 6**

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| UNITED AMERICA FINANCIAL, INCORPORATED ) | |
| ) | |
| ) | Civil No.: 06 CV 1023 (JDB) |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| POSTMASTER GENERAL JOHN E. POTTER ) | |
| U.S. POSTAL SERVICE, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**MOTION AND MEMORANDUM 0F POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND FOR A VAUGHN INDEX**

Plaintiff, United America Financial, Incorporated ("UAF"), by and through their attorneys and pursuant to Rule 56 of the Federal Rules of Civil Procedure, hereby submit moves for Summary Judgment in this Freedom of Information Act ("FOIA") matter.

UAF seeks all government documents concerning Nigerian identity thieves because the "public's general interest in disclosure." The public has the right to know who these purported identity thieves are in order to shield themselves from purported Nigerian Identity thieves that have been identified by the government. The public should have this information in order to assess the government's role in the matter to see if the government is protecting users of the U.S. Mail from having their identity stolen by Nigerian identity thieves.

The public has the right to know when a threat to their privacy has been identified and is

known to the government.[1]  Further, Citizens have the right to know which government employees have had their information stolen by Nigerian identity thieves.  Finally, if the government servant's identity has been stolen, there is no privacy to invade as their identity would be held by the Nigerian Identity thieves.[2]  None of the "narrowly construed" exemptions to FOIA applies in this matter, thus, FOIA requires full agency disclosure.  Plaintiff hereby incorporates the attached Plaintiff's Statement of Material Facts ("PSMF").

## PROCEDURAL BACKGROUND

In January 2006 Plaintiff United America Financial ("UAF") became aware that legal action might be necessary to protect their interests.  UAF became aware that certain parties had disparaged their business and placed them in a false light.  In February 2006 UAF requested documents that are solely in the possession of the United States Post Office that would identify the alleged wrongdoers.  The Post Office refused to provide the information that would permit UAF to go forward with their suit so UAF filed this matter on June 5, 2006.

On August 31, 2006, UAF filed their first motion for summary judgment.  On October 30, 2006 Defendant Potter ("Potter") filed his motion for summary judgment as well as his opposition to UAF's Motion for Summary Judgment.  On November 30, 2006 UAF filed their opposition to

---

[1]  The Supreme Court recognized the public's right to receive information and explained that the First Amendment's "freedom of speech and press embraces the right to distribute literature, and necessarily protects the right to receive it."  *Martin v City of Struthers*, 319 US 141, 143 (1943).

[2]  In addition, the disclosure of lists of government employees names and addresses is only an insubstantial invasions of privacy.  Employment with the government is public information. Similarly, the disclosure of names and addresses of employees is an insubstantial invasion of privacy where the public interest was served by disclosure. *Disabled Officers Ass'n v. Rumsfield*, 428 F.Supp. 454 (D.D.C.1977).

Potter's Motion for Summary Judgment and Reply thereabout.  On December 29, 2006 Potter filed his Reply and the matter was fully briefed as to both parties' motions.

On January 22, 2008 this honorable court issued a memorandum opinion that explained the Order of that date.  The Court ordered the release of documents including the UAF business cards, which have not been provided as of this date, and ordered Defendant to show whether portions of emails are segregable and whether the names in the email must be released.

## POINTS AND AUTHORITIES
### I. INTRODUCTION

Due to this Court's January 22, 2008 opinion, this is a rather simple matter.  This Court provided an excellent framework in which to work:

1.    Whether the government has evidence for affidavits to provide information that releasing the documents would interfere with enforcement proceedings.  The affidavits would, of course, provide the statute of limitations for the crimes and the amount of hours the investigation has taken so the Court could see that there was actually an investigation being undertaken and charges being considered.  *UAF v. Potter,* 06-CV-1023 (January 22, 2008 Memorandum Opinion) ("Opinion"), pg. 6.

2.    Whether the government's release of the documents would interfere with their criminal prosecution?  In conjunction with this, the government would have to submit evidence that they were considering a crime and how the disclosure would reveal the focus of the investigation.  Opinion, pg. 6-7.

3.    Has Potter provided declarations that explain with specificity how each portion of every document withheld would interfere with enforcement proceedings.  Opinion, pg. 9.

