UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED AMERICA FINANCIAL, INCORPORATED,**<br><br>Plaintiff,<br><br>v.<br><br>**POSTMASTER GENERAL JOHN E. POTTER**<br>**U.S. POSTAL SERVICE,**<br><br>Defendant. | Civil Action No. 06-1023 (JDB) |

## SUPPLEMENTAL DECLARATION OF MILDRED R. BAXTER

I, **Mildred R. Baxter**, declare the following to be true and correct. I am aware that this declaration will be submitted in connection with the proceeding captioned above and that it is the legal equivalent of a statement under oath:

1. I am one of three Information Disclosure Technicians in the Office of Counsel for the U.S. Postal Inspection Service, the law enforcement component of the United States Postal Service, in Washington, D.C. I have served in the Office of Counsel at all times relevant to the above-captioned case.

2. The Chief Postal Inspector is the official custodian of all Inspection Service records, including records relating to criminal investigations, maintained by the Postal Inspection Service. One of the delegated functions of my office is the processing of requests for access to Inspection Service records made pursuant to the Freedom of Information Act (FOIA), 5 U.S.C. §552 (1988), and the Privacy Act of 1974 (PA), 5 U.S.C. §552a (1988). It is the responsibility of this office to make the determinations to withhold, redact or to release records of the Postal Inspection Service in accordance

with the provisions of both the FOIA and PA, and Postal Service regulations 39 C.F.R. § 265.1 et. seq.

3. I make the statements herein on the basis of personal knowledge, as well as information acquired in the performance of my official duties.

4. Although my declaration dated March 27, 2008, only references Documents 1-20, I have added Document 21 to this filing which contains the 5 pages of records released in redacted form before this litigation commenced. Set A. It also contains the 47 pages of documents released on October 30, 2006, before the Court's Memorandum Opinion and the subsequent release of the 20 documents that were the subject of my declaration. These documents were re-processed under the FOIA to determine whether additional releases could be made after application of pertinent FOIA exemptions. It should be noted that, with the exception of three instances where Exemption b(6) withholdings were asserted to protect the names of individuals which appeared on life insurance policies and address labels gathered in connection with the investigation into plaintiff's activities, the 47 pages were released in full.

5. With regard to plaintiff's suggestion that document 6 was inappropriately redacted as it was described as a phone number of an unknown individual, in order to assert the protection, the number was called and it was to an individual employee's private cell phone.

6. With regard to plaintiff's assertion that the Inspection Service was hiding documents, that is not correct. The attached reprocessed were completed before my March 27, 2008, declaration was prepared, but due to a miscommunication between counsel and the Inspection Service they were not transmitted to plaintiff.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on May 14, 2008.

*Mildred R. Baxter*
Mildred R. Baxter
Information Disclosure Technician
Office of the Chief Inspector
U. S. Postal Inspection Service