UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED AMERICA FINANCIAL, INCORPORATED, ) ) ) | |
| Plaintiff, ) ) | |
| v. ) ) | Civil Action No. 06-1023 (JDB) |
| POSTMASTER GENERAL JOHN E. POTTER ) U.S. POSTAL SERVICE, ) ) | |
| Defendant. ) ) | |

**DEFENDANT'S RESPONSE TO PLAINTIFF'S OPPOSITION AND MOTION FOR
SUMMARY JUDGMENT IN THIS FREEDOM OF INFORMATION ACT CASE
AND NOTICE OF FILING**

On pages 10 & 12 of plaintiff's opposition to defendant's renewed motion for summary judgment in this Freedom of Information Act ("FOIA") case, plaintiff makes defendant aware, for the first time, that "the Post Office never provided the documents" and "[the documents] are still being withheld" from plaintiff. R. 33, pp. 13 & 14 of 34 pages. Defendant's counsel conferred with plaintiff's counsel and determined that this omission should be immediately rectified. Accordingly, defendant serves this date the documents released to plaintiff with redactions, and specifically, those documents that are the subject of defendant's renewed motion for summary judgment. See Attachments 1 & 2, hereto.[1]

Based on its assumption that defendant did not intend to release any records to plaintiff, plaintiff has filed an opposition to defendant's renewed motion and a second motion for

---

[1] Defendant is filing only the covering declarations with the Court. The recent releases are being served separately on plaintiff. The documents that were provided to plaintiff both before the litigation commenced and afterwards (two releases) are also being served again. Accordingly, a new document (Document 21) has been designated and contains the documents released either before or early in the litigation.

summary judgment. See R. 33 & R. 34. Plaintiff argues in both filings that defendant failed to properly release records under the FOIA, based substantially on plaintiff's failure to receive records.

Defendant believes that a review of the documents that have now been provided to plaintiff will satisfy the plaintiff's concerns in this litigation. These records together with the declaration filed with defendant's renewed motion demonstrate that defendant has taken steps to release all segregable records to plaintiff from the three components of the Postal Service that maintained responsive records, i.e., the Office of Inspector General ("OIG"), the Inspection Service, and the Compensation Office. When documents have been withheld or redacted, the detailed declarations accompanying defendant's renewed motion for summary judgment support those withholdings. However, should plaintiff have a different opinion of the reasons for the withholdings after reviewing the records themselves, defendant will not object to a renewed opposition and/or motion reflecting the specific concerns.

Defendant addresses some of plaintiff's representations with statements made by the declarant and addresses them here in hopes that plaintiff will more clearly understand the basis of some of the redactions.

First, plaintiff appears to be confused as to whether or not testimony was given by witnesses to OIG personnel. Pl. Opposition at p. 10. Ms. Cuthbertson, FOIA Manager of the OIG, clarifies her statement concerning "testimony" and "representatives" in a brief declaration attached to this filing. Ms. Cuthbertson states that when she referred to "testimony given in the matter" in her declaration attached to the renewed dispositive motion, she was referring not to live testimony, but to a "[r]ecord of interviews [that was] included in the released documents." In addition, she notes that when referring to "representatives of complainants," she was not

2

referring to "legal representatives but to sources, particularly relative(s), who complained to the Office of Inspector General on behalf of a postal employee." See Attachment 1, hereto, at ¶ 4.

Ms. Cuthbertson further states that with regard to plaintiff's statement that "[d]efendant has not identified the evidence that shows they actually believed[] that Plaintiff is a Nigerian identity thief," it is not her job to provide such information. As she explains, the FOIA:

> does not obligate me to identify evidence showing that Plaintiff is a Nigerian identity thief. My obligation is to provide responsive records. The records I processed and have provided may address the issue; to opine on the contents of documents is outside of my duty.

Id. at ¶ 5. That statement is obviously applicable equally to the other declarants in this case, who are FOIA officers and not investigators or prosecutors.

Finally, Ms. Cuthbertson explains that, as she made clear in her earlier declaration, the OIG investigation had concluded. She notes that "[i]t is because of the changed status [the closing of the case] that I voluntarily treated the request as a new request and have discretionarily chosen to extend it to records created after the original request was first filed." Id. at ¶ 6.

With regard to plaintiff's argument [page 11 of its opposition] that the Inspection Service was improperly withholding a "phone number of an unknown person," as Ms. Baxter explained at p. 5 of her declaration, cited by plaintiff, it was a number to a cell phone. Id. at p. 6. This is an obvious fact that she could not have known without calling the number to insure that the owner was entitled to his or her privacy rights. She substantiates that in a brief declaration also attached hereto. Because the individual's cell phone number operates as a unique personal identifier, that information is protected by FOIA Exemption 6.

