UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
)
UNITED AMERICA FINANCIAL, INCORPORATED )
)
)     Civil No.: 06 CV 1023 (JDB)
Plaintiff,     )
)
v.     )
)
POSTMASTER GENERAL JOHN E. POTTER )
U.S. POSTAL SERVICE, )
)
)
Defendant.     )
_____)

_____

PLAINTIFF'S REPLY
In Support of Their
Second Motion for Summary Judgment
_____

William P. Farley, Esquire
D.C. Bar No. 466280
Law Office of William P. Farley, P.C.
1350 Connecticut Avenue, NW
Suite 200
Washington, D.C. 20036
(202) 775-1550

Counsel for Plaintiff

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| **UNITED AMERICA FINANCIAL, INCORPORATED** ) | |
| ) | |
| ) | **Civil No.: 06 CV 1023 (JDB)** |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | |
| ) | |
| **POSTMASTER GENERAL JOHN E. POTTER** ) | |
| **U.S. POSTAL SERVICE,** ) | |
| ) | |
| ) | |
| **Defendant.** ) | |
| ) | |

### REPLY MEMORANDUM IN SUPPORT OF
### Plaintiff's Motion for Summary Judgment

Defendant Postal Service has a number of fatal flaws in their opposition to UAF's Motion for Summary Judgment despite have two chances at summary judgment and after more than two years of having the opportunity to provide a reasonable legal reason for failing to provide citizens with non-protected documents.

Plaintiff is seeking documents that are a legitimate public interest, where the Post Office obtained information, if they did, which would permit the government to label the minority owned insurance company "Nigerian Identity Thieves." If the government is permitted to withhold documents, a legitimate public interest, UAF clearing their name, may be lost.

### I. PROCEDURAL BACKGROUND

First, Betsy Cuthbertson's March 25, 2008 [Docket No. 32-3] ("Cuthbertson Dec.__") declaration, informs this Court that due to this litigation she has determined that certain documents

can be released. Cuthbertson Dec. ¶ 2. None of those documents she identifies have been released. In fact, only two documents have been released since this Court's Order.[1] Plaintiff asks that the Court order the Post Office to release those documents identified by Cuthbertson immediately.

On March 27, 2008, Defendant filed a motion for summary judgment. [Docket No. 32] On April 28, 2008 UAF filed an Opposition to the Defendant's Motion and their own motion for summary judgment. [Docket Numbers 33 and 34] On May 15, 2008 Defendant filed a document titled "Response to Plaintiff's Opposition and Motion for Summary Judgment in this Freedom of Information Act Case" as both a Reply [docket # 35] in support of their motion and in Opposition to Plaintiff's Motion for Summary Judgment [docket # 36]. This reply is in further support of Plaintiff's Motion for summary judgment and in response to Defendant's Responses (which refer to the Defendant's Motion to Dismiss.

## II. INTRODUCTION

Due to this Court's January 22, 2008 opinion, this is a rather simple matter. The central purpose of the FOIA is to give ordinary citizens the power to keep the government honest in order to preserve our constitutional democracy. This Court provided an excellent framework in which to work to determine if that goal is reached in this case:

1.     Whether the government affidavits provide information that releasing the documents would interfere with enforcement proceedings. The affidavits would, of course, provide the statute of limitations for the crimes and the amount of hours the investigation has taken so the Court could see that there was actually an investigation being undertaken and charges being considered. *UAF*

---

[1] A copy of those documents with the cover letter dated May 15, 2008 is attached here as Exhibit "A."

*v. Potter,* 06-CV-1023 (January 22, 2008 Memorandum Opinion) ("Opinion __"), pg. 6.

2.      Whether the government's release of the documents would interfere with their criminal prosecution? In conjunction with this, the government would have to submit evidence that they were considering a crime and how the disclosure would reveal the focus of the investigation. Opinion, pg. 6-7.

3.      Has Potter provided declarations that explain with specificity how each portion of every document withheld would interfere with enforcement proceedings.  Opinion, pg. 9.

4.      Did Potter have a reasonable anticipation of enforcement proceedings, and not just a possibility that enforcement proceedings could be brought.  Opinion, pg. 9.  Included in this declaration would also be the number of hours which this investigation has proceeded in the last two and a half years and the number of personnel assigned and the breakdown in the time which has been directly related to bringing charges and not in litigating this matter.  (Which could be provided under seal if necessary).

