UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED AMERICA FINANCIAL, INCORPORATED, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No.  06-1023 (JDB) |
| POSTMASTER GENERAL JOHN E. POTTER U.S. POSTAL SERVICE, | ) ) ) | |
| Defendant. | ) ) ) | |

### DEFENDANT'S SUPPLEMENTAL FILING/RESPONSE TO PLAINTIFF'S OPPOSITION AND MOTION FOR SUMMARY JUDGMENT IN THIS FREEDOM OF INFORMATION ACT CASE

In its June 6, 2008 reply, plaintiff once again alleges that defendant has unlawfully withheld documents responsive to its Freedom of Information Act ("FOIA") request based on the failure of its counsel to receive the documents from the Postal Service. See Docket Entry 37, p. 2; see also Docket Entry 33, pp. 10 & 12.[1]  Instead of bringing this second alleged failure of delivery to defendant's attention after defendant's May 15, 2008 filing in which defendant plainly represented that documents had been transmitted, plaintiff waited until the reply due date and simply reiterated its argument based on releases made prior to the decision of the Service to no longer assert FOIA exemption 7(A).  Thus, plaintiff's arguments ignore the some 200 pages sent to its counsel by email on May 15, 2008.  See Attachment 1.[2]  Indeed, plaintiff asserts in its

---

[1] Like the representations made in its opposition to defendant's renewed motion for summary judgment in this Freedom of Information Act ("FOIA") case, plaintiff makes defendant aware at the eleventh hour that "None of [the] documents [identified] have been released." R. 37 (filed June 6, 2008) at p. 2.  See also Docket Entry R. 33, pp. 13 & 14 of 34 pages.

[2] The records were not filed with the Court because certain Privacy Act information released to plaintiff would then be placed on the public record. See LCvR 5.4(f).  Moreover, if that information were redacted, there would be confusion as to which records were actually withheld and which were released.

June 6, 2008, reply that only two documents were transmitted from defendant, from Betsy Cuthbertson via Karla Malone, and attaches those pages to its reply.  Id. at n. 1 and Exhibit A.

As the attached declaration and email transmittal record shows, two new declarations executed by Ms. Betsy Cuthbertson and Ms. Renee Baxter, representatives of the Freedom of Information units at the Postal Services' Office of Inspector General and Inspection Services, and records, were transmitted to plaintiff's counsel via his email address on May 15, 2008. Defendant's counsel conferred with plaintiff's counsel who indicated that his email, used for ECF filings had a "spam" defense on it and defendant's email and records were presumably treated as "spam."

Once again to rectify the situation, defendant is providing plaintiff with the declarations and records that were processed after the determination to no longer assert FOIA exemption 7(A).  This time, the records are being served by hand delivery on plaintiff's counsel, on June 10, 2008, between 9:00 am and 5:00 pm.  Ms. Eunice Monk, the receptionist in plaintiff's office, has agreed to sign for receipt of the documents.[3]

Again, based on its unfounded assumption that defendant did not intend to release any records to plaintiff, plaintiff again, without any attempt to confer with defendant's counsel, has filed Plaintiff's Reply In Support of Their [sic] Second Motion for Summary Judgment.  See R. 37.  Plaintiff repeats the arguments previously made.  These arguments are based substantially on plaintiff's failure to receive records and review them.  Id.  Plaintiff's counsel has indicated to undersigned counsel that unless names are released, plaintiff will continue to pursue this

---

[3] Again, defendant is filing only the covering declarations with the Court.  The recent releases are being served separately on plaintiff as indicated.  The documents that were provided to plaintiff both before the litigation commenced and afterwards (two releases) are also served again.  Accordingly, a new document (Document 21) has been designated and contains the documents released either before or early in the litigation.

litigation because it has "a legitimate public interest [in the records, i.e.,] UAF clearing their name". Docket Entry 37, p. 7. To the extent that plaintiff is addressing the Exemptions 6 and 7(C) withholdings, the caselaw makes clear that the Supreme Court has stated that courts should balance the interests regarding withheld materials in light of FOIA's statutory purpose which is creating open access to the government. The motivation of the requestor is irrelevant. Judicial Watch, Inc. v. Commission on U.S.-Pacific Trade and Inv. Policy, No. Civ.A. 97-0099 (CKK), 1999 WL 33944413, at *9 (D.D.C. September 30, 1999) (citing U.S. Dept. of Justice v. Reporters Committee For Freedom of Press, 489 U.S. at 773, 109 S.Ct. 1481-82 (1989)).

    Defendant believes that a review of the documents will show that defendant has met its obligation under the FOIA, and plaintiff should at least read them before continuing to urge the Court that it is entitled to certain relief. As stated in Defendant's Response to Plaintiff's Opposition and Motion for Summary Judgment (Docket Entry 36, filed May 15, 2008), if plaintiff should have a different opinion of the merits of the withholdings after reviewing the records themselves, defendant will not object to the filing of a renewed opposition and/or motion reflecting the specific concerns.

                                Respectfully submitted,

                                /s/
                              JEFFREY A. TAYLOR, D.C. Bar # 498610
                              United States Attorney

                                /s/
                              RUDOLPH CONTRERAS, D.C. Bar # 434122
                              Assistant United States Attorney

                                /s/
                              CLAIRE WHITAKER, D.C. Bar # 354530
                              Assistant United States Attorney