4.     Does Potter have a reasonable anticipation of enforcement proceedings, and not just a possibility that enforcement proceedings could be brought.  Opinion, pg. 9.  Included in this declaration would also be the number of hours which this investigation has proceeded in the last two and a half years and the number of personnel assigned and the breakdown in the time which has been directly related to bringing charges and not in litigating this matter.  (Which could be provided under seal if necessary).

5.      In his declaration, has Defendant made a distinction between the different types of people involved in the documents?  Opinion, pg. 10.

6.     Has the Defendant provided a proper basis for the exemption claimed for all redactions?  Opinion, pg. 7.

7.     Has the Defendant provided declarations that explain in reasonable detail which portions of the documents are "reasonably segregable from the exempted portions?  Opinion, pg. 11.

8.     Has all purely factual information been released?

9.     Whether Compensation Office Records were part of law enforcement procedures?  Opinion, pg. 19.  If so, the Defendant will provide declarations that show that the law enforcement officers had a subpoena to look at this matter, or concede the Compensation Office released unprotected information.

With this Freedom of Information Act[3] lawsuit, plaintiff seeks many of the documents that are held by the defendant created in connection with the business of insurance business practices

---

[3] *See* 5 U.S.C. § 552 *et al.*

by private vendors, specifically, plaintiff's practices. UAF is a minority owned insurance company duly organized under the laws of Maryland and doing business in the District of Columbia and other locals. Of the 176 pages of records defendant has only released five pages of redacted information to plaintiff prior to UAF filing their first motion for summary judgment. Plaintiff seeks the other documents and non-redacted versions of the documents provided by Defendant.

The Supreme Court has recognized that FOIA's basic purpose is reflected by "a general philosophy of full agency disclosure unless information is exempted under clearly delineated statutory language. . . . To make crystal clear the congressional objective . . . to pierce the veil of administrative secrecy and to open agency action to the light of public scrutiny . . . Congress provided in s 552 c) that nothing in the Act should be read to authorize withholding of information or limit the availability of records to the public, except as specifically stated . . . . Consistently with that objective, the Act repeatedly states that official information shall be made available to the public, for public inspection." *Department of Air Force v. Rose*, 425 U.S. 352, 360-361 (1976) (citations and quotations omitted).

## II. STANDARD FOR SUMMARY JUDGEMENT

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56 ( c). The moving party bears the burden of demonstrating the absence of any genuine issues of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Summary judgment is appropriate if the non-moving party fails to offer "evidence on which the jury could reasonably find for the [non-moving party]." *Peter S. Herrick's Customs and Intern. Trade*

*Newsletter v. U.S. Customs and Border Protection*, 2006 WL 1826185 (D.D.C. 2006) (Bates, J.) *citing Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986); *Holbrook v. Reno*, 196 F.3d 255, 259-60 (D.C.Cir.1999).

The moving party can support its motion by "informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact."Fed.R.Civ.P. 56 ( c).

To oppose summary judgment in a FOIA action, an agency must show, viewing the facts in the light most favorable to the requester, that there are genuine issue of material facts with regard to the agency's compliance with the FOIA. *Steinberg v. United States Dep't of Justice*, 23 F.3d 548, 551 (D.C.Cir.1994) (In seeking summary judgment agency must show, viewing the facts in the light most favorable to the requester, that there is no genuine issue of material fact with regard to the agency's compliance with the FOIA.); (*Weisberg v. United States Dep't of Justice*, 745 F.2d 1476, 1485 (D.C.Cir.1984), *reh'g denied*, 763 F.2d 1436 (D.C.Cir.1985)).

### III. ARGUMENT

This Circuit has long recognized " that non-exempt portions of a document must be disclosed unless they are inextricably intertwined with exempt portions." *Mead Data Central, Inc. v. United States Dep't of the Air Force*, 566 F.2d 242, 260 (D.C.Cir.1977). Plaintiff requests all the documents held by Defendant and information retracted from the few documents provided. In their Answer, Defendant offers two defenses[4] to the withholding of the documents and redacted

---

[4] Defendant's Answer to the Complaint; Plaintiff's April 28, 2008 Statement of Material Facts ("PSMF"), ¶¶ 1-18.

information: (1) Plaintiff has made a request under the Freedom of Information Act ["FOIA"], 5 U.S.C.§ 552, et seq., for certain records that are not in a system of records maintained by defendant; and (2) Plaintiff has failed to establish a claim under the FOIA with regard to other records responsive to plaintiff's request that have been located by defendant.  In correspondence Defendant has refused to provide documents based on various FOIA exemptions that are discussed below.  PSMF ¶ 10.