Plaintiff is most concerned with the Compensation Office's release of records and the declaration of Ms. Moore. Plaintiff asserts that defendant has described Ms. Moore's title

incorrectly as Manager, Compensation at the U.S. Postal Service Headquarters. It relies on online sources. Pl. Opposition at p. 12. However, her title has been correctly stated in the declaration. Plaintiff cited to 39 CFR 229.2(5) at page 13 of his Opposition to Defendant's Motion for Summary Judgment to argue that Ms. Moore's duties precluded her from being competent to be a declarant in this matter. Plaintiff is incorrect; 39 CFR 229.2(5) is no longer in existence. Ms. Moore is the proper individual to provide a Declaration in this matter regarding Headquarter's office. Moreover, Ms. Moore described each document withheld in her declaration and the basis for that withholding in great detail. However, as the attached records of OIG and IS show, certain documents withheld in full or in part by the Compensation Office have been released in more detail by those components after reprocessing. Defendant notes that plaintiff is entitled to the maximum release of records under the FOIA. If one of the three components, who function independently, has released records, defendant considers that to bind the other components. The documents affected by the reprocessing are: the office email dated January 27, 2006, from a Postal Service Human Relations Generalist in Pittsburgh to an Insurance Office at Headquarters (Moore Decl. at ¶ 7) (released in redacted form by Ms. Cuthbertson in email of 1/27/08, 3:27 pm, Re: Identity Fraud); the February 9, 2006 email (Moore Decl. ¶ 11)(released in redacted form by Ms. Cuthbertson in email "RE: L1 company asking for emp PINS; the February 16, 2006, email from the Compensation Office to Postal Service management and IS investigators (released by the IS at Document 8 of the Baxter attachment) (Moore Decl. at ¶ 12). As noted above, defendant no longer urges that any of these documents that have been partially released be withheld in full.

     Although defendant believes that plaintiff will no longer argue that it has failed to properly assert FOIA exemptions after reviewing the declarations in tandem with the documents,

4

defendant reserves the right to respond to any additional filing made by plaintiff after it has reviewed the attached records.

Finally, defendant notes that plaintiff does not address defendant's statement of material facts not in dispute in a separate document.  Accordingly, pursuant to Local Rule, LCvR 7(h), the Court may deem defendant's material facts admitted.

                                          Respectfully submitted,

                                          /s/
                            JEFFREY A. TAYLOR, D.C. Bar # 498610
                            United States Attorney

                                          /s/
                            RUDOLPH CONTRERAS, D.C. Bar # 434122
                            Assistant United States Attorney

                                          /s/
                            CLAIRE WHITAKER, D.C. Bar # 354530
                            Assistant United States Attorney
                            United States Attorneys Office
                            555 4th Street, N.W., Room E-4204
                            Washington, D.C. 20530
                            (202) 514-7137

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED AMERICA FINANCIAL, INCORPORATED,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Civil Action No. 06-1023 (JDB) |
| ) | |
| **POSTMASTER GENERAL JOHN E. POTTER** ) **U.S. POSTAL SERVICE,** ) | |
| ) | |
| **Defendant.** ) | |

## STATEMENT ADDRESSING PLAINTIFF'S STATEMENT OF MATERIAL FACTS

1. Defendant does not dispute that an article was published on the U.S. Postal Service web page.

2. Not disputed.

3. Defendant states that the best evidence of the Court's ruling is its January 22, 2008, order.

4. Not disputed.

5. Defendant states that three components of the Postal Service processed records responsive to plaintiff's request, i.e., the Compensation Office, the Inspection Service and the Office of the Inspector General.

6-12.  Not disputed.

13.  Disputed.  Defendant has provided plaintiff with documents after redactions pursuant to FOIA exemptions were applied.  See Defendant's Renewed Motion for Summary Judgment and this filing.

14-16.  Not disputed.

17.  Disputed.  See Response to #13, above.

18. Not disputed.

19. Disputed. Defendant further states that Exemption 7(A) is no longer being asserted in this litigation. See Baxter Declaration, dated 3/27/08, ¶ 4 (attached to Defendant's Renewed Motion for Summary Judgment).

Respectfully submitted,

/s/
JEFFREY A. TAYLOR, D.C. Bar # 498610
United States Attorney

/s/
RUDOLPH CONTRERAS, D.C. Bar # 434122
Assistant United States Attorney

/s/
CLAIRE WHITAKER, D.C. Bar # 354530
Assistant United States Attorney
United States Attorneys Office
Civil Division
555 4th Street, N.W., Room E-4204
Washington, D.C. 20530
(202) 514-7137