5.       In his declaration, has Defendant made a distinction between the different types of people involved in the documents?  Opinion, pg. 10.

6.      Has the Defendant provided a proper basis for the exemption claimed for all redactions?  Opinion, pg. 7.

7.      Has the Defendant provided declarations that explain in reasonable detail which portions of the documents are "reasonably segregable from the exempted portions? Opinion, pg. 11.

8.      Has all purely factual information been released?  Opinion, pg. 17.

9.      Whether Compensation Office Records were part of law enforcement procedures? Opinion, pg. 19.  If so, the Defendant will provide declarations that show that the law enforcement

officers had a subpoena to look at this matter, or concede the Compensation Office released unprotected information.

### III.  ARGUMENT

The FOIA creates a judicially-enforceable public right of access to government agency documents. 5 U.S.C. § 552.  The "FOIA's central purpose is to ensure that the Government's activities be opened to the sharp eye of public scrutiny…."[2] According to the U.S. Supreme Court: "The generation that made the nation thought secrecy in government one of the instruments of Old World tyranny and committed itself to the principle that a democracy cannot function unless the people are permitted to know what their government is up to."[3]  Congress expressed "the core purpose of the FOIA as 'contribut[ing] significantly to public understanding of the operations or activities of the government.'"[4]  This is "the public interest that the FOIA was enacted to serve."[5]

The Court has identified the documents at issue:

1.     The Compensation Office informed plaintiff that it had located eleven pages of responsive documents, releasing five pages in full and one redacted page, while withholding the remainder pursuant to Exemptions 2, 3, 5, 6 and 7C). Moore Decl. ¶ 11; Tyrrell Decl. ¶ 2.

2.     The Inspection Service located 176 pages of responsive documents, initially releasing five pages with redactions, and subsequently releasing 21 pages in full and an additional 26 redacted pages, withholding the remainder pursuant to Exemptions 2, 5, 6, 7(A), 7C), 7(D), and 7(E). Baxter

---

[2]  *Id.*, 489 U.S. 749, 774, 103 L.Ed.2d 774 (1989).

[3]  *Id.*, 489 U.S. 749, 772-773, 103 L.Ed.2d 774 (1989) (*quoting* Henry Steele Commager).

[4]  *Id.*, 489 U.S. 749, 775, 103 L.Ed.2d 774 (1989) (*quoting* 5 U.S.C. § 552(a)(4)(A)(iii))

[5]  *Id.*, 489 U.S. 749, 775, 103 L.Ed.2d 774 (1989).

Decl. ¶¶ 22, 23, 29; Malone Decl. ¶ 5.

3.    OIG located an investigative file relating to UAF which it withheld in its entirety pursuant to Exemption 7(A). Cuthbertson Decl. ¶ 5; O'Connor Decl. ¶ 6.

Thus, the two categories at issue can be broken down into: (1) the Compensation Office and (2) the Inspection Service and the OIG.

For the reasons stated below, plaintiff asks that all the documents be released as none of the reasons given by defendant to withhold the documents meet the strict FOIA requirements for withholding information. Plaintiff's Motion for Summary Judgement, pg. 3. [Docket No. 34] If any documents are withheld, plaintiff asks that all segregable portions of the withheld documents are produced.

**The Public Interest Outweighs Any Private Interest**

FOIA documents are not to be withheld, even if they are in a personnel file, unless the government makes a clear showing of *unwarranted* invasion of personal privacy. *Department of Air Force v. Rose*, 425 U.S. 352, 353 (1976).("Congress enunciated a policy . . . involving a balancing of public and private interests. Regardless of whether the documents whose disclosure is sought are in "personnel" or "similar" files, nondisclosure is not sanctioned unless there is a showing of a clearly unwarranted invasion of personal privacy, and redaction of documents to permit disclosure of nonexempt portions is appropriate.")

For many of the Defendant's arguments they focus on private interests and ignore the public interest. However, Courts look to balance the content of the information sought to be disclosed in order to determine the extent of the private versus the public interest. Here, the public interests are great, minority owned businesses not denied access to clients by being unfairly being labeled

"Nigerian Identity Thieves" by the government.  In addition, there is a public interest in finding out the names of those responsible for labeling UAF "Nigerian Identity Thieves" and holding them accountable.  Versus, public employees not being known as working for the post office or sending government faxes.