## A. FOIA POLICY IS FULL DISCLOSURE

The FOIA began in 1946 as part of the Administrative Procedure Act, but lacked any teeth.[5] "In 1966 Congress amended that section to implement a general philosophy of full agency disclosure."[6]  According to the U.S. Supreme Court: "Unlike the review of other agency action that must be upheld if supported by substantial evidence and not arbitrary or capricious, the FOIA expressly places the burden 'on the agency to sustain its action' and directs the district courts to 'determine the matter *de novo*.'"[7]

## B. THE FOIA'S CENTRAL PURPOSE IS TO KEEP GOVERNMENT HONEST

The central purpose of the FOIA is to give ordinary citizens the power to keep the government honest in order to preserve our constitutional democracy.  It is established that "the FOIA's central purpose is to ensure that the Government's activities be opened to the sharp eye of public scrutiny…."[8] According to the U.S. Supreme Court: "The generation that made the nation

---

[5]  *See Department of Justice v. Reporters Committee*, 489 U.S. 749, 754 (1989).

[6]  *Id.,* 489 U.S. 749, 754, 103 L.Ed.2d 774 (1989) *(quotations & citations omitted)*.

[7]   *Id.,* 489 U.S. 749, 755, 103 L.Ed.2d 774 (1989) (*quoting* 5 U.S.C. § 552(a)(4)(B)).

[8]  *Id*., 489 U.S. 749, 774, 103 L.Ed.2d 774 (1989).

thought secrecy in government one of the instruments of Old World tyranny and committed itself to the principle that a democracy cannot function unless the people are permitted to know what their government is up to."[9]  Congress expressed "the core purpose of the FOIA as 'contribut[ing] significantly to public understanding of the operations or activities of the government.'"[10]  This is "the public interest that the FOIA was enacted to serve."[11]

What is clear is that the names of the federal officials acting in their official capacity should **not** have been redacted and any documents with those names on them should be provided immediately.

### C. THERE ARE NO FOIA EXEMPTIONS APPLICABLE IN THIS MATTER[12]

#### 1. The Documents Do Not Fall Under Exemption 2

Exemption 2 protects from disclosure, documents "related solely to the internal personnel rules and practices of an agency."  This section does not apply to matters that are related solely to the internal personnel rules and practices of an agency.  Exemption 2 also does not generally apply to matters, such as the matters involved, in which there is a genuine and important public interest.

Exemption 2 protects materials that are "related solely to the internal personnel rules and practices of an agency." 5 U.S.C. § 552(b)(2). It applies to information "used for predominantly

---

[9]  *Id.*, 489 U.S. 749, 772-773, 103 L.Ed.2d 774 (1989) (*quoting* Henry Steele Commager).

[10]  *Id.*, 489 U.S. 749, 775, 103 L.Ed.2d 774 (1989) (*quoting* 5 U.S.C. § 552(a)(4)(A)(iii))

[11]  *Id.*, 489 U.S. 749, 775, 103 L.Ed.2d 774 (1989).

[12]  PSMF ¶¶ 12, 16 and 18.  Defendant refused to provide information and claimed Exemptions 2, 3, 5, 6, 7( C), 7(D), 7(E) were applicable to withhold the information.

internal purposes." *Crooker v. Bureau of Alcohol, Tobacco & Firearms*, 670 F.2d 1051, 1073 (D.C.Cir.1981) (en banc). "The exemption exhibits a congressional judgment that material lacking external impact is unlikely to engage legitimate public interest, the touchstone of the policies underlying the Freedom of Information Act." *Cox v. United States Dep't of Justice*, 601 F.2d 1, 5 (D.C.Cir.1979).

Defendant has not provided any evidence that the documents are covered by Exemption 2. Thus, Plaintiff asks that all documents being withheld under Exemption 2 be immediately provided to plaintiff.