## A. the Compensation Office Documents Are Public Information and must Be Disclosed

This honorable Court gave clear instructions to Defendant: "the Court will deny defendant's motion for summary judgment without prejudice, and provide defendant a further opportunity to submit more detailed declarations justifying the withholding of the names under Exemptions 6 and 7(C). . . . the Court will reserve decision on whether portions of the withheld emails are reasonably segregable and whether the names in the emails must be released."  January 22, 2008 Order of the Honorable John Bates, pg. 22-23.  A copy of the Order is attached here as Exhibit "B."

In response to the Judge's order, Defendant provided three business cards of UAFs employees and then argues to this Court: "Defendant believes that a review of the documents that have now been provided to plaintiff will satisfy the plaintiff's concerns in this litigation." Exh. F (opposition), pg. 2.  A copy of the released documents is attached here as Exhibit "D."

## 1. The Defendant Did Not Submit Admissible Justifications - The Affidavit is Unreliable

Pursuant to 28 U.S.C.A. § 1746 any affidavit required pursuant to the court's order, "or requirement made pursuant to law, any matter is required or permitted to be supported, evidenced, established, or proved by the sworn declaration, verification, certificate, statement, oath, or affidavit, in writing of the person making the same . . . [must be signed] as true under penalty of perjury.

In a twelve page affidavit dated March 24, 2008, Ms. Moore has purportedly provided 28 separate paragraphs to justify denying UAF the documents they seek. [Docket No. 32-3].  However,

her purported affidavit does **not** state "I declare (or certify, verify, or state) under penalty of perjury under the laws of the United States of America that the foregoing is true and correct." *See Summers v. U.S. Dept. of Justice,* 999 F.2d 570 (D.C. Cir. 1993) ("Congress has said unambiguously that whenever "any matter" must be "supported, evidenced, established, or proved" by a sworn declaration, an unsworn declaration attested to under penalty of perjury must henceforth be equally acceptable.") Thus, the Defendant has not provided an affidavit in accordance with the law and Defendant must provide UAF all the documents they requested from the Post Office's Compensation Office.

Thus, even after being given a second chance by the Court, the Defendant has failed to meet the requirements of the Court Order "to submit more detailed declarations." There is no justification not to release all the documents from the Compensation Office, in unredacted form, to the plaintiff.

**2. The Documents Do Not Fall Under Exemption 6**

Exemption 6 shields from disclosure "[p]ersonnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy." 5 U.S.C. § 552(b)(6); 10 C.F.R. § 1004.10(b)(6). The purpose of Exemption 6 is to "protect individuals from the injury and embarrassment that can result from the unnecessary disclosure of personal information." *Department of State v. Washington Post Co.*, 456 U.S. 595, 599 (1982).

First, there are not a significant privacy interest would be compromised by the disclosure of the record. Because there is no privacy interest identified, the record may not be withheld pursuant to this exemption. *See Ripskis v. Department of Hous. and Urban Dev.*, 746 F.2d 1, 3 (D.C. Cir. 1984). Further, the release of the document would further the public interest by shedding light on the operations and activities of the Government. *See Reporters Committee for Freedom of the Press*

*v. Department of Justice*, 489 U.S. 749 (1989) (Reporters Committee). There has been no identified privacy issue for any person asserted.

Even if a privacy order was identified, which it hasn't been, it is in the public interest for the disclosure of the information. Information falls within the public interest if it contributes significantly to the public's understanding of the operations or activities of the government. *See Reporters Committee*, 489 U.S. at 775. In the instant matter, the public would learn something directly about the workings of government from the release of documents. Disclosure is mandated because the inner working of the government is the concern of all citizens - especially an governmental entity such as the post office which all Americans see on a daily basis.

**3. The Documents Do Not Fall Under Exemption 7©)**

Exemption 7©) to the FOIA only permits an agency to withhold information if the information is "compiled for law enforcement purposes" to the extent that such information "could reasonably be expected to constitute an unwarranted invasion of personal privacy." 5 U.S.C. § 552(b)(7)©). It does not exempt from disclosure, "[i]nternal agency investigations ⋯ in which an agency, acting as the employer, simply supervises its own employees." *Stern v. F.B.I.*, 737 F.2d 84, 89 (1984).