**2. The Documents Do Not Fall Under Exemption 3**

Exemption 3 exempts from mandatory disclosure matters for which another federal statute mandates nondisclosure to the public. Exemption 3 provides only information that is "specifically exempted from disclosure by statute (other than section 552b of this title), provided that such statute (A) requires that the matters be withheld from the public in such a manner as to leave no discretion on the issue, or (B) establishes particular criteria for withholding or refers to particular types of matters to be withheld." § 552(b)(3).

Defendant claims that 39 U.S.C. § 410( c)(2) applies because some information is of a commercial nature. Section 410( c)(2) is commonly known as the "good business exception," enacted because Congress intended the Postal Service to operate more like a private business than a governmental agency. *Loeffler v. Frank*, 486 U.S. 549, 556 (1988).

Exemption 3 is inapplicable because there is no commercial information requested. *National Western Life Ins. Co. v. U.S.*, 512 F.Supp. 454, 461 (D.C.Tex. 1980) ("It cannot be seriously contended that postal employees have an expectation of privacy with respect to their names and duty

stations.") While "there may be no public interest served by disclosure, neither is there an invasion of privacy. In view of the Congressional policy favoring disclosure, where there is an equal balance between the competing interests, the court should tip the scale in favor of disclosure." *Id.*

This claim falls due to the nature of the information requested. The request has nothing to do with Defendant's business or trade secrets. In addition, the FOIA requires the release of segregable portions of requested information if all of the information need not be disclosed. Plaintiff requests that the Court order Defendant to provide the requested information.

### 3. The Documents Do Not Fall Under Exemption 5

Exemption 5 of the FOIA exempts from mandatory disclosure documents that are "inter-agency or intra-agency" memoranda or letters which would not be available by law to a party other than an agency in litigation with the agency." 5 U.S.C. § 552(b)(5); 10 C.F.R. § 1004.10(b)(5). Exemption 5 permits withholding of responsive material that reflects advisory opinions, recommendations, and deliberations comprising part of the process by which government decisions and policies are formulated, under the deliberative process privilege. *NLRB v. Sears, Roebuck & Co.*, 421 U.S. 132, 149 (1975). In order to be shielded by this privilege, a record must be both predecisional, *i.e.* generated before the adoption of agency policy, and deliberative, *i.e.* reflecting the give-and-take of the consultative process. *Coastal States Gas Corp. v. Department of Energy*, 617 F.2d 854, 856 (D.C. Cir. 1980).

However, this privilege does not generally protect records containing purely factual matters. Predecisional materials are not exempt merely because they are prepared prior to a final agency action, policy, or interpretation. These materials must be a part of the agency's deliberative process by which decisions are made. *Vaughn v. Rosen*, 523 F.2d 1136, 1144 (D.C. Cir. 1975). The

deliberative process privilege is intended to promote frank and independent discussion among those responsible for making governmental decisions. *EPA v. Mink*, 410 U.S. 73, 87 (1973); *Kaiser Aluminum & Chemical Corp. v. United States*, 157 F. Supp. 939 (Ct. Cl. 1958).

In this matter, factual matters have been indicated. In addition, Defendant has not identified the documents that permits a determination of what is being withheld and why that information concerning our government is being kept from the taxpayers. Thus, Exemption 5 does not apply and the government should publicize the documents at issue.

### 4. The Documents Do Not Fall Under Exemption 6

Exemption 6 shields from disclosure "[p]ersonnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy." 5 U.S.C. § 552(b)(6); 10 C.F.R. § 1004.10(b)(6). The purpose of Exemption 6 is to "protect individuals from the injury and embarrassment that can result from the unnecessary disclosure of personal information." *Department of State v. Washington Post Co.*, 456 U.S. 595, 599 (1982).

First, there are not a significant privacy interest would be compromised by the disclosure of the record. Because there is no privacy interest identified, the record may not be withheld pursuant to this exemption. *See Ripskis v. Department of Hous. and Urban Dev.*, 746 F.2d 1, 3 (D.C. Cir. 1984). Further, the release of the document would further the public interest by shedding light on the operations and activities of the Government. *See Reporters Committee for Freedom of the Press v. Department of Justice*, 489 U.S. 749 (1989) (Reporters Committee). There has been no identified privacy issue for any person asserted.