The statute of limitations for any employee of the Post Office to bring a cause of action against an entity, such as UAF in this matter, for identity theft pursuant to similar facts as would give rise to § 1028 is two years. *TRW Inc. v. Andrews*, 534 U.S. 19, 23, 122 S.Ct. 441, 151 L.Ed.2d 339 (2001). Identity theft by UAF, which never occurred, would be a violation of The Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* ("FCRA").

An agency may not withhold an entire file pursuant to Exemption 7©) unless the Government

proves that disclosure of any part of the file "could reasonably be expected to constitute an unwarranted invasion of personal privacy." *Kimberlin v. Department of Justice*, 139 F.3d 944, 950 (D.C.Cir.1998) Moreover, the Government must make that showing in its Vaughn index and in such affidavits as it may submit therewith. *See generally Vaughn v. Rosen*, 484 F.2d 820, 827-28 (D.C.Cir.1973) (outlining requirements agency must meet in indexing documents for which it claims exemption from disclosure under FOIA).

The threshold test for withholding information under Exemption 7(©) is whether such information is compiled as part of or in connection with an agency law enforcement proceeding. *FBI v. Abramson*, 456 U.S. 615, 622 (1982). The scope of Exemption 7 encompasses enforcement of both civil and criminal statutes. *Rural Housing Alliance v. Department of Agriculture*, 498 F.2d 73, 81 & n.46 (D.C. Cir. 1974). In the present case, there is no evidence that any of the documents were created during an investigation of any alleged misconduct.

Thus, without any identified investigation and no evidence 7( C) is applicable, there can be no documents legally withheld and plaintiff asks the Court to order the records at issue be provided to plaintiff.

**B. No FOIA Exceptions Apply to the OIG and Inspection Service Documents**

The Court has requested that the government show why the OIG and Inspection Service documents are exempt from FOIA. Opinion pg. 5. First, the government is no longer seeking to protect documents pursuant to Exemption 7(A). Gov. 3/27/2008 Mot., pg. 10. Now the Defendant seeks to protect the documents, or portions of documents, pursuant to Exemptions 2, 5, 6, 7(©) and 7(D). *Id.* As shown below, none of these exemptions apply.

First, the Defendant makes the same conclusory statements that do not provide this Court

with the information required to permit the withholding of documents.  In the Declarations of Mildred Baxter and Betsy Cuthbertson, they provide statements that vague, conclusory and merely paraphrases the statute.

For instance Baxter states that documents must be withheld because they could "disclose the identity of a source that provided information to the Inspection Service on a confidential basis." Baxter Dec., pg. 10.  Such statements do not assist the Court.  *Church of Scientology of Cal., Inc. v. Turner*, 662 F.2d 784, 787 (D.C.Cir.1980) (per curiam) ("vague, conclusory affidavits, or those that merely paraphrase the words of a statute, do not allow a reviewing judge to safeguard the public's right of access to government records.")

The government's position, that UAF's insurance agents were Nigerian Identity Thieves, has to be refuted, or UAF can not stay in business.  Thus, the public policy requires the release of documents for UAF to show there is no evidence against them.  It is the government's position that they can protect that person's identity, no matter what, if they put that person's name in a self-proclaimed "confidential federal law enforcement database."  Baxter Dec., pg. 10.  Public policy dictates that such a statement is not protected.  In addition, without a statement from the Post Office that UAF is not composed of "Nigerian Identity Thieves," all the documents must be released so UAF can show prospective clients that Postal employees had no basis to make such a statement.

Defendant has ignored that the documents in question are all factual, either UAF employees did something that indicated that they were Nigerian Identity Thieves, or they didn't.  *Joseph Horne Co. v. N. L. R. B.*, 455 F. Supp. 1383 (W.D. Pa. 1978), (Documents relating to the unfair labor practice charge, which is factual in nature, are not exempt from disclosure under FOIA exemption.)

### 1. The OIG and Inspection Service Documents Do Not Fall Under Exemption 2

Exemption 2 protects materials that are "related solely to the internal personnel rules and practices of an agency." 5 U.S.C. § 552(b)(2). It applies to information "used for predominantly internal purposes." *Crooker v. Bureau of Alcohol, Tobacco & Firearms*, 670 F.2d 1051, 1073 (D.C.Cir.1981) (en banc). "The exemption exhibits a congressional judgment that material lacking external impact is unlikely to engage legitimate public interest, the touchstone of the policies underlying the Freedom of Information Act." *Cox v. United States Dep't of Justice*, 601 F.2d 1, 5 (D.C.Cir.1979).