Even if a privacy order was identified, which it hasn't been, it is in the public interest for the disclosure of the information. Information falls within the public interest if it contributes

significantly to the public's understanding of the operations or activities of the government. *See Reporters Committee*, 489 U.S. at 775.  In the instant matter, the public would learn something directly about the workings of government from the release of documents.  Disclosure is mandated because the inner working of the government is the concern of all citizens - especially an governmental entity such as the post office which all Americans see on a daily basis.

### 5. The Documents Do Not Fall Under Exemption 7(A)

Exemption 7 protects six different classes of law enforcement information. § 552(b)(7)(A)-(F).  Exemption 7 protects from disclosure "records or information compiled for law enforcement purposes," but only to the extent that disclosure of such records would cause an enumerated harm. 5 U.S.C. § 552(b)(7); *see Fed. Bureau of Investigation v. Abramson*, 456 U.S. 615, 622, 102 S.Ct. 2054, 72 L.Ed.2d 376 (1982).  "The pivotal inquiry is whether there is a nexus between the agency's law enforcement duties and the information withheld." *Peter S. Herrick's Customs and Intern. Trade Newsletter v. U.S. Customs and Border Protection*, 2006 WL 1826185, *3 (D.D.C. 2006) (Bates, J.) *citing  Keys v. United States Dep't of Justice*, 830 F.2d 337, 340 (D.C.Cir.1987).

In order to withhold materials under Exemption 7, an agency has the burden of establishing that the records at issue were compiled for law enforcement purposes, and that the material satisfies the requirements of one of the subparts of Exemption 7. *See Pratt v. Webster*, 673 F.2d 408, 413 (D.C.Cir.1982).

In assessing whether records are compiled for law enforcement purposes, the analysis required is how and under what circumstances the requested files were compiled,  and "whether the files sought relate to anything that can fairly be characterized as an enforcement proceeding." *Tax*

*Analysts v. I.R.S.*, 294 F.3d 71, 78 (D.C.Cir. 2002) *citing In Rural Housing Alliance v. Dep't of Agriculture*, 498 F.2d 73 (D.C.Cir.1974).  There are two types of investigatory files that government agencies compile: (1) files in connection with government oversight of the performance of duties by its employees, and (2) files in connection with investigations that focus directly on specific alleged illegal acts which could result in civil or criminal sanctions.  *In Rural Housing Alliance v. Dep't of Agriculture*, 498 F.2d at 81.  Thus, if the investigation is for a possible violation of law, then the inquiry is for law enforcement purposes, as distinct from customary surveillance of the performance of duties by government employees.  *Id.* at 82.

The first subpart of Exemption 7, Exemption 7(A), authorizes the withholding of "records or information compiled for law enforcement purposes, but only to the extent that production of such law enforcement records or information . . . could reasonably be expected to interfere with enforcement proceedings."[13]  Exemption 7 subsection requires a two-step analysis focusing on (1) whether a law enforcement proceeding is pending or prospective, and (2) whether release of information about it could reasonably be expected to cause some articulable harm.

The courts have held that the mere pendency of enforcement proceedings is an inadequate basis for the invocation of Exemption 7(A); the government must also establish that some distinct harm could reasonably be expected to result if the record or information requested were disclosed.[14]  It is well established that in order to satisfy the "law enforcement proceedings" requirement of Exemption 7(A), an agency must be able to point to a specific pending or contemplated law

[13]  5 U.S.C. § 552(b)(7)(A) (2000).

[14]  *Neill v. Dep't of Justice,* No. 93-5292, 1994 WL 88219, at *1 (D.C. Cir. 1994) (explaining that conclusory affidavit lacked specificity of description necessary to ensure meaningful review of agency's Exemption 7(A) claims).

enforcement proceeding that could be harmed by disclosure.[15]

Defendant has not identified a specific pending or contemplated law enforcement proceeding that could be harmed by disclosure.  Thus, the information should be provided to plaintiff.

**6. The Documents Do Not Fall Under Exemption 7©)**

Exemption 7©) to the FOIA only permits an agency to withhold information if the information is "compiled for law enforcement purposes" to the extent that such information "could reasonably be expected to constitute an unwarranted invasion of personal privacy." 5 U.S.C. § 552(b)(7)©). It does not exempt from disclosure, "[i]nternal agency investigations ⋯ in which an agency, acting as the employer, simply supervises its own employees." *Stern v. F.B.I.*, 737 F.2d 84, 89 (1984).