The standard for withholding documents under both Exemptions 2 and 7(E) is substantially the same: whether "disclosure ***significantly*** risks circumvention of agency regulations or statutes." *Crooker v. ATF*, 670 F.2d 1051, 1074 (D.C.Cir.1981) (en banc) (emphasis added). The Defendant has not shown that there is a "significant risk" that its future investigations will be circumvented by disclosing the nature of this investigation of a fully licensed insurance agency. Defendant fails to articulate reasons why there is a risk of any sort or what information could be used in the future. Defendant's conclusory affidavits do not even hypothesize how other insurance agencies might use any information to their advantage. As shown below, Defendant has failed to meet the standard and thus Exemption 2 and 7(E) is inapplicable in this matter.

UAF is in the position of having to prove that they are not "Nigerian Identity Thieves." Having all the documents in the Defendant's files would show that there is no basis for the Postal Service's claim that they were ever "Nigerian Identity Thieves." Defendant has not provided any evidence that the documents are covered by Exemption 2. There are no documents "related solely to the internal personnel rules" in this matter. Thus, Plaintiff asks that all documents being withheld under Exemption 2 be immediately provided to plaintiff.

**2. The OIG and Inspection Service Documents Do Not Fall Under Exemption 5**

In order to be shielded by Exemption 5, a record must be both predecisional, *i.e.* generated before the adoption of agency policy, and deliberative, *i.e.* reflecting the give-and-take of the consultative process. *Coastal States Gas Corp. v. Department of Energy*, 617 F.2d 854, 856 (D.C. Cir. 1980). Exemption 5 only covers those "internal communications consisting of advice, recommendations, opinions, and other material reflecting deliberative or policy-making processes, but not purely factual or investigatory reports."*Soucie v. David*, 145 U.S.App.D.C. 144, 448 F.2d 1067, 1077 (D.C. Cir. 1971).

Defendant admits that Exemption 5 is inapplicable unless "Two fundamental requirements must be met for the deliberative process privilege to be invoked."  Def. 2006 Motion to Dismiss, Docket No. 15, pg. 20. *Citing Mapother v. Dept. of Justice,* 3 F.3d 1533, 1537 (D.C. Cir. 1993). First, the communication must be predecisional, *i.e.*, "antecedent to the adoption of an agency policy." *Jordan*, 591 F.2d at 774. Second, the communication must be deliberative, i.e., "a direct part of the deliberative process in that it makes recommendations or expresses opinions on legal or policy matters." *Vaughn v. Rosen*, 523 F.2d 1136, 1143-44 (D.C. Cir. 1975).  Defendant concedes that is only those "Documents which are protected by the privilege are those which would inaccurately reflect or prematurely disclose the views of the agency, suggesting an agency position that is as yet only a personal position" which could be protected.  Docket No. 15, pg. 20.

As discovery rules are very liberal, all documents are discoverable - or must be fully identified on a privilege log.  The defendant does not identify any of the privileges that would preclude production of a document in a lawsuit.  Defendant asserts speculative statements (or staff opinions) in documents are not discoverable. Def.Br., pg.13.  However, no such privilege exists that

would proclude the production of a document in a lawsuit.

No where in any declaration does it state the Defendant's new policy. Thus, Exemption 5 does not apply. Defendant argues that "Speculative statements," as determined by some unknown "Special Agent" is protected by Exemption 5. The Defendant is also required to show an injury to the government agency's deliberative process might result from disclosure - and did not show such an injury. *Mobil Oil Corp. v. F.T.C.*, 430 F. Supp. 849 (S.D.N.Y. 1977) (Intra–agency memorandums of telephone conversations with state officials are not exempt from disclosure under Exemption 5).

A similar, *Exxon Corp. v. F. T. C.*, 476 F. Supp. 713 (D.D.C. 1979) is instructive because there is was found that an opinion letter from a Federal Trade Commission attorney to a former economic consultant for the Commission, indicating whether, in the attorney's view, whether employment of a consultant would constitute a conflict of interest could not be withheld under Exemption 5 where the opinion was not claimed to precede any Commission decision or to be related to any process by which Commission policies were formulated.