An agency may not withhold an entire file pursuant to Exemption 7©) unless the Government proves that disclosure of any part of the file "could reasonably be expected to constitute an unwarranted invasion of personal privacy." *Kimberlin v. Department of Justice*, 139 F.3d 944, 950 (D.C. Cir.1998) Moreover, the Government must make that showing in its Vaughn index and in such affidavits as it may submit therewith. *See generally Vaughn v. Rosen*, 484 F.2d 820, 827-28 (D.C.Cir.1973) (outlining requirements agency must meet in indexing documents for which it claims exemption from disclosure under FOIA).

---

[15] *Mapother v. Dep't of Justice*, 3 F.3d 1533, 1542 (D.C. Cir. 1993) ("We believe that a categorical approach is appropriate in determining the likelihood of enforcement proceedings in cases where an alien is excluded from entry into the United States because of his alleged participation in Nazi persecutions on genocide. Otherwise, we must exercise our faculties as mind-readers."); *Nat'l Sec. Archive v. FBI*, 759 F. Supp. 872, 883 (D.D.C. 1991) (reasoning that FBI's justification that disclosure would interfere with its overall counterintelligence program "must be rejected" as too general to be type of proceeding cognizable under Exemption 7(A), and permitting FBI to demonstrate whether there existed any specific pending or contemplated law enforcement proceedings).

The threshold test for withholding information under Exemption 7©) is whether such information is compiled as part of or in connection with an agency law enforcement proceeding. *FBI v. Abramson*, 456 U.S. 615, 622 (1982). The scope of Exemption 7 encompasses enforcement of both civil and criminal statutes. *Rural Housing Alliance v. Department of Agriculture*, 498 F.2d 73, 81 & n.46 (D.C. Cir. 1974). In the present case, there is no evidence that any of the documents were created during an investigation of any alleged misconduct.

Thus, without any identified investigation and no evidence 7( C) is applicable, there can be no documents legally withheld and plaintiff asks the Court to order the records at issue be provided to plaintiff.

### 7. The Documents Do Not Fall Under Exemption 7(D)

Exemption 7(D) protects from disclosure only that information compiled for law enforcement purposes that: could reasonably be expected to disclose the identity of a confidential source, including a State, local or foreign agency or authority or any private institution which furnished information on a confidential basis, and, in the case of a record or information compiled by a criminal law enforcement authority in the course of a criminal investigation, information furnished by a confidential source.  5 U.S.C. § 552(b)(7)(D).  The government may not assume that a source is confidential for purposes of Exemption 7(D) simply because the source provided information to a law enforcement agency in the course of a criminal investigation. *See United States Dep't of Justice v. Landano*, 508 U.S. 165, 181 (1993). "A source is confidential within the meaning of 7(D) if the source provided information under an express assurance of confidentiality or in circumstances from which such an assurance could reasonably be inferred." *Williams v. Fed. Bureau of Investigation*, 69 F.3d 1155, 1159 (D.C.Cir.1995) (citations omitted) The question is "whether the particular source

spoke with an understanding that the communication would remain confidential." *United States Dep't of Justice v. Landano*, 508 U.S. at 172 (emphasis in original).

There are no confidential sources that have been identified. Thus, plaintiff requests that all the documents withheld pursuant to Exemption 7(D) be provided as soon as possible.

### 8. The Documents Do Not Fall Under Exemption 7(E)

Exemption 7(E) protects two kinds of information: (1) that which "would disclose techniques and procedures for law enforcement investigations or prosecutions;" and (2) that which "would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law." *Peter S. Herrick's Customs and Intern. Trade Newsletter v. U.S. Customs and Border Protection*, 2006 WL 1826185 at \*7 *citing* 5 U.S.C. § 552(b)(7)(E). "Both portions of Exemption 7(E) require that the information withheld relate to law enforcement investigations or prosecutions." *Id.*

Defendant has not provided any evidence that Exemption 7(E) would apply in the present situation. Thus, plaintiff seeks an order that all documents be provided.