Segregable factual portions of memorandums regarding a strategy for witness interviews and a proposed testimony for alleged violations of federal law is can not be withheld pursuant to Exemption 5. *Feshbach v. S.E.C.*, 5 F. Supp. 2d 774 (N.D. Cal. 1997). If the agency is unclear, the documents must be released. *Greenberg v. U.S. Dept. of Treasury*, 10 F. Supp. 2d 3 (D.D.C. 1998) (Agency was not clear about whether the documents evaluated legal status or was an instruction about legal action to be taken, which would be a final decision not subject to protection.)

Notes are not interagency or intra–agency memorandums or letters exempt from disclosure under Exemption 5. *See Poss v. N. L. R. B.*, 565 F.2d 654 (10th Cir. 1977) (Notes taken by a

investigator during an interview did not constitute interagency or intra–agency memorandums or letters and were therefore not exempt from disclosure under Exemption 5); *Wishart v. C.I.R.*, 98-2 U.S. Tax Cas. (CCH) ¶50690, 82 A.F.T.R.2d (P-H) ¶98-5970, 1998 WL 667638 (N.D. Cal. 1998), *aff'd on other grounds*, 1999 WL 985142 (9th Cir. 1999) (Handwritten notes made during the investigatory stage of a prosecution concerning third party individuals and their properties were not exempt under the Freedom of Information Act.); *see also Porter County Chapter of Izaak Walton League of America, Inc. v. U. S. Atomic Energy Commission*, 380 F. Supp. 630 (N.D. Ind. 1974) (Uncirculated handwritten notes are not agency records and therefore not exempt under the Freedom of Information Act);

Defendant has been given two chances to comply with Exemption 5 to deny UAF the documents needed to clear their name.  They have been unable to show that the documents should be withheld pursuant to the law.  Thus, Plaintiff asks that all documents being withheld are released.

**3. The OIG and Inspection Service Documents Do Not Fall Under Exemption 6**

Exemption 6 shields from disclosure "[p]ersonnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy." 5 U.S.C. § 552(b)(6); 10 C.F.R. § 1004.10(b)(6). The purpose of Exemption 6 is to "protect individuals from the injury and embarrassment that can result from the unnecessary disclosure of personal information." *Department of State v. Washington Post Co.*, 456 U.S. 595, 599 (1982).

First, there are not a significant privacy interest would be compromised by the disclosure of the record. Because there is no privacy interest identified, the record may not be withheld pursuant to this exemption. *See Ripskis v. Department of Hous. and Urban Dev.*, 746 F.2d 1, 3 (D.C. Cir. 1984).  Further, the release of the document would further the public interest by shedding light on

the operations and activities of the Government. *See Reporters Committee for Freedom of the Press v. Department of Justice*, 489 U.S. 749 (1989) (Reporters Committee).  There has been no identified privacy issue for any person asserted.

Even if a privacy order was identified, which it hasn't been, it is in the public interest for the disclosure of the information. Information falls within the public interest if it contributes significantly to the public's understanding of the operations or activities of the government. *See Reporters Committee*, 489 U.S. at 775.  In the instant matter, the public would learn something directly about the workings of government from the release of documents.  Disclosure is mandated because the inner working of the government is the concern of all citizens - especially an governmental entity such as the post office which all Americans see on a daily basis.

### 4. The OIG and Inspection Service Documents Do Not Fall Under Exemption 7(C)

As shown above, Exemption 7(C) only permits an agency to withhold information if the information is "compiled for law enforcement purposes" to the extent that such information "could reasonably be expected to constitute an unwarranted invasion of personal privacy." 5 U.S.C. § 552(b)(7)©). It does not exempt from disclosure, "[i]nternal agency investigations . . . in which an agency, acting as the employer, simply supervises its own employees." *Stern v. F.B.I.*, 737 F.2d 84, 89 (1984).

Here, there is no evidence that there has been any documents compiled for law enforcement purposes.  In fact, Defendant's Motion for Summary Judgment cuts against this defense in that they admit that "FOIA Exemption 7 (A) is no longer being asserted in this litigation."  Def.Mot. pg. 2. Exemption 7(A), authorizes the withholding of "records or information compiled for law enforcement purposes, but only to the extent that production of such law enforcement records or

information . . . could reasonably be expected to interfere with enforcement proceedings."[6]    As Defendant previously represented to this Court they were withholding "witnesses, investigative reports, and other information obtained during the course of an investigation." Defendant's 10/30/2006 Motion [Docket No. 15], pg. 17.  Defendant does not explain why they were dropping their investigation.  Plus, any report that clears UAF must be released in its entirety for the good of the public because the government does not have an interest in labeling UAF Nigerian Identity Thieves if it is untrue.