### IV. DEFENDANT MUST PROVIDE A VAUGHN INDEX

Plaintiff is not sure if Defendant has submitted an adequate Vaughn Index for the Court. In order to determine if the documents being withheld are privileged, defendant is required to provide a proper Vaughn Index. A Vaughn Index "is a list which describes each document withheld by an agency with sufficiently detailed information to enable a district court to rule whether it falls within an exemption provided by FOIA." *Ethyl Corp. v. U.S. EPA*, 25 F.3d 1241, n. 1 (4th Cir.1994).

If they have not done so, Plaintiff now respectfully requests a Court order for Defendant to provide a Vaughn index that expressly indicates that any reasonably segregable portion of each

document has been disclosed. *See Isley v. Executive Office for United States Attorneys*, 1999 WL 1021934, at *7 (D.C.Cir. 1999). "The purpose of the Vaughn index is to provide fertile ground upon which to germinate the seeds of adversarial challenge by providing an adequate synopsis of the withheld information and the reasons for the exemption claim." *Peter S. Herrick's Customs and Intern. Trade Newsletter v. U.S. Customs and Border Protection*, 2006 WL 1826185 at *3 (D.D.C. 2006).

An adequate Vaughn index is necessary to enable plaintiff and the trial judge to obtain a clear explanation of why each document or portion of a document is withheld and exempt from disclosure. *See Jones v. FBI*, 41 F.3d 238, 242 (6th Cir.1994) (holding that an agency's *Vaughn* index is adequate as long as it "enables the court to make a reasoned independent assessment of the claim[s] of exemption." *(quotations and citations omitted).*

Defendant's Vaughn Index should describe the document type, the date of the document, the purposes for which the document was created, who created the document, what material was deleted from the document, what exemption was to be used to withhold the information, a general description of the information withheld, and why that information fell under the exemption claimed.

**CONCLUSION**

Accordingly, Plaintiff requests the Court to grant Plaintiff's Motion for Summary Judgment

and order Defendant to provide a proper Vaughn Index for any information they refuse to release.

A draft order is attached.

Respectfully submitted,

_____/s/    William P. Farley_____
William P. Farley 466280
Law Office of William P. Farley P.C.
1350 Connecticut Avenue, N.W.
Suite200
Washington, D.C. 20036
(202) 775-1550 x-115
Counsel for Plaintiff

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

_____

| | |
|---|---|
| **UNITED AMERICA FINANCIAL, INCORPORATED** | ) |
| | ) |
| | )**Civil No.: 06 CV 1023 (JDB)** |
| **Plaintiff,** | ) |
| **v.** | ) |
| | ) |
| **POSTMASTER GENERAL JOHN E. POTTER** | ) |
| **U.S. POSTAL SERVICE,** | ) |
| **Defendants.** | ) |

_____)

**ORDER**

Upon consideration of Plaintiff's Motion for Summary Judgment, defendant's opposition, plaintiff's reply, and the record herein, it is the ___ day of _____, 2008 hereby:

**ORDERED** that the Plaintiff's motion be and hereby is **GRANTED;** and it is

**FURTHER ORDERED** that Defendant shall provide plaintiff with a copy of each document withheld within 15 days**;** and it is

**FURTHER ORDERED** that Defendant shall provide a Vaughn Index within 15 days describing each document which is responsive to plaintiff's requests, the document type, the date of the document, the purposes for which the document was created, who created the document, what material was deleted from the document, what exemption was to be used to withhold the information, a general description of the information withheld, and why that information fell under the exemption claimed**;** and it is

**FURTHER ORDERED** that Defendant shall pay Plaintiff  reasonable fees and costs.

_____
The Honorable John D. Bates
United States District Court Judge

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing Plaintiff's Motion for Summary Judgment was served on all parties pursuant to the court's rules via electronic transmission, on this 28th day of April 2008 to:

CLAIRE WHITAKER, D.C. Bar # 354530
Assistant United States Attorney
United States Attorneys Office
Civil Division
555 4th Street, N.W., Room E-4204
Washington, D.C. 20530
(202) 514-7137
Counsel for Defendant


_____/s/___William P. Farley_____
William P. Farley 466280
Law Office of William P. Farley P.C.
900 17th Street, N.W.
Suite1250
Washington, D.C. 20006
(202) 293-3200
Counsel for Plaintiff