All witnesses should be identified so UAF, and the rest of America, can explore what went wrong within the government that would have minority owned businesses treated like this by the government.  Thus, Exemption 7©) does not apply and all documents should be released.

### 5. The Documents Do Not Fall Under Exemption 7(D)

Exemption 7(D) protects from disclosure only that information compiled for law enforcement purposes that: could reasonably be expected to disclose the identity of a confidential source, including a State, local or foreign agency or authority or any private institution which furnished information on a confidential basis, and, in the case of a record or information compiled by a criminal law enforcement authority in the course of a criminal investigation, information furnished by a confidential source.  5 U.S.C. § 552(b)(7)(D).  The government may not assume that a source is confidential for purposes of Exemption 7(D) simply because the source provided information to a law enforcement agency in the course of a criminal investigation. *See United States Dep't of Justice v. Landano*, 508 U.S. 165, 181 (1993). "A source is confidential within the meaning of 7(D) if the source provided information under an express assurance of confidentiality or in circumstances from

---

[6]  5 U.S.C. § 552(b)(7)(A) (2000).

which such an assurance could reasonably be inferred." *Williams v. Fed. Bureau of Investigation*, 69 F.3d 1155, 1159 (D.C.Cir.1995) (citations omitted) The question is "whether the particular source spoke with an understanding that the communication would remain confidential." *United States Dep't of Justice v. Landano*, 508 U.S. at 172 (emphasis in original).

There are no confidential sources that have been identified. Thus, plaintiff requests that all the documents withheld pursuant to Exemption 7(D) be provided as soon as possible.

### 6. The Documents Do Not Fall Under Exemption 7(E)

Exemption 7(E) protects two kinds of information: (1) that which "would disclose techniques and procedures for law enforcement investigations or prosecutions;" and (2) that which "would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law." *Peter S. Herrick's Customs and Intern. Trade Newsletter v. U.S. Customs and Border Protection*, 2006 WL 1826185 at *7 *citing* 5 U.S.C. § 552(b)(7)(E). "Both portions of Exemption 7(E) require that the information withheld relate to law enforcement investigations or prosecutions." *Id.* Thus, for information to be withheld under this exemption, a court must find that (1) the information was compiled for law enforcement purposes; and (2) release of the information could reasonably be expected to circumvent the law. *FBI v. Abramson*, 456 U.S. 615, 622 (1982).

Defendant seeks to use Exemption 7(E) to withhold electronic database documents. Def.Mot., pg. 32. Specifically, Documents 16, 17, 19 and 20. Defendant does not allege that they have any evidence that UAF, or their employees, violated any laws - nor that there is even an ongoing investigation. All Baxter says in her declaration is a conclusory statement that the "documents are protected from disclosure because they contain confidential information assembled

in the course of a lawful investigation." Baxter Dec., pg. 10, ¶ 8. The Defendant never identifies a technique or procedure.

There is no exemption if the Defendant fails to identify any law enforcement technique or procedure that would be disclosed by the release of the information. *Long v. U.S. Dept. of Justice*, 450 F.Supp.2d 42, 79 (D.D.C. 2006) ("the Court concludes that the Department has not shown that the entries are exempt under Exemption 7(E). . . . [because] the Department has failed to identify any law enforcement technique or procedure that would be disclosed upon release of the information.")

Defendant makes a conclusory arguments on page 32 of their brief:

> These law enforcement reports identifies the name of a postal inspector involved in coordinating the investigation of complaints from postal employees and contains details of the investigation of Plaintiff's solicitation of postal employees on postal property and obtaining postal employee's personal information. Disclosure of this information could enable potential wrongdoers to devise strategies that would circumvent those security measures.

Defendant does not provide any evidence that release of the documents could reasonably be expected to risk circumvention of the law. If the defendant fails to provide this evidence, summary judgment must be given to the plaintiff and the documents released. *Hidalgo v. F.B.I.*, 541 F.Supp.2d 250 (D.D.C. 2008). It is public knowledge that investigations are done by humans, with names. It is also public knowledge that complaints are made. It is also public knowledge that UAF is an insurance company and that insurance companies acquire information about their clients - often at their work sites. Only if Defendant is arguing that they must defend themselves against Black insurance companies, and do everything they can to stop them from doing business, do their arguments make sense. Luckily, FOIA does not protect such conduct.

Page -18-

Thus, Defendant has not provided any evidence that Exemption 7(E) would apply in the present situation. Thus, plaintiff seeks an order that all documents be provided.

<u>**CONCLUSION**</u>

The Postal Service has given in to "the inevitable temptation of a governmental litigant to give [FOIA Exemptions] an expansive interpretation in relation to the particular records in issue." *Ackerly v. Ley*, 137 U.S.App.D.C. 133, 138, 420 F.2d 1336, 1341 (D.C. Cir. 1969).

In addition, Defendant apparently ignored this Court's January 22, 2008 Order denying summary judgment in which they were given a virtual road map to comply with the law. The Defendant failed to follow the Order by:

1.      Failing to provide a "more detailed declarations justifying the withholding of the names under Exemptions 6 and 7( c);" Order 22. The declaration of Julie S. Moore was not made pursuant to 28 U.S.C.A. § 1746, which requires declarations to be signed as true under penalty of perjury. Thus, all documents from the Compensation must be released as there is no legal reason proffered by the Defendant to protect any of the documents.

2.      Defendant's Reply/Opposition filed on May 15, 2008, pg. 1, fn. 1 [Docket No. 35 and 36] represents that plaintiff has been given more documents. However, plaintiff only received two pages. A copy of those two pages and the cover letter are attached here as Exhibit "A."

3.      Failing to "provide a factual basis . . . that harassment or intimidation would result from disclosure of the names, . . . and provide the necessary explanation of the privacy interests at stake" Order 21-22;

4.      Defendant failing to show how "the privacy interests of government employees involved in an investigation [, which] are less than for private citizens who are involved (e.g., as

suspects and witnesses) because there is no suspicion of wrongdoing on their part, and, unlike private citizens, their continued cooperation is not at stake" yet the government failed to address this issue and released information concerning private citizens and not government employees. May 12, 2008 disclosure from Defendant to Plaintiff. A copy is attached here as Exhibit "A."

     5.     Failing to show why the "names of persons involved in drafting the NewsLink article and ensuring that individual employees were provided assistance by the Compensation Office" were protected from disclosure. Order 22;

     6.     Failing to explain why the Court should ignore the strong public interest in disclosing the names of employees and agents who worked on the case, since they may be able to provide valuable information in the context of a related civil suit, and deny the release of information. Order 22.

     To deny citizens documents from their government and agency must at a minimum show, viewing the facts in the light most favorable to the requester, that there are genuine issue of material facts with regard to the agency's compliance with the FOIA. *Steinberg v. United States Dep't of Justice*, 23 F.3d 548, 551 (D.C.Cir.1994) (In seeking summary judgment agency must show, viewing the facts in the light most favorable to the requester, that there is no genuine issue of material fact with regard to the agency's compliance with the FOIA.); (*Weisberg v. United States Dep't of Justice*, 745 F.2d 1476, 1485 (D.C.Cir.1984), *reh'g denied*, 763 F.2d 1436 (D.C.Cir.1985)).

     Defendant has failed to show any FOIA exemptions apply, thus the documents requested must be released. Accordingly, Plaintiff requests the Court to grant Plaintiff's Motion for Summary Judgment and order Defendant to release the identified documents. A draft order is attached.

                     Respectfully submitted,

   /s/ William P. Farley
William P. Farley #466280
Law Office of William P. Farley, P.C.
900 17th Street, N.W.
Suite 1250
Washington, D.C.  20006
(202) 293-3200
Counsel for Plaintiff

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing Plaintiff's Motion for Summary Judgment was served on all parties pursuant to the court's rules via electronic transmission, on this 6th day of June 2008 to:

CLAIRE WHITAKER, D.C. Bar # 354530
Assistant United States Attorney
United States Attorneys Office
Civil Division
555 4th Street, N.W., Room E-4204
Washington, D.C. 20530
(202) 514-7137
Counsel for Defendant

_____ /s/   William P. Farley_____
William P. Farley 466280
Law Office of William P. Farley P.C.
900 17th Street, N.W.
Suite 1250
Washington, D.C. 20006
(202) 293-3200
Counsel for Plaintiff